**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern District of Pennsylvania (State)

Case number (If known): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Stream TV Networks, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   27-1224092

4. **Debtor's address**

   **Principal place of business**

   209 Chestnut Street
   Number    Street

   3rd Floor

   Philadelphia, PA   19103
   City              State   ZIP Code

   Philadelphia
   County

   **Mailing address, if different from principal place of business**

   Number    Street

   P.O. Box

   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number    Street

   City    State    ZIP Code

5. **Debtor's website** (URL) _____

Debtor  **Stream TV Networks, Inc.**_____   Case number (*if known*)_____
       <sub>Name</sub>

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
    ☐ Railroad (as defined in 11 U.S.C. § 101(44))
    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
    ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
    ☒ None of the above

B. *Check all that apply:*

    ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
    ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
    ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

    ___  ___  ___  ___

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|

    ☐ Chapter 7
    ☐ Chapter 9
    ☒ Chapter 11. *Check **all** that apply*:

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

        ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ☐ A plan is being filed with this petition.

        ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

        ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

        ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ☐ Chapter 12

Debtor  **Stream TV Networks, Inc.**
<sub>Name</sub>

Case number (*if known*)_____

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No
☒ Yes.  District _Delaware_  When _02/24/2021_  Case number _21-10433_
                                        MM / DD / YYYY
           District _Delaware_  When _05/23/2021_  Case number _21-10848_
                                        MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.  Debtor _Technovative Media, Inc._  Relationship _Subsidiary_
           District _Eastern District of Pennsylvania_  When _____
                                                              MM / DD / YYYY
           Case number, if known _____

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                               Number    Street
_____
_____                    ____  _____
City                               State ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
        Contact name _____
        Phone _____

---

| Statistical and administrative information |

Debtor  Stream TV Networks, Inc.                                        Case number (*if known*)_____
      *Name*

| | | | |
|---|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |
| **14. Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☒ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000<br>☐ |
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☒ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/15/2023
              MM  / DD / YYYY

X *(signed)* Mathu Rajan                    Mathu Rajan
Signature of authorized representative of debtor    Printed name

Title  Director

Debtor **Stream TV Networks, Inc.**
Name

Case number (*if known*)_____

18. **Signature of attorney**

✗ /s/ Rafael X. Zahralddin-Aravena
Signature of attorney for debtor

Date 03/15/2023
MM / DD / YYYY

Rafael X. Zahralddin-Aravena
Printed name

Lewis Brisbois Bisgaard & Smith
Firm name

550 E. Swedesford Road, Suite 270
Number    Street

Wayne
City

PA
State

19087
ZIP Code

(302) 985-6004
Contact phone

Rafael.Zahralddin@lewisbrisbois.com
Email address

71510
Bar number

PA
State

# STREAM TV NETWORKS, INC.

# CORPORATE RESOLUTION

I, Mathu Rajan, do hereby certify:

I am a Director, Secretary and Chief Executive Officer of Stream TV Networks, Inc. (hereinafter called the "Company").

At a meeting of the Company's Board of Directors duly held according to law and pursuant to the organization documents of the Company on March 8, 2023, at which a quorum was present in person, or telephonically, the following resolution was made, seconded and duly adopted:

**WHEREAS**, the Company is unable to pay its debts when due,

**WHEREAS,** the Board has met on numerous occasions with the Company's management and restructuring, financial, and legal advisors and considered certain materials presented by the foregoing, including, but not limited to, materials regarding the Company's liabilities, liquidity, and prospects, the strategic alternatives available to it, and the effect of the forgoing on the Company's business, and

**WHEREAS**, the Company's Board of Directors, in its business judgment, has determined that the Company and its creditors and other stakeholders would be best served by reorganization of the Company under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), be it:

**RESOLVED**, that the Company file as soon as practicable a voluntary petition for reorganization of the Company under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"),

**FURTHER RESOLVED**, that the Company is authorized to initiate such proceedings under the Bankruptcy Code and take all actions it deems as are appropriate – specifically including, but not limited to, the immediate filing of a Chapter 11 proceeding in order to maintain the ordinary course of the Company's business,

**FURTHER RESOLVED**, that the Company is authorized and empowered and directed to employ the law firm of Lewis Brisbois Bisgaard & Smith LLP ("Lewis Brisbois") as the Company's counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and remedies, including filing any pleadings and conducting any potential restructuring on behalf of the Company; and in connection therewith, the Company is hereby authorized, empowered, and directed to execute the appropriate prepetition agreements, pay appropriate fees, and cause to be filed an appropriate application to retain Lewis Brisbois in accordance with applicable law.;

**FURTHER RESOLVED**, that the Company is authorized to employ, as applicable, a notice, claims, and balloting agent and administrative advisor at its discretion to further the Chapter 11 objectives as stated herein;

**FURTHER RESOLVED**, that the Company be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such cases;

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Company (and their designees and delegates)("Authorized Officers") be, and they hereby are, authorized, empowered, and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Company's officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to take or cause to be taken in the name of and on behalf of the Company, any and all such other and further action to carry out the intent and accomplish the purposes of the resolutions adopted herein as such purposes related to the Company;

**FURTHER RESOLVED**, that the Company and the Board have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice;

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board;

**FURTHER RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized, empowered, and directed to take all actions, or to not take any action in the name of the Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

2

The undersigned hereby certifies that he is the duly elected and qualified Secretary and the custodian of the books and records and seal of Stream TV Networks, Inc., a corporation duly formed pursuant to the laws of the State of Delaware and that the foregoing is a true record of a resolution duly adopted at a meeting of the Company's Board of Directors and that said meeting was held in accordance with State laws and the Bylaws of the above-named Company on March 8, 2023, and that said resolution is now in full force and effect without modification or recission. I do further certify that the above resolution has not been altered, amended or repealed.

**IN WITNESS WHEREOF**, I have executed my name as Secretary this 8th day of March 2023.

_____
Mathu Rajan, Secretary

Fill in this information to identify the case:

Debtor name: **Stream TV Networks, Inc.**

United States Bankruptcy Court for the: Eastern District of Pennsylvania

Case number (if known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| **Adept Chip Service Private Ltd.** Site No.86, 1st Floor, LRDI Layout Karthik Nagar, fvlarathahalli Outer Ring Bengaluru, India 560037 | A. Tirumala Kumar madanlolugu@adeptchips.com (916)363-0926 | **Employee and/or Consultant Search and Placement Firm** | | | | $324,644.60 |
| **Arasan Chip Systems, Inc.** 2150 North First Street, Suite 240 San Jose, CA 95131 | Vinod Nichani, Principal vinod@nichanilawfirm.com (408) 800-6174 | **Vendor for computer chips and systems** | | | | $132,500.00 |
| **Cadence Design Systems, Inc.** 2655 Seely Avenue San Jose, CA 95134 | Wendy Lujan-Cavin wendy@cadence.com | **Electronics Design Automation** | | | | $524,340.00 |
| **DLA Piper LLP(US)** 6225 Smith Avenue Baltimore, MD 21209-3600 | diane.williams@dlapiper.com (410) 580-3000 | **Professional Fees** | | | | $798,925.44 |
| **Elliott Greenleaf** 1105 North Market Street 17th Floor Wilmington, DE 19801-1216 | jms@elliottgreenleaf.com 215-977-1000 | **Professional Fees** | | | | $216,179.17 |
| **Hold Jumper (Suzhou) Packing Co. Ltd.** No. 1, Xiang Street, High-Tech District Suzhou, China | David Lee david@hj-packing.com suzhousjg@163.com | **Exporter/Manufacturer** | | | | $1,359,151.61 |

Debtor **Stream TV Networks, Inc.**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Iinuma Gauge Manufacturing Co., Ltd (JPY)<br>11400-327 Harayama, Tamagawa<br>Chino-City<br>Nagano, Japan 391-0011 | kz.iinuma@iinuma-gauge.co.jp<br>0266-79-5600 | Flat Panel Display Production related Equipment | | | | $7,643,690.74 |
| IMG Media Ltd<br>Building 6, Chiswick Park<br>566 Chiswick High Road<br>London, England UK W4 5HR | media.AR@img.com<br>44/0203 107 0765 | Marketing/Rebranding Fees | | | | $426,437.00 |
| Innoventures Group LLC<br>1105 William Penn Drive<br>Bensalem, PA 19020 | innoventuresgroupllc@gmail.com<br>267-566-0354 | Engineering Consulting | | | | $118,465.00 |
| Jamuna Travels, Inc<br>6439 Market St<br>Upper Darby, PA 19082 | Reji Abraham<br><br>Fax (610) 352-9819<br>(610) 352-7280 | Travel Agent | | | | $122,768.45 |
| Marcum LLP<br>One SE Third Ave, Suite 1100<br>Miami, FL 33131 | Ilyssa K. Blum, CPA<br><br>ilyssa.blum@marcumllp.com<br>(305) 995-9600 | Professional Fees | | | | $146,820.00 |
| Matrex Exhibits, Inc.<br>301 S. Church St.<br>Addison, IL 60101 | Jonathan Aniszewski<br><br>jona@cld1ltd.com<br>+44 7803115526 | CES Show Booth | | | | $155,000.00 |
| Mentor Graphics Corporation<br>8005 SW Boeckman Rd.<br>Wilsonville, OR 97070-7777 | Sandie Beebe<br><br>sandra_beebe@mentor.com<br>(503) 685-1858 | Electronics Design Automation | | | | $402,564.00 |
| Pegatron Corporation<br>5F., No. 76, Ligong St., Beitou District<br>Taipei City 112 Taiwan | Sal Lu<br><br>sal_lu@pegatroncorp.com | Manufacturer products for consumer electronics companies | | | | $500,000.00 |

Debtor **Stream TV Networks, Inc.**                                                                                    Case number *(if known)*
    Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **ST4M Electronics, Inc. Beijing Office Room 1102, Building 313 Hui Zhong Bei Li Beijing, Chaoyang District, China** | **Wangling**<br><br>**mattjjlo@gmail.com**<br>**(Fax)**<br>**+86-10-64800719-18** | | | | | **$116,844.97** |
| **Cipher Development Partners, LLC** | **(408) 222-6462** | | | | | **$109,200.00** |
| **Trans World International, LLC 200 Fifth Ave 7th Floor New York, NY 10010** | **mediaAR@img.com**<br>**44/0203107 0765** | **Marketing/Rebranding Fees** | | | | **$420,000.00** |
| **Triple Crown Consulting, LLC 10814 Jollyville Rd, Suite 100 Austin, Texas 78759-0000** | **ar@tripleco.com**<br>**(512) 331-8880** | **Employee and/or Consultant Search and Placement Firm** | | | | **$162,115.13** |
| **US Compliance Services LLC 199 North Woodbury Road Suite # 103 Pitman, NJ 08071** | **mmassimi@dhglobaltax.com**<br>**(267) 908-6620** | **Professional Fees** | | | | **$165,281.93** |
| **Vayikra Capital LLC 1 Farmstead Road Short Hills, NJ 07078** | **phil@darivoff.net**<br>**973-379-4044** | **Unsecured Loans** | | | | **$173,798.00** |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Stream TV Networks, Inc.,** | **Bky. No. _____ (\_\_)** |
| **Debtor.** | |

**STATEMENT OF CORPORATE OWNERSHIP**

Pursuant to Fed. R. Bankr. P. 1007(a)(1) and 7007.1, the Debtor files this Statement of Corporate Ownership and states that the following entities, other than the Debtor or a governmental unit, directly or indirectly own 10% or more of any class of equity interests of the Debtor:

**Hawk Investment Holdings Limited**

**Fill in this information to identify the case and this filing:**

Debtor Name __Stream TV Networks, Inc._____

United States Bankruptcy Court for the:    __Eastern_____ District of _Pennsylvania_
                                                                                        (State)

Case number (*If known*): _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❑ *Schedule H: Codebtors* (Official Form 206H)
- ❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❑ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration_Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _03/15/2023_      X _/s/ Mathu Rajan_____
MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                   _Mathu Rajan_____
                                   Printed name

                                   _Director_____
                                   Position or relationship to debtor

Official Form 202                **Declaration Under Penalty of Perjury for Non-Individual Debtors**