# **EXHIBIT F**

Hawk Conversion Agreement

v180502

## NOTES 1 THROUGH 10 - MAY 2018 AGREEMENT

THIS AGREEMENT (this "**Agreement**"), dated as of January 29, 2018 (the "**Effective Date**"), regardless of when each party countersigns is by and among STREAM TV NETWORKS, INC., a Delaware corporation (the "**Company**"), and HAWK INVESTMENT HOLDINGS LIMITED, (registered in Guernsey with registered number 44994), with its registered office at Newport House, 15 The Grange, St Peter Port, Guernsey GY1 2QL, Channel Islands, a Guernsey holding company ("**Hawk**").

RECITALS

**WHEREAS**, the Company and Hawk entered into several promissory notes and supporting agreements (each as amended or modified prior to the Effective Date referred to as a "**Note**" and altogether as the "**Hawk Notes**") and each such Note specifically referred to as Hawk 1 through 10 as amended and executed copies of which are annexed hereto (Exhibit A);

| Note | Note Date | ACR (£) | Total value in GBP (£) as of 30-Apr-18 |
|---|---|---|---|
| Hawk 1 | 26-Mar-14 | £3,960,000.00 | £12,658,368.25 |
| Hawk 2-1 | 15-Oct-14 | £825,000.00 | £2,306,439.11 |
| Hawk 2-2 | 5-Dec-14 | £1,214,500.00 | £3,229,014.75 |
|  |  | £2,039,500.00 |  |
| Hawk 3 | 2-Jan-15 | £5,280,000.00 | £14,011,184.37 |
| Hawk 4-1 | 6-Aug-15 | £2,640,000.00 | £6,070,674.44 |
| Hawk 4-2 | 7-Sep-15 | £2,720,000.00 | £6,070,674.44 |
|  |  | £5,360,000.00 |  |
| Hawk 5-1 | 12-Oct-15 | £1,950,000.00 | £4,096,103.84 |
| Hawk 5-2 | 19-Nov-15 | £2,011,500.00 | £4,096,103.84 |
|  |  | £3,961,500.00 |  |
| Hawk 6 | 15-Feb-16 | £1,980,000.00 | £4,011,041.06 |
| Hawk 7 | 8-Jul-16 | £2,310,000.00 | £4,255,230.33 |
| Hawk 8 | 27-Sep-16 | £1,650,000.00 | £2,881,207.74 |
| Hawk 9 | 3-May-17 | £429,000.00 | £650,000.00 |
| Hawk 10 | 11-Dec-17 | £2,310,000.00 | £3,500,000.00 |
|  |  | **£29,280,000.00** | **£67,836,042.16** |

**WHEREAS**, the table above is herein incorporated by reference and the terminology in the table shall have the following meanings: (i) the "Hawk" designated **Note** with a number shall

mean a specific Note; (ii) **Note Date** shall mean the date a Note was executed but where there is a -1 and -2 the first date corresponds to the execution date and the second date corresponds to the date of the second funding for the same Note; (iii) **ACR (£)** – Actual Cash Received in GBP (for the avoidance of doubt after deduction of all prepaid interest and arrangement and other fees upon the funding(s) of each Note; and (iv) the **Total Value as of April 30, 2018 in £** is for both for the Hawk Notes individually but also as a total for all Hawk Notes (it is understood that if there is any dispute relative to the calculations in this section, the language in Exhibit A is controlling);

**WHEREAS**, Hawk has reviewed the calculations for both the ACR (£) and the Total Value as of April 30, 2018 in £ reflected in the above table and acknowledges its agreement therewith; and

**WHEREAS**, the Company and Hawk intend to extinguish and convert the Hawk Notes as described below.

**NOW THEREFORE**, in consideration of the premises and the agreements herein contained, and intending to be legally bound hereby, the parties hereto agree as follows:

1. Definitions:  All capitalized terms used, but not defined herein, shall have the respective meanings ascribed to them in the Hawk Notes, save where otherwise defined in this Agreement.

2. Conversion of Hawk Note(s) into Equity: Subject to the provisions of clause 3, Hawk agrees to the extinguishment of each of the Hawk Notes by conversion on a 'first in first out' basis, according to the chronological dates set forth in the above table, of all principal and interest then outstanding (each an "**Extinguishment**") (including all the prepaid interest, arrangement fees and accrued interest to the date of conversion ("**Interest and Fees**") (such principal, Interest and Fees together the "**Total Value in GBP (£)**") under each such Note into shares of the Company's stock ("**Conversion**") as stated herein. The Conversion into equity shall be at a price per share equal to the price per share of the relevant fundraising and on the same terms for the price per share, cumulative dividend rate, drag rights, conversion rights and any other economic rights as the same class of stock ("**New Money Stock**"), but junior and subordinate to such New Money Stock, on the terms set by the new money, issued to new investors under such fundraising ("**New Money**"), including the value of all and any bonus warrants issued to new investors, deducting any commissions or other related costs agreed by Hawk and payable to third party fundraisers. Notwithstanding anything to the contrary in any document, when there is a legal closing or closings of New Money equal to the ACR (£) amounts, cleared, certified and evidenced by the Company to Hawk, at the time of each Extinguishment and/or Conversion, each Total Value in GBP (£) reference relating to the specific Hawk Note or Notes will be converted to USD ($) by the closing USD/GBP exchange rate published by the Wall Street Journal five (5) business days before legal closing. The Company's charter shall specify the rights and preferences of all Company stock, provided that it specifies that the stock issued to Hawk in connection with each Extinguishment and/or Conversion is equivalent, from an economic perspective, to the terms and conditions set forth in the term sheet provided by the Company to Hawk relating to the Company's preferred stock to be issued to new investors. Hawk shall acknowledge in writing in advance that it has verified the economic equivalency of the New Money Stock to the Hawk Extinguishment and/or Conversion, after which Hawk shall not contest such economic equivalency. In the event that there is any dispute as to the calculation of the number of stock to be issued under each Extinguishment

2

and/or Conversion, Hawk's decision with regard to such calculation shall be on a best efforts basis but final and binding on the parties.

3. <u>Revised Interest</u>. Notwithstanding anything to the contrary in any other document, the Company and Hawk agree that the Hawk Notes will accrue interest on a compounded basis at a rate of twelve percent (12%) on a 365-day basis annually from May 1, 2018 which shall be added to the Total Value in GBP (£) converted under each of the Hawk Notes.

4. <u>Notice</u>. The Company will provide Hawk with notice in a form similar to that attached hereto as Exhibit B ("**Notice**") with respect to any conversion into equity subject to Hawk agreeing the calculation of the number of stock to be issued under each Conversion in accordance with clause 2.

5. <u>Security</u>: Only upon the conversion into equity of all of the Hawk Notes, and if necessary, once Hawk shall have executed a deed releasing all security relating to each such converted Note and each such converted Note shall be rendered unsecured and all security liens associated therewith released, notwithstanding anything to the contrary in any of the Hawk Notes, amendments, or supporting documents and thereafter the Company may borrow for equipment and other trade financing but it shall not under any circumstances without Hawk's prior written consent permit any encumbrances of any nature whatsoever of the intellectual property of the Company. Immediately after the conversion into equity of all of the Hawk Notes pursuant hereto, all related supporting documents shall be revoked and rendered null and void; the Company is fully authorized to notify any and all government authorities to effectuate same. Without limiting the foregoing, upon or as soon as reasonably practicable following completion of the conversion into equity of all of the Hawk Notes, Hawk (i) agrees to submit for recording among the financing statement records of the appropriate state government office a UCC-3 termination statement to terminate the financing statements of record perfecting the security interests granted in connection with the applicable converted Note, and (ii) hereby authorizes, the Company, at the Company's sole expense, to submit such other UCC-3 termination statements necessary or required to terminate the financing statements of record perfecting the security interests granted in connection with the applicable converted Note naming the Company, as debtor, and Hawk, as secured party, in the appropriate state government filing office. Further, upon conversion into equity of each Note, Hawk shall promptly return to the Company the original documents evidencing the Note marked "paid in full" or "canceled."

6. <u>Remaining Notes</u>: If the offering of new capital is terminated prior to the Extinguishment and or/Conversion of all of the Hawk Notes, any of the remaining Hawk Notes which have not been extinguished shall remain in full force. Nothing contained in this Agreement shall be construed as conferring upon Hawk the right to vote, receive distributions or any other rights with respect to the stock issuable upon the conversion of any of the Hawk Notes prior to the actual Conversion of any of the Hawk Notes.

7. <u>Call Right</u>.    The Company may, in its sole discretion, pay up to and including the Total Value in GBP (£), plus interest at the monthly rate of two percent (2%) compounded monthly calculated back to the date or dates of Conversion of each Hawk Note, on all or the applicable portion of the Total Value in GBP (£) to be paid to Hawk by the Company entitling the Company

3

to buy back the stock issued to Hawk, or proportionate amount thereof, under sections two (2) and four (4) hereof.

8. Bonus. Hawk will be given warrants that are cashless in the same format as previously provided to Hawk for: (a) simply signing the aforementioned as long as this whole Agreement remains binding and (b) if the Company is unsuccessful in raising as investment at least USD one hundred million ($100,000,000) total since the Effective Date of this Agreement. Those warrants in this section shall have an exercise price at the same price as set out in sections 2 and 4 above but shall instead entitle Hawk to subscribe for class A common shares at such price per share. The number of warrants shall be two million (2,000,000) as to 8(a) and (b) each.

9. No Other Amendments and Verification. Except as amended by this Agreement, all of the provisions of the Hawk Notes and their supporting documents shall remain unchanged and in full force and effect. Both parties covenant and verify that they have full legal authority for their respective entities in negotiating and executing this Agreement.

10. Counterparts. This Agreement may be executed in any number of counterparts with the same effect as if all signing parties had signed the same document. All counterparts shall be construed together and shall constitute the same instrument. Executed counterparts may be delivered by electronic or facsimile transmission.

11. Governing Law. THIS AGREEMENT AND ANY DOCUMENT CREATED THEREFROM SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF DELAWARE USA WITHOUT REGARD TO THE PRINCIPLES OF CONFLICTS OF LAW. BOTH PARTIES FURTHER CONSENT TO THE EXCLUSIVE JURISDICTION OF STATE OR FEDERAL COURTS IN WILMINGTON DELAWARE FOR ANY DISPUTE.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the Effective Date.

**STREAM TV NETWORKS, INC.**

By: _____
Name: Raja Rajan
Title: Chief Operating Officer

**HAWK INVESTMENT HOLDINGS LIMITED**

By: _____
Name: AUTHORISED SIGNATORIES FOR AND ON BEHALF OF ALBANY DIRECTORS LIMITED, SOLE DIRECTOR.

4

Title:

5

v180502

# EXHIBIT A

(Hawk Notes and Amendments)

# EXHIBIT B
(Form for Notice for Conversion into equity)

TO: HAWK INVESTMENT HOLDINGS LIMITED ("HAWK")

ATTENTION:

The undersigned Stream TV Networks, Inc. (the "**Company**") hereby informs Hawk that it intends to extinguish the following Hawk Note(s) by conversion into the Company's Stock pursuant to the agreement by and between Hawk and the Company dated effective April \_\_\_\_, 2018

| Hawk Note Number(s) being converted | ACR (£) | Calculation of Conversion | Number and Class of shares of Stock |
|---|---|---|---|
|  |  |  |  |

**Stream TV Networks, Inc.**
2009 Chestnut Street, 3rd Floor
Philadelphia, PA 19103 USA

_____    _____
(Date)                        (Signature)

                              _____
                              (Printed name) Raja Rajan

**Agreed by:**

                    HAWK INVESTMENT HOLDINGS LIMITED

                    By: _____
                        Name:
                        Title:

7