## GLOBAL NOTES TO SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS OF DEBTORS, STREAM TV NETWORKS, INC., CASE NO. 23-10763(mdc) AND TECHNOVATIVE MEDIA, INC., CAUSE NO. 10764 (Joint Administration Requested)

The Debtors develop their technology and conduct the majority of their business through their direct and indirect foreign and domestic subsidiaries. The Debtors provided capital to their direct and indirect foreign and domestic subsidiaries for the purpose of acquiring and developing assets and to conduct business operations. The Debtors direct interested parties to the *Declaration of Mathu Rajan in Support of Stream TV Networks, Inc. and Technovative Media, Inc. Chapter 11 Petition, Supporting Emergency Relief, and First Day Motions* [Docket No. 48] ("Rajan Declaration") in which the Debtors' organizational and operational structure is described in greater detail.

In its bankruptcy schedules, the Debtors disclose and describe the assets, including their ownership interest in direct subsidiaries and their contracts, that the Debtors owned as of March 15, 2023 (the "Petition Date"). The Debtors' direct subsidiaries, in turn, hold or may hold ownership interests in the Debtors' indirect subsidiaries as depicted on the Debtor's Organization Chart included in the Rajans Declaration. The assets of the Debtors' direct and indirect subsidiaries are not included in the Debtors' bankruptcy schedules.

The Debtors intend to complete a recovery of assets which were previously and improperly transferred in contravention of express provisions of its corporate charter through an invalidated board settlement agreement as confirmed by the Delaware Supreme Court through an *en banc* unanimous decision on June 15, 2022. *See Stream TV Networks, Inc. v. Seecubic, Inc.*, No. 360, 2021, p. 3 (Del. June 15, 2022) (Holding that "a majority vote of Class B stockholders is required under Stream's charter" to "transfer pledged assets to secured creditors in connection with what was, in essence, a privately structured foreclosure transaction").[1] The Delaware Supreme Court also held that the "agreement authorizing the secured creditors to transfer Stream's pledged assets . . . is **invalid** because Stream's unambiguous certificate of incorporation required the approval of Stream's Class B stockholders." *Id.*. at p. 34. (emphasis added).

---

[1] A debt resolution committee of the Debtor's Board of Directors purporting to act on the Debtor's behalf reached an unauthorized settlement enshrined in an agreement titled as the Omnibus Agreement, dated May 6, 2021, between the Debtor's senior secured lender, SLS Holdings VI, LLC ("SLS") and the Debtor's debt resolution committee, which was which approved by the Delaware Court of Chancery and then held to be invalid by the Delaware Supreme Court on appeal. Prior to the Delaware Supreme Court ruling the SLS Holdings and its newly formed company,

The new company formed by the purported secured lenders,[2] SeeCubic, Inc. ("SeeCubic"),[3] asserted an ownership interest in all of the Debtor's assets and took possession of, and in some cases, destroyed the Debtors' assets. The Chancery Court, on remand and with direction from the Delaware Supreme Court to effectuate the dismissal and vacating of its prior injunctive relief, has made it clear that the assets must be returned **both in title and possession to the Debtors.**[4] Furthermore, the Chancery Court on August 10, 2022, issued an *Order Granting Partial Final Judgment* in favor of the Debtor. The order stated: "Pending transfer of the Assets from SeeCubic to Stream, SeeCubic and all those acting in concert with it shall not use, impair, encumber, or transfer the Assets, except as necessary to maintain the Assets in the ordinary course of business and preserve their value pending transfer to Stream." Rajan Declaration, Exhibit BB. Despite these clear directives, the purported secured lenders have resisted and continue to resist return of the assets.

The Debtors have also been alerted to SeeCubic's violation of intellectual property licenses which were held by the Debtors and were non-transferable, actions violating third party rights under applicable Federal and state law which cannot be remedied or cleansed by the invalidated settlement, even prior to its invalidation by the Delaware Supreme Court. Even before the Omnibus Agreement was invalidated, the transfers themselves were invalid under both a Phillips license to the Debtors and a Rembrandt 3D Holding Ltd. ("Rembrandt") license, both parties not subject to the settlement or any now invalidated injunctive relief by the Chancery Court.[5]

The Debtors have been subjected to continuous damage by the purported secured creditors, even after the Supreme Court decision. SeeCubic, the purported lenders, and Mr. Shad Stastney of SeeCubic and SLS, were held in contempt by the Delaware Court of Chancery in October 2022 for their orchestrated efforts to seize control of the Debtor's subsidiary, TechnoVative Media, Inc.,

---

[2] The Debtors contend that SLS Holdings VI, LLC ("SLS") and Hawk Investment Holdings Limited ("Hawk") hold secured debt convertible to equity or must pursue their claims in chapter 11 where they will be paid in full, if their claims are allowed.

[3] SeeCubic, Inc., a Delaware entity, took its name from a foreign Dutch subsidiary of the Debtors, SeeCubic B.V. (The Netherlands) ("SCBV") and is likely in violation of trademark laws protecting the Debtors and its foreign subsidiary).

[4] On August 9, 2022, nearly 8 weeks after the Delaware Supreme Court opinion, the Chancery Court issued a TRO against SeeCubic. Vice Chancellor Laster specifically stated his expectations: "SeeCubic will restore Stream's assets to Stream in accordance with the Rule 54(b) order. Once this has occurred, SeeCubic may seek to exercise any creditor's rights it possesses against Stream. SeeCubic must do so based on a status quo where Stream has title to and possession of its assets, not a status quo in which SeeCubic acquired possession based on a decision that the Delaware Supreme Court has held is erroneous."

[5] On February 21, 2023, Rembrandt filed suit in the U.S. District Court for the District of Delaware against parties using the Ultra-D technology without a Rembrandt license. It sued TechnoVative USA, which was under the direction of the Chancery Court-appointed Receiver, Hawk, and SeeCubic for trade secret violations and injunctive relief to prevent the sale of Stream's assets *Rembrandt 3D Holding Ltd v Technovative Media, Inc., Hawk Investment Holdings Ltd. and SeeCubic, Inc.*

in the months after the Supreme Court decision. In ¶ 3 of his October 3, 2022 Opinion, Vice Chancellor Laster wrote: "This decision holds that SeeCubic and Hawk engaged in contumacious conduct. Shad L. Stastney was the puppet master who pulled the strings. He controls SeeCubic and Technovative, and he also controls SLS Holdings VI, LLC ("SLS"), Stream's only secured creditor other than Hawk." *See* Rajan Declaration, Exhibit AA.

SLS and SeeCubic possess some and claim to have obtained possession or control of other of the Debtor's assets before the Petition Date. The Debtor's investigation into the location and condition of its assets is ongoing. The Debtors have listed the assets that they believe they continue to own, unless otherwise expressly indicated in its bankruptcy schedules. The Debtors intend to pursue recovery of assets and to operate their business under the provisions of the Bankruptcy Code in this case.

Additional Notes:

1. Because US GAAP treatment may not apply to the Debtor's assets located in foreign jurisdictions, the values provided for certain assets may differ from typical accounting standards.

2. Funding advanced by the Debtors to their direct and indirect subsidiaries are reflected in intercompany loans.

3. The Debtors' goodwill and similar intangible value is not reflected in the Debtors' bankruptcy schedules.

4. SeeCubic BV (the Netherlands) is a subsidiary of the Debtors, SeeCubic BV (the Netherlands) is unrelated to and is a separate entity from SeeCubic Inc., a company newly formed in Delaware by SLS Holdings, Inc.

**Fill in this information to identify the case:**

Debtor Name **Stream TV Networks, Inc.**

United States Bankruptcy Court for the: **EASTERN DIST. OF PENNSYLVANIA**

Case number (if known): **23-10763**

☐ Check if this is an amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals 12/15

### Part 1: Summary of Assets

1. *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from Schedule A/B................................................................................................ **$0.00**

    1b. **Total personal property:**
    Copy line 91A from Schedule A/B............................................................................................. **$210,187,958.46**

    1c. **Total of all property**
    Copy line 92 from Schedule A/B................................................................................................ **$210,187,958.46**

### Part 2: Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D...................... **$6,885,121.57**

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of Schedule E/F................................................. **$216,576.01**

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F......................... **+ $20,137,677.18**

4. **Total liabilities**
Lines 2 + 3a + 3b................................................................................................................... **$27,239,374.76**