**GLOBAL NOTES TO SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS OF DEBTORS, STREAM TV NETWORKS, INC., CASE NO. 23-10763(mdc) AND TECHNOVATIVE MEDIA, INC., CAUSE NO. 10764 (Joint Administration Requested)**

The Debtors develop their technology and conduct the majority of their business through their direct and indirect foreign and domestic subsidiaries. The Debtors provided capital to their direct and indirect foreign and domestic subsidiaries for the purpose of acquiring and developing assets and to conduct business operations. The Debtors direct interested parties to the *Declaration of Mathu Rajan in Support of Stream TV Networks, Inc. and Technovative Media, Inc. Chapter 11 Petition, Supporting Emergency Relief, and First Day Motions* [Docket No. 48] ("Rajan Declaration") in which the Debtors' organizational and operational structure is described in greater detail.

In its bankruptcy schedules, the Debtors disclose and describe the assets, including their ownership interest in direct subsidiaries and their contracts, that the Debtors owned as of March 15, 2023 (the "Petition Date"). The Debtors' direct subsidiaries, in turn, hold or may hold ownership interests in the Debtors' indirect subsidiaries as depicted on the Debtor's Organization Chart included in the Rajans Declaration. The assets of the Debtors' direct and indirect subsidiaries are not included in the Debtors' bankruptcy schedules.

The Debtors intend to complete a recovery of assets which were previously and improperly transferred in contravention of express provisions of its corporate charter through an invalidated board settlement agreement as confirmed by the Delaware Supreme Court through an *en banc* unanimous decision on June 15, 2022. *See Stream TV Networks, Inc. v. Seecubic, Inc.*, No. 360, 2021, p. 3 (Del. June 15, 2022) (Holding that "a majority vote of Class B stockholders is required under Stream's charter" to "transfer pledged assets to secured creditors in connection with what was, in essence, a privately structured foreclosure transaction").[1] The Delaware Supreme Court also held that the "agreement authorizing the secured creditors to transfer Stream's pledged assets . . . is **invalid** because Stream's unambiguous certificate of incorporation required the approval of Stream's Class B stockholders." *Id.*. at p. 34. (emphasis added).

---

[1] A debt resolution committee of the Debtor's Board of Directors purporting to act on the Debtor's behalf reached an unauthorized settlement enshrined in an agreement titled as the Omnibus Agreement, dated May 6, 2021, between the Debtor's senior secured lender, SLS Holdings VI, LLC ("SLS") and the Debtor's debt resolution committee, which was which approved by the Delaware Court of Chancery and then held to be invalid by the Delaware Supreme Court on appeal. Prior to the Delaware Supreme Court ruling the SLS Holdings and its newly formed company,

The new company formed by the purported secured lenders,[2] SeeCubic, Inc. ("SeeCubic"),[3] asserted an ownership interest in all of the Debtor's assets and took possession of, and in some cases, destroyed the Debtors' assets. The Chancery Court, on remand and with direction from the Delaware Supreme Court to effectuate the dismissal and vacating of its prior injunctive relief, has made it clear that the assets must be returned **both in title and possession to the Debtors.**[4] Furthermore, the Chancery Court on August 10, 2022, issued an *Order Granting Partial Final Judgment* in favor of the Debtor. The order stated: "Pending transfer of the Assets from SeeCubic to Stream, SeeCubic and all those acting in concert with it shall not use, impair, encumber, or transfer the Assets, except as necessary to maintain the Assets in the ordinary course of business and preserve their value pending transfer to Stream." Rajan Declaration, Exhibit BB. Despite these clear directives, the purported secured lenders have resisted and continue to resist return of the assets.

The Debtors have also been alerted to SeeCubic's violation of intellectual property licenses which were held by the Debtors and were non-transferable, actions violating third party rights under applicable Federal and state law which cannot be remedied or cleansed by the invalidated settlement, even prior to its invalidation by the Delaware Supreme Court. Even before the Omnibus Agreement was invalidated, the transfers themselves were invalid under both a Phillips license to the Debtors and a Rembrandt 3D Holding Ltd. ("Rembrandt") license, both parties not subject to the settlement or any now invalidated injunctive relief by the Chancery Court.[5]

The Debtors have been subjected to continuous damage by the purported secured creditors, even after the Supreme Court decision. SeeCubic, the purported lenders, and Mr. Shad Stastney of SeeCubic and SLS, were held in contempt by the Delaware Court of Chancery in October 2022 for their orchestrated efforts to seize control of the Debtor's subsidiary, TechnoVative Media, Inc.,

---

[2] The Debtors contend that SLS Holdings VI, LLC ("SLS") and Hawk Investment Holdings Limited ("Hawk") hold secured debt convertible to equity or must pursue their claims in chapter 11 where they will be paid in full, if their claims are allowed.

[3] SeeCubic, Inc., a Delaware entity, took its name from a foreign Dutch subsidiary of the Debtors, SeeCubic B.V. (The Netherlands) ("SCBV") and is likely in violation of trademark laws protecting the Debtors and its foreign subsidiary).

[4] On August 9, 2022, nearly 8 weeks after the Delaware Supreme Court opinion, the Chancery Court issued a TRO against SeeCubic. Vice Chancellor Laster specifically stated his expectations: "SeeCubic will restore Stream's assets to Stream in accordance with the Rule 54(b) order. Once this has occurred, SeeCubic may seek to exercise any creditor's rights it possesses against Stream. SeeCubic must do so based on a status quo where Stream has title to and possession of its assets, not a status quo in which SeeCubic acquired possession based on a decision that the Delaware Supreme Court has held is erroneous."

[5] On February 21, 2023, Rembrandt filed suit in the U.S. District Court for the District of Delaware against parties using the Ultra-D technology without a Rembrandt license. It sued TechnoVative USA, which was under the direction of the Chancery Court-appointed Receiver, Hawk, and SeeCubic for trade secret violations and injunctive relief to prevent the sale of Stream's assets *Rembrandt 3D Holding Ltd v Technovative Media, Inc., Hawk Investment Holdings Ltd. and SeeCubic, Inc.*

in the months after the Supreme Court decision. In ¶ 3 of his October 3, 2022 Opinion, Vice Chancellor Laster wrote: "This decision holds that SeeCubic and Hawk engaged in contumacious conduct. Shad L. Stastney was the puppet master who pulled the strings. He controls SeeCubic and Technovative, and he also controls SLS Holdings VI, LLC ("SLS"), Stream's only secured creditor other than Hawk." *See* Rajan Declaration, Exhibit AA.

SLS and SeeCubic possess some and claim to have obtained possession or control of other of the Debtor's assets before the Petition Date. The Debtor's investigation into the location and condition of its assets is ongoing. The Debtors have listed the assets that they believe they continue to own, unless otherwise expressly indicated in its bankruptcy schedules. The Debtors intend to pursue recovery of assets and to operate their business under the provisions of the Bankruptcy Code in this case.

Additional Notes:

1. Because US GAAP treatment may not apply to the Debtor's assets located in foreign jurisdictions, the values provided for certain assets may differ from typical accounting standards.

2. Funding advanced by the Debtors to their direct and indirect subsidiaries are reflected in intercompany loans.

3. The Debtors' goodwill and similar intangible value is not reflected in the Debtors' bankruptcy schedules.

4. SeeCubic BV (the Netherlands) is a subsidiary of the Debtors, SeeCubic BV (the Netherlands) is unrelated to and is a separate entity from SeeCubic Inc., a company newly formed in Delaware by SLS Holdings, Inc.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Stream TV Networks, Inc.** |
| United States Bankruptcy Court for the: | **EASTERN DIST. OF PENNSYLVANIA** |
| Case number (if known) | **23-10763** |

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy      04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

## Part 1:  Income

**1. Gross revenue from business**

☐ None

**Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year**

| | | | Sources of revenue (Check all that apply.) | Gross revenue (before deductions and exclusions) |
|---|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From **01/01/2023** | to Filing date | ☒ Operating a business<br>☐ Other _____ | $0.00 |
| For prior year: | From **01/01/2022** | to **12/31/2022** | ☒ Operating a business<br>☐ Other _____ | $0.00 |
| For the year before that: | From **01/01/2021** | to **12/31/2021** | ☒ Operating a business<br>☐ Other _____ | $0.00 |

**2. Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☒ None

## Part 2:  List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☒ None

| Debtor | Stream TV Networks, Inc. | Case number (if known) | 23-10763 |
|---|---|---|---|
| | Name | | |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or co-signed by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

## Part 3:    Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity--within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Stream TV Networks, Inc. v. Seecubic, Inc. | Dispute | **Court of Chancery of Delaware** (Name)<br>**New Castle County Courthouse** (Street)<br>**Wilmington    DE    19801** (City / State / ZIP) | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>C.A. No. 2020-0766-JTL | | | |
| 7.2. | Hawk Investment Holdings Ltd. v. Stream TV Networks, Inc. and Technovative Media, Inc. | Dispute | **Court of Chancery of Delaware** (Name)<br>(Street)<br>(City / State / ZIP) | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>C.A. No. 2022-0930-JTL | | | |
| 7.3. | Stream TV Networks, Inc. v. Sharon Stanstney, et al. | Debtor action seeking damages | **US District Court for the District of DE** (Name)<br>(Street)<br>(City / State / ZIP) | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>C.A. No. 22-851-CJB | | | |

Debtor **Stream TV Networks, Inc.**
Name

Case number (if known) **23-10763**

|  | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.4. | **SLS Holdings VI, LLC v. Stream TV Networks, Inc. et al** | **Dispute** | **Superior Court of the State of Delaware** (Name)<br>**New Castle County Courthouse** (Street)<br>**500 N. King Street**<br>**Wilmington**  **DE**  **19801** (City / State / ZIP) | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
|  | Case number<br>**N20C-03-225 MMJ CCLD** | | | |
| 7.5. | **Hawk Investment Holdings LTD v. Mediatainment Inc. et al.** | **Dispute** | **Delaware Chancery Court** (Name) | ☐ Pending<br>☐ On appeal<br>☐ Concluded |
|  | Case number<br>**C.A. No. 2022-0733-JTL** | | | |

## 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☐ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| **Ian Liston (appointed & resigned)**<br>Custodian's name<br>**WILSON SONSINI**<br>Street<br>**222 Delaware Avenue, Suite 800**<br>**Wilmington**  **DE**  **19801**<br>City / State / ZIP Code | Case title<br>**Hawk Investment Holdings Ltd. v. Stream**<br>Case number<br>**2022-0930-JTL**<br>Date of order or assignment<br>**10/20/22** | Court name and address<br>**Court of Chancery of Delaware**<br>Name<br><br>Street<br><br>City  State  ZIP Code |

## Part 4: Certain Gifts and Charitable Contributions

**9.** List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☑ None

## Part 5: Certain Losses

**10.** All losses from fire, theft, or other casualty within 1 year before filing this case.

☑ None

Debtor  **Stream TV Networks, Inc.**                                   Case number (if known) **23-10763**
        Name

## Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Lewis Brisbois Bisgaard & Smith** | | 3/2023 | $50,000.00 |

Address

**500 Delaware Avenue, Suite 700**
Street

**Wilmington**           **DE**      **19801**
City                     State       ZIP Code

Email or website address
**lewisbrisbois.com**

Who made the payment, if not debtor?

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | **BMC Group, Inc.** | | 3/2023 | $5,000.00 |

Address

**600 First Avenue**
Street

**Seattle**              **WA**      **98104**
City                     State       ZIP Code

Email or website address

Who made the payment, if not debtor?

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Debtor | **Stream TV Networks, Inc.** | Case number (if known) | **23-10763** |
|---|---|---|---|
| | Name | | |

### 13. Transfers not already listed on this statement

List any transfers of money or other property--by sale, trade, or any other means--made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

## Part 7: Previous Locations

### 14. Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

**14.1.**
Address: **2726 Bayview Drive**
Street
**Fremont**, **CA**, **94538**
City, State, ZIP Code

Dates of occupancy: From **2019** To **2020**

**14.2.**
Address: **2009 Chestnut Street**
Street
**3rd Floor**
**Philadelphia**, **PA**, **19103**
City, State, ZIP Code

Dates of occupancy: From **2009** To **present**

## Part 8: Health Care Bankruptcies

### 15. Health Care bankruptcies

Is the debtor primarily engaged in offering services and facilities for:

- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

## Part 9: Personally Identifiable Information

### 16. Does the debtor collect and retain personally identifiable information of customers?

☑ No.
☐ Yes. State the nature of the information collected and retained _____

Does the debtor have a privacy policy about that information?
☐ No.
☐ Yes.

| Debtor | **Stream TV Networks, Inc.** | Case number (if known) | **23-10763** |
|---|---|---|---|
| | Name | | |

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b) or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?
    ☐ No. Go to Part 10.
    ☐ Yes. Fill in below:

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts, certificates of deposit, and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | **HSBC Bank** (Name)<br>**140 Broadway, Suite 5020** (Street)<br>**New York    NY    10005** (City / State / ZIP Code) | XXXX- **9  2  0  7** | ☑ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other _____ | **12/31/2020** | **$8,420.68** |
| 18.2. | **HSBC Bank** (Name)<br>**140 Broadway, Suite 5020** (Street)<br>**New York    NY    10005** (City / State / ZIP Code) | XXXX- **9  2  1  5** | ☑ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other _____ | **12/31/2020** | **$1,002.67** |
| 18.3. | **TD Bank** (Name)<br>**P.O. Box 16027** (Street)<br>**Lewiston    ME    04243** (City / State / ZIP Code) | XXXX- **8  6  8  2** | ☑ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other _____ | **12/31/2020** | **$329.11** |

Debtor **Stream TV Networks, Inc.**                         Case number (if known) **23-10763**
       Name

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.4. | **HSBC Bank** <br> Name <br> **140 Broadway, Suite 5020** <br> Street <br><br> **New York          NY    10005** <br> City            State  ZIP Code | XXXX- **3  0  0  4** | ☒ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other _____ | **12/31/2020** | **$0.00** |
| 18.5. | **TD Bank** <br> Name <br> **P.O. Box 16027** <br> Street <br><br> **Lewiston          ME    04243** <br> City            State  ZIP Code | XXXX- **4  3  9  4** | ☒ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other _____ | **12/16/2020** | **$1,550.00** |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| **Big Yellow Storage** <br> Name <br> **Hounslow, UK** <br> Street <br><br> _____ <br> City    State  ZIP Code | **SeeCubic, Inc. presently has control of the storage facility.** <br> Address | **To the best of the Debtor's knowledge, the contents were display models and other electrical products, and remain within the unit.** | ☐ No <br> ☒ Yes |
| **Big Yellow Storage** <br> Name <br> **Camberley, UK** <br> Street <br><br> _____ <br> City    State  ZIP Code | **SeeCubic, Inc. presently has control of the storage facility.** <br> Address | **To the best of the Debtor's knowledge, the contents were display models and other electrical products, and remain within the unit.** | ☐ No <br> ☒ Yes |

| Debtor | **Stream TV Networks, Inc.** | Case number (if known) | **23-10763** |
|---|---|---|---|
| | Name | | |

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| **Extra Space Storage**<br>Name<br><br>Street<br><br><br>**Bensalem**            **PA**<br>City            State    ZIP Code | SeeCubic, Inc. presently has control of the storage facility.<br><br>Address | To the best of the Debtor's knowledge, the contents were display models and other electrical products, and remain within the unit. | ☐ No<br>☑ Yes |

### Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns.  Include any property borrowed from, being stored for, or held in trust.  Do not list leased or rented property.

☑ None

### Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless or the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?**
Include settlements and orders.

☑ No
☐ Yes.  Provide details below.

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes.  Provide details below.

**24. Has the debtor notified any govermental unit of any release of hazardous material?**

☑ No
☐ Yes.  Provide details below.

Debtor **Stream TV Networks, Inc.** Case number (if known) **23-10763**
Name

## Part 13: Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number | Dates business existed |
|---|---|---|---|---|
| 25.1. | **Technovative Media, Inc.**<br>2009 Chestnut Street, 3rd Floor<br>Philadelphia, PA 19103 | Holding Company | EIN: 45-4345015 | From 2011 To Present |
| 25.2. | **Technology Holdings Delaware, LLC**<br>2009 Chestnut Street, 3rd Floor<br>Philadelphia PA 19103 | Holding Company<br>File No. 5061735 | EIN: | From 2011 To Present |
| 25.3. | **Media Holdings Delaware, LLC**<br>2009 Chestnut Street, 3rd Floor<br>Philadelphia PA 19103 | Holding Company<br>File No. 5061759 | EIN: | From 2011 To Present |
| 25.4. | **Ultra-D Ventures C.V.**<br>Curacao | Holding Company | EIN: 98-1033755 | From 2011 To Present |
| 25.5. | **Ultra-D Coopertief U.A.**<br>The Netherlands | Holding Company | EIN: 98-1033793 | From 2011 To Present |
| 25.6. | **Stream TV International B.V.**<br>The Netherlands | Operating Company | EIN: 98-1033346 | From 2011 To Present |

Debtor **Stream TV Networks, Inc.**  Case number (if known) **23-10763**
Name

|  | Business name and address | Describe the nature of the business | Employer Identification number |
|---|---|---|---|
| 25.7. | **SeeCubic B.V.**<br>Name<br><br>Street<br><br>**The Netherlands**<br>City  State  ZIP Code | **Operating Company** | Do not include Social Security number or ITIN.<br><br>EIN: **9 8 – 1 0 3 3 7 6 8**<br><br>Dates business existed<br>From **2011** To **Present** |
| 25.8. | **Stream TV International B.V. Taiwan Rep Office**<br>Name<br><br>Street<br><br>**Taiwan**<br>City  State  ZIP Code | **Operating Company** | Do not include Social Security number or ITIN.<br><br>EIN: __ __ – __ __ __ __ __ __ __<br><br>Dates business existed<br>From **2018** To **Present** |
| 25.9. | **Stream TV 3D Technology (Suzhou) Co., Lt**<br>Name<br><br>Street<br><br>**China**<br>City  State  ZIP Code | **Operating Company** | Do not include Social Security number or ITIN.<br><br>EIN: __ __ – __ __ __ __ __ __ __<br><br>Dates business existed<br>From **2018** To **Present** |
| 25.10. | **Shanghai Ruishi Technology Co., Ltd.**<br>Name<br><br>Street<br><br>**China**<br>City  State  ZIP Code | **Operating Company** | Do not include Social Security number or ITIN.<br><br>EIN: __ __ – __ __ __ __ __ __ __<br><br>Dates business existed<br>From **2019** To **Present** |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1. **INNOVENTURES**<br>Name<br>**1105 William Penn Drive**<br>Street<br><br>**Bensalem**          **PA**     **19020**<br>City           State    ZIP Code | From **2009** To **2022** |

| Debtor | **Stream TV Networks, Inc.** | Case number (if known) | **23-10763** |
|---|---|---|---|
| | Name | | |

**26b.** List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

**26c.** List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| **26c.1.** **INNOVENTURES** <br> Name <br> **1105 William Penn Drive** <br> Street <br><br> **Bensalem**        **PA**      **19020** <br> City           State       ZIP Code | **N/A** |

**26d.** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No.
☐ Yes. Give the details about the two most recent inventories.

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Mathu Rajan | 1105 William Penn Drive <br> Bensalem, PA 19020 | CEO and Director | 88.885% |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☑ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

**31.** Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☐ No
☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Stream TV Networks, Inc. | EIN: 2 7 – 1 2 2 4 0 9 2 |

**32.** Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☑ No
☐ Yes. Identify below.

Debtor **Stream TV Networks, Inc.**     Case number (if known) **23-10763**
Name

## Part 14: Signature and Declaration

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/29/2023
MM / DD / YYYY

X _/s/ Mathu Rajan_      Printed name  **Mathu Rajan**
Signature of individual signing on behalf of the debtor

Position or relationship to debtor  **CEO and Director**

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**

☒ No
☐ Yes