**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.,[1]<br><br>    Debtor. | Chapter 11<br><br>Bky. No. 23-10763 (MDC) |
| In re:<br><br>Technovative Media, Inc.,<br><br>    Debtor. | Chapter 11<br><br>Bky. No. 23-10764 (MDC)<br><br>(Joint Administration Requested) |

**DECLARATION OF RAFAEL X. ZAHRALDDIN-ARAVENA IN SUPPORT OF
DEBTORS' APPLICATION TO EMPLOY LEWIS BRISBOIS BISGAARD & SMITH
<u>LLP AS COUNSEL FOR THE DEBTORS</u>**

I, Rafael X. Zahralddin-Aravena, hereby state and declare as follows:

I am a partner in the firm of Lewis Brisbois Bisgaard & Smith LLP ("LBBS"), a law firm

that maintains an office at 550 E. Swedesford Road, Suite 270 Wayne, PA 19087. I am duly

authorized to make this Declaration on behalf of LBBS, and I make this Declaration in support

of the Application to Employ Lewis Brisbois Bisgaard & Smith LLP as General Bankruptcy

Counsel (the "Application") to the above-captioned debtors ("Debtors"). The facts set forth in

this Declaration are personally known to me and, if called as a witness, I could and would testify

thereto. All capitalized terms used but not defined herein shall have the meanings given to them

in the Application.

1.   Neither LBBS nor any attorney of LBBS represents any entity other than Debtors

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015).  Their corporate headquarters is located at 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.  The location of the Debtor's service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

1

92850955.1

in, or in connection with, Debtors' chapter 11 cases.

2.   LBBS is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, in that, except as otherwise disclosed herein, LBBS and its attorneys:

a. are not creditors, equity holders, or insiders of Debtors;
b. are not and were not, within two years before the Petition Date, a director, officer, or employee of Debtors; and
c. do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtors, or for any other reason.

3.   To the best of my knowledge, information, and belief formed after reasonable inquiry, other than in connection with these cases and other than disclosed in this Declaration, neither I nor LBBS has any connection with Debtors, their creditors, the United States Trustee, the Bankruptcy Judge presiding in this case, or any other party with an actual or potential interest in these chapter 11 cases (or their respective attorneys or accountants).  *See* Exhibit A.

4.   To the best of my knowledge, information, and belief formed after reasonable inquiry, neither I nor LBBS holds or represents any interest adverse to Debtors' estates.

5.   Subject to the Court's approval of the Application, LBBS will earn and receive only those fees and other payments authorized by this Court.

6.   In consideration for services to be rendered to Debtors in these chapter 11 cases, LBBS, subject to the approval of the Court, will be compensated for such services rendered at its standard hourly rates and will be reimbursed for all reasonable and necessary out-of-pocket expenses.

7.   Pursuant to L.B.R. 2014-1, LBBS makes the following disclosures with respect to payments received from the Debtors within the 90 days preceding the order for relief:

2

92850955.1

| Date Payment Received | Amount Received | Amount Applied To Services Rendered Before Receipt | Amount Applied to Services Rendered After Receipt | Amount Remaining on Petition Date |
|---|---|---|---|---|
| March 14, 2023 | $50,000.00 | $0 | $50,000.00 | $0 |
| Total | $50,000.00 | $0 | $50,000.00 | $0 |

8.      Before filing these cases, Visual Semiconductor, Inc. ("VSI"), an investor in the Debtor, paid a flat non-refundable fee payment on behalf of the Debtors in the amount of $50,000.00 in preparation for filing the Chapter 11 bankruptcies. VSI has been advancing payments for Stream TV Networks, Inc's expenses in exchange for equity in Stream TV Networks, Inc. The Firm used the $50,000.00 for prepetition services as follows: (i) advising the Debtors concerning their obligations under Chapter 11, (ii) researching and reviewing the extensive litigation preceding the Chapter 11 filings; (iii) preparing the bankruptcy petition and some related documents, including this retention application, and (iii) payment of the Court's $1,738 filing fee for each Debtor. There is no balance remaining.

9.      I state under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: April 3, 2023                          /s/ Rafael X. Zahralddin-Aravena
                                             Rafael X. Zahralddin-Aravena

92850955.1

<u>Exhibit A</u>

1. Rafael X. Zahralddin, while working at a prior firm, Elliott Greenleaf  P.C., represented Stream TV as a creditors rights and restructuring lawyer in a Chancery case in 2019 which sought an injunction to prevent self-help by certain creditors. He withdrew from the case with permission of the Court after three weeks and was replaced by substitution counsel.  He also represented a special purpose vehicle which was to facilitate financing for Stream TV in a bankruptcy filed in Delaware while a lawyer at Armstrong Teasdale in 2020.  These prior representations do not pose any material adverse interest.
2. The Firm is involved in several matters in which TD Bank is a creditor where Firm partner Amy L. Goldman serves as a chapter 7 Trustee and in multiple matters in which TD Bank is adverse to Firm clients.
3. The Firm also represents an unrelated U-Haul franchise, U-Haul Co. of Florida (Perrine), entities unrelated to the U-Haul franchise in New Jersey which was used for storage by the Debtors.  The Firm is adverse to several U-Haul entities in unrelated insurance defense matters.
4. The Firm does not have any connection to Dell Financial Services, but is adverse to Dell Technologies in an unrelated matter.
5. The Firm does not have any connection to AON Risk Services, Inc. of New York.  The Firm does represent Aon Risk Services, Inc. of Ohio in prior unrelated insurance defense matters.  The firm also represents Aon Affinity Insurance Services in an unrelated matter.  The Firm is also adverse to Aon Risk Services in an unrelated insurance matter.
6. The Firm represents Hartford Insurance Company in unrelated insurance defense matters which is a related entity to creditor Coverall North America, Inc.
7. Citi Cards, a Debtor creditor, is a creditor in unrelated matters in which Firm partner Amy L. Goldman serves as a chapter 7 Trustee.
8. The Firm has represented FTI Consulting in a prior unrelated matter which could be an affiliate of creditor FTI Consulting China Limited.
9. The Firm represents Robert Half International as a named insured for Client Gallagher Bassett in unrelated insurance defense matters.  Robert Half International may be an affiliate of Robert Half Management Services, which is a creditor of Stream.

4