**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.,<br><br>Debtor. | Chapter 11<br><br>Bky. No. 23-10763 (MDC) |
| In re:<br><br>Technovative Media, Inc.,<br><br>Debtor. | Chapter 11<br><br>Bky. No. 23-10764 (MDC)<br><br>(Joint Administration Requested) |

**ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 1015(b)**
**DIRECTING JOINT ADMINISTRATION**
**OF THE DEBTORS' RELATED CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order") and pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b), directing the joint administration of the Debtors' related chapter 11 cases (the "Chapter 11 Cases") for procedural purposes only and granting related relief; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and hearing to consider the relief

---

[1] Capitalized terms used but not defined herein shall have those meanings ascribed to them in the Motion.

1

requested herein (the "Hearing") appearing adequate and appropriate under the circumstances; and this Court having found that no other or further notice need be provided; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors and all parties in interest; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and no objection to the Motion having been filed or made at the Hearing on the Motion and upon all of the proceedings before the Court and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED** as set forth herein.

2. The Chapter 11 Cases shall be jointly administered and consolidated for procedural purposes only.

3. The Clerk of the Court shall maintain one file and one docket for the Chapter 11 Cases, which file and docket shall be the file and docket for the chapter 11 case of Stream TV Networks, Inc.

4. The consolidated caption of the jointly administered cases shall read as follows:

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.,[1]<br><br>    Debtor. | Chapter 11<br><br>Bky. No. 23-10763 (MDC) |
| In re:<br><br>Technovative Media, Inc.,<br><br>    Debtor. | Chapter 11<br><br>Bky. No. 23-10764 (MDC)<br><br>(Jointly Administered) |

1 The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

5. The Clerk of the Court shall make a docket entry in each of the Chapter 11 Cases other than Stream TV Networks, Inc. substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases commenced concurrently by Stream TV Networks, Inc., Bky. No. 23-10763, and Technovative Media, Inc., Bky. No. 23-10764. The docket in the chapter 11 case of Stream TV Networks, Inc., Bky. No. 23-10763, should be consulted for all matters affecting this case.

6. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of the Chapter 11 Cases.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: April 10, 2023

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

92286310.1