UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: | : Case No.  23-10764 |
|  | :           23-10763 |
| TECHNOVATIVE MEDIA, INC.   CH: 11 | : |
| / STREAM TV NETWORKS INC | : Philadelphia, Pennsylvania |
|  | : March 22, 2023 |
| . . . . . . . . . . . . . . . . . | : 2:01 p.m. |

BEFORE THE HONORABLE MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtor: | Rafael X. Zahralddin, Esq.<br>Lewis Brisbois<br>500 Delaware Avenue, Suite 700<br>Wilmington, DE 19801<br>302-985-6004 |
| For Hawk Investment Holdings Ltd: | Aaron Rothman, Esq.<br>Margaret R. Westbrook, Esq.<br>K&L Gates LLP<br>300 South Tryon Street, Suite 1000<br>Charlotte, NC 28202<br>704-331-7400 |
| For Rembrandt 3D Corp: | Chris Michaels |
| For the United States Trustee: | Kevin P. Callahan, Esq.<br>Office of The United States Trustee<br>Robert N.C. Nix Federal Building<br>900 Market Street, Suite 320<br>Philadelphia, PA 19107<br>202-934-4154 |

Proceedings recorded by electronic sound recording; transcript produced by TheRecordXchange.

1

|   |   |
|---|---|
| 1 | MARCH 22, 2023 |
| 2 | THE DEPUTY: Good afternoon. This is Eileen Godfrey. |
| 3 | THE COURT: Go ahead, Eileen. |
| 4 | THE CLERK: Eileen, this is John. Go ahead. Yeah, |
| 5 | the Judge is on. |
| 6 | THE DEPUTY: Oh, okay. Great. I'm sorry. I didn't |
| 7 | know. All right. |
| 8 | THE COURT: That's all right. You can -- you're more |
| 9 | than welcome to go ahead and call the case. |
| 10 | THE DEPUTY: All right. These are two matters at |
| 11 | 1:30. And it's Stream TV Network, Inc., and also Technovative |
| 12 | Media, Inc. Okay, Judge. For a status hearing. |
| 13 | THE COURT: All right. Okay. All right. |
| 14 | Counsel, there was a motion for expedited relief on a |
| 15 | motion for relief from stay. I have scheduled a status, a |
| 16 | order scheduling a hearing on the actual motion was |
| 17 | inadvertently issued. That has been vacated. So the -- and I |
| 18 | scheduled this hearing to basically advise the parties of what |
| 19 | my decision was with respect to that motion rather than just |
| 20 | issuing a order either granting or denying that relief. But |
| 21 | before we begin, there's a couple of housekeeping matters I |
| 22 | want to make everybody aware of. |
| 23 | First, do not call my JA or my secretary for advice |
| 24 | on how to file matters, how to prepare orders. That is what |
| 25 | you guys are getting paid for. You need to look at the local |

1  rule and figure it out.  You may ask -- you may call them for
2  scheduling matters, or any of those things.  But what should be
3  in an order, how an order should be -- that is not their role.
4  They do not provide legal advice.  And I'm going to also add,
5  do not call my law clerk.
6           So again, consult the local rules on what the process
7  is.  You can look up my chamber rules, but my staff is up to
8  their ears with you guys calls and very unhappy about being so
9  asked for legal advice.  Don't do it.  All right.
10          With respect to the motion, the request for expedited
11 relief.  I think there was some misunderstanding as to my
12 comments at the original hearing last week, with respect to
13 what my take was on the pending litigation in Chancery court.
14 So let's get the appearance of all counsel in this matter.
15          Who's here?
16          MS. WESTBROOK:  Your Honor, Margaret Westbrook for
17 K&L Gates, along with Aaron Rothman of K&L Gates.  And John
18 Edel --
19          THE COURT:  I'm sorry.  Counsel, can you say that
20 again?  I'm sorry.
21          MS. WESTBROOK:  Sure.  No problem.  Margaret
22 Westbrook with K&L Gates.
23          THE COURT:  Okay.  Who else?
24          MS. WESTBROOK:  Aaron Rothman with K&L Gates.
25          THE COURT:  Okay.

1          MS. WESTBROOK:  And John Edel, E-D-E-L, with K&L

2    Gates all for Hawk Investment Holdings Limited.

3          THE COURT:  Okay.  Who else is here?

4          MR. ZAHRALDDIN:  Your Honor, Raphael Zahralddin on

5    behalf of the debtors from Lewis Brisbois Bisgaard & Smith and

6    also on the line is Vincent Alexander, also my partner and

7    representing the debtors -- proposed counsel for the debtors.

8          THE COURT:  Okay.  Who else?

9          MR. MICHAELS:  Your Honor, this is --

10         MR. CALLAHAN:  Good afternoon.  My name is Kevin

11   Callahan.  I represent the United States Trustee.

12         THE COURT:  Okay.

13         MR. MICHAELS:  This is Christopher Michaels from

14   Brown & Michaels PC.  And I represent Rembrandt 3D Holding

15   Limited.

16         THE COURT:  Okay.  Any other creditors or interested

17   parties?

18         MR. RAJ:  Your Honor, this is Matthew Raj, and I'm

19   from Stream TV.  We're the Debtor.

20         THE COURT:  Anyone else?  Okay.  I mean, I've looked

21   at the motion for expedited consideration.  I see that the

22   debtor filed a response I guess this afternoon or an hour, so

23   well, today, but this is where I am.  I reviewed the motion.

24   There was absolutely nothing that said why it needed to be done

25   on an expedited basis.  What I read was that the Chancery court

1  could determine the amount or the validity or whatever term you

2  want to use with respect to the secured claim that's in

3  dispute.  And that may be fine and well, when we get there.

4  But that is not something that needs to be addressed

5  immediately.

6           What I thought when I offered my schedule, was that

7  the parties were influenced stating that they didn't believe

8  this was a authorized filing, or whether there was an issue

9  with having the -- a receiver.  So those things I thought would

10 have been something that the parties would have requested

11 expedited consideration for.  While it is true that at the end

12 of the day, if this case remains here, I mean, an there's a

13 trial on issues regarding a claim, I have and likely would --

14 and I'm not saying anybody to hold me to that, that is just

15 based on a colloquy with counsel.  And to be frank, as an

16 initial hearing.

17          I mean, we didn't even get a background or some

18 detail as to exactly what the pre-bankruptcy history was.  I

19 kind of pieced it together.  And again, today, made my own

20 outline in trying to figure out what was going on.  And so what

21 I'm not going to do, is use judicial resources on a hearing on

22 a motion for relief for a case, one, that I don't even know,

23 should be here.  And two, even if it is here, it's a dispute

24 about a claim.  That is not what I was offering my schedule

25 for.

1          So I want the parties to be clear that because I may
2  make a comment about what I think will happen with some
3  specific issue in a case, does not mean that I am going to
4  immediately hear that matter, and allow relief from the stay.
5  So that is why I had this status conference to basically say
6  I'm going to deny the request for expedited reconsideration.
7          I could have done it on the papers, but I just wanted
8  to kind of give the parties a feel for where I am.  I
9  don't -- you don't particularly appear before me.  I know most
10 of you guys are in Delaware.  And there are some -- you know,
11 our process, while, you know, basic bankruptcies may be
12 different.  So that is why I thought it was necessary to do
13 this status hearing, so that I can let everyone know my
14 reasoning.  And if you want a hearing on it, you can file it,
15 but it'll be done in the ordinary course.  I think there may be
16 some other pressing matters that may need expedited
17 consideration, but this isn't one of them.  So does anybody
18 have any questions or comments?
19         MR. ZAHRALDDIN:  No, Your Honor.  And we will -- this
20 is Raphael from the debtor's side.  The only comment, I would
21 ask if we have you, and I know you have a schedule where we may
22 not get you for a little bit.  We did file a joint
23 administration motion and attached an order.  And I don't know
24 if that's controversial, but I thought it would be helpful on a
25 go forward basis for both us, the parties, and your staff if

1  this was consolidated into one Stream TV docket.  So I'm just
2  asking you if that's something you would like to consider since
3  we have you.  If not, we'll wait until you get back and
4  scheduled some other motions for that time period.
5          THE COURT:  Well, typically, counsel, that motion
6  under the rules and has a seven day if I recall, sort of like
7  negative notice.  If no one objects after seven days, we'll
8  approve it.  I think the parties are entitled to decide whether
9  they want to oppose that or not.
10          MR. ZAHRALDDIN:  Okay.
11          THE COURT:  I'm not going to put them on -- you know,
12  I'm not going to ask them to do that now.  So that will be
13  within -- you filed it today, which is the 22nd.  So by the
14  29th, if no one objects, the order will be issued.
15          MR. ZAHRALDDIN:  Absolutely.  Thank you, Your Honor.
16  That's all I think we have.
17          THE COURT:  Now, if anyone else thinks there's an
18  expedited -- needs something on an expedited matter that
19  doesn't involve necessarily claims, but just basic issues that
20  I think need to be addressed and you want expedited
21  consideration, please tell me why and what the relevance is.
22  And we'll try to accommodate you.
23          But again, I don't want anyone to think because I
24  said that with certain matters, I'm inclined to send them to a
25  different court, or that I handle my cases in a specific

1  manner, that that's an invitation to file for expedited

2  consideration of matters that are not necessarily significant

3  in terms of whether this case gets continued, whether it gets

4  dismissed.

5          I'm not sure what the issue is with the receiver.

6  All of those things I would consider that they may need to be

7  done on less than the typical time period.  So I just wanted to

8  get that straight with everyone.  And also with respect to

9  reviewing the local rules, becoming familiar with my chamber

10 rules, so that this can go as smoothly as possible for all the

11 parties that are involved.  Okay?

12         MS. WESTBROOK:  Your Honor, thank you.  This is

13 Margaret Westbrook from K&L Gates.  We appreciate all of your

14 comments, and we certainly appreciate your views on the

15 expedited nature.  I think we did wanted to raise one issue,

16 and I think it was raised in the motion that, you know, there

17 is a funding issue at the operating subsidiaries that are in

18 the Netherlands, and their employees there that need to get

19 paid.  They are getting paid this week, because of funds that

20 were sent to the receiver prior to the filing that are from the

21 secured creditors.  And I don't think there's any ability to

22 fund that beyond this week's payroll.

23         And therefore, we thought that this motion in front

24 of Your Honor was important to get that back on track, because

25 any funding motion is going to implicate, obviously, the status

1  of the secured creditors.  But we are working on all of the

2  other motions as well.  And we hear Your Honor, and we

3  appreciate your comments.

4         THE COURT:  And counsel, that is why I thought I

5  would have gotten an expedited motion with respect to the

6  funding issue.  And whether there's the -- should remain in

7  place to control the fund, whatever the receiver was doing

8  prior to the filing, whether that should remain in place.

9  That's what I was expecting, to be perfectly honest, because I

10 raised the issue of funding, and how that would continue.

11        Because as I said, I did not get an overview for what

12 the -- how the pre-petition history.  I had none of that.  So I

13 sort of was on my own in trying to figure out, which is why I

14 assumed it was cash collateral, because none of that had

15 been -- no one gave me an overview and made the assumption that

16 I knew all of the facts.

17        So that is why I raised the issue of well, who's

18 funding and I expected that if there was going to continue and

19 it wasn't cash collateral, and the debtor under 543 would be

20 the person, you know, that whatever it is that they had, and

21 whatever assets would be returned, you know, whether that would

22 go forward and whether the parties wanted me to do something

23 different.  I was expecting that.  But I didn't get that.  So I

24 don't know.  I'm not trying to tell people how to address their

25 case.  I'm simply pointing out what I think is something that

1   needs expedited consideration.
2           MS. WESTBROOK:  Your Honor --
3           MR. ZAHRALDDIN:  And Your Honor --
4           MS. WESTBROOK:  -- we are working on that motion, and
5   we also did not see a motion from the debtor with respect to
6   funding.  We did know that there was enough money to pay the
7   employees this week.
8           THE COURT:  Well, the debtor did file a response
9   saying that, you know, they basically could -- they're
10  collecting money and they could do this themselves.  So
11  obviously -- I'm not quite sure.  You guys have to figure out
12  if the debtor is collecting money, do you have a secure -- I
13  don't know.  I can't tell you what to do.  I'm only -- I'm
14  asking the questions.
15          MS. WESTBROOK:  No, no, no.  I didn't mean that, Your
16  Honor.
17          THE COURT:  Oh, no.  Counsel --
18          MS. WESTBROOK:  I was just giving you our perspective
19  that we knew they were -- that they were paid.  I wasn't trying
20  to ask you -- I'm sorry.  I didn't mean it to come that way.
21          THE COURT:  Counsel, and if I suggested that I
22  was -- that's not what I meant with you in particular.  I was
23  just making an overall comment that I cannot tell the parties
24  how to proceed.  This wasn't directly -- directed just to only
25  you.  So don't -- I don't want you to think that I was thinking

1  that you were asking me for advice, or how to proceed.

2          Someone else was getting ready to speak, and who was

3  that?

4          MR. ZAHRALDDIN:  Yes, Your Honor.  It's Raphael

5  Zahralddin for the debtor.  Your Honor, we are in the process,

6  I want to just give you a quick update.  We did speak to the

7  receiver.  The receiver has turned over information and the

8  reins, so to speak, to us.  And we are in the process of

9  preparing, as you'll see a little bit of a preview in our

10 response to this motion.  But we are in the process of

11 preparing the proper first day filings, including what we are

12 going to be proposing to go forward in terms of the -- of

13 payment of the foreign subsidiaries, which was being done by

14 both parties, not just that -- not just the secured lender was

15 paying into that.  So was Stream itself, and we're working on

16 that and we will get something in front of you.

17         THE COURT:  Okay.  Now, counsel, my -- I'm only

18 available two days next week, and then I'll be away for

19 two -- almost ten days.  Now, with respect to Thursday or

20 Friday, it's just the conference.  So I suspect I would if

21 absolutely necessary it would not be an issue if I had to not

22 attend one of the conference meetings and do a telephonic

23 hearing on an emergency.  But it needs to be something that it

24 needs immediate attention.  Okay.

25         MR. ZAHRALDDIN:  Yes, Your Honor.

1          THE COURT: I want to make -- that. Routine matters
2  I'm not scheduled Thursday or Friday. Next Tuesday -- Monday
3  and Tuesday, I have routine and expedited. But if it's
4  absolutely necessary. Because I'm hearing payroll will be paid
5  this week. There's a issue of payroll next week. I'm not
6  quite sure what the parties' position is with respect to who's
7  paying what, whose money it is, all of those things. If you
8  need that, you need to figure that out pretty quickly so that I
9  will be in a position should I have to hear that before April
10 the 12th that I will be in a position to do so. I will be out
11 of the country. So I don't know what kind of access I'm going
12 to have from April 2nd through the 11th.
13         MR. ZAHRALDDIN: Yes, Your Honor. We will caucus and
14 get things done quickly to address these concerns.
15         THE COURT: Okay. All right. Counsel, is there
16 anything else that anybody thinks that I should be aware of or
17 would like to comment?
18         THE DEPUTY: Judge, this is Eileen. The motion for
19 relief, they're going to schedule that in the regular course?
20         THE COURT: Yes, that should be scheduled in the
21 regular course. And that --
22         THE DEPUTY: All right. I can do that remotely now
23 to schedule that.
24         THE COURT: Well, Eileen, it's probably going to be
25 an evidentiary hearing.

1       THE DEPUTY:  Okay.

2       THE COURT:  So you need to have when I say regular
3  court, the way we typically do these, is they file a motion for
4  relief.  They schedule the first hearing date with the deadline
5  for an answer.  And then at the first hearing date, we -- if
6  the hearing is going to last more than 30 minutes, we schedule
7  a trial, and it would be a Zoom trial.

8       So to the extent the parties believe that we need to
9  have a evidentiary hearing, the first date listed would be to
10 get dates for an evidentiary hearing.  So I would ask the
11 parties to come with some dates that they have considered,
12 consult one another, or some suggested dates for the Court as
13 to how long it would take and what date would like to proceed
14 with.  Okay.

15      So counsel, you filed it.  You need to send out a
16 notice for deadline.  What was the date -- when did they file
17 it, and what would be the first hearing date, Eileen?

18      THE DEPUTY:  Judge, they filed this motion on March
19 20th.

20      THE COURT:  Uh-huh.

21      THE DEPUTY:  So I would normally schedule it for
22 April 19th at 11:00.

23      THE COURT:  Okay.  So counsel send out a notice
24 saying the hearing on the motion for relief is scheduled for
25 April 19th at 11 a.m.  There's a deadline, I think, what is it,

1  14 days?  But that deadline may be -- I think they've already

2  answered, but anybody else who wants to answer the deadline

3  we'll make it the week before only because we didn't set a

4  deadline before that, and the weeks already a couple

5  of -- well, when did they file it?  On March 20th?

6          THE DEPUTY:  March 20th, Judge.

7          THE COURT:  All right.  They can use the regular

8  notice in the local rule.  And then at that time, unless the

9  matters resolved, the party should be prepared to tell me how

10 long the trial -- well, one, if they need a evidentiary trial,

11 because I understood from moving -- counsel for the moving

12 party that it was only legal arguments.  So at that time you

13 can tell me if they need evidence.  If we do, then I need to

14 schedule an evidentiary hearing.

15          If it's only going to be legal arguments, and it's

16 more than a half an hour, which I suspect it probably will be,

17 then we'll schedule maybe a week later, but not on a short -- a

18 long time period the argument.  If it's a evidentiary hearing

19 that it may take, instead of a week, two weeks, depending on

20 what my schedule allows.  So that's where we meet on the 19th

21 team to let me know where we are in terms of the motion.

22          And then everybody needs to come prepared.  I

23 understand from the debtor's perspective, they believe that

24 they need evidence.  I don't know if they do or they don't.

25 But to the extent anything is going to get in or even if it's a

1  judgment, even if it's a -- whatever it is, and it's going to
2  be entered in the record that's going to be evidence, which
3  leads me to believe there would be an evidentiary hearing.
4  Evidentiary in the sense of unless the parties stipulate that
5  these are the controlling documents, and they can be entered
6  into evidence, and then we just need to present arguments.  But
7  you guys have to figure out how you want to proceed with
8  respect to that motion.  Okay.  And let the Court know on the
9  19th.  Okay?
10             MR. ZAHRALDDIN:  And Your Honor, one last thing, just
11  for clarity.  We only responded to the emergency relief.
12             THE COURT:  Expedited.
13             MR. ZAHRALDDIN:  Yes, ma'am.  We will have a more
14  robust response to the substance of the motion at the
15  appropriate time.
16             THE COURT:  Right.  So typically, as I said -- they
17  have 14 days to respond, Eileen, when they file a motion?
18             THE DEPUTY:  Yes, Judge.
19             THE COURT:  So that was filed on the 20th.  So I
20  don't think it's going to be -- unless you're telling me,
21  counsel for debtor, that it's going to be that much of a
22  detriment that you lose two days.  Because they're not going to
23  send the notice out.  The 14 days would start from the 20th.
24             MR. ZAHRALDDIN:  No, Your Honor.  That will
25  be -- that will be just fine.  That's not the hill we're going

1  to die on.

2         THE COURT: Okay. Fine, then. So send out the
3  notice. Moving counsel, send out the notice to all the parties
4  today saying the hearings on the 19th at 11. And we need
5  answers are due 14 days from the -- you know, you filed it on
6  the 20th. The hearings on the 19th. Answers are due 14 days
7  after the date of file -- is it the date of filing or the date
8  of service, Eileen?

9         THE DEPUTY: I think I believe it's the day of
10 service, Judge. I'm not 100 percent sure.

11        THE COURT: I don't typically count those. But
12 whatever the rules say, you need to file by that time. And if
13 the rule states 14 days from date of service, I always thought
14 it was the date of filing because you're required under the
15 rules to serve it on the day that you file. So that is why I
16 thought it was the data service, or the date of service is the
17 same day that you file. I think under the rules, you have to
18 do it that way. But in any event, I need it filed before the
19 19th. I don't want anybody saying well, it wasn't due until
20 the 19th, and so I didn't file it on that date. Okay?

21        So how about to alleviate all of that, Eileen, what
22 day is the -- the hearings on the 19th? Is that a Wednesday?

23        THE DEPUTY: Yes, Judge. It is.

24        THE COURT: All right. Let's just make answers due
25 by April 17th. That way we don't have to worry about counting.

1  Counsel, when you do your notice, just say it was filed on this
2  date.  The hearings on this date.  Any and all responses,
3  objections, joinders, are due by April 17th at 5 p.m.  Okay?
4           MS. WESTBROOK:  Your Honor, as I would calculate the
5  14 days, I think it would be a little before that.  So I was
6  wondering, and will we have a chance to have a reply or a
7  response to that?
8           THE COURT:  Typically, I don't allow replies.
9  Unless --
10          MS. WESTBROOK:  That's fine, Your Honor.
11          THE COURT:  I mean, unless -- now, counsel, I say,
12 typically, but if you give the -- what's the -- according to
13 your calculations, it would be due when?
14          THE DEPUTY:  They can file -- well, April 14th?
15          THE COURT:  Well, no.  It would be -- is that the --
16          MS. WESTBROOK:  April 23rd, is the date --
17          THE DEPUTY:  Actually --
18          MS. WESTBROOK:  -- that I was coming up with, I
19 think.
20          THE DEPUTY:  I mean, the motion was filed on the
21 20th.
22          THE COURT:  Well, if it was filed today, when would
23 the answer be due?
24          THE DEPUTY:  Today is the 22nd.  Hold on.  I'm
25 calculating.  14 days.  April 5th.

```
1              THE COURT:  April what?
2              THE DEPUTY:  April 5.
3              THE COURT:  All right.  So counsel, we're going to
4   give you till April 5 to file your answer at 5 p.m.  And I
5   typically don't allow -- be likely that one is necessary.  So
6   typically, when we do replies, we give you two weeks, which
7   would be 5 and -- no, we can't do that.  We'll give you
8   till -- what's that Friday before the 19th?
9              THE DEPUTY:  The 14th.
10             THE COURT:  We'll give you April 14th at 5 p.m. for a
11  reply.  Okay?  So I have the hearing on the 19th.  The answer
12  on the 5th.  And a reply on the 14th.  Okay?
13             MS. WESTBROOK:  Thank you, Your Honor.
14             THE COURT:  Okay.  Anything from anyone else?  All
15  right.  Thank you, counsel.  And I will see everybody back on
16  the 19th unless something else is filed.  Thank you.
17             MR. ZAHRALDDIN:  Have a good day.
18             THE COURT:  Have a good day.
19        (Proceedings adjourned at 1:58 p.m.)
20
21
22
23
24
25
```

C E R T I F I C A T E

    I hereby certify that the foregoing is a true and correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/ _____
John Buckley, CET-623
Digital Court Proofreader