**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>STREAM TV NETWORKS, INC.,[1]<br><br>Debtor,<br><br>and<br><br>IN RE:<br><br>TECHNOVATIVE MEDIA, INC.,<br><br>Debtor. | Chapter 11<br><br>CASE NO.: 23-10763 MDC<br><br><br>Chapter 11<br><br>CASE NO.: 23-10764 MDC<br><br>(Jointly Administered) |

**HAWK INVESTMENT HOLDINGS LTD.'S**
**RESPONSE TO DEBTORS' MOTION FOR WITHDRAWAL OF**
**WRIT OF SUMMONS AND EVIDENTIARY HEARING FOR MONETARY DAMAGES**

Hawk Investment Holdings, Ltd. ("Hawk"), as Collateral Agent for the secured noteholders of SeeCubic, Inc. ("SeeCubic"), a secured creditor of Stream TV Networks, Inc. ("Stream") and Technovative Media Inc. ("Technovative" and, together with Stream, the "Debtors") in the above-captioned chapter 11 cases (together, the "Chapter 11 Cases"), by and through its undersigned counsel, K&L Gates LLP, objects (this "Objection") to the *Debtors' Motion for Withdrawal of Writ of Summons and Evidentiary Hearing for Monetary Damages* [ECF No. 125] (the "Emergency Motion").[2] In support of this Objection, Hawk respectfully represents as follows:

**RESPONSE**

1. There is no emergency with respect to the Dutch proceedings. On Sunday, SeeCubic's US counsel confirmed that the hearing in the Netherlands originally scheduled for

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Emergency Motion.

Thursday, April 20, 2023 (the "Dutch Hearing") would be postponed, which was reiterated by DeBrauw during discussions with the Debtors' Dutch counsel on Monday, April 17.  The Dutch court then confirmed postponement of the Dutch Hearing before 8:00 am ET today, mere hours after the Debtors filed this motion.[3]  See Exhibit A ("We now note in our schedule that he [sic] will not be going on Thursday next.").  Instead of focusing on the primary issues and the real emergency in these Chapter 11 Cases—funding the upcoming payroll in the Netherlands, which is due within the next week—the Debtors are coming before this Court on an "emergency" basis regarding issues that have been resolved or for which the Court has already set a briefing schedule and dispositive hearing on May 22, 2023 (the "Dismissal/Stay Hearing").[4]

2. To manufacture this "emergency," however, the Debtors assert ***for the first time*** in the Emergency Motion that the content of the Writ filed in the Netherlands harms the Debtors by scaring away potential investors and purchasers, necessitating its withdrawal from the record. See Emergency Motion, at ¶ 27.  The Emergency Motion does not include any direct statements made in the Writ, and counsel to the Debtors could not provide a citation to the offending statements this morning on a conference call, despite follow up requests.  See id. at ¶¶ 20–22.

---

[3] The only open logistical question is whether, as a matter of Dutch law, the case can be indefinitely postponed, or whether a new, placeholder date, must be scheduled.  To the extent that a date must be set, DeBrauw has proposed a placeholder date of the week of June 12, 2023 for the Dutch Hearing, pending the outcome of the Stay/Dismissal Hearing and subject to further instruction of this Court.

[4] At the Dismissal/Stay Hearing, the Court will take evidence on (1) *Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors' Chapter 11 Cases or (2) to Convert Such Cases to Cases under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070-1(g)* [ECF No. 83] (the "Motion to Dismiss") and (2) (i) *Emergency Motion for Entry of an order Enforcing the Automatic Stay and for Sanctions for Willful Stay Violation* [ECF No. 49], (ii) *Debtors' Amended Emergency Motion for Entry of an Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors' Estate; and (3) Imposing Sanctions for Willful Stay Violations* [ECF No. 76], and (iii) *Debtors' Supplement to Amended Emergency Motion for Entry of an Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors' Estate; and (3) Imposing Sanctions for Willful Stay Violations* [ECF No. 90] (the "Supplemental Stay Motion"), which squarely covers the bulk of the Emergency Motion.

Having reviewed the Writ, Hawk has been unable to identify the purported offending content (which the Debtors allege related to statements that a foreclosure has already occurred).

3. The Debtors' amorphous allegation of "harm" seems exaggerated as well, considering the posture of these cases. The Writ itself was not in the public domain when filed in the Netherlands; it only became so when the Debtors themselves attached an unredacted copy of the Writ to the Supplemental Stay Motion.[5] *See* ECF No. 90-1. By the Debtors' own hand, the Writ is public, and withdrawing the proceedings will not change that fact. Moreover, the dispute between the Hawk Parties and the Debtors as to ownership and control over the Debtors' assets is not a secret—it is the entire point of the 225 Action (as defined in the Motion to Dismiss) which remains pending and stayed by these Chapter 11 Cases, and has been discussed at length in pleadings and proceedings before this Court, all of which is public. It is also interesting that the Debtors claim harm as a result of the Writ while also claiming that they received a purchase order for $140 million on April 10, 2023, ***four days after the Writ was filed***. *See* ECF No. 114.

4. The remainder of the Emergency Motion is an attempt to re-litigate the matters the Court has already set for Dismissal/Stay Hearing, while ignoring the two matters that are truly pressing for the Debtors' estates—funding employee wages and insurance coverage for the estates' assets. To the extent the Emergency Motion relates to the substance of the matters to be heard at the Dismissal/Stay Hearing, Hawk reserves all rights with respect thereto, and this Objection is not a waiver of any defenses or arguments it possesses.

## CONCLUSION

Accordingly, Hawk respectfully requests that the Emergency Motion be denied, and the Court grant any other and further relief as it may deem just and appropriate.

---

[5] The Debtors never sought to file the Writ under seal as part of these Chapter 11 Cases or as part of the Dutch Proceeding, despite the Debtors having redacted other information in certain other pleadings.

| | |
|---|---|
| Dated:  April 18, 2023 | **K&L GATES LLP** |//s/ Steven L. Caponi//
Steven L. Caponi, Esq. (No. 91881)
Megan E. O'Connor, Esq.
K&L Gates LLP
600 King Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 416-7000
Facsimile: (302) 416-7020
Email:  steven.caponi@klgates.com
         megan.oconnor@klgates.com


Margaret R. Westbrook, Esq.
Aaron S. Rothman, Esq.
Jonathan N. Edel, Esq.
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, NC 28202
Telephone:  (704) 331-7400
Email:  margaret.westbrook@klgates.com
         aaron.rothman@klgates.com
         jon.edel@klgates.com


*Attorneys for Hawk Investment Holdings Ltd.*

## **CERTIFICATE OF SERVICE**

I, Steven L. Caponi, certify that on April 18, 2023 I caused a copy of the forgoing *Hawk Investment Holdings Ltd.'s Response to Debtors' Motion for Withdrawal of Writ of Summons and Evidentiary Hearing for Monetary Damages* to be served on those persons receiving notice through CM/ECF.

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 91881)