## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| Stream TV Networks, Inc.,[1] | Bky. No. 23-10763 (MDC) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| Technovative Media, Inc., | Bky. No. 23-10764 (MDC) |
| Debtor. | (Jointly Administered) |

## DEBTORS' REQUEST FOR EXPEDITED HEARING ON (1) DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING DEBTORS TO PAY (I) PREPETITION EMPLOYEE OBLIGATIONS, (II) PREPETITION WITHHOLDING OBLIGATIONS, AND (III) POST-PETITION EMPLOYEE OBLIGATIONS IN THE ORDINARY COURSE; AND (2) DEBTORS' EXPEDITED MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING DEBTORS TO TAKE CERTAIN ACTIONS IN THE ORDINARY COURSE OF BUSINESS

Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to the United States Bankruptcy Court for the Eastern of Pennsylvania Local Rules 1002-2, 1002-3, and 5070-1, seek expedited consideration of *Debtors' Motion for Entry of Interim and Final Orders Authorizing Debtors to Pay (I) Prepetition Employee Obligations, (II) Prepetition Withholding Obligations, and (III) Post-Petition Employee Obligations in the Ordinary Course* (the "Employee Motion") [D.I. 134] and *Debtors' Expedited Motion for Entry of Interim and Final Orders Authorizing Debtors to Take Certain Actions in the Ordinary Course of Business* (the "Ordinary Course Motion") [D.I. 135], and in support state:

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

93798426.1

### A.    Overview of Cases

1.    On March 15, 2023 (the "Petition Date"), Debtors filed voluntary petitions for relief with the Court under chapter 11 of title 11 of the Bankruptcy Code. Debtors filed in the Eastern District of Pennsylvania because that is the location of their principal place of business.

2.    Since the Petition Date, Debtors have been operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    A request for the appointment of a trustee has been made in these chapter 11 cases (the "Chapter 11 Cases") and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

### B.    Overview of Debtors

4.    Debtors were founded in 2009 as "new media" companies to pursue new technologies that enhance user entertainment and communications experiences. The technology that Debtors are currently seeking to launch allows TV and tablet manufacturers to convert two dimensional devices into three dimensional without the need for viewing glasses. Debtors are incorporated in Delaware and have a principal executive office located in Philadelphia, Pennsylvania.

5.    Technovative is a wholly owned subsidiary of Stream. Through their global engineering team, Debtors have developed breakthrough glasses-free 3D display technology launched under the trade name Ultra-D™ ("Ultra-D"). Ultra-D is a proprietary combination of hardware and software which creates a natural, comfortable and immersive Glasses-Free 3D viewing experience. Resulting from years of research and development in the field of 3D optics, multi-view rendering and content development solutions, Ultra-D solves the two biggest

limitations of the market's current 3D technology: the need to wear special glasses and the scarcity of 3D content.

6.      As a core technology, Ultra-D can be applied to panels of nearly any type and size and is compatible with touch screen features as well. This means that consumers can have a seamless experience with virtually any device – televisions, tablets, smartphones, portable game players, laptops, all-in-one computers and more. Stream's mission is to enable superior consumer media experiences by advancing the evolution of display technology from a flat 2D world to an immersive one made possible in 3D without glasses.

7.      Debtors intend to generate revenue from providing 3D components to final market assemblers (such as TV manufacturers and tablet makers). Debtors view their approach as similar to the way in which major computer manufacturers use processors in their products and note their products as such.

8.      Debtors intend to restructure their debt through these Chapter 11 Cases so that their debt service is reduced to a level that will allow Debtors to sustain their operations for the long term and have identified investors who are willing to invest in Debtors once Debtors pursue these Chapter 11 Cases. Debtors also intend to complete recovery of assets, including assets which were previously and wrongfully transferred to SeeCubic, Inc. ("SCI") in contravention of express provisions of Stream's corporate charter as confirmed by the Delaware Supreme Court through a decision on June 15, 2022.  *See Stream TV Networks, Inc. v. Seecubic, Inc.*, No. 360, 2021, p. 3 (Del. June 15, 2022) (Holding that "a majority vote of Class B stockholders is required under Stream's charter" to "transfer pledged assets to secured creditors in connection with what was, in

essence, a privately structured foreclosure transaction").[2] In holding that its corporate charter had been violated, the Delaware Supreme Court noted that Stream's charter was "unambiguous" and, ergo, "enforcing the unambiguous [c]harter provision [requiring Class B stockholders be allowed to vote on the asset transfer] is consistent with our policy of seeking to promote stability and predictability in our corporate laws. . . ." *Id.* at pp. 53-54. Debtors had grave concerns that the Delaware Supreme Court mandate was not being followed, particularly due to the passage of time without full return of their assets, and those fears were confirmed recently. Valuable intellectual property and trade secrets are in danger of being transferred to third parties or are not being properly monitored and exposure to liability from the collapse of operations of Debtors' foreign subsidiaries due to the failure to make payments by third parties mandated by the Delaware Court of Chancery ("Chancery Court") to preserve those assets.

9.    A detailed description of Debtors and their businesses, including facts and circumstances giving rise to these Chapter 11 Cases, is set forth in the *Declaration of Mathu Rajan in Support of Stream TV Networks, Inc. and Technovative Media, Inc. Chapter 11 Petition, Supporting Emergency Relief, and First Day Motions* [ECF No. 48], which is incorporated herein by reference.

---

[2] The Delaware Supreme Court also held that the "agreement authorizing the secured creditors to transfer Stream's pledged assets . . . is invalid because Stream's unambiguous certificate of incorporation required the approval of Stream's Class B stockholders" and there was no "Board Only insolvency exception" to Section 271 of the DGCL, and even if there had been a board-only insolvency exception to Section 271, it had been superseded. *Id.*. at p. 34. The Delaware Supreme Court's opinion definitively established that there had been an improper transfer of assets, in violation of Debtor's corporate charter. *Id.* at p. 53 n. 180 ("We note that Section 271 presents no barrier to the parties' foreclosure proceedings in Superior Court (which are presently stayed pending this appeal), and no party has argued that judicial foreclosure proceedings implicate Section 271").

93798426.1

C.      **The Employee Motion and Ordinary Course Motion**

10.      On April 21, 2023, the Debtors filed the Employee Motion and the Ordinary Course

Motion. In the Employee Motion, Debtors sought entry of interim and final orders authorizing the

Debtors to pay (a) prepetition employee obligations, (b) prepetition withholding obligations, and

(c) post-petition employee obligations in the ordinary course. For the reasons stated more fully in

the Employee Motion, Debtors requested expedited consideration of the Employee Motion.

Contractually, the payroll deadline of the employees of Debtors' subsidiary in the Netherlands,

SeeCubic B.V. ("SCBV"), must occur by the last day of the calendar month. Debtors typically

fund payroll on or about the 21st day of the month to allow for international funds transfers and

local processing by the SCBV finance team. Thus, there is an urgency in ensuring that these

employees receive their pay by the end of the month and Debtors requested that the matters be

heard on or before April 24, 2023, or at such other time as the Court's calendar permits.

11.      In the Ordinary Course Motion, Debtors sought entry of interim and final orders

authorizing (a) Debtors to sell unissued shares of Class A common stock of Stream; (b) Debtors

to use their optical bonding equipment; (c) Stream to enter into a distribution agreement with

Visual Semiconductor, Inc. ("VSI"); and (d) Debtors to fund the operations of their subsidiaries,

including SCBV.

12.      Debtors requested expedited consideration of the Ordinary Course Motion. For the

reasons stated more fully in the Ordinary Course Motion, Debtors believe expedited consideration

is warranted because the relief requested in the Ordinary Course Motion is necessary to avoid

immediate and irreparable harm to Debtors, and, therefore, Debtors seek the relief requested on an

expedited basis, on or before April 24, 2023. As recognized by the Court at the hearings on April

14, 2023, Debtors have an immediate need for funding of operations, including the funding of the

operations of Debtors' subsidiaries in the Netherlands. Thus, Debtors need authorization to immediately sell shares in Stream in order to obtain funding from Visual Semiconductor, Inc. ("VSI"). Additionally, the Bonding Equipment is integral to the success of Debtors and their ability to achieve a successful plan of reorganization. The failure to immediately have the Bonding Equipment will likely result in Debtors losing current client purchase orders and will impact Debtors' ability to obtain future purchase orders. Possession and use of the Bonding Equipment is essential to Debtors' ability to commence production of glasses-free 3D panels for integration in consumer and commercial video products. Moreover, entry into the Distribution Agreement will allow Debtors to partner with VSI to have the full resources of VSI available in order to gain new customers and fulfill current and future orders. Finally, if Debtors are going to fund their subsidiaries, including SCBV, then Debtors need to have the confidence that they are authorized to instruct SCBV to take certain actions in the ordinary course of business in order to determine which SCBV operations align with Debtors' business plans and customer requirements, and also to reorganize SCBV, to the extent necessary, in order to stabilize SCBV's finances.

13.     Pursuant to Local Rule 5070-1, just prior to filing this request, counsel for the Debtors reached out to interested parties regarding their position on an expedited hearing on the Employee Motion and the Ordinary Course Motion. As of the filing of this Request, the Office of the United States Trustee responded that it had no objection an expedited hearing. Debtors' counsel has yet to receive a response from the other interested parties.

**WHEREFORE**, Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto as **Exhibit A**, scheduling a hearing on the Employee Motion and the Ordinary Course Motion for on or before April 24, 2023, or at such other time as the Court's calendar permits.

6

Date: April 21, 2023

Respectfully submitted,

/s/ Rafael X. Zahralddin-Aravena
Rafael X. Zahralddin-Aravena (PA Bar No. 71510)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
Telephone: (302) 985-6000
Facsimile: (302) 985-6001
Rafael.Zahralddin@lewisbrisbois.com

-and-

Vincent F. Alexander (admitted *pro hac vice*)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
Vincent.Alexander@lewisbrisbois.com

-and-

Bennett G. Fisher (pro hac pending)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
24 Greenway Plaza, Suite 1400
Houston, TX 77046
Telephone: (346) 241-4095
Bennett.Fisher@lewisbrisbois.com

*Proposed Counsel to Debtors*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 21, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF on all parties who are authorized to receive electronically Notice of Electronic Filing in this bankruptcy case.

/s/ Rafael X. Zahralddin-Aravena
Rafael X. Zahralddin-Aravena

93798426.1