**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re | Chapter 11 |
| Stream TV Networks, Inc.,[1] | Case No. 23-10763 (MDC) |
| Debtor. | Chapter 11 |
| and | Case No. 23-10764 (MDC) |
| In re | (Jointly Administered) |
| Technovative Media, Inc. | **Hearing Date: June 21, 2023 at 11:30 a.m. (ET)**<br>**Objection Deadline: June 16, 2023 at 4:00 p.m. (ET)** |
| Debtor. | |

**RECEIVER'S MOTION TO SEAL CERTAIN EXHIBITS TO THE FINAL REPORT OF IAN R. LISTON, RECEIVER *PENDENTE LITE*, ATTACHED AS EXHIBIT A TO RECEIVER'S MOTION, PURSUANT TO 11 U.S.C. §§ 105(a) AND 543(b) AND BANKRUPTCY RULE 6002, FOR ENTRY OF AN ORDER (A) APPROVING THE RECEIVER'S FINAL REPORT, (B) GRANTING POST-PETITION DISCHARGE OF THE RECEIVER AND THE RECEIVER PROFESSIONALS, (C) FINDING THAT THE RECEIVER COMPLIED WITH 11 U.S.C. § 543, (D) APPROVING AND DIRECTING PAYMENT OF THE PREPETITION FEES AND EXPENSES OF THE RECEIVER AND THE RECEIVER PROFESSIONALS, AND (E) GRANTING RELATED RELIEF**

Ian R. Liston, in his capacity as the state court-appointed *receiver pendente lite* (the "Receiver") of the operations of Technovative Media, Inc. (the "Company"), respectfully submits this motion (the "Motion to Seal") for an order, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 5003-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Bankruptcy Rules"), authorizing the Receiver to file under seal certain exhibits to the *Final Report of Ian R. Liston, Receiver*, attached as Exhibit A (the "Final Report") to the *Receiver's Motion, Pursuant to 11 U.S.C. §§ 105(a) and 543(b) and Bankruptcy Rule 6002, For Entry of an*

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

*Order (A) Approving the Receiver's Final Report, (B) Granting Post-Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding that the Receiver Complied with 11 U.S.C. § 543, (D) Approving and Directing Payment of the Prepetition Fees and Expenses of the Receiver and the Receiver Professionals, and (E) Granting Related Relief* (the "Receiver Motion"), filed contemporaneously herewith and respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). In accordance with rule 9014-3 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Pennsylvania, the Receiver consents to the entry of a final order or judgment by the Court in connection with the Motion if it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue of these chapter 11 cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 5003-1.

## BACKGROUND

### A. Establishment of Receivership

2. On October 20, 2022, Vice Chancellor J. Travis Laster of the Delaware Court of Chancery (the "Court of Chancery") entered that certain *Status Quo Order* (the "Status Quo Order"). Among other things, the Status Quo Order required the Company to operate only in the ordinary course of business and enjoined the Company from taking any actions outside the ordinary course of business without first obtaining leave of the Court of Chancery.

3. In connection with the entry of the Status Quo Order, Vice Chancellor Laster appointed the Receiver to take charge of the Company and empowered the Receiver to "exercise all of the power and authority afforded to the Board under section 141 of the Delaware

General Corporation Law and (ii) all the power and authority afforded to a receiver appointed under section 279 of the Delaware General Corporation Law."[2]

4. On October 21, 2022, in furtherance of the Status Quo Order, the Court of Chancery issued the *Order Regarding Receiver Pendente Lite* (the "Receiver Appointment Order"), which appointed the Receiver.

5. Pursuant to the authority provided by the Receiver Appointment Order, the Receiver retained Wilson Sonsini Goodrich & Rosati, P.C. ("Wilson Sonsini"), as his counsel and Stibbe N.V., as his Netherlands counsel ("Stibbe" and together with Wilson Sonsini, the "Receiver Professionals").

B. **The Chapter 11 Cases**

6. On the Petition Date, the Company and Stream TV Networks, Inc. ("Stream" and together with the Company, the "Debtors") filed voluntary petitions with the Court under chapter 11 of the Bankruptcy Code.[3] An order was entered jointly administering the Debtors' chapter 11 cases for procedural purposes only on April 11, 2023. *See* Docket No. 81. The Debtors are managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 6, 2023, Hawk filed a motion requesting, among other things, that a chapter 11 trustee be appointed with respect to the Debtors' operations. *See* Docket No. 83. As of the date of the filing of this Motion, the Court has not yet ruled on this motion and no official committees have been appointed or designated.

7. On the date hereof, the Receiver filed the Receiver Motion and the Final Report. Included as Exhibits 8-12 and Exhibits 14-18 (together, the "Sealed Exhibits") to the Final Report are certain invoices and documents related to the Company's budget and operations.

---

[2] Status Quo Order ¶ 13.

[3] As set forth in the *Declaration of Mathu Rajan in Support of Stream TV Networks, Inc. and Technovative Media, Inc. Chapter 11 Petition, Supporting Emergency Relief, and First Day Motions* (the "First Day Declaration") [Docket No. 45], the Company is a wholly owned subsidiary of Stream and holds the majority of Stream's assets.

Because of the sensitive nature of the information contained in the Sealed Exhibits, the Receiver seeks to keep the Sealed Exhibits confidential.

## RELIEF REQUESTED

8. By this Motion to Seal, the Receiver requests that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, authorizing the filing of the Sealed Exhibits under seal to keep their contents confidential, protected under seal, and not made available publicly to any person other than the Court, the Office of the United States Trustee for the Eastern District of Pennsylvania (the "U.S. Trustee"), and the Debtors.

## BASIS FOR RELIEF

9. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize filing under seal to protect entities from potential harm that may result from the disclosure of certain confidential and/or defamatory information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

*Id.*

10. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect

of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

11. Furthermore, Local Bankruptcy Rule 5003-1(a)(2) provides that a document may be filed under seal if "the court orders the document sealed under § 107 [of the Bankruptcy Code." Bankr. L.R. 5003-1(a)(2).

12. The decision whether to grant a request that such a record be sealed lies within the sound discretion of the Court after balancing the need for public access to the record and the parties' desire for confidentiality. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); *see also General Homes Corporation*, 181 B.R. 898 (Bankr. W.D. Tex. 2000) (court may seal records upon finding that the interest of secrecy outweighs presumption of access to records set forth in section 107(a) of the Bankruptcy Code).

13. As the Third Circuit stated in *Pansy*, "whether an order of confidentiality is granted at the discovery stage or any other stage of litigation, including settlement, good cause must be demonstrated to justify the order." *Pansy*, 23 F.3d at 786.

14. Here, the Receiver respectfully submits that sufficient cause exists for the Court to grant the relief requested herein. The Sealed Exhibits contain commercially sensitive information, which if disclosed, would cause significant injury to the Company, as the disclosure of such information would give the Company's competitors an unfair strategic advantage with respect to the Company's business operations. Accordingly, the Receiver respectfully submits that the Sealed Exhibits should be subject to the protections of section 107(b) of the Bankruptcy Code.

15. The Receiver will provide copies of the unredacted Sealed Exhibits to the Court, the U.S. Trustee, and the Debtors.

16. For the foregoing reasons, the Receiver respectfully requests that the Court permit the Receiver to file the Sealed Exhibits under seal.

## **NOTICE**

17. Notice of this Motion to Seal will be provided to (i) the Debtors, (ii) counsel to the Debtors, (iii) counsel to Hawk, and (iv) the U.S. Trustee. The Receiver respectfully submits that under the circumstances, no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

-7-

## CONCLUSION

WHEREFORE, the Receiver respectfully requests that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: May 17, 2023
Wilmington, Delaware

*/s/ Nicholas E. Hakun*
Nicholas E. Hakun (PA Bar #325901)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
1700 K Street, NW
Washington, DC 20006-3814
Telephone: (650) 461-6568
Email: nhakun@wsgr.com

and

Erin R. Fay (*pro hac vice* admission pending)
Catherine C. Lyons (*pro hac vice* admission pending)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 304-7600
Emails: efay@wsgr.com
         clyons@wsgr.com

4890-5327-3956.1