# EXHIBIT A

## Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re : | Chapter 11 |
| Stream TV Networks, Inc.,[4] : | Case No. 23-10763 (MDC) |
| Debtor. : | Chapter 11 |
| and : | Case No. 23-10764 (MDC) |
| In re : | (Jointly Administered) |
| Technovative Media, Inc. : | **Hearing Date: June 21, 2023 at 11:30 a.m. (ET)** |
| Debtor. : | **Objection Deadline: June 16, 2023 at 4:00 p.m. (ET)** |

**ORDER AUTHORIZING THE RECEIVER TO FILE UNDER SEAL CERTAIN EXHIBITS TO THE FINAL REPORT OF IAN R. LISTON, *RECEIVER PENDENTE LITE*, ATTACHED AS EXHIBIT A TO RECEIVER'S MOTION, PURSUANT TO 11 U.S.C. §§ 105(a) AND 543(b) AND BANKRUPTCY RULE 6002, FOR ENTRY OF AN ORDER (A) APPROVING THE RECEIVER'S FINAL REPORT, (B) GRANTING POST-PETITION DISCHARGE OF THE RECEIVER AND THE RECEIVER PROFESSIONALS, (C) FINDING THAT THE RECEIVER COMPLIED WITH 11 U.S.C. § 543, (D) APPROVING AND DIRECTING PAYMENT OF THE PREPETITION FEES AND EXPENSES OF THE RECEIVER AND THE RECEIVER PROFESSIONALS, AND (E) GRANTING RELATED RELIEF**

Upon the motion (the "Motion to Seal") of Ian R. Liston, in his capacity as the court-appointed *receiver pendente lite* (the "Receiver") of the operations of Technovative Media, Inc. (the "Company") for entry of an order (this "Order") pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 5003-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Bankruptcy Rules"), authorizing the Receiver to file under seal certain exhibits to the *Final Report*

---

[4] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

*of Ian R. Liston, Receiver*, attached as <u>Exhibit A</u> (the "<u>Final Report</u>") to the *Receiver's Motion, Pursuant to 11 U.S.C. §§ 105(a) and 543(b) and Bankruptcy Rule 6002, For Entry of an Order (A) Approving the Receiver's Final Report, (B) Granting Post-Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding that the Receiver Complied with 11 U.S.C. § 543, (D) Approving and Directing Payment of the Prepetition Fees and Expenses of the Receiver and the Receiver Professionals, and (E) Granting Related Relief* (the "<u>Receiver Motion</u>"), all as more fully set forth in the Motion to Seal; and due and sufficient notice of the Motion to Seal having been provided under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion to Seal and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion to Seal and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that there is good and sufficient cause for the relief set forth in this Order; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED, DECREED AND ADJUDGED THAT:

1. The Motion to Seal is GRANTED to the extent set forth herein.

2. Pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 5003-1, the Receiver is authorized to file the Sealed Exhibits under seal.

3. The Sealed Exhibits shall be protected under seal, and not made publicly available to any person or entity other than the Court, the U.S. Trustee, and the Debtors, unless

otherwise ordered by the Court. All parties receiving the Sealed Exhibits shall maintain their confidentiality, including in connection with any filings with this Court.

       4.       The Receiver is authorized and empowered to take all actions necessary to implement the relief granted by this Order.

       5.       Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion to Seal.

       6.       This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.