UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.,[1]<br><br>Debtor. | Chapter 11<br><br>Bky. No. 23-10763 (MDC) |
| In re:<br><br>Technovative Media, Inc.,<br><br>Debtor. | Chapter 11<br><br>Bky. No. 23-10764 (MDC)<br><br>(Jointly Administered) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO ENTER INTO AN EMPLOYMENT AGREEMENT WITH THOMAS JUNG HO PARK AS CHIEF FINANCIAL OFFICER TO THE DEBTORS**

Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative") (collectively, "Debtors"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), file this motion (the "Motion"), pursuant to sections 363(b) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the employment agreement (the "Employment Agreement"), attached hereto as **Exhibit B**, setting forth the terms and conditions for the employment of Jung Ho Park ("Mr. Park") as the Debtors' chief financial officer ("CFO"). In support of this Motion, the Debtors represent:

**JURISDICTION**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

1

125659038.1

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

4. The Debtors seek entry of an order approving the Employment Agreement and authorizing the Debtors to enter into the Employment Agreement effective as of May 1, 2023.

## BACKGROUND

5. On March 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief with the Court under chapter 11 of title 11 of the Bankruptcy Code.

6. Since the Petition Date, Debtors have been operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. Other than the *Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors' Chapter 11 Cases or (2) to Convert Such Cases to Cases under Chapter 7 or, (B) in the alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint A Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070-1(g)* [Dkt. No. 83], no request for the appointment of a trustee or examiner has been made in these chapter 11 cases (the "Chapter 11 Cases") and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

8. Pursuant to Bankruptcy Rule 1015(b), the Chapter 11 Cases are being jointly administered under the above-captioned case.

9. A detailed description of the Debtors and their businesses, including facts and circumstances giving rise to these Chapter 11 Cases, is set forth in the *Declaration of Mathu Rajan in Support of Stream TV Networks, Inc. and Technovative Media, Inc. Chapter 11 Petition, Supporting Emergency Relief, and First Day Motions.*

125659038.1

**EMPLOYMENT OF MR. PARK**

10. Given the complexity of the Debtors' business, the structure of the Debtors' debt, the Debtors' need to raise capital, and the Debtors' need to hire a CFO to fill the vacant role, the Debtors have determined that the leadership services of an experienced CFO are necessary to support the Debtors' financial operations in order to successfully navigate the Debtors' businesses during the Chapter 11 Cases and post-emergence from bankruptcy. The Debtors decided to hire Mr. Park to serve as CFO and begin services effective as of May 1, 2023 (the "Retention Date"). Mr. Park commenced providing services to the Debtors on the Retention Date, including engaging in necessary onboarding to ensure a smooth transition to CFO.

11. Mr. Park is well qualified and able to act on the Debtors' behalf as well as provide effective financial leadership services, due to his extensive financial background and serving as a director/executive and consultant to financially distressed and underperforming companies across various industries. Pursuant to the terms of the Employment Agreement, the CFO shall be subject to the direction of the CEO of the Debtors.

12. Mr. Park has over 20 years serving as a banking executive with broad senior level experience in capital markets, digital payments, treasurer, and compliance.[2] Mr. Park is currently a partner at Penton Partners SP., a leveraged buyout firm, where the firm targets businesses that are either failing or lack a growth plan and execution and his primary responsibility is capital development. Mr. Park has also been involved in both in-court and out-of-court restructurings of companies. Such experience makes Mr. Park the ideal candidate to advise the Debtors in connection with the Debtors' financial reporting and other related functions and to assist with the

---

[2] A copy of Mr. Park's resume is attached hereto as **Exhibit C**.

125659038.1

myriad issues that may arise in the operation of the Debtors' business and in the Chapter 11 Cases, including capital raising and financing.

13. The following is a summary of the principal terms of the Employment Agreement:[3]

   a. **Position/Title:** Mr. Park will serve as CFO to the Debtors.

   b. **Start Date:** Mr. Park's employment with the Debtors commenced on May 1, 2023

   c. **Term:** One Year

   d. **Compensation:**

      i. Pre-Confirmation of the Debtors' Plan of Reorganization (the "Plan") – (1) $3,250 per week; and (2) weekly accrual of 1,750 shares of common stock in the reorganized Debtors

      ii. Post-Confirmation through Plan Effective Date – (1) $4,000 per week; and (2) weekly accrual of 1,000 shares of common stock in the reorganized Debtors

      iii. Post-Effective Date of Plan – (1) $5,000 per week; and (2) one-time bonus of 1,000,000 shares of common stock in the reorganized Debtors

   e. **Expense Reimbursement:** Mr. Park shall be entitled to reimbursement of all reasonable and necessary expenses incurred in connection with services rendered to the Debtors pursuant to the Employment Agreement. All necessary business, entertainment, and travel expenses must be pre-approved by the Debtors' CEO prior to incurring them.

   f. **Benefits:** No benefits shall be provided to Mr. Park until after the Debtors successfully exit bankruptcy.

14. The duties that Mr. Park will perform for the Debtors include, among other things:

   a. Interaction with investors, including fundraising;

   b. Ensuring proper and timely financial and tax accounting;

---

[3] The summary of the Employment Agreement contained in this Motion is provided for purposes of convenience only. In the event of any inconsistency between the summary contained herein and the terms and provisions of the Employment Agreement, the terms of the Employment Agreement shall control unless otherwise set forth herein.

125659038.1

    c. Overseeing annual audits on time and with minimal or no adjustments;

    d. Developing and maintaining systems of internal controls to safeguard assets;

    e. Directing the overall financial plans and accounting practice;

    f. Managing the financial performance by developing forecasts and monitoring ongoing performance against plan;

    g. Fiduciary responsibility for the financial health of the organization;

    h. Providing strong, forward-looking analytical leadership;

    i. Partnering with senior leaders to push the boundaries of current and future departmental goals and strategies. Clearly articulating the key drivers of the business;

    j. Leading the Accounting and Finance teams to ensure that both excellence in day-to-day service delivery and future needs;

    k. Bringing creativity and passion to the organization and its services and possessing a broad institutional perspective while embracing change and innovation;

    l. Demonstrating proven ability in developing models and conducting analyses that identify critical trends, support strategic decision making and create forward visibility;

    m. Driving change within the organization through robust financial analysis and strong business partnership;

    n. Developing the forecast, budget, and long-range plan, ensuring alignment of proper resource allocation;

    o. Managing the production of reporting tools (bridges, scorecards, etc.) and key performance metrics to provide management insight into revenue and operating expense trends, tracking project spending, headcount, and potential risks/opportunities to forecast or plan;

    p. Overseeing the monthly variance analysis of actual operating, capital, and project spending vs. plan, forecast, and prior year; including responsibility for driving cost control;

    q. Identifying staffing and training needs, evaluating employee performance, and coaching Accounting and Finance staff;

125659038.1

    r. Performing other duties as assigned; and

    s. Reasonable and consistent attendance to fulfill requirements of the position

(collectively, the "Services").

15. The Debtors believe that the Services are necessary to enable the Debtors to maximize the value of their estates and successfully emerge from bankruptcy.

## BASIS FOR RELIEF

16. The Debtors seek to retain and employ Mr. Park as CFO pursuant to sections 363(b) and 105(a) of the Bankruptcy Code, effective as of May 1, 2023. Under applicable case law, if the Debtors' proposed use of their assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable exercise of the Debtors' business judgment, such use should be approved. Section 363(b) of the Bankruptcy Code provides, in relevant part, that "the trustee, after notice and a hearing, may use . . . other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Under section 363(b), courts require only that the debtor "show that a sound business purpose justifies such actions." *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (internal citations omitted); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 175–76 (D. Del. 1991) (noting that courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b) of the Bankruptcy Code); *see also United Retired Pilots Benefit Protection Ass'n v. United Airlines, Inc. (In re UAL Corp.)*, 443 F.3d 565, 571 (7th Cir. 2006); *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."). Moreover, once a debtor has articulated a sound business purpose,

6

"the law vests a debtor's decision to use property out of the ordinary course of business with a 'strong presumption' that corporate business decisions are made on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re 1031 Tax Group, LLC*, 2007 Bankr. LEXIS 2484, *18 (Bankr. S.D.N.Y. July 17, 2007).

17. Courts have routinely approved requests by chapter 11 debtors to enter into post-petition employment agreements with corporate officers and executive management under section 363 of the Bankruptcy Code. *See, e.g., In re GT Real Estate Holdings, LLC*, Case No. 22-10505 (KBO) (Bankr. D. Del. July 18, 2022) (authorizing retention and appointment of chief restructuring officer and additional personnel); *In re BHCosmetics Holding LLC*, Case No. 22-10050 (CSS) (Bankr. D. Del. Feb. 7, 2022) (authorizing retention and appointment of chief restructuring officer, co-chief executive officer and additional personnel); *In re Calpine Corp.*, Case No. 05-60200 (Bankr. S.D.N.Y. July 26, 2006) (approving employment agreements of executive vice presidents, president, general counsel, and secretary pursuant to section 363 of the Bankruptcy Code); *In re Mirant Corp.*, Case No. 03-46590 (Bankr. N.D. Tex. Nov. 23, 2005) (entering an order authorizing the debtors to enter into executive employment agreements on the grounds that "the relief requested . . . is either in the Debtors' ordinary course of business or authorized under section 363(b) of the Bankruptcy Code"). Accordingly, the retention of post-petition and interim corporate officers and other temporary employees is proper under section 363 of the Bankruptcy Code.

18. In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this

125659038.1

title." 11 U.S.C. § 105(a). Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to "protect and preserve the estate, including an operating business' going-concern value," on behalf of a debtor's creditors and other parties in interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (citations omitted); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232–33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee.").

19. The Debtors respectfully submit that their entry into the Employment Agreement with Mr. Park is within the ordinary course of business and, therefore, does not require approval by this Court. If, however, this Court determines that the Debtors' entry into the Employment Agreement with Mr. Park falls outside of the ordinary course of business, the Debtors submit that their decision to employ Mr. Park satisfies the business judgment standard and is in the best interests of all parties in interest in these Chapter 11 Cases. The Debtors believe that Mr. Park is well qualified and able to act on the Debtors' behalf as well as provide effective financial leadership services, due to his extensive financial background and serving as a director/executive and consultant to financially distressed and underperforming companies across various industries. Mr. Park has indicated a willingness to act on behalf of the Debtors and to subject himself to the jurisdiction and supervision of the Court. Further, as noted herein, the Debtors have an exigent need for the role of CFO to assist in ensuring the success of the Debtors during these Chapter 11 Cases and post-bankruptcy.

20. Based on the foregoing, the Debtors submit that the retention of Mr. Park, on the terms set forth herein and in the Employment Agreement, is essential, appropriate, and in the best interest of the Debtors' estates, their creditors, and other parties in interest and should be granted.

## SATISFACTION OF BANKRUPTCY RULES 6004(a) and 6004(h)

21.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NO PRIOR REQUEST

22.     No prior motion for the relief requested herein has been made to this Court or any other court.

## CONCLUSION

23.     For the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto as **Exhibit A**, (i) granting this Motion; (ii) approving the Employment Agreement; (iii) authorizing the Debtors to enter into the Employment Agreement; and (iv) granting such other and further relief as the Court deems just and appropriate.

Date: June 14, 2023                                   Respectfully submitted,

/s/ Rafael X. Zahralddin-Aravena
Rafael X. Zahralddin-Aravena (PA Bar No. 71510)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
Telephone: (302) 985-6000
Facsimile: (302) 985-6001
Rafael.Zahralddin@lewisbrisbois.com

-and-

Vincent F. Alexander (admitted *pro hac vice*)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301

9

125659038.1

>Telephone: (954) 728-1280
>Facsimile: (954) 678-4090
>Vincent.Alexander@lewisbrisbois.com
>
>-and-
>
>Bennett G. Fisher (admitted *pro hac vice*)
>**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
>24 Greenway Plaza, Suite 1400
>Houston, TX 77046
>Telephone: (346) 241-4095
>Bennett.Fisher@lewisbrisbois.com
>
>*Counsel to Debtors*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 14, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF on all parties who are authorized to receive electronically Notice of Electronic Filing in this bankruptcy case.

>/s/ Rafael X. Zahralddin-Aravena
>Rafael X. Zahralddin-Aravena

10

125659038.1