## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.,[1]<br><br>    Debtor. | Chapter 11<br><br>Bky. No. 23-10763 (MDC) |
| In re:<br><br>Technovative Media, Inc.,<br><br>    Debtor. | Chapter 11<br><br>Bky. No. 23-10764 (MDC)<br><br>(Jointly Administered) |

## EXPEDITED MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER CONTINUING TRIAL AND HEARINGS SCHEDULED FOR JUNE 26 – 29, 2023

Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative") (collectively, "Debtors"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), file this expedited motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9014 of the Federal Rules of Bankruptcy Procedure, Rules 5070-1(f) and (g) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules"), and this Court's Judicial Practices and Procedures, for entry of an order, substantially in the form attached hereto as **Exhibit A**, continuing the trial and hearings scheduled for June 26 – 29, 2023 (the "Trial"), on the (1) *Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors' Chapter 11 Cases or (2) to Convert Such Cases to Cases under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy*

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015).  The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

1

125705047.1

*Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule5070-1(g)* [ECF No. 83] (the "Dismissal Motion"); (2) *Debtors' Expedited Motion for Entry of Interim and Final Orders Authorizing Debtors to Take Certain Actions in the Ordinary Course of Business* [ECF No. 135] (the "Ordinary Course Motion"); and (3) *Hawk Investment Holdings Ltd.'s Emergency Motion for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code* [ECF No. 16] (the "Stay Relief Motion") because Mathu Rajan ("Mr. Rajan"), the Debtors' president and CEO who is integral to the Debtors' preparation for the Trial and an indispensable witness at the Trial, is currently medically unavailable and is anticipated to be medically unavailable for at least 45 days. In support of this Motion, the Debtors represent:

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.      On March 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief with the Court under chapter 11 of title 11 of the Bankruptcy Code.

5.      Since the Petition Date, the Debtors have been operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      Other than a request by Hawk Investment Holdings Ltd. (*see* Dismissal Motion), no request for the appointment of a trustee or examiner has been made in these chapter 11 cases (the "Chapter 11 Cases") and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

2

125705047.1

7.      Pursuant to Bankruptcy Rule 1015(b), the Chapter 11 Cases are being jointly administered under the above-captioned case.

8.      A detailed description of the Debtors and their businesses, including facts and circumstances giving rise to these Chapter 11 Cases, is set forth in the *Declaration of Mathu Rajan in Support of Stream TV Networks, Inc. and Technovative Media, Inc. Chapter 11 Petition, Supporting Emergency Relief, and First Day Motions.*

9.      The Trial is set for in-person from June 26 – 29, 2023, where the Court intends to consider the Dismissal Motion, the Ordinary Course Motion, and the Stay Relief Motion.

10.     As the Debtors' president and CEO and the individual on behalf of the Debtors with the most knowledge regarding the matters set to be heard during the Trial, Mr. Rajan is a critical witness for the Trial. Moreover, he is essential to the Debtors' preparation for the Trial. Mr. Rajan has relevant knowledge regarding the matters set for Trial that is unique to him, and Mr. Rajan will likely play the most prominent role at the Trial. Indeed, Mr. Rajan is listed as a witness by the Debtors and Hawk Investment Holdings Ltd. ("Hawk").

11.     Mr. Rajan suffers from a hematological disorder and, as the result of a recent injury, Mr. Rajan was required to receive medical treatment for his hematological disorder. Mr. Rajan is currently under the care of Dr. Jordan Bruno (Hematology Department) at the Hospital of the University of Pennsylvania. While Mr. Rajan was optimistic that he would recover in time to be able to prepare for and attend and participate in the Trial, such is not the case. Mr. Rajan remains hospitalized at the Hospital of the University of Pennsylvania and is receiving treatment for his hematological disorder.

3

12.     On June 11, 2023, Dr. Bruno wrote a letter (the "Bruno Letter")[2] advising that Mr. Rajan will be unable to participate in the Trial. Specifically, Dr. Bruno stated:

> Based on Mr. Rajan's current medical condition and his need for ongoing care, it is my professional opinion that he will be unable to participate in or attend any legal hearings at this time, including legal hearings which Mr. Rajan has informed me are scheduled on dates near the end of June and throughout July. He is unable to travel, and I do not advise any lengthy video meetings, depositions, trial appearances, or similarly energy intensive endeavors.

*See* Bruno Letter. It is anticipated that Mr. Rajan will be done with his induction therapy by the end of August, but his ability to return to normal business functions depends on how he responds to the treatment for his hematological disorder. *See id.*

13.     On June 14, 2023, during a telephone discussion with counsel for Hawk and SeeCubic, Inc. ("SCI"), Debtors' counsel advised counsel for Hawk and SCI of Mr. Rajan's medical issues and that Mr. Rajan was unavailable for deposition or to attend the Trial at this time. Further, Debtors' counsel advised that the Debtors intended to seek a continuance of the Trial given Mr. Rajan's importance to the Trial and the overall Chapter 11 Cases. Debtors' counsel also advised that he would provide a copy of the Bruno Letter for their review.

14.     Debtors' counsel subsequently provided counsel for Hawk and SCI with a copy of the Bruno Letter. After receipt of the Bruno Letter, Hawk's counsel requested that Debtors' counsel include in any motion for a continuance of the Trial an attestation regarding the authenticity of the Bruno Letter and that counsel spoke with Mr. Rajan's doctors regarding the substance of the Bruno Letter. Per the request of counsel for Hawk, Vincent F. Alexander, Esq., counsel for the Debtors, called the Hospital of the University of Pennsylvania to inquire as to the authenticity of the Bruno Letter. Mr. Alexander was advised that Dr. Bruno was unavailable, but

---

[2] A copy of the Bruno Letter is attached hereto as **Exhibit B**.

4

Mr. Alexander was able to speak with Dr. Cricket Gullickson, who is under the supervision of Dr. Bruno and also treating Mr. Rajan. Dr. Gullickson advised Mr. Alexander that the Bruno Letter was in fact authentic and executed by Dr. Bruno and reiterated that Mr. Rajan remained under their care at the Hospital of the University of Pennsylvania for the foreseeable future to receive induction therapy for his hematological disorder.

15.     In light of Mr. Rajan's hospitalization and medical condition and the fact that the Debtors will suffer severe prejudice if Mr. Rajan is not able to prepare the Debtors for the Trial or attend the Trial and testify, the Debtors believe that good cause exists to continue the Trial for approximately 45 days. Should Mr. Rajan respond quicker to the treatment for his hematological disorder and he is medically cleared sooner, then the Debtors will advise the Court.

**RELIEF REQUESTED**

16.     The Debtors seek entry of an order continuing the Trial scheduled for June 26 – 29, 2023, for approximately 45 days, subject to the Court's availability. Section 105(a) of the Bankruptcy Code permits the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." This would include granting the requested continuance of the Trial. A request for a continuance is addressed to the sound discretion of the trial court. *See Diggs v. Owens*, 833 F.2d 439, 444 (3d Cir. 1987).

17.     A continuance of the Trial is absolutely necessary. As noted above, Mr. Rajan is the CEO and president of the Debtors. Mr. Rajan will provide unique testimony relevant to resolve the issues at trial that no other person on behalf of the Debtors will be able to provide. For example, among other things, Mr. Rajan is most knowledgeable regarding the Debtors' reasons for commencing the Chapter 11 Cases, the Debtors' authority to file the Chapter 11 Cases, the Debtors' discussions with customers and procurement of purchase orders, the Debtors' financing

5

discussions, and the Debtors' plan for exiting these Chapter 11 Cases. Mr. Rajan was listed as a witness for the Debtors and Hawk to appear at the Trial, so Hawk also recognizes Mr. Rajan's importance to the Trial. Also, the Debtors will not be able to adequately prepare for the Trial without the extensive assistance of Mr. Rajan.

18.     Unfortunately, due to a medical condition that was exacerbated by a recent injury, Mr. Rajan is currently hospitalized and undergoing treatment and unable to appear for deposition, adequately prepare the Debtors for the Trial, or attend and testify at the Trial. The Debtors respectfully submit that it is fair and equitable and cause exists for the Court to continue the Trial for approximately 45 days as a result. Requiring the Debtors to proceed with the Trial without Mr. Rajan will be manifestly unjust to the Debtors. In the absence of a continuation, the Debtors will undoubtedly be prejudiced.

19.     Accordingly, the Debtors respectfully request that the Court continue the Trial for approximately 45 days.

## NO PRIOR REQUEST

20.     No prior request for the relief requested herein has been made to this Court or any other court in connection with these Chapter 11 Cases.

## REQUEST FOR EXPEDITED CONSIDERATION[3]

21.     Given that the Trial is less than two weeks away and is scheduled to be in person, the Debtors seek the relief requested in this Motion on an expedited basis. Pursuant to Local Rule 5070-1(g)(1) and (2), on June 15, 2023, prior to the filing of this Motion, counsel for the Debtors discussed by email and telephone the relief sought in the Motion with counsel for Hawk and SCI.

---

[3] A proposed order scheduling an expedited hearing on the Motion is attached hereto as **Exhibit C**.

125705047.1

Counsel for the Debtors advised counsel for Hawk and SCI that the Debtors intended to file the Motion because of Mr. Rajan's medical unavailability and requested that Hawk and SCI advise as to whether they consent to the relief sought in the Motion. Counsel advised that they would discuss with their clients and advise as to their position. As of the filing of this Motion, Debtors' counsel has yet to receive Hawk's or SCI's position on the request for continuance sought in the Motion.

<strong><u>CONCLUSION</u></strong>

22.    For the reasons set forth herein, the Debtors respectfully request that the Court consider this matter on an expedited basis and enter an order, substantially in the form of the proposed order attached hereto as **Exhibit A**, (i) granting this Motion; (ii) continuing the Trial for approximately 45 days; (iii) scheduling a status conference in approximately 30 days; and (iv) granting such other and further relief as the Court deems just and appropriate.

Date: June 16, 2023                                   Respectfully submitted,


/s/ Rafael X. Zahralddin-Aravena
Rafael X. Zahralddin-Aravena (PA Bar No. 71510)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
Telephone: (302) 985-6000
Facsimile: (302) 985-6001
Rafael.Zahralddin@lewisbrisbois.com

-and-

Vincent F. Alexander (admitted *pro hac vice*)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
Vincent.Alexander@lewisbrisbois.com

-and-

7

Bennett G. Fisher (admitted *pro hac vice*)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
24 Greenway Plaza, Suite 1400
Houston, TX 77046
Telephone: (346) 241-4095
Bennett.Fisher@lewisbrisbois.com

*Counsel to Debtors*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 16, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF on all parties who are authorized to receive electronically Notice of Electronic Filing in this bankruptcy case.

/s/ Rafael X. Zahralddin-Aravena
Rafael X. Zahralddin-Aravena

8

125705047.1