# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.,[1]<br><br>Debtor,<br><br>and<br><br>In re:<br><br>Technovative Media, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10763 MDC<br><br><br><br>Chapter 11<br><br>Case No. 23-10764 MDC<br><br>(Jointly Administered) |

### SEECUBIC, INC.'S (I) OBJECTION TO THE DEBTORS' MOTION TO COMPEL COMPLIANCE WITH AND FOR RELIEF AND REMEDIES UNDER RULE 2019 AND (II) JOINDER TO HAWK'S 2019 OBJECTION

SeeCubic, Inc. ("**SeeCubic**"), by and through its undersigned counsel, hereby files this (i) objection to the *Debtors' Motion to Compel Compliance With and For Relief and Remedies Under Rule 2019* (ECF No. 447) (the "**2019 Motion**") filed by Stream TV Networks, Inc. ("**Stream**") and Technovative Media Inc. ("**Technovative**," and together with Stream, the "**Debtors**") and (ii) joinder to *Hawk Investment Holdings Ltd.'s Objection to Debtors' Motion to Compel Compliance With and For Relief and Remedies Under Rule 2019* (ECF No. 465) (the "**Hawk 2019 Objection**").[2]  In support thereof, SeeCubic respectfully states as follows:[3]

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015).  The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

[2] SeeCubic joins and incorporates herein the factual assertions and legal arguments set forth in the Hawk 2019 Objection.

[3] Capitalized terms not defined herein shall have the meanings ascribed in the Hawk 2019 Objection.

**PRELIMINARY STATEMENT**

As a threshold matter, Rule 2019 of the Federal Rules of Bankruptcy Procedure ("**Rule 2019**") does not apply to the situation here. Instead, Rule 2019 is designed to require information disclosures from groups or committees (*e.g.*, ad hoc committees or multiple creditors represented by the same attorney). Here, however, there is no group or committee nor any common counsel. Rather, SeeCubic has acted in its own capacity in this matter and the Adversary Proceeding and is represented by its own counsel. Nor do these circumstances implicate the purpose of Rule 2019.

Yet, through the 2019 Motion, the Debtors not only seek to turn an inapplicable rule into a discovery tool to obtain information they already possess and already litigated, they also attempt to weaponize it. If the Debtors had their way, the Independent Parties' pleadings, including Hawk's motions (i) for relief from stay (ECF No. 16) and (ii) to dismiss or convert the Chapter 11 cases or, in the alternative, appoint a Chapter 11 trustee (ECF No. 83) (collectively, the "**Hawk Motions**"), would be erased—notwithstanding, with respect to the Hawk Motions, eight full trial days between June 26, 2023, and September 29, 2023, as well as extensive post-hearing briefing completed on October 6, 2023—with the parties forced to start all over again. That would not be in the best interests of any party, including the Debtors. This Court acknowledged that the Hawk Motions concern threshold issues that all parties should want—and deserve—to be determined as quickly as possible. *See* May 31, 2023, Hr'g Tr. at 43:23–44:16. Indeed, the Bankruptcy Code requires that lift stay motions and motions for dismissal or conversion be heard on an expedited basis. 11 U.S.C. §§ 362(e)(1); 1112(b)(3).

Making matters worse, the Debtors are well aware of SeeCubic's genesis, the role it plays, and its interests in these Chapter 11 Cases. Indeed, the Debtors have spent years litigating such

issues. While the parties eagerly await the Court's rulings on the fundamental issues at stake in the Hawk Motions, including whether Technovative is a proper debtor in these Chapter 11 Cases and who controls that entity, the Debtors once again have filled the void with another frivolous pleading. As a result, all parties must expend more time and resources that do not go towards what should be the mutual goal of making progress in these Chapter 11 Cases.[4]

## ARGUMENT

1. As a threshold matter, Rule 2019 is inapplicable. Rule 2019 applies where groups or committees of multiple creditors or equity security holders and their common counsel are required to make relevant disclosures to "provide to stakeholders complete disclosure of material facts in the solicitation and voting process and to prevent conflicts of interest among creditors' counsel from undermining the fairness of the plan process."[5] Here, there is no group or committee, nor any sharing of attorneys. SeeCubic is represented only by Skadden, Arps, Slate, Meagher & Flom LLP ("**Skadden**"), and Skadden only represents SeeCubic.[6] That should end the inquiry as it relates to SeeCubic.

2. Moreover, the purpose of Rule 2019 is not implicated. Rule 2019 aims to avoid a circumstance where "parties might think that they are negotiating with an entire body of creditors . . . only to have another creditor file a similar pleading, purporting not to have been represented by the settling group." Richard J. Corbi et. al., *New Rule 2019: Distressed Investors,*

---

[4] Ironically, even though Rule 2019 is "designed to foster the goal of reorganization plans that deal fairly with creditors," 9 Collier on Bankruptcy P 2019.01 (16th 2023), the Debtors attempt to turn the rule on its head to wipe out pleadings that require this Court's resolution of certain fundamental issues before the Debtors can in good faith make any representations to their investors, let alone propose a confirmable and feasible plan of reorganization.

[5] 9 Collier on Bankruptcy P 2019.01 (16th 2023).

[6] *See* appearances of Eben P. Colby, Justin M. Winerman, Marley Ann Brumme, Rebecca Ritchie, and James J. Mazza, Jr. as counsel for SeeCubic (filed at ECF Nos. 108–12 and granted at ECF Nos. 140–33).

3

*What Are You Holding?*, AM. BANKR. INST. J., June 2011, at 14 (citing Hon. Robert D. Drain, Letter to the Federal Rules Advisory Committee, dated Jan. 13, 2009, at 1). Significantly, "Rule 2019 is not a discovery tool but is to ensure that plans are negotiated and voted on by those authorized to act on behalf of parties in interest in a case." *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 742 (D. Del. 2018) (citing *In re ACandS, Inc.*, 462 B.R. 88, 97 (Bankr. D. Del. 2011)).

3.  SeeCubic is not aware of any instance where a court has granted relief of the kind that the Debtors seek here, nor do the Debtors point to any.[7] The Debtors request that the Court "strike and remove from the chapter 11 proceeding docket any and all of the Uncompliant Parties [sic] pleadings, papers, and motions in their entirety" and "strike and remove from the adversary proceeding docket any and all of the Uncompliant Parties [sic] pleadings, papers, and motions relating to the [TRO Motion] in their entirety." 2019 Motion ¶ 97. As an initial matter, except for proofs of claim on account of SeeCubic's claims against the Debtors filed as required by a court sanctioned bar date, almost all of SeeCubic's filings in these Chapter 11 Cases have been in response to filings by the *Debtors* that implicate SeeCubic.[8]

4.  To strike the filings would strip SeeCubic of its ability to respond to the "flurry" of filings the Debtors have asserted against it over the course of these Chapter 11 Cases. This unprecedented and asymmetric weaponization of Rule 2019 should not be countenanced.

---

[7] The burden of proving the failure to comply is on the movant. 9 Collier on Bankruptcy P 2019.06 (16th 2023).

[8] For example, the *Debtors* filed no fewer than three pleadings alleging that SeeCubic has violated the automatic stay. *See* ECF Nos. 46, 76, and 90. In response, SeeCubic filed an objection—ECF No. 105—as well as, later, a supplement to that objection. ECF No. 194. Moreover, in response to the *Debtors'* Employee Motion and OCB Motion—ECF Nos. 134 and 135—SeeCubic filed an objection (ECF No. 152) and a related alternative funding proposal following the *Debtors'* failure to address the imminent funding crisis at SCBV (ECF No. 155). With respect to the concurrent adversary proceeding the *Debtors* initiated, SeeCubic's filings are, as of this filing, limited to requests regarding a deadline for answering the *Debtors'* Complaint, an objection to the *Debtors'* TRO Motion (Adv. Pro. Dkt. No. 27), and a response to the *Debtors'* supplemental brief in support of their TRO Motion (Adv. Pro. Dkt. No. 77).

5. Indeed, although Rule 2019 is not a discovery tool, the Debtors attempt to sow confusion despite having already litigated the various roles the parties play. But there is information in this case alone that sets out the very disclosure the Debtors purportedly are seeking, including in the proofs of claim and the various pleadings. Moreover, Stream conducted extensive discovery on the relationship between the parties in the litigation in the Delaware Court of Chancery, and Vice Chancellor Laster subsequently issued an opinion. Thus, while the Debtors request that the Court sanction the Independent Parties, in reality, it is the Debtors who should be sanctioned for their filing of another frivolous and wasteful motion.

## **CONCLUSION**

6. Accordingly, SeeCubic respectfully requests that this Court deny the 2019 Motion, do so without a hearing, and grant any other and further relief as the Court may deem just and appropriate.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated: November 13, 2023 | Respectfully submitted, |
| | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** |
| | /s/ *Joseph O. Larkin*  <br>Joseph O. Larkin (I.D. No. 206047)<br>920 N. King Street, One Rodney Square<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-3000<br>Facsimile: (302) 651-3001 |
| | - and - |
| | James J. Mazza, Jr. (admitted *pro hac vice*)<br>Justin M. Winerman (admitted *pro hac vice*)<br>Rebecca L. Ritchie (admitted *pro hac vice*)<br>155 North Wacker Drive<br>Chicago, Illinois 60606-1720<br>Telephone: (312) 407-0549<br>Facsimile: (312) 407-8641 |
| | - and - |
| | Eben P. Colby (admitted *pro hac vice*)<br>Marley Ann Brumme (admitted *pro hac vice*)<br>500 Boylston Street, 23rd Floor<br>Boston, Massachusetts 02116<br>Telephone: (617) 573-4800<br>Facsimile: (617) 573-4822 |
| | *Counsel for SeeCubic, Inc.* |