UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** <br><br> **Stream TV Networks, Inc.,**[1] <br><br> Debtor. | **Chapter 11** <br><br> **Case No. 23-10763-MDC** |
| **In re:** <br><br> **Technovative Media, Inc.,** <br><br> Debtor. | **Chapter 11** <br><br> **Case No. 23-10764-MDC** |

**APPLICATION OF THE CHAPTER 11 TRUSTEE
TO EMPLOY OBERMAYER REBMANN MAXWELL & HIPPEL LLP AS COUNSEL
<u>NUNC PRO TUNC TO JANUARY 10, 2024</u>**

William A. Homony, Chapter 11 Trustee (the "Chapter 11 Trustee") for the bankruptcy estates of Stream TV Networks, Inc. ("Stream TV") and Technovative Media, Inc. ("Technovative" or collectively with Stream TV, the "Debtors"), hereby applies to this Court pursuant to 11 U.S.C. § 327, Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania ("L.B.R.") for an order authorizing the employment of Obermayer Rebmann Maxwell & Hippel LLP, as general counsel to the Chapter 11 Trustee and in support thereof respectfully represents as follows:

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

4853-3632-4766 v1

1. On March 15, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").

2. The Court granted joint administration of the Debtors' cases on April 10, 2023

3. No official committee has been established in these cases.

4. The Chapter 11 Trustee desires to employ, as his general bankruptcy counsel, the law firm of Obermayer Rebmann Maxwell & Hippel LLP ("Obermayer"), attorneys duly admitted to practice in this Court.

5. The professional services that Obermayer is to render include, but are not limited to:

   a) providing the Chapter 11 Trustee with legal advice regarding its powers and duties;

   b) advising the Chapter 11 Trustee with respect to his responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

   c) assisting in the preparation of any legal papers for the Chapter 11 Trustee;

   d) assisting the Chapter 11 Trustee in evaluating the Debtors' business operations, business opportunities, assets and pending and potential litigation; and

   e) performing all other legal services for the Chapter 11 Trustee which may be necessary.

6. To the best of the knowledge of the Chapter 11 Trustee and Obermayer, and except as otherwise disclosed herein or in the attached Affidavit of Disinterestedness, Obermayer does

not have any connection to any creditors of the Debtors or other parties in interest or hold or represent any interest adverse to the Debtors' estates, is a disinterested person, and its employment would be in the best interest of the Chapter 11 Trustee.

7. Obermayer understands that any compensation and expenses paid to it must be approved by this Court upon Application consistent with the dictates of *In re Busy Beaver Building Center, Inc.*, 19 F.3d 833 (3rd Cir. 1994).

8. Retention of Obermayer nunc pro tunc to January 10, 2024 is necessary because the Chapter 11 Trustee was appointed on January 9, 2024 and needed immediate representation by counsel. the Debtors' business is operating, albeit on a limited basis, and the Debtors are involved in active and contentious litigation with fast approaching deadlines and the Chapter 11 Trustee required the immediate advice of counsel to guide him in those matters. There were a mere four (4) business day delay in filing this Application. Moreover, there was an extensive list of creditors for which conflict review was required. Between the voluminous records of the Debtors, the Chapter 11 Trustee's immediate need for assistance and pleadings associated with pending litigation and the conflicts check, this Application could not have reasonably been filed on the day Obermayer commenced work.

9. Compensation for professional services of Obermayer shall be charged at the blended hourly billing rate of $410.00 to $755.00 per hour for attorneys depending upon the level of seniority of the individual performing the service and $235.00 per hour for paralegals.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

WHEREFORE, the Chapter 11 Trustee prays that he be authorized to retain and employ the law firm Obermayer Rebmann Maxwell & Hippel LLP to represent him in this Chapter 11 Case nunc pro tunc to January 10, 2024, and for such other further relief as is necessary and just.

Respectfully submitted,

Dated: January 17, 2024

By: /s/ William A. Homony
William A. Homony, Chapter 11 Trustee
1628 John F. Kennedy Boulevard
Suite 950
Philadelphia, PA 19103
Phone: (215) 561-0950