UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | :| |
|---|---|---|
| **In re:** | : | |
| | : | **Chapter 11** |
| **Stream TV Networks, Inc.,**[1] | : | |
| | : | **Case No. 23-10763-MDC** |
| Debtor. | : | |
| | : | |

| | : | |
|---|---|---|
| **In re:** | : | |
| | : | **Chapter 11** |
| **Technovative Media, Inc.,** | : | |
| | : | **Case No. 23-10764-MDC** |
| Debtor. | : | |
| | : | |

### APPLICATION OF THE CHAPTER 11 TRUSTEE
### TO EMPLOY STEVEN M. COREN, ESQUIRE AND
### COREN & RESS, P.C. AS SPECIAL COUNSEL

William A. Homony, Chapter 11 Trustee (the "Chapter 11 Trustee") for the bankruptcy estates of Stream TV Networks, Inc. ("Stream TV") and Technovative Media, Inc. ("Technovative" or collectively with Stream TV, the "Debtors"), hereby applies to this Court pursuant to 11 U.S.C. § 327, Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania ("L.B.R.") for an order authorizing the employment of Steven M. Coren, Esquire and Coren & Ress, P.C. (collectively, "C&R"), as Special Counsel to the Chapter 11 Trustee and in support thereof respectfully represents as follows:

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Fed.R.Bankr.P. 2014-1 and Local Rules 2014-1 and 9013-1.

## BACKGROUND

4. On March 15, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").

5. The Court granted joint administration of the Debtors' cases on April 10, 2023.

6. Since the Petition Date, the Debtors remained in possession of their assets and continued in the management of their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code until a Chapter 11 Trustee was appointed.

7. No official committee has been established in these cases.

8. On January 5, 2024, the Bankruptcy Court entered an order directing the United States Trustee to immediately commence the process of appointing a chapter 11 trustee in the jointly administered bankruptcy cases.

9. On January 9, 2024, the United States Trustee filed an Application for an Order Approving the Appointment of the Trustee [D.N. 553] and on the same day filed a notice of appointment the Trustee to serve as the chapter 11 trustee in the Debtors' bankruptcy cases [D.N. 554].

10. On January 12, 2024, the Bankruptcy Court entered an order approving the appointment of the Trustee [D.N. 558].

11. The Debtors are parties to litigation pending in the Bankruptcy Court and the Delaware Court of Chancery in the matters of: *Stream TV Networks, Inc. and Technovative Media, Inc. v. Shadron L. Stastney, et al.*, Adv. No. 23-00057-mdc (the "Adversary Case"), and *In re Stream TV Networks, Inc., et al.*, Delaware Court of Chancery (No. 2020-0766-JTL) (the "Chancery Case" or, collectively with the Adversary Case, the "Litigation Cases").

12. A review of the pleadings filed in the Litigation Cases, and interviews conducted by the Trustee of the Debtors' principals, Debtors' counsel, and Debtors' litigation counsel in the Chancery Case have revealed that the Adversary Case and the Chancery Case pending in these bankruptcy cases are perceived as significant assets of the Debtors' estates. In order to properly assess their value and to properly administer the Litigation Cases the Trustee has determined that he requires the services of counsel who has expertise and experience in handling such matters.

13. The Trustee seeks to employ C&R as his special litigation counsel in this case in connection with: (i) the Adversary Case (as existing or as may be amended) and (ii) the Chancery Case. The Trustee reserves the right to broaden or expand the engagement of C&R as appropriate in the exercise of his business judgment, subject to the consent of C&R, in which event the expanded engagement shall be disclosed to this Honorable Court by a Supplemental Affidavit to be filed by C&R.

14. To the best of the Trustee's knowledge and except as disclosed in the Declaration of Steven M. Coren, Esquire (the "Coren Declaration"), which is attached hereto and made a part hereof as Exhibit "A", C&R has not represented and does not have any connection with Debtors, their creditors, or any other parties in interest, or their respective attorneys and accountants, the United States

Trustee, or any person employed in the Office of the United States Trustee, in any matter relating to the Debtors or their estates.

15. To the best of Trustee's knowledge and except as otherwise disclosed in the Coren Declaration, C&R does not hold or represent any interest adverse to the Debtors' estates, and is a "disinterested person" as the phrase is defined in 11 U.S.C. § 101(14).

## RELIEF REQUESTED

16. By this Application, the Trustee seeks entry of an order pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed.R.Bankr.P. 2014(a) and Local Rules 2014-1 and 9013-1 authorizing the Trustee to retain and employ C&R as his special litigation counsel to prosecute the Litigation Claims as described above.

17. The Trustee seeks to employ C&R as its special litigation counsel because of its extensive experience and knowledge in lender liability matters including the type described herein as the Litigation Claims. The Trustee believes that C&R's experience and expertise in litigation matters will provide the Trustee with high quality, efficient, and cost effective legal services.

18. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

19. Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

20. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

21. C&R will provide all services required by the Trustee in connection to the Litigation Cases. C&R's Fee Agreement (the "Agreement") is attached hereto as Exhibit "B" and made a part hereof. C&R's representation of the Trustee will be limited to the Litigation Cases. Neither the Trustee, C&R nor Obermayer Rebmann Maxwell & Hippel LLP ("ORMH"), the Trustee's general bankruptcy counsel, anticipate any overlap in responsibility or duplication of efforts between C&R and ORMH.

22. C&R has advised the Trustee that it is prepared to accept this engagement as special litigation counsel on an hourly fee basis which the Trustee in his business judgment believes will be the most cost effective means by which to pursue the Litigation Cases.

23. Subject to Court approval, C&R has agreed to perform these services and thereafter make an application to this Court for Compensation. Applicant is informed that the normal hourly fees of C&R are as follows:

   a. Steven M. Coren, Esq.              $1,100.00 per hour

   b. Partners and Associates            $400.00 - $700.00 per hour

   c. Paralegals                         $125.00 per hour

These hourly rates are subject to periodic increase in the normal course of C&R business. The particular individuals assigned to this case will from time to time vary based upon the needs of the engagement. All such professionals will bill at C&R's regular hourly rate for work of this nature. These rates are set at a level designed to fairly compensate C&R for the work of its professionals and paraprofessionals and to cover fixed and routine overhead expenses. It is C&R policy to charge its clients in all areas of practice for all other out-of-pocket expenses incurred in connection with the client's case.

24. It is contemplated that C&R will seek compensation based upon normal and usual billing rates. It is further contemplated that C&R may seek interim compensation as permitted by 11 U.S.C. Section 331 or monthly compensation as permitted by an order of the Bankruptcy Court.

25. In addition, the Trustee from the Debtors' estates shall be responsible to pay and shall reimburse C&R for all authorized out-of-pocket costs and expenses incurred in connection with the engagement (collectively, the "Costs"), including, but not limited to, costs and expenses for filing fees, document management and hosting fees, expert fees, postage, travel, couriers, meals, lodging, court reporters, transcripts, and photocopying.

26. The Trustee contends that C&R's employment is necessary and in the best interests of the Trustee, the Debtors, their estate and their creditors.

27. For the foregoing and all other necessary and proper purposes, the Trustee desires to retain Steven M. Coren, Esquire and C&R as Special Counsel to the Trustee.

## NOTICE

28. Notice of this Application has been provided to: (i) the Debtors and their counsel; (ii) the Office of the United States Trustee; (iii) the Debtors' secured creditors; (iv) the Debtors' 20 largest unsecured creditors; and (v) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that pursuant to Local Bankruptcy Rules 2014-1(a) and 9013-1(d), no further notice is required. The Trustee further requests that this Court determine the notice is adequate and proper.

WHEREFORE, the Trustee respectfully requests the entry of an order: (i) approving this Application, (ii) authoring the Trustee to employ Steven M. Coren, Esquire and Coren & Ress, P.C. as his special litigation counsel in this bankruptcy case in connection with the Litigation Cases pursuant to 11 U.S.C. §§ 327 and 328, Fed. R. Bankr. P. 2014, and Local Bankruptcy Rules 2014-1 and 9013-1, and (iii) granting such other relief as is just and proper.

Respectfully submitted,

Dated: January 31, 2024   By: */s/ William A. Homony*
William A. Homony, Chapter 11 Trustee
MILLER COFFEY TATE LLP
1628 John F. Kennedy Boulevard
Suite 950
Philadelphia, PA  19103
Phone:  (215) 561-0950