### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| Stream TV Networks, Inc., *et al.* | Bankruptcy No. 23-10763 (MDC) |
| Debtors. | (Jointly Administered)[1] |

### DECLARATION OF WILLIAM A. HOMONY IN HIS CAPACITY AS CHAPTER 11 TRUSTEE, IN SUPPORT OF MOTION FOR (I) EXPEDITED CONSIDERATION, SHORTENED TIME AND LIMITED NOTICE, (II) THE ENTRY OF AN ORDER REINSTATING THE AUTOMATIC STAY AS TO THE SECTION 225 ACTION, AND (III) FOR RELATED RELIEF

I, William A. Homony, make this declaration (the "Declaration") under 28 U.S.C. §1746 in support of my motion for the entry of an Order reinstating the automatic stay and for related relief and for expedited consideration thereof (the "Motion").[2]

1. I am the duly appointed Chapter 11 Trustee in the jointly administered Chapter 11 bankruptcy cases of Stream TV Networks, Inc. ("Stream") and Technovative Media Inc. ("Technovative," and together with Stream, the "Debtors").

2. I am a Certified Insolvency and Restructuring Advisor with over 23 years of experience. I also serve as a Subchapter V Trustee in the District of Delaware and have been appointed as a Liquidating Trustee and Plan Administrator in numerous bankruptcy cases.

3. On January 5, 2024, the Court entered an order, which, among other things, (i) granted Hawk's motion for relief from the automatic stay to proceed in the 225 Action; and (ii) instructed the United States Trustee's Office to immediately begin the process of appointing a Chapter 11 trustee over these bankruptcy cases (the "Trustee Order"). (D.I. #549).

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned cases. (D.I. #81).
[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

4886-4845-0217 v1

4. On January 9, 2024, the Office of the United States Trustee filed a notice of my appointment to serve as the Chapter 11 Trustee in this case, as well as an Application for the entry of an Order approving my appointment. (D.I. #554 and #553 respectively).

5. On January 12, 2024, the Bankruptcy Court entered an Order approving my appointment (D.I. #558).

6. As the Chapter 11 Trustee, I am the representative of the Debtors' estates, and have been vested with the exclusive authority to manage the property of the Debtors' bankruptcy estates and have the duties enumerated under the Bankruptcy Code.

7. Further, as a Chapter 11 trustee, I have a duty "to evaluate the Debtors' operations, prospects, and ability to successfully reorganize, and to implement such reorganization if possible." Trustee Opinion. At p. 74.

8. Indeed, the Court specifically stated that a trustee was needed in these cases to "…evaluate, resolve, and/or litigate the claims of Hawk, SLS, SeeCubic, Rembrandt, and others." (D.I. #548, Pg. 73).

9. The Debtors' circumstances have changed significantly by the act of my appointment alone, as I now oversee all of the Debtors' operations.

10. In the relatively brief period since my appointment, I have reviewed and analyzed volumes of documents from the various dockets in connection with the Debtors' bankruptcy cases, the adversary proceeding filed by the Debtor, the Delaware Chancery Court case, including the Section 225 Action as defined in the Motion, the Delaware Supreme Court case, and the volumes of financial and other documents supplied by the Debtors and contained in certain of the Debtors' books and records, and have determined that I require additional time for me and my professionals

to digest and understand the status for various matters. Significantly, my counsel have had difficulty reaching the Debtor's prepetition attorneys handling the Section 225 Action.

11. While engaging in this fact finding, I am trying to expeditiously find a resolution of the case that does not involve the incurrence of significant administrative expenses. To that end I am continuing to have discussion with parties in interest that could result in a recovery to unsecured creditors.

12. While Hawk has attempted to paint the Section 225 Action as "in the can," not complex and easy to understand from a simple reading of the pretrial briefs and pretrial order, nothing could be further from the truth. The Section 225 Action consists of hotly contested issues, the outcome of which could significantly impact my ability to make a meaningful distribution to unsecured creditors.

13. Moreover, my counsel believes there is a basis for the assertion of significant claims against Hawk, including equitable subordination under Section 510 of the Bankruptcy Code, which would likely moot the Section 225 Action, if the Court were to order subordination of the Hawk claims, or otherwise rule that Hawk itself damaged the Debtors by the actions determined by the Delaware Supreme court to be violative of the Debtors' rights. In addition, significant issues remain as to whether and how much of the Hawk debt was converted to equity by the Debtors.

14. I believe that Hawk is attempting to force me into Chancery Court while I am still in the process of fulfilling my duties to evaluate all aspects of the Debtors' bankruptcy estates.

15. Despite Hawk requesting the appointment of a trustee over these bankruptcy cases, Hawk is unreasonably rushing the process of me digesting information it has had years to develop and understand.

16. It is respectfully submitted that the Bankruptcy Court concurrently granting both motions in the Trustee Order was premature in light of Hawk's lack of cooperation and its rush to conduct the trial on the Section 225 Action before we are adequately prepared or have reviewed all relevant documents.

17. I am still attempting to interview the Debtors' Chancery Court attorney, McCarter & English, LLP ("McCarter") and despite my professionals' efforts, have only recently been able to begin collecting and reviewing the Debtors' file from McCarter.

18. I am trying to accomplish this while maintaining all of my numerous other statutory duties, assessing the state and viability of the Debtors' businesses, understanding the relationship between the Debtors and their subsidiaries, some of which are located overseas, account for and recover assets, negotiate with interested parties and formulate a case strategy.

19. The Debtors, several creditors, both secured and unsecured, and parties in interest have approached me with widely varying assessments of the strengths and weaknesses of their competing positions and interest in the Debtors' assets.

20. My professionals and I are still gathering and analyzing information to accomplish all of the directives inherent in the Trustee Opinion and the Bankruptcy Code: "to evaluate the Debtors' operations, prospects, and ability to successfully reorganize, and to implement such reorganization if possible." Trustee Opinion. at p. 74.

21. Allowing the Section 225 Action to proceed will significantly hinder my ability to accomplish any of the above and will make it impossible for me to sufficiently "evaluate, resolve, and/or litigate" Hawk's claims.

22. Simply put, in the face of rapidly approaching deadlines, I require more time under the protection of the automatic stay to perform my required duties.

4886-4845-0217 v1

23. Therefore, I, as the duly appointed Chapter 11 Trustee and representative of the Debtors' bankruptcy estates, respectfully submit that the automatic stay should be reimposed to give me and my professionals additional time under the protection of the automatic stay to evaluate the Debtors' operations, prospects, and ability to generate a recovery for unsecured creditors and specifically evaluate Hawk's claims.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: 3/1/24

By: _____
William A. Homony
Chapter 11 Trustee