**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** <br><br> **Stream TV Networks, Inc.,**[1] <br><br> Debtor. | : <br> : <br> : **Chapter 11** <br> : <br> : **Case No. 23-10763-AMC** <br> : <br> : |
| **In re:** <br><br> **Technovative Media, Inc.,** <br><br> Debtor. | : <br> : <br> : **Chapter 11** <br> : <br> : **Case No. 23-10764-AMC** <br> : <br> : |

**APPLICATION OF THE CHAPTER 11 TRUSTEE TO EMPLOY**
**CAPSTONE CAPITAL MARKETS LLC AS INVESTMENT BANKER**

William A. Homony, Chapter 11 Trustee (the "Chapter 11 Trustee") for the bankruptcy estates of Stream TV Networks, Inc. ("Stream TV") and Technovative Media, Inc. ("Technovative" or collectively with Stream TV, the "Debtors"), hereby applies to this Court pursuant to 11 U.S.C. § 327, Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania ("L.B.R.") for an order authorizing the employment of Capstone Capital Markets LLC, as Investment Banker to the Chapter 11 Trustee and in support thereof respectfully represents as follows:

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

4893-0403-8329 v1

1. On March 15, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").

2. The Court granted joint administration of the Debtors' cases on April 10, 2023.

3. No official committee has been established in these cases.

4. On January 9, 2024, the Bankruptcy Court entered an order appointing the Chapter 11 Trustee.

5. The Trustee desires to sell the Debtors' assets in a Section 363 sale (the "Sale").

6. The Chapter 11 Trustee desires to employ, as his Investment Banker, Capstone Capital Markets LLC ("Capstone") to handle the marketing of the assets in contemplation of the Sale, and to perform the following services:

   a. Formulating a market strategy for a Transaction;

   b. Preparing a memorandum and presentations for use in the Transaction process;

   c. Identifying and evaluating a refined targeted list of potential strategic and/or financial acquirers ("Prospective Acquirers");

   d. Initiating contact and arranging introductions with Prospective Acquirers;

   e. Coordinating the receipt and comparison of any offers or proposals forthcoming from Prospective Acquirers;

   f. Assessing and analyzing proposed Transaction valuations, structures and related terms and conditions;

   g. Conducting an Auction, if necessary, under section 363 of the Bankruptcy Code; and

   h. Negotiating and consummating definitive agreements, including where appropriate, responding to the Companies' reasonable requests for assistance in coordinating the due diligence and transaction closing processes.

7. For the foregoing and all other necessary and proper purposes, the Chapter 11 Trustee desires to retain Capstone as Investment Banker.

8. The Chapter 11 Trustee is informed and believes that Capstone has the appropriate skills and personnel needed to perform the services required by this Trustee to market and sell substantially all of the Debtors' assets.

9. Other than as reflected in the Declaration of Jamie Lisac, attached hereto as Exhibit A, Capstone represents that it has no connection with the Debtors or other parties-in-interest in this case, its attorneys and accountants, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee, and represents no interest adverse to the Chapter 11 Trustee or the Debtors with respect to the services for which its engagement is being sought. The Chapter 11 Trustee submits that Capstone is a "disinterested person" within the meaning of 11 U.S.C. Section 101 (14) and that its employment would be in the best interest of the Debtor's estate.

10. Subject to the Court's authorization, the Trustee requests that Capstone be compensated pursuant to the terms and conditions of the Transaction Engagement Agreement (the "Agreement"), attached hereto as Exhibit B. As more fully set forth in the Agreement, Capstone will be compensated and reimbursed as follows:

(iii) Retainer Fee: a non-refundable retainer of $100,000 payable upon the approval of Capstone's formal retention by the Court (the "Retainer").

The Retainer paid by the Chapter 11 Trustee to Capstone shall be fully credited against the Transaction Fee (as defined in (ii) below).

(iv) Sale Transaction Fee: Concurrent with and payable immediately upon the closing of a Transaction, Capstone shall receive a cash fee (the "Transaction Fee") equal to the greater of $500,000 including any crediting of the Retainer Fee (the "Minimum Transaction Fee"), or:

a. 5.0% of the Aggregate Transaction Value (as defined in the Agreement) greater than $150 million but less than $200 million, plus

b. 20% of the Aggregate Transaction Value (as defined in the Agreement) greater than $200 million but less than $225 million; plus

      c. 10% of the Aggregate Transaction Value (as defined in the Agreement) greater than $225 million.

11. The Chapter 11 Trustee respectfully submits that the rates and charges set forth above are reasonable and should be approved under section 328(a) of the Bankruptcy Code, which specifically authorizes compensation of a professional person on a "fixed or percentage fee" basis. 11 U.S.C. § 328(a). The compensation terms negotiated with Capstone were the result of arm's length negotiations, and the Chapter 11 Trustee believes such terms are fair and reasonable.

12. Due to the transactional fee structure of the engagement, requiring Capstone to file periodic fee applications pursuant to sections 330 and 331 of the Bankruptcy Code and in compliance with Bankruptcy Rule 2016 and Local Rule 2016-1 is unnecessary. Capstone will not be compensated based upon time and effort expended, but instead, on fixed amounts as set forth above and in the Agreement. Given the transactional nature of Capstone's engagement, the Chapter 11 Trustee submits that recording and submission of detailed time entries for services rendered in this case is unnecessary and would be unduly burdensome to Capstone. In addition, investment bankers generally are not compensated based on hours devoted to their services, and instead are compensated based on fee structures similar to the one proposed in this case. Accordingly, the Chapter 11 Trustee requests that the requirements of Local Rule 2016-1 be waived.

13. Under the circumstances, it is appropriate and reasonable for Capstone to be compensated pursuant to the terms of the Agreement without being required to file interim fee applications as contemplated by sections 330 and 331 of the Bankruptcy Code. Capstone will, however, file a final fee application that sets forth a summary of all fees earned and expenses reimbursed in this case.

WHEREFORE, the Chapter 11 Trustee requests that this Court enter an Order Authorizing the Chapter 11 Trustee to Employ Capstone Capital Markets LLC as Investment Banker and to perform the services as set forth above and in the Agreement.

Respectfully submitted,

Dated: April 30, 2024

By: _____
William A. Homony, Chapter 11 Trustee
1628 John F. Kennedy Boulevard
Suite 950
Philadelphia, PA 19103
Phone: (215) 561-0950
*Chapter 11 Trustee*
*For the Stream TV Networks, Inc. and Technovative Media, Inc. Bankruptcy Estates*