# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **Stream TV Networks, Inc.,** *et al*. | : | Bankruptcy No. 23-10763 (AMC) |
| | : | |
| Debtors. | : | (Jointly Administered)[1] |
| | : | |

## ORDER

**AND NOW,** upon consideration of the Motion of William A. Homony (the "Trustee"), in his capacity as Chapter 11 trustee of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media Inc. ("Technovative" or in conjunction with Stream, the "Debtors"), for Entry of an Order Approving a Settlement Agreement and Mutual Release with Hawk Investment Holdings, Ltd. ("Hawk"), as Collateral Agent for the secured noteholders of SeeCubic, Inc. ("SeeCubic"), Pursuant to Fed. R. Bankr. P. 9019(a) and 11 U.S.C. § 105(a) (the "Motion");[2] and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the required and necessary parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4875-7966-5596 v1
318450713.5

Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Agreement is **APPROVED**, subject to the conditions and requirements for effectiveness set forth therein.

3. All objections to the Motion have been considered and are hereby overruled.

4. The Settlement represents a valid exercise of the Trustee's business judgment, having been informed by extensive research, investigation, and negotiation by the Trustee and other parties in interests.

5. Upon the entry of this Order, the proof of claim of Hawk Investment Holdings Ltd. [Claim No. 6 on the official claims docket of Stream] shall be deemed allowed in the amount of $180 million (subject to increase as set forth in the Agreement) with no further order of the Bankruptcy Court necessary to effectuate the same.

6. Upon the entry of this Order, the proofs of claim of SLS Holdings VI, LLC [Claim No. 9 on the official claims docket of Stream and Claim No. 2 on the official claims docket of TMI] and the proofs of claim of SeeCubic, Inc. [Claim No. 14 on the official claims docket of Stream and Claim No. 3 on the official claims docket of TMI] shall be deemed withdrawn of record with no further order of the Bankruptcy Court necessary to effectuate such withdrawal and SLS Holdings VI, LLC and SeeCubic, Inc. shall not have an allowed claim against the bankruptcy estates of the Debtors.

7. The Settlement and Agreement are in the best interest of the Debtors' estates and all of the Debtors' stakeholders.

4875-7966-5596 v1
318450713.5

8.  The Parties are authorized to take all actions necessary to effectuate and consummate the Agreement including, without limitation, the execution and delivery of any documents, agreements, or other instruments.

9.  This Order and the Agreement shall be binding on the Parties, the Debtors' estates, all creditors and parties-in-interest, and any trustee or plan administrator appointed in this case.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice, service was proper and parties in interest were afforded adequate opportunity to file opposition to the Motion and appear at the Hearing, and the requirements of the Federal Rules of Bankruptcy Procedure and Local Rules of Bankruptcy Procedure are satisfied by such notice.

11. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation of this Order and consummation of the Agreement.

**BY THE COURT:**

Date: June 6, 2024

_____
HONORABLE ASHELY M. CHAN,
UNITED STATES BANKRUPTCY JUDGE

4875-7966-5596 v1
318450713.5