# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| STREAM TV NETWORKS, INC. | : | CASE NO. 23-10763-AMC |
| DEBTOR. | : | |

**MOTION OF SPECTOR GADON ROSEN VINCI P.C.
FOR COURT ORDER ALLOWING ITS WITHDRAWAL
AS COUNSEL TO PARTY IN INTEREST, VISUAL SEMICONDUCTOR, INC.
<u>AND REQUEST FOR EXPEDITED CONSIDERATION THEREOF</u>**

Spector Gadon Rosen Vinci P.C. ("SGRV") files this Motion for Allowance to Withdraw as Counsel to interested party, Visual Semiconductor, Inc. ("VSI") pursuant to Local B.R. 2091-1, and in support thereof, avers as follows:

1. On March 28, 2024, SGRV filed an Entry of appearance to represent VSI in the above captioned bankruptcy proceeding (Doc. # 611).

2. Due to "irreconcilable differences" in approach and strategy in this bankruptcy matter, SGRV must withdraw as VSI counsel immediately.

3. On May 2, 2024, the Chapter 11 Trustee filed an Application to Employ Capstone Capital markets LLC as Investment Banker ("Capstone Application").

4. On May 9, 2024, VSI filed an Objection to the Capstone Application ("Objection"). Based upon this objection and also the objection by another party in this matter, the Capstone Application has become a contested matter.

3905664-1

5. As aforestated, due to factors which SGRV cannot delineate in this Motion, SGRV had to file its Withdrawal as Counsel to VSI on June 11, 2024. (Doc.# 656).

6. SGRV is aware that VSI intends to withdraw its Objection, but VSI has refused to advise SGRV as to when it will file such withdrawal, despite numerous requests for an answer to this question.  SGRV cannot remain as its counsel awaiting VSI's timing of the filing of its withdrawal of the Objection.  SGRV is aware that VSI has been interviewing replacement counsel for a couple of weeks, but has not been advised as to the status of the timing of such replacement.

7. Pursuant to Local B.R. 2091.1:  " Limitation on Attorney Withdrawal-- An attorney may not withdraw an appearance as counsel for the debtor in a bankruptcy case, or for any party in a pending contested matter or adversary proceeding, except by order of the court, unless another attorney eligible to appear before the court enters an appearance simultaneously."

8. As stated herein, SGRV cannot disclose in this pleading why it felt compelled to withdraw its appearance on June 11, 2024. SGRV will so advise the Court if so required to do so.

9. SGRV respectfully requests a telephonic hearing on the Motion on the earliest date available ( hopefully during the week of June 17) on the Court's calendar.

10. SGRV believes that an expedited hearing will not prejudice the Debtors, its creditors or parties in interest.

11.  The undersigned has contacted counsel to the United States Trustee. Counsel to the Chapter 11 Trustee, and counsel to Hawk as required by L.B.R. 5070-1(f)(169).

12.  Furthermore, the undersigned counsel also seeks to limit notice and requests: (a) that this Court permit notice of the hearing to be served facsimile, next day mail, or by electronic means, including the Court's CM/ECF system, upon (i) the Office of the United States Trustee, (ii) the Debtors; (iii) Hawk Investment Holdings Ltd.; and (iv) all parties who have timely filed requests for notice in this proceeding under Bankruptcy Rule 2002; and (b) that this Court limit the notice period accordingly. The undersigned believes that such notice is sufficient under the circumstances for the expedited hearing.

13.  Reduction of the time periods in question is not prohibited under Fed.R.Bankr.P. 9006(c)(2) and the rules listed therein.

WHEREFORE, Spector Gadon Rosen Vinci P.C. respectfully requests that this Honorable Court enter an Order in a form as attached hereto as Exhibit "A".

                Respectfully submitted,

                */s/ Leslie Beth Baskin*
                Leslie Beth Baskin
                Spector Gadon Rosen Vinci P.C.
                1635 Market Street, 7th Floor
                Philadelphia, PA 19103
                (215) 241-8926

Date: June 12, 2024

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| STREAM TV NETWORKS, INC. | : | CASE NO. 23-10763-AMC |
| | : | |
| DEBTOR. | : | |
| | : | |

**O R D E R**

      AND NOW, this _____ day of June 2024, upon consideration of the Motion of Spector Gadon Rosen Vinci P.C. for Court Order Allowing its Withdrawal as Counsel to Party in Interest, Visual Semiconductor, Inc. and Request for Expedited Consideration Thereof ("Motion"), and after notice and hearing, it is hereby ORDERED that:

      1.      The Motion is GRANTED;

      2.      The withdrawal of Spector Gadon Rosen Vinci P.C., as counsel of record to Visual Semiconductor Inc., in this bankruptcy proceeding is GRANTED, effective as of June 11, 2024.

                                                                                                                    J.

## CERTIFICATE OF SERVICE

I, Leslie Beth Baskin, hereby certify that on this 12th day of June, 2024, a true and correct copy of the foregoing Motion of Spector Gadon Rosen Vinci P.C. for Court Order Allowing its Withdrawal as Counsel to Party in Interest, Visual Semiconductor, Inc. and Request for Expedited Consideration Thereof has been served, via the Court's electronic filing system upon all counsel of record.

*[signature]*
Leslie Beth Baskin

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| STREAM TV NETWORKS, INC. | : | CASE NO. 23-10763-AMC |
| | : | |
| DEBTOR. | : | |
| | : | |

**O R D E R**

AND NOW, upon consideration of the Motion of Spector Gadon Rosen Vinci P.C. for Court Order Allowing its Withdrawal as Counsel to Party in Interest, Visual Semiconductor, Inc. and Request for Expedited Consideration Thereof, and sufficient cause being shown, it is hereby ORDERED that:

1. The Request For an Expedited Hearing **GRANTED**.

2. A telephonic hearing to consider the Motion shall be held on June ____, 2024 per the Court's telephone procedures.

3. Written objections or other responsive pleadings to the Motion (while not required) may be filed up to the time of the hearing and all objections will be considered at the hearing.

4. The Movant shall serve the Motion and this Order on the U.S. Trustee, the case Trustee (if any), the individual Respondent(s) (if any), counsel to the Official Committee of Unsecured Creditors (if any), all secured creditors and all priority creditors by overnight mail, facsimile transmission or e-mail transmission no later than 5:00 p.m. on _____. If the hearing is scheduled less than 48 hours after the Movant receives this Order, Movant shall give immediate telephonic notice of the hearing to the above as well.

5. The Movant shall serve this Order and the Notice of the Motion in conformity with Local Bankruptcy Form 9014-3 on all other parties in interest, including all creditors, by regular mail no later than 5:00 p.m. on _____.

6. Prior to the hearing, the Movant shall file a Certification setting forth compliance with the service requirements of Paragraphs 4 and 5 above.

Dated:_____

_____
HONORABLE ASHELY M. CHAN

3905681-1