# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: <br><br> STREAM TV NETWORKS, INC. <br> Debtor <br> and <br><br> IN RE: <br><br> TECHNOVATIVE MEDIA, INC. <br> Debtor. | Chapter 11 <br><br> Case No. 23-10763 (MDC) <br><br><br><br><br> Case No. 23- 10764 (MDC) <br><br> (Jointly Administered) |

**OBJECTION OF UNITED STATES TRUSTEE TO APPLICATION TO EMPLOY CAPSTONE CAPITAL MARKETS LLC AS INVESTMENT BANKER**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby objects to the Application ("the Application") of the chapter 11 trustee to employ Capstone Capital Markets LLC ("Capstone") as Investment Banker, and in support, respectfully represents as follows:

### PRELIMINARY STATEMENT

The Application seeks to retain and employ Capstone as the Debtors' investment banker. The Application should be denied because the engagement letter limits the liability of Capstone, contrary to rulings in *In re Dailey International, Inc.*, 1999 WL 35140013 (Bankr. D. Del. July 1, 1999), and *In re United Companies Financial Corp*, 241 B.R. 521 (Bankr. D. Del. 1999). The limitation of liability is also inconsistent with the Third Circuit's ruling in *In re United Artists Theatre Co. v. Walton*, 315 F.3d 217 (3d Cir. 2003), as discussed below.

## JURISDICTION

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. See *United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 33 F.3d 294, 295–96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion. *Id.*

3. The U.S. Trustee consents to the entry of a final order or judgment by the Court.

## BACKGROUND

4. On March 15, 2023 (the "Petition Date"), Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative" and collectively with Stream, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On April 10, an Order was entered granting joint administration of the cases for procedural purposes only (Docket No. 95).

5. On January 5, 2024, the Bankruptcy Court entered an Order directing the U.S. Trustee to appoint a Chapter 11 trustee. On January 9, 2024, the U. S. Trustee filed the Notice Appointing William A. Homony as the chapter 11 trustee (the "trustee").

6. On May 2, 2024, the trustee filed the Application. Annexed to the Application was Capstone's engagement letter, which provides in pertinent part:

"The Companies and Capstone agree that if any indemnification or reimbursement sought pursuant to the preceding paragraph is for any reason unavailable or insufficient to hold it harmless, then the Companies and Capstone shall contribute to the losses, claims, damages, judgments, assessments, costs and other liabilities and related expenses for which such indemnification is held unenforceable as is appropriate to reflect (i) the relative benefits to the Companies on the one hand and Capstone on the other hand, in connection with the transaction to which such indemnification or reimbursement relates, (ii) the relative fault of the parties, and **(iii) other equitable considerations; provided, however, that in no event shall the amount to be contributed by Capstone exceed the fees actually received by Capstone under this engagement.**" (emphasis added) DI 624-2 Exh. B pg. 5 of 7

## ARGUMENT

7.  The Application should be denied unless the limitation of liability provision is omitted. The Court "may approve some of the terms and conditions proposed in an employment application while rejecting others." *In re Federal Mogul-Global, Inc.*, 348 F.3d 390, 398-99 (3d Cir. 2003) (citing *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253 (3d Cir. 1995)). *See also In re Boomerang Tube, Inc.*, 548 B.R. 69, 75 (Bankr. D. Del. 2016) ("It is the obligation of the Bankruptcy Court to approve the terms of employment of professionals, in accordance with the provisions of the Bankruptcy Code, regardless of the terms articulated in the employment contract. Therefore, if the Court finds that a contract that the Debtor or the Committee negotiated is impermissible, the Court may not approve it or may modify it."); *In re Dailey International, Inc.*, 1999 WL 35140013 at *5 (Bankr. D. Del. July 1, 1999) (Walsh, J.) ("It is patently clear from §§ 327 and 328 that sophisticated parties are not entitled to dictate the terms and conditions of the engagement of professionals. Those terms and conditions are subject to the approval of the bankruptcy court in making reasoned determinations as to what is in the best interest of the estate.").

8.  More than 20 years ago, in *In re Dailey International, Inc.*, 1999 WL 35140013 (Bankr. D. Del. July 1, 1999), Judge Walsh rejected a limitation of liability provision in connection with a

debtor's application to retain the accounting firm of Ernst & Young. The engagement agreement there provided, in relevant part, that, "the total aggregate liability to the [debtor] of [the accountant] whether such liability is based on breach of contract, tort, strict liability, breach of warranties, failure of essential purpose or otherwise, under this Agreement shall be limited to the fees paid by the [debtor] to [the accountant] pursuant to the Agreement under which any such liability arises. In no event will E & Y be liable to the Company for consequential, incidental, indirect, punitive or special damages (including loss of profits, data, business or goodwill), regardless of whether such liability is based on breach of contract, tort, strict liability, breach of warranties, failure of essential purpose or otherwise, even if advised of the likelihood of such damages." *In re Dailey International, Inc.*, 1999 WL 35140013 at *1 (Bankr. D. Del. July 1, 1999). As to that provision, Judge Walsh held, "[r]egardless of [the accountant's] 'policy' or what it purports to be the standard practice outside of bankruptcy, I find that [the provisions at issue] are not appropriate terms and conditions for the retention of professionals in bankruptcy pursuant to 11 U.S.C. §§ 327 and 328." *Id.* at *3. 8. In *In re United Companies Financial Corp*, 241 B.R. 521 (Bankr. D. Del. 1999), Judge Walrath indicated her agreement with Judge Walsh's reasoning in *Dailey*, stating, "[t]he original E & Y Application had numerous provisions which were subsequently determined to be inappropriate by Judge Walsh in his *Dailey* Opinion. We wholeheartedly agree with our colleague's reasoning and conclusions in the *Dailey* Opinion." *See id.* at 524. One of those provisions was a "cap on a liability award that may be rendered against E & Y." *Id*.

9.     Through the limitation of liability in its engagement letter in these cases, Capstone seeks to receive the kind of immunity that was rejected by this Court in *Dailey*, and *United Companies*.

10.    Capstone should not be permitted to use a limitation of liability provision to shield itself from liability for that which it cannot be indemnified under *United Artists*.

11. The Debtors' Application to retain Capstone should be denied unless Capstone agrees that the limitation of liability provision in its engagement letter shall have no force or effect with respect to Capstone's services rendered in these bankruptcy cases.

12. The U.S. Trustee reserves all rights, remedies, and obligations to, among other things, complement, supplement, augment, alter or modify this objection.

**WHEREFORE,** the U.S. Trustee respectfully requests the Objection be Sustained and granting such other and further relief as the Court deems just and proper.

Dated: June 13, 2024

Respectfully submitted,

**ANDREW R. VARA
UNITED STATES TRUSTEE
For Regions 3 and 9**

By: /s/ *Kevin Callahan*
Kevin P. Callahan, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: (215) 597-4411
Facsimile: (215) 597-5795
Kevin.P.Callahan@usdoj.gov