**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>STREAM TV NETWORKS, INC.,[1]<br><br>Debtor,<br><br>and<br><br>IN RE:<br><br>TECHNOVATIVE MEDIA, INC.,<br><br>Debtor. | Chapter 11<br><br>CASE NO.: 23-10763 MDC<br><br><br>Chapter 11<br><br>CASE NO.: 23-10764 MDC<br><br>(Jointly Administered) |

**HAWK INVESTMENT HOLDINGS LTD.'S LIMITED
OBJECTION TO SPECTOR GADON ROSEN VINCI P.C.'S
MOTION FOR COURT ORDER ALLOWING ITS WITHDRAWAL
AS COUNSEL TO PARTY IN INTEREST, VISUAL SEMICONDUCTOR, INC.**

Hawk Investment Holdings, Ltd. ("Hawk"), as Collateral Agent for the secured noteholders of SeeCubic, Inc. ("SeeCubic"), a secured creditor of Stream TV Networks, Inc. ("Stream") and Technovative Media Inc. ("Technovative" and, together with Stream, the "Debtors") in the above-captioned chapter 11 cases (together, the "Chapter 11 Cases"), by and through its undersigned counsel, files this limited objection (the "Limited Objection") to the *Motion of Spector Gadon Rosen Vinci P.C. for Court Order Allowing Its Withdrawal as Counsel to Party in Interest Visual Semiconductor, Inc.* [ECF No. 658] (the "Motion to Withdraw"), filed by Spencer Gadon Rosen Vinci P.C. ("SGRV"). Hawk files this Limited Objection because it wishes to raise several concerns that arise in connection with the Motion to Withdraw. Hawk respectfully represents as follows:

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

1. On May 2, 2024, William A. Homony, in his capacity as Chapter 11 Trustee (the "Trustee"), filed an Application to Employ Capstone Capital Markets LLC ("Capstone") as Investment Banker for the Trustee (the "Capstone Application"). On May 9, 2024, VSI filed an Objection to the Capstone Application (the "VSI Objection"). The Capstone Application is thus a contested matter. *See* Fed. R. Bankr. P. 9014. The VSI Objection was filed on behalf of VSI by VSI's counsel, SGRV.[2]

2. The Capstone Application must be resolved promptly in order for the Trustee to pursue the sale contemplated in the settlement agreement which this Court approved in an order dated June 7, 2024 [ECF No. 653] (the "Settlement"). Included in the Settlement, there are certain deadlines by which the sale must be accomplished. A delay in resolving the Capstone Application will jeopardize the resolution of this bankruptcy and the orderly sale of Debtors' assets that was contemplated in the Settlement.

3. Hawk is justifiably concerned that VSI will intentionally use the Motion to Withdraw as a basis to delay resolution of the Capstone Application, and ultimately, the sale of the assets contemplated in the Settlement. VSI and its compatriot, Rembrandt 3D Holding Ltd., have already employed several tactics to create confusion and delay during the course of these Chapter 11 Cases, and there is no reason to believe they will not seize upon this development in furtherance of this strategy.

4. If the Motion to Withdraw is granted in the current circumstances, the VSI Objection will still need to be resolved in order for the Capstone Application to be approved, but

---

[2] SGRV also filed *Visual Semiconductor, Inc.'s Joinder to Debtor's Motion for Temporary Restraining Order and to Rembrandt 3D Holding Limited's Joinder Thereto* [AP ECF No. 135] (the "Joinder"), purportedly joining to the TRO issued as part of the Adversary Proceeding in these cases. It is Hawk's opinion that the Joinder is invalid and has accomplished no legal effect, yet to the extent it implicates VSI in the Adversary Proceeding as an interested party, such Joinder should also be withdrawn (or overruled) prior to SGRV's withdrawal as counsel as well.

2

VSI will be left without counsel. VSI will almost certainly request an adjournment of any hearing on the Capstone Application, on the grounds that it needs time to find new counsel or for new counsel to evaluate the VSI Objection.

5. Thus, it is appropriate for this Court to decline to grant the Motion to Withdraw unless and until the VSI Objection is withdrawn (or otherwise resolved). This is appropriate for several reasons.

6. First, as described above, VSI will continue to delay resolution of this bankruptcy if the VSI Objection remains on file but VSI is left without counsel.

7. Second, the Motion to Withdraw admits that "VSI intends to withdraw its Objection, but VSI has refused to advise SGRV as to when it will file such withdrawal, despite numerous requests for an answer to this question." *See* Motion to Withdraw, at ¶ 6. In SGRV's Supplement to its Motion to Withdraw, VSI's President and Chief Executive Officer Mathu Rajan submitted an Affidavit Regarding Capstone Markets LLC (the "Rajan Affidavit"). *See* ECF No. 660-1. Mr. Rajan states in the Rajan Affivadit that "VSI is willing to withdraw its objection to [the] Capstone Motion," and that "VSI will defer to the Trustee's desire to engage them if the Court so approve[s] the Capstone Motion." Rajan Affidavit, ¶ 25.

8. This is further proof that VSI is engaged in a transparent delay tactic, as it realizes the VSI Objection is without merit, but it does not wish to abandon its sole means of delaying resolution of this bankruptcy by withdrawing such objection too soon. If VSI ultimately intends to withdraw the VSI Objection, there is no reason it should not be withdrawn immediately.

9. Third, it is already apparent to SGRV, VSI, Hawk, and this Court that the VSI Objection is without merit. While SGRV states that it "cannot disclose…why it felt compelled to withdraw its appearance" (Motion to Withdraw, ¶ 8), the reasons are apparent in light of what transpired before this Court during the recent hearing on June 5, 2024, and is further evidenced by

the Supplement to the Motion to Withdraw. This Court adroitly discerned that Mr. Rajan lied in connection with the VSI Objection when he averred, *inter alia*, that VSI had entered into a non-disclosure agreement with Capstone, that Capstone had been actively involved with securing investors for VSI since at least September 2022 and acquired confidential information, and that Capstone had an undisclosed conflict of interest that prevented this Court from approving the Capstone Application. *See* VSI Objection, at ¶¶ 10-15.[3] The centerpiece of the VSI Objection was that the Trustee and Capstone failed to disclose that Capstone had received confidential information from VSI pursuant to an NDA executed by and between VSI and Capstone. *See* VSI Objection, ¶ 13 ("Much of the information provided by VSI to Capstone was confidential and not appropriate for public disclosure, and VSI took steps to protect that information by having Capstone sign a non-disclosure agreement related to their talks."). But as Mr. Rajan admits in the Rajan Affidavit, "Mr. Rink has since completed a definitive search of VSI business records and confirmed that no Capstone NDA exists in the company's records." Rajan Affidavit, ¶ 24.

10. Given the current context, it appears that SGRV sought authority to fully withdraw the VSI Objection because it is now aware it is filled with false statements, but Mr. Rajan has been recalcitrant, despite the stern and clear warning issued by this Court on June 5. Unfortunately, Mr. Rajan seemingly remains reluctant to change his ways without additional intervention by the Court.[4]

---

[3] While Mr. Rajan's convoluted explanation for making false statements in the VSI Objection is not credible, whether those false statements were made intentionally or not does not alter the conclusion that the VSI Objection should be withdrawn, as neither VSI nor SGRV stand behind the false statements included therein.

[4] Hawk is also troubled that Debtors' counsel at Lewis Brisbois Bisgaard & Smith LLP appear to be coordinating with VSI and Mr. Rajan to develop their strategy to prosecute the VSI Objection to the Trustee's Capstone Application. *See Supplement to Motion to Withdraw*, Affidavit of Nicole Maneen, Ex. A at pgs. 59-60 (Email Chain from Leslie Beth Baskin to Rafael Zahralddin, Mathu Rajan, and Nicole Maneen dated May 28, 2024, Subject: Retention of Capstone ("Please remind me of our argument against the retention of Capstone…")).

11.     Given that (i) VSI has already indicated that it will withdraw the VSI Objection, (ii) the VSI Objection is entirely without merit, and (iii) VSI transparently wishes to use the withdrawal of its counsel as a delay tactic, Hawk respectfully requests that the Court decline to grant the Motion to Withdraw until the VSI Objection is withdrawn (or is otherwise resolved), or until VSI has obtained substitute counsel.

Dated:  June 14, 2024	**K&L GATES LLP**

*/s/ Steven L. Caponi*
Steven L. Caponi, Esq. (No. 91881)
600 King Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 416-7000
Facsimile: (302) 416-7020
Email: steven.caponi@klgates.com

-and-

Margaret R. Westbrook, Esq.
Aaron S. Rothman, Esq.
Jonathan N. Edel, Esq.
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, NC 28202
Telephone: (704) 331-7400
Email: margaret.westbrook@klgates.com
        aaron.rothman@klgates.com
        jon.edel@klgates.com

-and-

Thomas A. Warns, Esq.
K&L Gates LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 536-3900
Email: tom.warns@klgates.com

*Attorneys for Hawk Investment Holdings Ltd.*

**CERTIFICATE OF SERVICE**

I, Steven L. Caponi, certify that on June 14, 2024, I caused a copy of the forgoing *Hawk Investment Holdings Ltd.'s Limited Objection to Motion of Spector Gadon Rosen Vinci P.C. for Court Order Allowing Its Withdrawal as Counsel to Party in Interest Visual Semiconductor, Inc.,* to be served on those persons receiving notice through CM/ECF.

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 91881)