# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc., *et al.*[1]<br><br>The Debtors. | Chapter 11<br><br>Bky Case No. 23-10763 (AMC)<br>(Jointly Administered) |

**MOTION TO RECONSIDER AND/OR CLARIFY ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN CHAPTER 11 TRUSTEE AND HAWK INVESTMENT HOLDINGS, LTD (ECF NO. 653)**

Visual Semiconductor, Inc. ("VSI") hereby files its Motion to Reconsider and/or Clarify the Court's June 7, 2024 Order Approving Settlement Agreement Between Chapter 11 Trustee (the "Trustee") and Hawk Investment Holdings, LTD ("Hawk") (ECF No. 653) (the "Order") pursuant to Bankruptcy Rules 9023, and 9024 of the Federal Rules of Bankruptcy Procedure, and Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure as made applicable to this proceeding.

## PRELIMINARY STATEMENT

VSI is concerned that both Hawk and the Trustee are not acting in the best interest of the estates, creditors, and equity in these cases and that their settlement agreement (the "Settlement Agreement") further cements Hawk's inflated secured claim, at the expense of everyone else in the case as detailed in VSI's objection to the approval of the Settlement Agreement (ECF No. 642) ("VSI's Objection"). At the very least, VSI respectfully requests that the Court reconsider/clarify the Order to add additional safeguards to avoid prejudice to the impending sale process, which

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

76902510;1

appears primed to chill bidding while ensuring that Hawk will be the prevailing bidder. These safeguards include adding a fiduciary out for the benefit of the Trustee and the Debtors' estates, should it be later determined that entry into the Settlement Agreement and/or execution of the terms of the Settlement Agreement will result in a breach of the Trustee's fiduciary duties in these cases. Given that topic was not addressed by the Settlement Agreement or the Trustee's motion to approve it, adding a fiduciary out should alleviate some of the concerns VSI and other interested parties have about the Trustee's application of his "business judgment" in this case. Further, an additional clarification should be added to the Order that it is without prejudice to the ability of parties in interest to object to the upcoming sale process or bid procedures.

Additionally, key misstatements were made to the Court at the June 5, 2024 hearing to consider approval of the Settlement Agreement. These misrepresentations of fact were fundamental to the Trustee's decision to enter into the Settlement Agreement, the Court's consideration of VSI's objections, and the ultimate approval of the Settlement Agreement.

Because the Order seeks to allow and disallow claims, it is also subject to future motions for reconsideration by parties in interest pursuant to Bankruptcy Rule 3008 and Section 502(j) of the Bankruptcy Code, which motions are not subject to the time constraints of Rule 9023 like this motion is. The Order should therefore be clarified so as to not inadvertently deprive parties, including VSI, of their due process rights to object to the upcoming sale/bid procedures and to the allowance of Hawk's claim at an agreed upon amount to the prejudice of other parties that still have other legal avenues to pursue in this case.

## LEGAL STANDARD

The standard for a motion to reconsider, amend or clarify is well-established. As the Third Circuit Court of Appeals opined in *North River Ins, Co v Cigna Reinsurance Co.,* a proper motion

76902510;1

to amend or clarify a judgment may be based on either: (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct a clear error of law or to prevent manifest injustice. *See North River Ins, Co v. Cigna Reinsurance Co.,* 52 F 3d 1194, 1218 (3d Cir. 1995), quoting *Natural Resources Defense Council v. United States Environmental Protection Agency,* 705 F. Supp. 698, 702 1989); *see also Harsco Corp. v Zlotnicki,* 779 F.2d 906, 908 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence").

## **ANALYSIS**

It is unclear what relief parties in interest can seek in the future in regards to the validity of the Settlement Agreement as that Settlement Agreement clearly affects other aspects of the case. VSI was certainly not a party to the Settlement Agreement, but the allowance of Hawk's secured claim at an inflated amount surely prejudices VSI, and leaves uncertain what actions VSI and others can take in the future because the relief, which deals with the validity, extent, and amount of a secured proof of claim affecting the entire creditor body, the security of which is at the center of the dispute between VSI and Hawk, was settled through a Rule 9019 process, rather than actually litigated. Indeed, other than his unsupported conclusion that the risks and costs of litigating outweighed the potential benefits to creditors of successfully contesting Hawk's lien, the Trustee offered no evidence at the hearing that the Settlement Agreement was in the best interests of creditors. Further, given the dispute between the Trustee, Hawk, and VSI as to the propriety of the Settlement Agreement, certain safeguards should have been included in the Order to deter manipulation of or prejudice to the upcoming sale process.

Including a fiduciary out will avoid the Trustee's eventual need to justify what is objectively a bad deal, once Hawk's secured claim can be properly objected to and the Court

actually rules on the amount, extent, and priority of the claim. Further, to the extent Hawk's secured claim is later reduced, subordinated, or disallowed, in part or in full, affording the Trustee a fiduciary out of the Settlement Agreement will provide the Trustee the flexibility to react appropriately as conditions change.

To the extent the Settlement Agreement seeks to preclude future objections to the proposed bid procedures and sale process, including Hawk's ability to credit bid on what is a disputed claim at this time, the Order should be clarified to allow for such objections. Additionally, if any of the terms in the Settlement Agreement are intended to preclude VSI or any other party in interest from objecting to the pending sale process or any proposed bid procedures, the Court's ruling should clarify such limitations for appellate purposes.

During the June 5, 2024 hearing to consider approval of the Settlement Agreement, the Court heard multiple misstatements of fact with material impacts upon the hearing's outcome. For example:

- When the Court asked the witness about purchase orders involving Stream procured by VSI, the witness stated: "But they're VSI purchase orders. There is no agreement between VSI and Stream to do anything, nothing."
    - This is false. Attached as **Exhibit B** is a true and correct copy of the Distribution Agreement between VSI and Stream. This Distributor Agreement has been known to all parties for some time. In fact, it was attached as Exhibit C to Docket Entry 135 in this case filed on April 21, 2023.

- When the Trustee's counsel told the Court that "SeeCubic BV is an affiliate of the Debtor. And the Phillips license allows the affiliates of the Debtor to use those license for demonstrations. VSI, on the other hand, is not an affiliate of the Debtor . . . ."[2]
    - This representation is also inaccurate and a distraction. SeeCubic BV is and has been specifically enjoined by a TRO from conducting demonstrations: SeeCubic BV was enjoined from being able to "[d]escribe, reference, display or portray the technology, or any improvements thereon, or make

---

[2] Hr'g Tr. 45:15-19, a true and correct excerpt is attached as **Exhibit A**.

76902510;1

any representations with respect to ownership or development of such technology, purported to be owned and/or developed by Stream and/or its subsidiaries." The TRO is attached as **Exhibit C**.

These misstatements were made on the record and for the specific purpose of crafting a narrative about certain events and actors in order to discredit certain actors, distract from certain events, and buttress the Trustee's argument for approval of the Settlement Agreement. As such, these misrepresentations constitute new information that is critical to the Court's analysis, in that the Trustee did not accurately present them to the Court, and the corrected record justifies reconsideration of the Order.

Finally, because parties in interest, including VSI, can still object to the newly allowed claim of Hawk pursuant to this Settlement Agreement, there should be no doubt that parties in interest are not precluded from objecting to the claim, given the Trustee's failure to even attempt to do so before picking Hawk as the winner of the dispute between Hawk and VSI. *Matter of Zieg*, 194 B.R. 469, 471 (Bankr. D. Neb. 1996), aff'd, 206 B.R. 974 (D. Neb. 1997) ("11 U.S.C. § 502(j) and Federal Bankruptcy Rule 3008 permit the court to reconsider the allowance of claims at anytime for cause."). It is also important to note that neither the Order nor the Trustee's 9019 motion sought relief under Section 502, which governs the validity of proofs of claim in bankruptcy cases.

Accordingly, the Order should be clarified as follows: 1) to allow for a fiduciary out for the benefit of the Trustee in regards to the Settlement Agreement should it later be determined that entry into the Settlement Agreement and/or execution of the Settlement Agreement will result in a violation of the Trustee's fiduciary duties; 2) preserve the rights of parties in interest to object to any upcoming sale and bid procedures motion, including preserving the ability of parties in interest to object to Hawk's ability to credit bid, to the extent the Settlement Agreement seeks to preclude

76902510;1

future objections to Hawks' ability to credit bid; 3) reconsider approving the Settlement Agreement in light of new information and previous misstatements of fact on the record; and 4) preserving the rights of parties in interest to object to the newly created secured claim of Hawk. Failure to amend the Order to allow for such clarifications will result in manifest error and injustice to VSI and other parties in interest who are being railroaded by both Hawk and the Trustee via the Settlement Agreement into resolving all litigation in favor of Hawk without the due process guardrails of that litigation.

WHEREFORE, VSI respectfully requests that the Court enter an order reconsidering/clarifying the Order as requested herein.

*[Remainder of page intentionally left blank]*

76902510;1

| | |
|---|---|
| Dated: June 20, 2024 | Respectfully submitted,<br><br>**AKERMAN LLP**<br><br>*/s/ Donald N. David*<br>Donald N. David (SBN # 304846)<br>1251 Avenue of the Americas<br>37th Floor<br>New York, NY 10020<br>Telephone: (212) 880-3856<br>Facsimile: (212) 880-8965<br>Email: donald.david@akerman.com<br><br>-and-<br><br>R. Adam Swick (*pro hac vice pending*)<br>500 W. 5th Street, Suite 1210<br>Austin, TX 78701<br>Telephone: (737) 999-7100<br>Facsimile: (512) 623-6701<br>Email: adam.swick@akerman.com<br><br>-and-<br><br>John H. Thompson (*pro hac vice pending*)<br>750 Ninth Street, N.W., Suite 750<br>Washington, D.C. 20001<br>Telephone: (202) 393-6222<br>Facsimile: (202) 393-5959<br>Email: john.thompson@akerman.com<br><br>*Attorneys for Visual Semiconductor Inc.* |

## CERTIFICATE OF SERVICE

I certify that on June 20, 2024, I caused the attached **MOTION TO RECONSIDER AND/OR CLARIFY ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN CHAPTER 11 TRUSTEE AND HAWK INVESTMENT HOLDINGS, LTD** to be electronically filed with the Clerk, United States Bankruptcy Court, Eastern District of Pennsylvania, and to be served electronically the Court's CM/ECF and/or by First Class Mail, upon all parties that have requested service.

          */s/ Donald R. David*
          Donald N. David

76902510;1