UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: | Case No. 23-10763-amc |
| STREAM TV NETWORKS, INC. CH: 11 AND NETWORKS, INC. AND TECHNOVATIVE MEDIA, INC. | Philadelphia, Pennsylvania<br>June 5, 2024<br>11:17 a.m. |

BEFORE THE HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE

<u>APPEARANCES</u>:

For the Debtor:  Rafael X. Zahralddin
Lewis Brisbois Bisgaard & Smith
500 Delaware Avenue, Suite 700
Wilmington, DE 19801
302-985-6004

For SeeCubic, Inc.:  Eben P. Colby, Esq.
Skadden Arps Slate Meagher & Flom, LLP
500 Boylston Street, 23rd Floor
Boston, MA 021116
617-573-4800

For the Chapter 11 Trustee:  Michael D. Vagnoni, Esq.
Edmond M. George, Esq.
Obermayer Rebmann Maxwell & Hippel LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
215-665-3066

Steven M. Coren, Esq.
Kaufman Coren & Ress, P.C.
Two Commerce Square
Suite 3900
2001 Market Street
Philadelphia, PA 19103-2713
215-735-8700

```
For Shadron Stasney:            Terence M. Grugan, Esq.
                                1735 Market Street
                                51st Floor
                                Ballard Spahr
                                Philadelphia, PA 19103
                                215-864-8320

For Rembrandt:                  Andrew Peter Demarco
                                Devlin Law Firm, LLC
                                1526 Gilpin Avenue
                                Wilmington, DE 19806
                                302-449-9010

For Hawk Investment Holdings    Steven Caponi, Esq.
Ltd.:                           K&L Gates
                                600 N King Street
                                Suite 901
                                Wilmington, DE 19801
                                302-416-7080

For SLS Holdings:               Davis Wright, Esq.
                                Robinson Cole
                                1201 North Market Street
                                Suite 1406
                                Wilmington, DE 19801
                                302-516-1701

For the Trustee:                Kevin M. Callahan
                                DOJ-UST
                                Robert N.C. Nix Federal
                                Building
                                900 Market Street
                                Suite 320
                                Philadelphia, PA 19107
                                215-597-4411

For Visual Semiconductor,       Leslie Beth Baskin
Inc.:                           Spector Gadon Rosen Vinci P.C.
                                1635 Market Street
                                Seven Penn Center - 7th Floor
                                Philadelphia, PA 19103
                                (215) 241-8888
```

Proceedings recorded by electronic sound recording; transcript produced by TheRecordXchange.

INDEX

|  | Direct | Cross | Redirect | Recross |
|---|---|---|---|---|

WITNESSES:

William Homony
   (By Mr. George)           47
   (By Mr. Michaels)                  70
   (By Ms. Baskin)                    79

1  say for the record that there is not one modicum of truth as to
2  what Mr. George said as to any threatening emails which I have
3  sent on behalf of VSI.  I will just state on the record that
4  Mr. Michaels and I tried to have a very fair and open
5  discussion, which we tried to do by Zoom with Mr. Vagnoni and
6  Mr. George.
7           Mr. George got to such a point in taking with me or
8  screaming at me on the phone that I told him -- and I will be
9  honest -- that since I turned 67, I do daily affirmations.  And
10 one of my affirmations is I cannot control the behavior of
11 other people.  I can only control my response.  And my response
12 to him talking to me like he was literally a rabid dog was that
13 I choose not to deal with you anymore whereby he immediately
14 hung up.  And then we had a civil conversation with Mr.
15 Vagnoni.  It didn't really move the ball along at all when it
16 came to the merits of the case.  But for him to say that I have
17 sent threatening emails to him is bizarre and totally untrue
18 and I will not let that stand on the record.
19          THE COURT:  Okay.  So I think that I would like at
20 this point to substance of the 9019 motion.  One thing I guess
21 I would like to hear about in whatever proffer is made about
22 that is this allegation that VSI made that Mr. Stastney and
23 SeeCubic are in possession of technology belonging to the
24 Debtors and they have been using that technology to do
25 demonstrations of the glasses 3 3D technology to potential

1  clients.  I just want to hear that whether or not the Trustee

2  has heard that allegation and what concerns, if any, that they

3  have about that.  So I would like to hear that.  And I guess I

4  just wanted to point out a couple of other things before I hear

5  that proffer.

6              MR. GEORGE:  So, Your Honor.

7              THE COURT:  Yeah.

8              MR. GEORGE:  We received an email from Ms. Baskin --

9              THE COURT:  Yeah.

10             MR. GEORGE:  -- making allegations.  We asked her for

11 proof of those allegations.

12             THE COURT:  That they were doing that, yeah.

13             MR. GEORGE:  And we never got anything from them.

14             THE COURT:  Okay.

15             MR. GEORGE:  And the fact of the matter, Judge, is

16 that SeeCubic BV is an affiliate of the Debtor.  And the

17 Phillips license allows the affiliates of the Debtor to use

18 those license for demonstrations.  VSI, on the other hand, is

19 not an affiliate of the Debtor, and they've been using that

20 technology and been out demonstrating on it.

21             THE COURT:  That's the subject of the motion to

22 enforce that we'll need to find a hearing date.  That's also

23 another date that we're going to come back to.  Hold on one

24 second.

25             So I didn't see the settlement agreement making a

1  statement about how the claim filed by Hawk is going to be
2  treated in the Technovative bankruptcy.  So if someone could
3  just talk to me about that.  And then other things I wanted to
4  note is that I just saw this discrepancy where it sounds like
5  the settlement agreement is trying to say that only Hawk will
6  remain standing at the end of the day with a secured claim, but
7  I noticed that the stalking horse bidder might be SeeCubic.
8  And I would just ask that whoever ends up holding a claim at
9  the end of the day probably ought to be the same name of the
10 stalking horse bidder.
11             MR. GEORGE:  Understood.
12             THE COURT:  So you want to maybe --
13             MR. GEORGE:  Your Honor, I think, in fact, that Hawk
14 is the collateral agent for a number of secured creditors.
15             THE COURT:  I know.  So whatever name you want to
16 call the ultimate holder of the allowed secured claim, just
17 make sure it's the name of the stalking horse bidder.
18             MR. GEORGE:  Fair enough, Judge.
19             THE COURT:  Right.  Okay.  So, I guess at this point,
20 I'd like to hear a proffer or if you wanted to put on testimony
21 --
22             MR. GEORGE:  I'm going to put Mr. Homony on the
23 stand, Your Honor.
24             THE COURT:  Alrighty.  So, sir, come right over here.
25 Mr. Barbado will swear you in.  Yeah.

C E R T I F I C A T E

      I hereby certify that the foregoing is a true and correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

*John Buckley*
John Buckley, CET-623
Digital Court Proofreader