Official Form 417A (12/23)

[Caption as in Form 416A, 416B, or 416D, as appropriate]

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   Rembrandt 3D Holding Ltd.

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☐ Debtor
   ☑ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

### Part 2: Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:
   Order Granting a Motion to Approve Compromise under Rule 9019

2. State the date on which the judgment—or the appealable order or decree—was entered:
   June 6, 2024

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: (see attached additional pages) _____ Attorney: _____
   _____
   _____

2. Party: _____ Attorney: _____
   _____
   _____

## **Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## **Part 5: Sign below**

/s/ Andrew DeMarco
_____

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: 6/20/2024
_____

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Andrew DeMarco
_____
DEVLIN LAW FIRM LLC
_____
1526 Gilpin Avenue, Wilmington, DE 19806
_____
Telephone: (302) 449-9010
_____

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

**Additional page for part 3: Identify the other parties to the appeal.**

| No. | Party | Attorney |
|---|---|---|
| 1. | **Debtor:**<br>Stream TV Networks, Inc. | SEAN M. BRENNECKE<br>Lewis Brisbois Bisgaard & Smith, LLP<br>500 Delaware Avenue, Suite 700<br>Wilmington, DE 19801<br>(302) 985-6009<br>Fax : (302) 985-6001<br>Email: Sean.Brennecke@lewisbrisbois.com<br><br>SCOTT D. COUSINS<br>1201 Orange Street<br>P.O. Box 491<br>Wilmington, DE 19899-0391<br>(302) 571-6600<br><br>BENNETT G. FISHER<br>Lewis Brisbois Bisgaard & Smith LLP<br>24 Greenway Plaza, Suite 1400<br>Houston, TX 77046<br>(346) 241-0495<br>Fax : (713) 759-6830<br>Email: Bennett.Fisher@lewisbrisbois.com<br><br>MICHAEL D. VAGNONI<br>Obermayer Rebmann Maxwell & Hippel LLP<br>Centre Square West<br>1500 Market Street, Suite 3400<br>Philadelphia, PA 19102<br>(215) 665-3066<br>Fax : (215) 665-3165<br>Email: michael.vagnoni@obermayer.com<br><br>RAFAEL X. ZAHRALDDIN<br>Lewis Brisbois<br>500 Delaware Avenue<br>Ste 700<br>Wilmington, DE 19801<br>302-985-6004<br>Email: Rafael.Zahralddin@lewisbrisbois.com |
| 2. | **Debtor:**<br>Technovative Media, Inc.<br>2009 Chestnut Street<br>3rd Floor<br>Philadelphia, PA 19103<br>PHILADELPHIA-PA<br>Tax ID / EIN: 45-4345015 | SEAN M. BRENNECKE<br>Lewis Brisbois Bisgaard & Smith, LLP<br>500 Delaware Avenue, Suite 700<br>Wilmington, DE 19801<br>(302) 985-6009<br>Fax : (302) 985-6001<br>Email: Sean.Brennecke@lewisbrisbois.com |

|   |   |   |
|---|---|---|
|   |   | SCOTT D. COUSINS<br>1201 Orange Street<br>P.O. Box 491<br>Wilmington, DE 19899-0391<br>(302) 571-6600<br><br>BENNETT G. FISHER<br>Lewis Brisbois Bisgaard & Smith LLP<br>24 Greenway Plaza, Suite 1400<br>Houston, TX 77046<br>(346) 241-0495<br>Fax : (713) 759-6830<br>Email: Bennett.Fisher@lewisbrisbois.com<br><br>MICHAEL D. VAGNONI<br>Obermayer Rebmann Maxwell & Hippel LLP<br>Centre Square West<br>1500 Market Street, Suite 3400<br>Philadelphia, PA 19102<br>(215) 665-3066<br>Fax : (215) 665-3165<br>Email: michael.vagnoni@obermayer.com<br><br>RAFAEL X. ZAHRALDDIN<br>Lewis Brisbois<br>500 Delaware Avenue<br>Ste 700<br>Wilmington, DE 19801<br>302-985-6004<br>Email: Rafael.Zahralddin@lewisbrisbois.com |
| 3. | **Creditor:**<br>Visual Semiconductor, Inc. | Donald N. David, SBN: 304846<br>AKERMAN LLP<br>1251 Avenue of the Americas<br>37th Floor<br>New York, NY 10020<br>Telephone: (212) 880-3800<br>Facsimile: (212) 880-8965<br>Email: donald.david@akerman.com<br><br>R. Adam Swick<br>AKERMAN LLP<br>500 West 5th Street, Suite 1210<br>Austin, TX 78701<br>Telephone: (737) 999-7103<br>Facsimile: (512) 623-6701<br>Email: adam.swick@akerman.com |

| | | John H. Thompson<br>AKERMAN LLP<br>750 Ninth Street, N.W. 750<br>Washington, D.C. 20001<br>Telephone: (202) 824-1760<br>Facsimile: (202) 393-5959<br>Email: john.thompson@akerman.com |
|---|---|---|
| 4. | **Trustee:**<br>WILLIAM A. HOMONY | ANDREW J. BELLI<br>Coren & Ress, PC<br>2001 Market Street<br>Suite 3900<br>Philadelphia, PA 19103<br>215-735-8700<br>Fax : 215-735-5170<br>Email: abelli@kcr-law.com<br><br>STEVEN M. COREN<br>Kaufman, Coren & Ress, P.C.<br>TWO COMMERCE SQUARE<br>SUITE 3900<br>2001 MARKET STREET<br>Philadelphia, PA 19103-2713<br>(215) 735-8700<br>Fax : 215-735-5170<br>Email: scoren@kcr-law.com<br><br>MICHAEL D. VAGNONI<br>Obermayer Rebmann Maxwell & Hippel LLP<br>Centre Square West<br>1500 Market Street, Suite 3400<br>Philadelphia, PA 19102<br>(215) 665-3066<br>Fax : (215) 665-3165<br>Email: michael.vagnoni@obermayer.com |
| 5. | **U.S. Trustee:**<br>United States Trustee | KEVIN P. CALLAHAN<br>DOJ-Ust<br>Robert N.C. Nix Federal Building<br>900 Market Street<br>Ste. 320<br>Philadelphia, PA 19107<br>215-597-4411<br>Email: kevin.p.callahan@usdoj.gov<br><br>JOHN HENRY SCHANNE<br>DOJ-Ust<br>Office of The United States Trustee |

| | | Robert N.C. Nix Federal Building |
| | | 900 Market Street, Suite 320 |
| | | Philadelphia, PA 19107 |
| | | 202-934-4154 |
| | | Email: John.Schanne@usdoj.gov |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **Stream TV Networks, Inc.**, *et al.* | : | **Bankruptcy No. 23-10763 (AMC)** |
|  | : |  |
| Debtors. | : | **(Jointly Administered)[1]** |
|  | : |  |

## ORDER

**AND NOW,** upon consideration of the Motion of William A. Homony (the "Trustee"), in his capacity as Chapter 11 trustee of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media Inc. ("Technovative" or in conjunction with Stream, the "Debtors"), for Entry of an Order Approving a Settlement Agreement and Mutual Release with Hawk Investment Holdings, Ltd. ("Hawk"), as Collateral Agent for the secured noteholders of SeeCubic, Inc. ("SeeCubic"), Pursuant to Fed. R. Bankr. P. 9019(a) and 11 U.S.C. § 105(a) (the "Motion");[2] and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the required and necessary parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Court having determined that the relief requested is in the best interests of the Debtors, their estates,

creditors and all parties in interest; and upon all of the proceedings had before the Court and after

due deliberation and sufficient cause appearing therefor; it is hereby **ORDERED** that:

1.      The Motion is **GRANTED**.

2.      The Agreement is **APPROVED**, subject to the conditions and requirements for

effectiveness set forth therein.

3.      All objections to the Motion have been considered and are hereby overruled.

4.      The Settlement represents a valid exercise of the Trustee's business judgment,

having been informed by extensive research, investigation, and negotiation by the Trustee and

other parties in interests.

5.      Upon the entry of this Order, the proof of claim of Hawk Investment Holdings Ltd.

[Claim No. 6 on the official claims docket of Stream] shall be deemed allowed in the amount of

$180 million (subject to increase as set forth in the Agreement) with no further order of the

Bankruptcy Court necessary to effectuate the same.

6.      Upon the entry of this Order, the proofs of claim of SLS Holdings VI, LLC [Claim

No. 9 on the official claims docket of Stream and Claim No. 2 on the official claims docket of

TMI] and the proofs of claim of SeeCubic, Inc. [Claim No. 14 on the official claims docket of

Stream and Claim No. 3 on the official claims docket of TMI] shall be deemed withdrawn of record

with no further order of the Bankruptcy Court necessary to effectuate such withdrawal and SLS

Holdings VI, LLC and SeeCubic, Inc. shall not have an allowed claim against the bankruptcy

estates of the Debtors.

7.      The Settlement and Agreement are in the best interest of the Debtors' estates and

all of the Debtors' stakeholders.

4875-7966-5596 v1
318450713.5

8.      The Parties are authorized to take all actions necessary to effectuate and consummate the Agreement including, without limitation, the execution and delivery of any documents, agreements, or other instruments.

9.      This Order and the Agreement shall be binding on the Parties, the Debtors' estates, all creditors and parties-in-interest, and any trustee or plan administrator appointed in this case.

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice, service was proper and parties in interest were afforded adequate opportunity to file opposition to the Motion and appear at the Hearing, and the requirements of the Federal Rules of Bankruptcy Procedure and Local Rules of Bankruptcy Procedure are satisfied by such notice.

11.     This Court shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation of this Order and consummation of the Agreement.

**BY THE COURT:**

Date: June 6, 2024

HONORABLE ASHELY M. CHAN,
UNITED STATES BANKRUPTCY JUDGE

3

4875-7966-5596 v1
318450713.5