# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|   |   |
|---|---|
| **In re:** : | Chapter 11 |
| : |   |
| **Stream TV Networks, Inc.,** *et al*. : | Bankruptcy No. 23-10763 (AMC) |
| : | (Jointly Administered)[1] |
| **Debtors.** : |   |

## APPLICATION OF THE CHAPTER 11 TRUSTEE TO EMPLOY
## SSG ADVISORS, LLC AS INVESTMENT BANKER

William A. Homony, Chapter 11 Trustee (the "Chapter 11 Trustee") for the bankruptcy estates of Stream TV Networks, Inc. ("Stream TV") and Technovative Media, Inc. ("Technovative" or collectively with Stream TV, the "Debtors"), hereby applies to this Court pursuant to 11 U.S.C. § 327, Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania ("L.B.R.") for an order authorizing the employment of SSG Advisors, LLC, as Investment Banker to the Chapter 11 Trustee and in support thereof respectfully represents as follows:

1. On March 15, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").

2. The Court granted joint administration of the Debtors' cases on April 10, 2023.

3. No official committee has been established in these cases.

4. On January 9, 2024, the Bankruptcy Court entered an order appointing the Chapter 11 Trustee.

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

4854-4642-4790 v1
4854-4642-4790 v2

5. The Trustee desires to sell the Debtors' assets in a Section 363 sale (the "Sale").

6. The Chapter 11 Trustee desires to employ, as his Investment Banker, SSG Advisors, LLC ("SSG") to handle the marketing of the assets in contemplation of the Sale, and to perform the following services:

   a. Formulating a market strategy for a Transaction;

   b. Preparing a memorandum and presentations for use in the Transaction process;

   c. Identifying and evaluating a refined targeted list of potential strategic and/or financial acquirers ("Prospective Acquirers");

   d. Initiating contact and arranging introductions with Prospective Acquirers;

   e. Coordinating the receipt and comparison of any offers or proposals forthcoming from Prospective Acquirers;

   f. Assessing and analyzing proposed Transaction valuations, structures and related terms and conditions;

   g. Conducting an Auction, if necessary, under section 363 of the Bankruptcy Code; and

   h. Negotiating and consummating definitive agreements, including where appropriate, responding to the Companies' reasonable requests for assistance in coordinating the due diligence and transaction closing processes.

7. For the foregoing and all other necessary and proper purposes, the Chapter 11 Trustee desires to retain SSG as Investment Banker.

8. The Chapter 11 Trustee is informed and believes that SSG has the appropriate skills and personnel needed to perform the services required by this Trustee to market and sell substantially all of the Debtors' assets.

9. Other than as reflected in the Declaration of J. Scott Victor, attached hereto as Exhibit A, SSG represents that it has no connection with the Debtors or other parties-in-interest in this case, its attorneys and accountants, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee, and represents no interest adverse to the Chapter 11 Trustee or the Debtors with

respect to the services for which its engagement is being sought. The Chapter 11 Trustee submits that SSG is a "disinterested person" within the meaning of 11 U.S.C. Section 101 (14) and that its employment would be in the best interest of the Debtor's estate.

10. Subject to the Court's authorization, the Trustee requests that SSG be compensated pursuant to the terms and conditions of the Engagement Agreement (the "Agreement"), attached hereto as Exhibit B. As more fully set forth in the Agreement, SSG will be compensated and reimbursed as follows:

A. Retainer Fee: a non-refundable retainer of $100,000 payable upon the approval of SSG's formal retention by the Court (the "Retainer").

> The Retainer paid by the Chapter 11 Trustee to SSG shall be fully credited against the Transaction Fee (as defined below).

B. Sale Transaction Fee: Concurrent with and payable immediately upon the closing of a Transaction, SSG shall receive a cash fee (the "Transaction Fee") equal to the greater of $500,000 including any crediting of the Retainer Fee (the "Minimum Transaction Fee"), or:

1. 5.0% of the Aggregate Transaction Value (as defined in the Agreement) greater than $150 million but less than $200 million, plus

2. 20% of the Aggregate Transaction Value (as defined in the Agreement) greater than $200 million but less than $225 million; plus

3. 10% of the Aggregate Transaction Value (as defined in the Agreement) greater than $225 million.

C. All reasonable out-of-pocket expenses incurred by SSG.

11. The Chapter 11 Trustee respectfully submits that the rates and charges set forth above are reasonable and should be approved under section 328(a) of the Bankruptcy Code, which specifically authorizes compensation of a professional person on a "fixed or percentage fee" basis. 11 U.S.C. § 328(a). The compensation terms negotiated with SSG were the result of arm's length negotiations, and the Chapter 11 Trustee believes such terms are fair and reasonable.

12. Due to the transactional fee structure of the engagement, requiring SSG to file periodic fee applications pursuant to sections 330 and 331 of the Bankruptcy Code and in compliance with Bankruptcy Rule 2016 and Local Rule 2016-1 is unnecessary. SSG will not be compensated based upon time and effort expended, but instead, on fixed amounts as set forth above and in the Agreement. Given the transactional nature of SSG's engagement, the Chapter 11 Trustee submits that recording and submission of detailed time entries for services rendered in this case is unnecessary and would be unduly burdensome to SSG. In addition, investment bankers generally are not compensated based on hours devoted to their services, and instead are compensated based on fee structures similar to the one proposed in this case. Accordingly, the Chapter 11 Trustee requests that the requirements of Local Rule 2016-1 be waived.

13. Under the circumstances, it is appropriate and reasonable for SSG to be compensated pursuant to the terms of the Agreement without being required to file interim fee applications as contemplated by sections 330 and 331 of the Bankruptcy Code. SSG will, however, file a final fee application that sets forth a summary of all fees earned and expenses reimbursed in this case.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Chapter 11 Trustee requests that this Court enter an Order Authorizing the Chapter 11 Trustee to Employ SSG Advisors, LLC as Investment Banker and to perform the services as set forth above and in the Agreement.

Respectfully submitted,

Dated: August 14, 2024

By: _____
William A. Homony, Chapter 11 Trustee
1628 John F. Kennedy Boulevard
Suite 950
Philadelphia, PA 19103
Phone: (215) 561-0950
*Chapter 11 Trustee*
*For the Stream TV Networks, Inc. and Technovative Media, Inc. Bankruptcy Estates*