IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| **Stream TV Networks, Inc.,** *et al.* | Bankruptcy No. 23-10763 (AMC) |
| | (Jointly Administered)[1] |
| Debtors. | |

**MOTION OF WILLIAM A. HOMONY IN HIS CAPACITY
AS CHAPTER 11 TRUSTEE FOR ENTRY OF AN ORDER: (I) GRANTING
EXPEDITED CONSIDERATION, SHORTENED TIME AND LIMITED NOTICE; (II)
QUASHING SUBPOENA; (III) ENTERING A PROTECTIVE ORDER;
AND (IV) GRANTING RELATED RELIEF**

William A. Homony, in his capacity as Chapter 11 trustee (the "Trustee") of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative" or when referred to in conjunction with Stream, the "Debtors"), by and through his counsel, files this Motion for Entry of an Order: (i) Granting Expedited Consideration, Shortened Time and Limited Notice; (ii) Quashing Subpoena; (iii) Entering a Protective Order; and (iv) Granting Related Relief (the "Motion"), and in support thereof, respectfully avers as follows:

**I.   JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b) as this matter arises in, under, and is related to a bankruptcy case.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal bases for the relief requested in this Motion are section 105(a) of the Federal Bankruptcy Code (the "Bankruptcy Code"); Federal Rules of Bankruptcy

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

Procedure (the "Bankruptcy Rules") 7026 and 9016; Federal Rules of Civil Procedure (the "Federal Rules") 26 and 45; Federal Rules of Evidence 501 and 1101, and applicable state law.

## II. BACKGROUND

4. On March 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

5. On April 6, 2023, Hawk Investment Holdings, Ltd. ("Hawk"), a secured creditor of the Debtors, filed a motion pursuant to sections 1112/1104 of the Bankruptcy Code, seeking dismissal or conversion of the Debtors' cases, or, alternatively, the appointment of a Chapter 11 trustee pursuant to section 1104(a) of the Bankruptcy Code (the "1112/1104 Motion") (D.I. #94).

6. On January 5, 2024, the Court entered a memorandum and order, which, among other things, granted the 1112/1104 Motion with respect to the appointment of a Chapter 11 trustee (the "Trustee Order" and "Trustee Memorandum") (D.I. #549 and #548, respectively).

7. On January 9, 2024, the Office of the United States Trustee filed a notice of appointment of William A. Homony to serve as the Chapter 11 trustee as well as an Application for the entry of an Order approving the appointment of the Trustee (D.I. #554 and #553, respectively), and, on January 12, 2024, the Bankruptcy Court entered an Order Approving the Appointment of the Trustee (D.I. #558).

8. On May 6, 2024, the Trustee filed a motion pursuant to section 9019(a) of the Bankruptcy Code (the "9019 Motion") seeking approval of a settlement agreement with Hawk as collateral agent for itself and other secured creditors (D.I. #360).

9. This Court, having made its own exhaustive review of the myriad of filings in the bankruptcy case, in the Delaware Court of Chancery, and in the Delaware Supreme Court, and having heard the testimony of the Trustee and examined his compliance with the *Martin* factors,

approved the 9019 Motion (D.I. # 653) (the "9019 Approval Order").

10. On May 30, 2024, the Trustee filed a Motion for Entry of an Order Enforcing the Automatic Stay and Compelling Turnover of Estate Property (the "Stay Violation Motion") from Visual Semiconductor, Inc. ("VSI") (D.I. #646).

11. On June 18, 2024, VSI filed an objection to the Stay Violation Motion (the "Objection") (D.I. # 678).

12. The Stay Violation Motion is a contested matter Federal Rule of Bankruptcy Procedure 9014, to which the rules for adversary proceedings apply.

13. On June 20, 2024, VSI filed a Motion to Reconsider the entry of the 9019 Approval Oder (D.I. # 686) (the "Motion to Reconsider") but did not file or serve a notice of the Motion to Reconsider until July 10, 2024 (D.I. # 703).

14. On July 5, 2024, the Trustee filed opposition to the Motion to Reconsider (D.I. # 700).

15. On July 22, 2024, VSI purported to serve, by e-mail, an unsigned Subpoena Duces Tecum for Rule 2004 Examination with no return date in connection with the Stay Violation Motion and the Motion to Reconsider.

16. Counsel to the Trustee met and conferred with counsel to VSI and informed counsel to VSI that a Rule 2004 examination is not appropriate in connection with a contested matter.

17. On July 26, 2024, VSI filed a Notice of Oral Deposition Subpoena Duces Tecum for the Trustee, seeking the deposition of the Trustee on August 9, 2024, and the production of certain documents relating to the 9019 Motion, the Settlement with Hawk, and Stay Violation Motion (D.I. #712).

18. On August 14, 2024, the Trustee filed an Application to Employ SSG Advisors, LLC ("SSG") as an Investment Banker to the Trustee (the "Application to Employ SSG") (D.I. #715).

19. Thereafter, on August 24, 2024, VSI filed an Amended Notice of Oral Deposition Subpoena Duces Tecum for the Trustee, seeking the deposition of the Trustee on September 3, 2024, and the production of certain documents relating to the 9019 Motion, the Settlement with Hawk, the Stay Violation Motion, and the Application to Employ SSG (the "Subpoena") (D.I. #718).

20. VSI's efforts to date, including the various discovery requests, are indicative of its ultimate goal – to delay the Debtors' Chapter 11 cases and prevent the sale of the Debtors' assets to anyone other than VSI.

21. The Trustee now seeks to withdraw, without prejudice, the Stay Violation Motion, which will render the majority of information sought by the Subpoena irrelevant and outside the scope of discovery.

22. Pursuant to Bankruptcy Rule 7041 made applicable to the Stay Violation Motion by Bankruptcy Rule 9014, counsel to the Trustee requested VSI's consent to withdraw the Stay Violation Motion without prejudice, which request was denied by counsel to VSI.

23. Additionally, to address VSI's questions with respect to the Application to Employ SSG, who has retained its own counsel, the Trustee has offered to make a representative of SSG available to VSI for a deposition.

24. To the extent the Subpoena seeks information and documents concerning the settlement with Hawk and the 9019 Motion, that information and those documents are irrelevant to the only ground cited in Motion to Reconsider; that two (2) alleged misstatements were made

4

on the record which VSI states, in conclusory fashion, constitutes new evidence and should be grounds for reconsideration.

25. As such, the Subpoena must be quashed as it was improperly issued[2], falls well outside the scope of Rules 26, is overbroad, is intended to harass and delay, is burdensome, and seeks the production of documents that are irrelevant to the pending motions and outside the scope of discovery.

26. Further, because the information the Subpoena seeks is irrelevant and the Subpoena is only intended to harass and delay, good cause exists to issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to prevent the Trustee from having to comply with the Subpoena and appear for a deposition on September 3, 2024.

27. To the extent that the Bankruptcy Court finds that the Subpoena and/or Notices of Deposition are relevant on some level, counsel to the Trustee is not available on September 3, 2024, and request a new date convenient to all parties for the Trustee's deposition in connection with the Application to Employ SSG.

### III. RELIEF REQUESTED

**A. The Subpoena Must be Quashed as It Seeks Discovery Outside the Scope of Rules 26 and 45.**

28. Pursuant to Federal Rule of Civil Procedure 45, as made applicable by Bankruptcy Rule 9016, a subpoenaed party may seek to quash a subpoena. Fed. R. Civ. P. 45; *New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc.*, No. 98–775, 2000 WL 62315, at *4 (E.D. Pa. Jan. 13, 2000).

29. Parties may also move to quash subpoenas to challenge the "relevance of the information sought" by the subpoenas. *ExteNet Sys., Inc. v. Twp. of N. Bergen*, No. CV2015098MCAMAH, 2021 WL 5782977, at *2 (D.N.J. Dec. 7, 2021).

---

[2] Discovery sought from a party in a contested matter must be sought by proceeding under the discovery rules.

5

30. Federal Rule of Civil Procedure 26(b), as made applicable by Bankruptcy Rule 7026, limits the scope of discovery.

31. Rule 26 specifically provides that:

> **Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defenses and proportional to the need of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

Fed. R. Civ. P. 26(b)(1).

32. Under Federal Rule 45(d)(3), the subpoenaing party must demonstrate that it seeks "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Saller v. QVC, Inc.*, Civil Action No. 15-2279, *6-9 (E.D. Pa. Jun. 24, 2016).

33. The Subpoena fails to meet every one of the parts outlined in Rule 26, made applicable to contested matters by Bankruptcy Rule 7026.

34. VSI has not and cannot show that the production of the documents and/or testimony requested by the Subpoena is relevant to any claims or defenses.

35. Indeed, the majority of topics and documents the Subpoena covers relate directly to the Stay Violation Motion, which the Trustee seeks to withdraw without prejudice.

36. Due to the Trustee's intent to withdraw the Stay Violation Motion, the majority of the information sought by the Subpoena is no longer relevant and outside the scope of discovery.

37. This is true for both the Trustee's deposition and the documents sought.

38. Further, to the extent the Subpoena seeks information and documents concerning the settlement with Hawk and the 9019 Motion, that information and those documents are irrelevant and beyond the scope of discovery as the Court approved the 9019 Motion and the Settlement with Hawk when it entered the 9019 Approval Order.

39. Courts have found blanket requests to a non-party for "all documents and communications referring or relating to" a particular subject to be impermissibly broad, as opposed to requests for specific categories of documents. *Saller v. QVC, Inc.* at *10-*11.

40. Here, the Subpoena repeatedly seeks "All documents and communications" on various subjects without limitation; such demands are inherently overbroad.

41. VSI seeks to go on a fishing expedition through the Trustee's documents and communications without any limitation.

42. Such a voluminous production will undoubtedly contain thousands of irrelevant documents, which VSI is well aware of.

43. Moreover, with respect to the information VSI seeks concerning SSG, the Trustee has repeatedly stated that it will make a representative of SSG available to be deposed by VSI.

44. Nevertheless, VSI remains intent on seeking such information from the Trustee to make the process as burdensome as possible.

45. To the extent VSI seeks information from or concerning SSG, the proper course of action would be for VSI to seek such information from SSG directly – an option it has been offered.

46. Clearly, VSI's goal with the Subpoena is to be allowed to dig through irrelevant documents of the Trustee in an effort to harass and preoccupy the Trustee and ultimately further delay the Debtors' Chapter 11 proceedings and the sale of the Debtors' assets.

47. Therefore, the Subpoena must be quashed as it falls well outside the scope of Rules 26 and 45, is overbroad, is intended to harass and delay, is burdensome, and seeks the production of documents that are irrelevant and outside the scope of discovery.

**B.   A Protective Order Must be Issued to Prevent the Trustee from Having to Comply with the Subpoena.**

48. Additionally, the Trustee asks that the Court issue a protective order to prevent him from having to comply with the Subpoena and appear for a deposition on September 3, 2024.

49. Pursuant to Federal Rule of Civil Procedure 26(c)(1), a "court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1).

50. "A party seeking a protective order over discovery materials must demonstrate that 'good cause' exists for the protection of that material." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995); *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 175 (E.D. Pa. 2004); *In re Nat'l Med. Imaging, L.L.C.*, No. 05-12714DWS, 2005 WL 3299712, at *1 (Bankr. E.D. Pa. Oct. 31, 2005).

51. Good cause is shown "by demonstrating a particular need for protection." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986).

52. To determine whether good cause exists, courts must balance the requesting party's need against the injury that may result. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).

53. "Broad allegations of harm, unsubstantiated by specific examples or articulable reasoning, do not satisfy the Rule 26(c) test." *Cipollone*, 785 F.2d at 1121.

54. Courts have held that "[i]rrelevancy satisfies the good cause requirement." *McCurdy v. Wedgewood Capital Mgmt Co.*, No. 97-4304, U.S. Dist. LEXIS 18875, at *13 (E.D. Pa. Nov. 16, 1998).

55. As discussed above, due to the Trustee's intent to withdraw the Stay Violation Motion, the information sought by the Subpoena is irrelevant and outside the scope of discovery.

56. Information and documents concerning the settlement with Hawk and the 9019 Motion, are also irrelevant - that information and those documents are irrelevant to the only ground cited in Motion to Reconsider; that two (2) alleged misstatements were made on the record which VSI states, in conclusory fashion, constitutes new evidence and should be grounds for reconsideration.

57. Further, good cause exists for a protective order to be issued because, as discussed above, the Subpoena is intended to harass and preoccupy the Trustee - ultimately further delaying the Debtors' Chapter 11 proceedings and the sale of the Debtors' assets.

58. Therefore, as the information the Subpoena seeks is irrelevant and the Subpoena is only intended to harass and delay, a protective order should be issued pursuant to Federal Rule of Civil Procedure 26(c) to prevent the Trustee from having to comply with the Subpoena and appear for a deposition on September 3, 2024.

### IV.     REQUEST FOR EXPEDITED CONSIDERATION

59. In accordance with L.B.R. 5070-1(f) and 9014-1, the Trustee seeks expedited consideration of the Motion. The Trustee requests approval of the request for expedited consideration pursuant to L.B.R. 9014-2.

60. Pursuant to L.B.R. 5070-1(f)(3), this request for expedited consideration may be stated as part of the Motion.

61. The Trustee respectfully submits that expedited consideration of the Motion is required because, per the Subpoena, the Trustee's deposition is currently scheduled for September 3, 2024, only four (4) days from now.

62. In addition, on August 29, 2024, the undersigned sent an e-mail to counsel to VSI and the Office of the United States Trustee pursuant to L.B.R. 5070-1(f)(1). VSI's counsel declined to respond to the Trustee's consultation until they better understood the scope and specific purpose for the Motion. The Office of the United States Trustee does not oppose the request for expedited consideration.

63. The Trustee further believes that an expedited hearing will not prejudice VSI or any of the Debtors' creditors and is, in fact, in the best interest of the creditors.

64. The Trustee is seeking to shorten notice of this Motion such that it will be heard on the earliest date available on the Court's calendar.

65. Furthermore, the Trustee also requests (a) that this Court permit notice of the hearings to be served facsimile, hand delivery, next day mail, or by electronic means upon (i) the Office of the United States Trustee; (ii) to VSI; and (iii) all parties who have timely filed requests for notice under Bankruptcy Rule 2002, and (b) that this Court limit the notice period accordingly.

66. The Trustee believes that such notice is sufficient under the circumstances for the expedited hearing.

67. Reduction of the time periods in question is not prohibited under Fed. R. Bankr. P. 9006(c)(2) and the rules listed therein.

**V.    CONCLUSION**

**WHEREFORE**, for the reasons set forth herein, the Trustee respectfully requests that the Court: (i) grant the relief requested in this Motion and enter the Proposed Order quashing the

10

Subpoena and issuing a protective order pursuant to Federal Rule of Civil Procedure 26(c) to prevent the Trustee from having to comply with the Subpoena and appear for a deposition on September 3, 2024; and (ii) grant such other and further relief as is just and proper.

        Respectfully submitted,

        */s/ Michael D. Vagnoni*
        Edmond M. George, Esquire
        Michael D. Vagnoni, Esquire
        Obermayer Rebmann Maxwell & Hippel LLP
        Centre Square West
        1500 Market Street, Suite 3400
        Philadelphia, PA 19102
        Telephone: (215) 665-3066
        Facsimile: (215) 665-3165
        E-mail addresses:
        edmond.george@obertmayer.com
        michael.vagnoni@obermayer.com
        *Counsel to William Homony, Chapter 11 Trustee*

        and

        Steven M. Coren, Esquire
        Andrew J. Belli, Esquire
        COREN & RESS, P.C.
        Two Commerce Square
        2001 Market Street, Suite 3900
        Philadelphia, PA 19103
        Tel: (215) 735-8700
        Fax: (215) 735-5170
        scoren@kcr-law.com
        abelli@kcr-law.com
        *Special Counsel to William Homony, Chapter 11 Trustee*

Dated: August 29, 2024

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| **Stream TV Networks, Inc.,** *et al.* | : | Bankruptcy No. 23-10763 (AMC) |
|  | : | (Jointly Administered)[1] |
| **Debtors.** | : |  |
|  | : |  |

**ORDER SCHEDULING EXPEDITED CONSIDERATION, SHORTENED TIME, AND LIMITED NOTICE FOR ENTRY OF AN ORDER: (I) GRANTING EXPEDITED CONSIDERATION, SHORTENED TIME, AND LIMITED NOTICE; (II) QUASHING SUBPOENA; (III) ENTERING A PROTECTIVE ORDER; AND (IV) GRANTING RELATED RELIEF**

AND NOW, this _____ day of _____, 2024, upon consideration of the Motion of William A. Homony (the "Trustee"), in his capacity as Chapter 11 trustee of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative") (when referred to with Stream, the "Debtors"), for Entry of an Order: (i) Granting Expedited Consideration, Shortened Time and Limited Notice; (ii) Quashing Subpoena; (iii) Entering a Protective Order; and (iv) Granting Related Relief (the "Motion") [2], and cause therefore having been demonstrated, it is hereby **ORDERED** as follows:

1. The Trustee's request for an expedited hearing, shortened time, and limited notice on the Motion is **GRANTED**.

2. A hearing to consider the Motion is scheduled for _____, 2024 _____ a.m./p.m. before the Honorable _____ in the United States Bankruptcy Court, Robert N.C. Nix Courthouse, 900 Market Street, Second Floor, Courtroom No.

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).
[2] Capitalized terms used in this Order but not defined herein shall have the meanings ascribed to such terms in the Motion.

1

_____. Any objection to the Motion must be filed with the Clerk of the Bankruptcy Court and serviced upon counsel for the Trust listed in the Motion and counsel to (i) the United States Trustee, Office of The United States Trustee, Robert NC Nix, Sr. Federal Building, 900 Market Street, Suite 320, Philadelphia, PA 19107 and (ii) all parties in interest requesting notice in the above captioned Bankruptcy Case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure on or before _____, 2024.

      3.    A copy of this Order shall be served by counsel for the Trust on or before _____, 2024, at _____ a.m./p.m. by facsimile, hand delivery, next day mail or by electronic means upon (i) the Office of the United States Trustee; (ii) counsel to Centers for Visual Semiconductor, Inc. ("VSI"); and (iii) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedures.

      4.    If notice is given in the manner provided above, said notice shall be sufficient and proper and in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and the Local Rules of this Court.

      BY THE COURT:

_____
Honorable
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| Stream TV Networks, Inc., *et al*. | Bankruptcy No. 23-10763 (AMC) |
| | (Jointly Administered)[1] |
| Debtors. | |

**ORDER GRANTING MOTION OF WILLIAM A. HOMONY IN HIS CAPACITY AS CHAPTER 11 TRUSTEE FOR ENTRY OF AN ORDER: (I) GRANTING EXPEDITED CONSIDERATION, SHORTENED TIME AND LIMITED NOTICE; (II) QUASHING SUBPOENA; (III) ENTERING A PROTECTIVE ORDER; AND (IV) GRANTING RELATED RELIEF**

AND NOW, this _____ day of _____, 2024, upon consideration of the Motion of William A. Homony (the "Trustee"), in his capacity as Chapter 11 trustee of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative") (when referred to with Stream, the "Debtors"), for Entry of an Order: (i) Granting Expedited Consideration, Shortened Time and Limited Notice; (ii) Quashing Subpoena; (iii) Entering a Protective Order; and (iv) Granting Related Relief (the "Motion")[2], and cause therefore having been demonstrated, it is hereby

**ORDERED** that the Trustee's Motion is hereby **GRANTED**;

**ORDERED** that the Subpoena is **QUASHED**; and it is further

**REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK**

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

[2] Capitalized terms used in this Order but not defined herein shall have the meanings ascribed to such terms in the Motion.

1

**ORDERED** that a protective order is hereby issued preventing the Trustee from having to comply with the Subpoena and appear for a deposition on September 3, 2024.

BY THE COURT

_____
Honorable
United States Bankruptcy Judge

cc:  Attached service list.

2