# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **Stream TV Networks, Inc.,** *et al.* | : | Bankruptcy No. 23-10763 (AMC) |
| | : | (Jointly Administered)[1] |
| Debtors. | : | |
| | : | |

## MOTION OF WILLIAM A. HOMONY IN HIS CAPACITY AS CHAPTER 11 TRUSTEE FOR ENTRY OF AN ORDER: (I) GRANTING EXPEDITED CONSIDERATION, SHORTENED TIME, AND LIMITED NOTICE; AND (II) FOR AUTHORITY TO WITHDRAW THE TRUSTEE'S MOTION FOR ENTRY OF AN ORDER ENFORCING THE AUTOMATIC STAY AND COMPELLING TURNOVER OF ESTATE PROPERTY (D.I. # 646) WITHOUT PREJUDICE

William A. Homony (the "Trustee"), in his capacity as Chapter 11 trustee of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative" or in conjunction with Stream, the "Debtors"), by and through his counsel, files this Motion for Entry of an Order: (i) Granting Expedited Consideration, Shortened Time and Limited Notice; and (ii) for Authority to Withdraw Without Prejudice the Trustee's Motion for Entry of an Order Enforcing the Automatic Stay and Compelling Turnover of Estate Property Without Prejudice (the "Stay Violation Motion") from Visual Semiconductor, Inc. ("VSI") (D.I. #646) (the "Motion"), and in support thereof, respectfully avers as follows:

### I. JURISDICTION AND VENUE

1.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b) as this matter arises in, under, and is related to a bankruptcy case.

2.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

1

3. The statutory and legal bases for the relief requested in this Motion are section 105(a) of the Federal Bankruptcy Code (the "Bankruptcy Code"); Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 7041 and 9014; Federal Rule of Civil Procedure (the "Federal Rule") 41; and applicable state law.

## II. BACKGROUND

4. On March 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.

5. On April 6, 2023, Hawk Investment Holdings, Ltd. ("Hawk"), a secured creditor of the Debtors, filed a motion pursuant to sections 1112/1104 of the Bankruptcy Code, seeking dismissal or conversion of the Debtors' cases, or, alternatively, the appointment of a Chapter 11 trustee pursuant to section 1104(a) of the Bankruptcy Code (the "1112/1104 Motion") (D.I. #94).

6. On January 5, 2024, the Court entered a memorandum and order, which, among other things, granted the 1112/1104 Motion with respect to the appointment of a Chapter 11 trustee (the "Trustee Order" and "Trustee Memorandum") (D.I. #549 and #548, respectively).

7. On January 9, 2024, the Office of the United States Trustee filed a notice of appointment of William A. Homony to serve as the Chapter 11 trustee as well as an Application for the entry of an Order approving the appointment of the Trustee (D.I. #554 and #553, respectively), and, on January 12, 2024, the Bankruptcy Court entered an Order Approving the Appointment of the Trustee (D.I. #558).

8. On May 6, 2024, the Trustee filed a motion pursuant to section 9019(a) of the Bankruptcy Code (the "9019 Motion") seeking approval of a settlement agreement with Hawk as collateral agent for itself and other secured creditors (D.I. #360).

9. This Court, having made its own exhaustive review of the myriad of filings in the

2

bankruptcy case, in the Delaware Court of Chancery, and in the Delaware Supreme Court, and having heard the testimony of the Trustee and examined his compliance with the *Martin* factors, approved the 9019 Motion (D.I. # 653) (the "9019 Approval Order").

10. The Court granted the 9019 Motion and approved the settlement contained therein, and, on June 6, 2024, entered the Order Approving 9019 Motion (D.I. # 653) (the "9019 Approval Order").

11. On May 30, 2024, the Trustee filed a Motion for Entry of an Order Enforcing the Automatic Stay and Compelling Turnover of Estate Property (the "Stay Violation Motion") from Visual Semiconductor, Inc. ("VSI") (D.I. #646).

12. On June 18, 2024, VSI filed an objection to the Stay Violation Motion (the "Objection") (D.I. # 678).

13. The Trustee now seeks to withdraw the Stay Violation Motion for numerous reasons including, but not limited to: (i) VSI's commitment not to interfere with the Debtors' property, (ii) the limited funds in the Debtors' bankruptcy estates, and (iii) the fact that the Trustee is currently engaged in the sale process of the Debtors' assets.

14. Indeed, the withdrawal of the Stay Violation Motion will save the Debtors' bankruptcy estates significant funds that would otherwise be spent litigating the Stay Violation Motion and allow the Trustee to focus on the sales process.

15. To this extent, as the Objection was filed, the Trustee's counsel reached out to VSI's counsel seeking VSI's consent to withdraw the Stay Violation Motion.

16. In response, VSI indicated that it would not consent to the withdrawal of the Stay Violation Motion. True and correct copies of my communications with VSI's counsel are attached as **Exhibit "A"** hereto.

17. As such, the Trustee now files the instant Motion seeking the entry of an order withdrawing the Stay Violation Motion.

## III. RELIEF REQUESTED

18. Federal Rule of Bankruptcy Procedure 7041, as made applicable to contested motions by Federal Rule of Bankruptcy Procedure 9014, provides a roadmap for a movant who determines not to go forward with a motion. *See*, Fed. R. Bankr. P. 7041, 9014(c).

19. In turn, Federal Rule of Bankruptcy Procedure 7041 makes Federal Rule 41 applicable in bankruptcy proceedings, specifically in contested matters such as motions. *See*, Fed. R. Bankr. P. 7041.

20. Under Federal Rule 41, a movant can only withdraw a motion without a court order before opposition is filed or, if opposition has been filed, with a stipulation signed by all parties. *See*, Fed. R. Civ. P. 41(a)(1)(A)(i), (a)(2); *see also*, *In re Nationwide Sports Distributors, Inc.*, 227 B.R. 455, 462 n.3 (Bankr. E.D. Pa. 1998).

21. As such, where opposition has been filed to a motion, and all parties will not stipulate to the motion's withdrawal, a movant must seek a court order to withdraw the motion in question. § 6:17.20. Withdrawal of motion, 1 Bankruptcy Litigation § 6:17.20; *In re Morrison*, 375 B.R. 179, 187 (Bankr. W.D. Pa. 2007).

22. Here, the Trustee has determined, as an exercise of his sound business judgment, to withdraw the Stay Violation Motion without prejudice for numerous reasons including, but not limited to: (i) the limited funds in the Debtors' bankruptcy estates, and (ii) the fact that the Trustee is currently engaged in the sale process of the Debtors' assets.

23. The withdrawal of the Stay Violation Motion will save the Debtors' bankruptcy estates significant funds that would otherwise be spent litigating the Stay Violation Motion and allow the Trustee to focus on the sale process.

24. VSI's refusal to consent to the withdrawal of the Stay Violation Motion is unfounded, as VSI will not be prejudiced by the withdrawal in any way.

25. The Trustee asserts that VSI will benefit from the withdrawal of the Stay Violation Motion as it will remove the need for VSI to take the deposition of the Trustee currently scheduled for September 3, 2024, and save VSI the associated legal fees.[2]

26. Further, VSI has not asserted any counterclaims or cross-motions against the Trustee or the Debtors in response to the Stay Violation Motion; therefore, the withdrawal allows VSI to essentially accomplish what it seeks in its opposition to the Stay Violation Motion.

27. Clearly, by refusing to consent to the withdrawal of the Stay Violation Motion, VSI seeks to further its goal of preoccupying the Trustee and ultimately further delay the Debtors' Chapter 11 proceedings and the sale of the Debtors' assets.

28. The Trustee seeks the withdrawal of the Stay Violation Motion without prejudice, as provided in Federal Rule 41. *See*, Fed. R. Civ. P. 41.

29. Therefore, for all the above-stated reasons, it is respectfully submitted that the Court should enter an order pursuant to Federal Rules of Bankruptcy Procedure 7041 and 9014 and Federal Rule 41 withdrawing the Stay Violation Motion without prejudice.

---

[2] Concurrently with the Motion, the Trustee files a Motion for Entry of an Order: (i) Granting Expedited Consideration, Shortened Time and Limited Notice; (ii) Quashing Subpoena; (iii) Entering a Protective Order; and (iv) Granting Related Relief seeking to prevent the Trustee from having to comply with the Subpoena issued on July 26, 2024 (D.I. #712), and amended on August 24, 2024 (D.I. #718), and appear for a deposition on September 3, 2024.

## IV.   REQUEST FOR EXPEDITED CONSIDERATION

30. In accordance with L.B.R. 5070-1(f) and 9014-1, the Trustee seeks expedited consideration of the Motion. The Trustee requests approval of the request for expedited consideration pursuant to L.B.R. 9014-2.

31. Pursuant to L.B.R. 5070-1(f)(3), this request for expedited consideration may be stated as part of the Motion.

32. The Trustee respectfully submits that expedited consideration of the Motion is required because VSI intends to take the Trustee's deposition in connection with the Stay Violation Motion on September 3, 2024, only five (5) days from now, and the Trustee is currently engaged in the sale process of the Debtors' assets.

33. In addition, on August 29, 2024, the undersigned sent an e-mail to counsel to VSI and the Office of the United States Trustee pursuant to L.B.R. 5070-1(f)(1). VSI's counsel declined to respond to the Trustee's consultation until they better understood the scope and specific purpose for the Motion. The Office of the United States Trustee does not oppose the request for expedited consideration.

34. The Trustee further believes that an expedited hearing will not prejudice VSI or any of the Debtors' creditors and is, in fact, in the best interest of the creditors.

35. The Trustee is seeking to shorten notice of this Motion such that it will be heard on the earliest date available on the Court's calendar.

36. Furthermore, the Trustee also requests (a) that this Court permit notice of the hearings to be served facsimile, hand delivery, next day mail, or by electronic means upon (i) the Office of the United States Trustee; (ii) to VSI; and (iii) all parties who have timely filed requests for notice under Bankruptcy Rule 2002, and (b) that this Court limit the notice period accordingly.

37. The Trustee believes that such notice is sufficient under the circumstances for the expedited hearing.

38. Reduction of the time periods in question is not prohibited under Fed. R. Bankr. P. 9006(c)(2) and the rules listed therein.

## V. CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Trustee respectfully requests that the Court: (i) grant the relief requested in this Motion and enter the Proposed Order granting the Trustee the authority to withdraw the Stay Violation Motion without prejudice; and (ii) grant such other and further relief as is just and proper.

Respectfully submitted,

*/s/ Michael D. Vagnoni*
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3066
Facsimile: (215) 665-3165
edmond.george@obertmayer.com
michael.vagnoni@obermayer.com
*Counsel to William Homony, Chapter 11 Trustee*

and

Steven M. Coren, Esquire
Andrew J. Belli, Esquire
COREN & RESS, P.C.
Two Commerce Square
2001 Market Street, Suite 3900
Philadelphia, PA 19103
Tel: (215) 735-8700
Fax: (215) 735-5170
scoren@kcr-law.com
abelli@kcr-law.com
*Special Counsel to William Homony, Chapter 11 Trustee*

Dated: August 29, 2024