# EXHIBIT "A"

**Vagnoni, Michael**

---

**From:** john.thompson@akerman.com <john.thompson@akerman.com>
**Sent:** Wednesday, August 28, 2024 7:54 PM
**To:** Vagnoni, Michael <Michael.vagnoni@obermayer.com>; George, Edmond <Edmond.George@obermayer.com>
**Cc:** SCoren@kcr-law.com; ABelli@kcr-law.com; adam.swick@akerman.com
**Subject:** RE: SSG deposition

Michael:

Following up on your offer, Ed's availability and Adam's requests below, please let us know if we can schedule and in-person meeting tomorrow afternoon to discuss VSI's proposal and the expression of interest we sent you. We are all experienced and skilled practitioners, real financial resources are available here, and time is of the essence, so I am quite certain we can get to a positive and workable solution if we all work together in good faith.

With respect to the open discovery issues and motions practice, we are untroubled with the merits of the Trustee's Motion to enforce the automatic stay, but we remain concerned about a number of the allegations in the Motion as well as the Trustee's factual predicate for making such allegations. As such, unless we can reach an agreement, we are not interested in the Trustee's withdrawal of his Motion without prejudice nor any associated effort to narrow the scope of his deposition or production of documents. Accordingly, we do not consent to its withdrawal without prejudice. Of course, if we can get to deal, we would expect to resolve all of our respective motions practice and suspend the associated discovery. If such a deal proves impossible, we need to move forward with the discovery promptly. This includes the Trustee's deposition in advance of any hearing – on the SSG retention or otherwise. With regard to the SSG deposition, we are flexible for any of September 4, 5, 6, 9, 10 & 11, but we will need to take the Trustee's deposition as well on one of those dates. We have a call scheduled to confer with SSG's counsel to set the deposition date for their representative.

Finally, yes, it is the same Andy Dupre that represented StreamTV and the Rajan brothers in connection with the Hawk Parties' efforts to steal the company, including the Hawk Parties' unlawful effort to conduct an Article 9 sale of the company in violation of the unambiguous language in its charter and the governing law of Delaware (which was made clear by the Delaware Supreme Court's unanimous decision reversing the Chancery Court). Andy joined our firm about six weeks ago, and he has not been involved in this matter in any manner. We were and are providing the Trustee notice that Andy is now a member of our firm. While we believe it to be unnecessary, in an abundance of caution, we implemented an ethical wall to restrict Andy from this matter.

From our first communication, Adam and I offered ourselves and our client's proposal to you and the Trustee in full candor, good will, and in an earnest effort to achieve a beneficial outcome for all stakeholders in this case. We only ask that the Trustee reciprocate through serious consideration of VSI's offer and expression of interest and good faith negotiation with respect to the same. To that end, we look forward to hearing from you in short order regarding the meeting you propose below.

Thank you,
John

**John Thompson**
Partner
Akerman LLP | 750 Ninth Street, N.W., Suite 750 | Washington, D.C. 20001
D: 202 824 1760 | C: 202 302 0646
john.thompson@akerman.com