IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **In re:** | : | Chapter 11 |
|  | : |  |
| **Stream TV Networks, Inc., *et al*.** | : | Bankruptcy No. 23-10763 (AMC) |
|  | : | (Jointly Administered)[1] |
| **Debtors.** | : |  |
|  | : |  |

## **AMENDED DECLARATION OF PROPOSED INVESTMENT BANKER**

I, J. Scott Victor, being duly sworn deposes and says:

1. I am Founding Partner and Managing Director at SSG Advisors, LLC ("SSG"), whose offices are located at 300 Barr Harbor Drive, Suite 420, West Conshohocken, PA 19428 and I am authorized to take this Amended Declaration on their behalf.

2. To the best of my knowledge, information and belief, neither I nor SSG represents an interest materially adverse to Stream TV Networks, Inc. or Technovative Media, Inc. (collectively, the "Debtors") with respect to the matters upon which I will be engaged and I am a disinterested person as set forth in Sections 101(14) and 327 of the Bankruptcy Code.

3. SSG does not hold or represent an interest adverse to the Chapter 11 Trustee, the Debtors or their estates. In order to make such a determination, I caused a search of SSG's client files to be performed upon the parties set forth on **Exhibit A** to this Amended Declaration, which include the Chapter 11 Trustee; the Debtors; the members and managers of the Debtors; the officers and professionals of the Debtors; and all parties on the Debtors' Matrix List of Creditors or Amended Matrix List of Creditors. Based upon this information, SSG has no connection with the Chapter 11 Trustee, the Debtors, their creditors or any parties in interest, or their respective attorneys or accountants, or the U.S. Trustee or any person employed in the Office of the U.S. Trustee, except as follows:

   a. On July 26, 2022, SSG was contacted by K&L Gates LLP ("K&L Gates"), counsel for Hawk Investment Holdings Ltd. ("Hawk"), regarding a potential engagement for the marketing and sale of television technology and related assets. An introductory call between SSG and K&L Gates was held on July 27, 2022 and SSG subsequently delivered a pitch-book presentation to K&L Gates on July 28, 2022. SSG delivered a draft engagement letter to K&L Gates on August 1, 2022, and held an introductory kick-off call with K&L Gates, SeeCubic, Inc. ("SeeCubic") and Skadden, Arps, Slate, Meagher & Flom, LLP ("Skadden"), counsel to SeeCubic, after which SSG received a four page overview presentation on SeeCubic. The proposed marketing and sale timeline was deferred pending the opinion from an August 2, 2022 hearing held in the Delaware Court of Chancery. SSG did not receive any additional information on the assets for sale during this deferral but continued to conduct market and buyer research. The Delaware Court of Chancery

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

       issued the opinion on September 28, 2022, resulting in K&L Gates and SeeCubic re-engaging with SSG regarding the marketing and sale process. On October 6, 2022, SSG was retained by Hawk as secured lender to Stream TV and SeeCubic as payor on behalf of Hawk to market the assets of Stream TV for sale. The scope of SSG's engagement was to locate a purchaser for the Debtors' assets on behalf of the secured lender through a potential Article 9 transaction. On October 10, 2022, SSG began receiving information from SeeCubic regarding the assets to be marketed for sale. The information provided by SeeCubic enabled SSG to prepare a teaser, confidential information memorandum and online data room. All information received by SSG regarding the assets for sale came directly from SeeCubic. SSG received $30,000.00, paid by SeeCubic in October 2022. The draft teaser was reviewed by K&L Gates, SeeCubic, and Skadden. Upon approval of the teaser to sell the secured lender's interest in collateral and/or the collateral, SSG sent the teaser to approximately ninety (90) potential buyers on October 19, 2022. The sale process and relationship between SSG and Hawk never progressed beyond that point. On October 20, 2022, the Delaware Court of Chancery entered a Status Quo Order related to long-standing litigation involving Stream TV and Hawk. Upon notification of the Status Quo Order, SSG immediately ceased the marketing process and buyer outreach. SSG's engagement on behalf of the secured lender expired in January 2023. SSG has no other or further relationships with Hawk or See Cubic Inc. other than set forth herein;

b. SSG has worked with William A. Homony, the Chapter 11 Trustee, and his firm Miller Coffey Tate LLP in other unrelated matters;

c. SSG has worked with K&L Gates, LLP, counsel to Hawk Investment Holdings Ltd. in the matter listed above, and SSG has worked with K&L Gates in other unrelated matters;

d. SSG has worked with Skadden, Arps, Slate, Meagher & Flom LLP, counsel to SeeCubic, Inc. in the matter listed above, and SSG has worked with Skadden in other unrelated matters;

e. SSG has worked with Obermayer Rebmann Maxwell & Hippel LLP, counsel to the Chapter 11 Trustee, in other unrelated matters;

f. SSG has worked with Akerman LLP, counsel to Visual Semiconductor, Inc. ("VSI"), in other unrelated matters;

g. SSG may have appeared, is currently appearing and may appear in the future, in other cases unrelated to the Debtors' estates or this case where the Debtors' creditors or other parties-in-interest herein may be involved;

h. SSG may have represented, represent and may in the future represent certain of the Debtors' creditors and other parties-in-interest in other matters unrelated to the Debtors or their bankruptcy cases;

i. SSG may have had other dealings with creditors and other parties-in-interest of the Debtors' estates that are wholly unrelated to the Debtors or their bankruptcy cases.

2

4. VSI has objected to SSG's retention as the proposed investment banker for the Trustee based on its assertion that SSG is not disinterested and that it will favor the stalking horse bidder to the detriment of others. This is untrue. As it does in every engagement, SSG will conduct a comprehensive marketing effort with respect to estate assets, which will afford all prospective buyers a full and fair opportunity to evaluate, bid on, and acquire such assets. SSG has no intention of limiting its marketing approach for the benefit of any individual bidder or to exclude any buyer prospect from the diligence and sale process. In fact, SSG is incentivized under the compensation structure in its amended engagement agreement to maximize the value of the estate assets through a transparent and inclusive sale process. Finally, in the event that multiple qualified bids are received and to the extent requested by the Trustee and his professionals, SSG will assist in evaluating the highest and best purchase offer based solely on economic considerations and without favoritism or bias. For those reasons, VSI's stated position is simply inaccurate.

5. I will be the professional overseeing this engagement. Subject to the Court's approval, the terms of SSG's engagement are:

(i) <u>Retainer Fee</u>: a non-refundable retainer of $100,000 payable upon the approval of SSG's formal retention by the Court (the "Retainer").

The Retainer paid by the Chapter 11 Trustee to SSG shall be fully credited against the Sale Transaction Fee (as defined in (ii) below).

(ii) Sale Transaction Fee: Concurrent with and payable immediately upon the closing of a Transaction, SSG shall receive a cash fee (the "Transaction Fee") equal to the greater of $500,000 including any crediting of the Retainer Fee (the "Minimum Transaction Fee"), or:

a. 5.0% of the Aggregate Transaction Value (as defined in the Agreement) greater than $150 million but less than $200 million, plus

b. 20% of the Aggregate Transaction Value (as defined in the Agreement) greater than $200 million but less than $225 million; plus

c. 10% of the Aggregate Transaction Value (as defined in the Agreement) greater than $225 million.

(iii) All reasonable out-of-pocket expenses incurred by SSG.

6. This fee structure is typical of SSG's fee arrangement for work of this nature. This rate is set at a level designed to fairly compensate SSG for the work it performs and to cover fixed and routine overhead expenses in these circumstances. SSG believes that this compensation structure is reasonable and is comparable to those generally charged by investment banking and financial advisory firms of similar stature to SSG and for comparable engagements, both in and out-of-court.

7. Under the circumstances, it is appropriate and reasonable for SSG to be compensated pursuant to the terms of the Agreement without being required to file interim fee applications as contemplated by sections 330 and 331 of the Bankruptcy Code. SSG will, however, file a summary final fee application that sets forth a summary of all fees earned and expenses reimbursed in this case.

7. The undersigned has not agreed to share such compensation with any other person, nor has the undersigned paid or agreed to pay any sum to any such person as a referral fee, or for advising or assisting in these proceedings.

8. I do not believe that neither I nor any member of SSG represents any interest adverse to the estate with respect to matters in which we are to be retained.

9. I have reviewed the Chapter 11 Trustee's Amended Application to Employ SSG as Investment Banker and I am aware of the statements contained therein.

10. I and all members of SSG are a disinterested person within the meaning of 11 U.S.C. Section 101(14).

11. I declare under penalty of perjury that to the best of my knowledge, the foregoing is true and correct.

SSG ADVISORS, LLC

DATE: September 5, 2024                BY: _____
                                       J. Scott Victor
                                       Managing Director
                                       300 Barr Harbor Drive, Suite 420
                                       West Conshohocken, PA 19428
                                       610-940-5802

4

**EXHIBIT A**
**List of Identified Parties Included in Conflict Check**

1. Stream TV Networks, Inc.
2. Technovative Media, Inc.
3. Lewis Brisbois Bisgaard & Smith LLP
4. 3Detroit Film Co. LLC
5. Abu Dhabi Investment Council
6. Ac Lordi
7. Adept Chip Service Private Limited
8. Adrian & Roth Personalberatung GmbH
9. Advanced Imaging Society
10. Alliance International Law Offices
11. Alvarte Technology LLP
12. Amanda Gonzalez
13. Amanda Von Ahnen
14. AON Risk Services, Inc. of New York
15. Arasan Chip Systems, Inc.
16. Aria Resort-Casino At Ctycntr
17. Avnet EM
18. AY Commercial Law Offices C/O EY Legal
19. BDO USA, LLP
20. Blue Ocean Partners
21. BOE
22. Boustead Securities
23. Bubble Communications
24. Buchanan Ingersoll & Rooney PC
25. Cadence Design Systems, Inc.
26. California Dept of Tax and Fee Am
27. California Franchise Tax Board
28. Capital One
29. Capital One-5
30. CCH Incorporated (Wolters Kluwer)
31. Bud Robertson
32. Charles Robertson
33. Che Wei Chang
34. Cipher Development Partners LLC
35. Citi Cards
36. Cittone Demers & Arneri LLP
37. CNA Insurance
38. Concur Technologies, Inc.
39. Conference Technologies, Inc.
40. Coral Vision Ltd
41. Core Technology LLC
42. Corporate Filings, LLC
43. Cousins Law

44. Coverall North America, Inc.
45. Cryslink Technologies Co., Ltd
46. Daniel J Rink
47. Delaware Secretary of State
48. Dell Financial Services
49. DeMartino and Associates LLC
50. Dezan Shira & Associates
51. Digital Content Protection LLC
52. Dilworth Paxson
53. DLA Piper LLP(US)
54. Dunner Law PLLC
55. Elliott Greenleaf
56. EMA Design Automation EME Enterprise Inc.
57. Eric Singer
58. ESPN Inc Miscellaneous
59. Farrukh Shah Kahn
60. Feng Tsang Corporation – TWN
61. FHP Consultants Ltd
62. First Sentinel Advisory Limited
63. Fornax Associates Ltd.
64. Frewin & Close Ltd.
65. FTI Consulting (China) Limited
66. Full Frontal Group FZ LLE
67. Game 7 Staffing
68. Global Tax Management
69. Google Purchase Orders
70. Grazina S
71. Hawk Investment Holdings Limited
72. HDMI Licensing Administrator, Inc.
73. Hoang Nguyen
74. Hold Jumper (Suzhou) Packing Co. Ltd.
75. Howell International Trade Fair Ltd
76. HSBC Bank/PPP Loan
77. Hudson Valuation Group LLC
78. Iinuma Gauge Manufacturing Co. Ltd (JPY)
79. IMG Media Ltd
80. infoComm International
81. Innoventures Group LLC
82. Internal Revenue Service
83. IQH3D
84. Itaya Misa (TWD)
85. IZON
86. Jamuna Travels, Inc
87. Jih-Chun Yeh
88. Jinsheng
89. JoveAI

90. K & L Gates LLP
91. Karen S Donovan
92. Kaushik Banerjee
93. Kenneth W Carroll
94. Kevin Cabot
95. Kleinwort Benson (GBP)
96. Law offices of Young K Park
97. Lee and Ko
98. Leo Riley
99. Luijks Advies B V
100. Luong D Nguyen
101. Mak Roughley
102. Marcum LLP
103. Mathu Rajan
104. Matrex Exhibits, Inc.
105. Matt J Lo
106. Matthew Lo
107. Media Holdings Delaware, LLC
108. Mediatainment, Inc (Note)
109. Mediatainment, Inc (Vendor Work)
110. Mentor Graphics Corporation
111. Modular Mobile GmbH
112. MotivIT
113. Mr Aaron Lamkin
114. MTL Shipping & Investment Ltd
115. Muni Mohan
116. MWL International Ltd
117. New Jersey Division of Taxation
118. Nichani Law Firm
119. Nicole Marie Maneen
120. Open Sales Solutions, LLC
121. Pactron
122. Pegatron Corporation
123. Pennsylvania Dept of Labor
124. Pennsylvania Dept of Revenue
125. Philadelphia Department of Revenue
126. Polsinelli PC
127. Porter Digital Signage
128. PR Neswire Association, LLC
129. Raja Rajan
130. Rembrandt 3D Holding Ltd.
131. RL Systems
132. Robert Half Management Services
133. Robert S French Revocable Trust 2018
134. Ruffena Capital Ltd
135. Salazar Law

136. Sara Brewer
137. Sara Leona Robertson
138. SeeCubic B V
139. SeeCubic Inc.
140. Shanghai Ruishi Technology Co., Ltd.
141. SKC Haas Display Films Co.
142. SLS Holdings VI, LLC
143. Special Counsel
144. ST4M Electronics, Inc. Beijing Office
145. State of California Employment Dev Dept
146. Stoit Groep B V
147. Stream TV 3D Technology (Suzhou) Co., Lt
148. Stream TV International B V
149. Suby Joseph
150. Suzhou Indstrial Equipmnt Instlation Grp
151. Synopsys
152. TD Bank, N A
153. Technical Link
154. Technology Holdings Delaware, LLC
155. Three D Holograms Pvt Ltd.
156. Trans World International, LLC
157. Triple Crown Consulting, LLC
158. U.S. Small Business Administration
159. Uhaul
160. Ultra-D Ventures C.V.
161. Ultra-D Coopertief U.A.
162. US Compliance Services LLC
163. US Legal Support, Inc.
164. Vayikra Capital LLC
165. Via Licensing Corporation
166. Vikas Kshetrapal
167. Visual apex, Inc
168. Wah Woo Tan
169. Wai Ming Chiu
170. Walsh C H B Inc
171. Weida Freight System (Hong Kong) Co.
172. Wharton Capital Partners
173. WiLine Networks Inc.
174. William Hennessey
175. Yeh, Jih-Chun (CNY)
176. YTH
177. Zach Lehman
178. Zeifang Hsu
179. Zhong Lun Law Firm
180. Zygintas Papartis (EUR)
181. BENNETT G. FISHER

182. JUDGE PATRICIA M. MAYER
183. RAFAEL X. ZAHRALDDIN
184. SCOTT D. COUSINS
185. SEAN M. BRENNECKE
186. WILLIAM A. HOMONY
187. Judge Magdeline D. Coleman
188. Judge Ashely M. Chan
189. Kevin P. Callahan
190. John Henry Schanne
191. Visual Semiconductor, Inc.
192. VSI
193. Visual Technology Innovations, Inc.
194. VTI