**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **Stream TV Networks, Inc.,** *et al*. | : | Bankruptcy No. 23-10763 (AMC) |
| | : | **(Jointly Administered)**[1] |
| **Debtors.** | : | |
| | : | |

**ORDER GRANTING AMENDED APPLICATION OF THE CHAPTER 11 TRUSTEE
TO EMPLOY SSG ADVISORS, LLC AS INVESTMENT BANKER**

AND NOW this _____ day of _____, 2024, upon consideration of the Amended Application of William A. Homony, Chapter 11 Trustee (the "Chapter 11 Trustee") for the bankruptcy estates of Stream TV Networks, Inc. and Technovative Media, Inc. (collectively, the "Debtors") to employ SSG Advisors, LLC ("SSG"), as investment banker to the Chapter 11 Trustee (the "Application") in this bankruptcy case under §§ 327 and 328(a), and the Court being satisfied that SSG does not represent any other party-in-interest or hold an interest adverse to the Debtors in their bankruptcy cases and is a disinterested person within the meaning of 11 U.S.C. § 101(14), it is hereby:

ORDERED that the Application is granted as set forth herein; and it is further

ORDERED that the Chapter 11 Trustee is hereby authorized to retain and employ SSG, as Investment Banker in the within proceeding under Chapter 11 of the United States Bankruptcy Code in accordance with the terms of the Amended Engagement Agreement dated August 22, 2024; and it is further

ORDERED that SSG shall be compensated and reimbursed as follows:

(i) <u>Retainer Fee</u>: a non-refundable retainer of $100,000 payable upon the approval of SSG's formal retention by the Court (the "Retainer") but not be applied to the fees

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

>of SSG until the final fee application has been approved by Order of the Bankruptcy Court.

The Retainer paid by the Chapter 11 Trustee to SSG shall be fully credited against the Sale Transaction Fee (as defined in (ii) below).

>(ii) Sale Transaction Fee: Concurrent with and payable immediately upon the closing of a Transaction, SSG shall receive a cash fee (the "Transaction Fee") equal to the greater of $500,000 including any crediting of the Retainer Fee (the "Minimum Transaction Fee"), or:
>
>>a. 5.0% of the Aggregate Transaction Value (as defined in the Agreement) greater than $150 million but less than $200 million, plus
>>
>>b. 20% of the Aggregate Transaction Value (as defined in the Agreement) greater than $200 million but less than $225 million; plus
>>
>>c. 10% of the Aggregate Transaction Value (as defined in the Agreement) greater than $225 million; plus
>
>(iii) All reasonable out-of-pocket expenses incurred by SSG; and it is further

ORDERED that SSG shall not be required to file interim fee applications, and shall be granted a waiver of Local Rule 2016-1, so that SSG shall only be required to file a final fee application that sets forth a summary of all fees earned and expenses reimbursed in this case. Notwithstanding that SSG does not charge for its services on an hourly basis, SSG shall maintain time records in half-hour (0.5) increments, setting forth, in a summary format, a description of the services rendered and the professional rendering such services on behalf of the Chapter 11 Trustee and such time records shall be included in the final fee application. To the extent any funds received by SSG are not approved by the Court, SSG shall promptly return such funds to the Chapter 11 Trustee; and it is further

ORDERED the Chapter 11 Trustee is authorized to indemnify SSG under the terms of the Amended Engagement Agreement, subject to the following modifications:

2

1. SSG shall not be entitled to indemnification, contribution or reimbursement pursuant to the Amended Engagement Agreement for services, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

2. Notwithstanding anything to the contrary in the Amended Engagement Agreement, the Chapter 11 Trustee shall have no obligation to indemnify SSG, or provide contribution or reimbursement to SSG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from SSG's bad faith, gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Chapter 11 Trustee alleges the breach of SSG's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which SSG should not receive indemnity, contribution, or reimbursement under the terms of the Amended Engagement Agreement as modified by this Order; and

3. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these Chapter 11 Cases, SSG believes that it is entitled to the payment of any amounts by the Chapter 11 Trustee on account of the Chapter 11 Trustee's indemnification, contribution and/or reimbursement obligations under the Amended Engagement Agreement (as

modified by this Order), including without limitation the advancement of defense costs, SSG must file an application therefor in this Court, and the Chapter 11 Trustee may not pay any such amounts to SSG before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by SSG for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Chapter 11 Trustee's obligation to indemnify SSG. All parties in interest shall retain the right to object to any demand by SSG for indemnification, contribution, or reimbursement; and it is further

ORDERED that in the event of any inconsistency between the Amended Engagement Agreement, the Application, and this Order, this Order shall govern.

BY THE COURT:

_____
The Honorable Ashely M. Chan
Chief United States Bankruptcy Judge