UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc., *et al.*[1]<br><br>The Debtors. | Chapter 11<br><br>Bankr. Case No. 23-10763 (AMC)<br>(Jointly Administered) |

**VISUAL SEMICONDUCTOR, INC.'S OBJECTION TO THE EXPEDITED CONSIDERATION OF MOTION OF WILLIAM A. HOMONY IN HIS CAPACITY AS CHAPTER 11 TRUSTEE FOR (I) AN ORDER (A) APPROVING BIDDING PROCEDURES AND FORM OF ASSET PURCHASE AGREEMENT FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS INCLUDING APPROVAL OF THE PROVISIONS FOR DESIGNATION OF A STALKING HORSE, (B) ESTABLISHING THE NOTICE PROCEDURES AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND SCHEDULING AND AUCTION, (C)APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (D) SCHEDULING A SALE HEARING, (E) GRANTING EXPEDITED CONSIDERATION PURSUANT TO LOCAL RULE OF BANKRUPTCY PROCEDURE 5070-1(g); AND (F) GRANTING RELATED RELIEF, AND (II) AN ORDER APPROVING (A) THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO AND (C) GRANTING RELATED RELIEF**

Visual Semiconductor, Inc. ("VSI") hereby files its Objection to the expedited consideration of Trustee's Motion for (I) an Order (A) Approving Bidding Procedures and Form Asset Purchase Agreement for the Sale of Substantially all of the Debtor's Assets Including Approval of the Provisions for Designation of a Stalking Horse, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof and scheduling and Auction, (C) Approving Procedures for Assumption and Assignment of Certain Executory Contracts and

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015).  The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

1

Unexpired Leases (D) Scheduling a Sale Hearing, and (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070-1(g); and (F) Granting Related Relief and (II) an Order Approving (A) the Sale of the Debtors Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto and (C) Granting Related Relief (the "Objection").

## ARGUMENT

Expedited consideration should be denied on multiple grounds. **First,** Trustee failed to meet the procedural requirements for expedited consideration. In complex Chapter 11 matters, as this one, Local Rule 1002-3 is controlling. *See* ECF No. 2. Local Rule 1002-3 sets forth the sole criteria in which an expedited hearing will be scheduled.

> *Criteria.* In a complex chapter 11 case, a motion or application will be scheduled for an Expedited Hearing under L.B.R. 1002-2 only if it appears that an expedited ruling will either
> (1) materially enhance the possibility that the debtor will be able to continue to operate the business;
> (2) contribute to the preservation of the assets of the estate; or
> (3) facilitate the orderly and efficient administration of the case

Trustee's Motion makes no reference to any of these elements. Trustee seeks a rushed hearing to approve highly-problematic bidding procedures, for the sale of all of Debtor's assets. Moreover, while the Trustee points to Section 5070-1(g) as authority for an expedited hearing, he failed to meet his obligations under this Local Rule. Critically, Local Rule 5070-1(g)(a), sets forth that a party who desires to obtain a hearing date earlier than the hearing date that would ordinarily be assigned must "…**consult with all other interested parties to attempt to reach an agreement that an expedited hearing is appropriate and on the suggested hearing date or dates."** Trustee made no effort to consult VSI prior to filing he Motion. This is likely why Trustee's Motion fails

2

78195338;2

to: identify who the Trustee consulted, and describe any of the results from these "consultations," as required under Local Rule 5070-1 (g) (2)(c), and (b).

**Second**, as Trustee is keenly aware, VSI is on the cusp of filing a plan of reorganization providing nearly full payment on all allowed claims ("VSI's Plan"). Of course the Trustee is aware of VSI's Plan because VSI shared the outlines of its plan proposal with the Trustee and his advisors several weeks ago and provided him a detailed term sheet for his consideration over a week ago. Throughout this period, VSI engaged in good faith discussions and negotiations to offer and explain VSI's Plan, its financial support, and to satisfy the Trustee's requests for more details and assurances regarding VSI's ability to successfully sponsor and perform under the VSI Plan. In connection with those negotiations, the Trustee asked for and VSI consented to the withdraw of certain objections (e.g. VSI's Objection to SSG's Retention) and abstained from and/or postponed other motions practice and discovery (e.g. VSI's Motion for Reconsideration, Motion to Compel, and Homony Deposition). After getting most of what he wanted, the Trustee reneged on his primary commitment to VSI and filed his Motion on an expedited basis and without, adhering to proper procedure, or providing the professional courtesy, of a simple "heads-up" notice.

**Third**, VSI will file an objection to the Trustee's underlying Motion and will need discovery in connection with the same. And while VSI has repeatedly acquiesced to the Trustee's requests for postponement of discovery in the interest of achieving a broader resolution of disputes in this case, due to the duplicity outlined above, Trustee has exhausted VSI's reservoir of good will. Accordingly, VSI expects to complete its discovery in advance of the hearing on the Trustee's Motion. In the context of these pressing needs for discovery and the history of events here, expedited consideration would be grossly improper.

**CONCLUSION**

Simply put, there is no emergency driving the need for a hearing to consider the Trustee's proposed bidding procedures on an expedited basis.  Rather, the Trustee's urgency appears largely rooted in the desire to jam and garner advantage over any party that he believes likely to oppose the bidding procedures and sale process – namely VSI.  An expedited hearing will over-complicate what are already highly-contested issues, and risk further destruction of Debtor's asset value. At best, an expedited hearing will result in a hasty administration of the case, undermine investors' confidence in the bankruptcy proceeding, and chill meaningful participation by interested parties.

For these reasons, Trustee's Motion for Expedited consideration should be denied.

Dated: October 1, 2024                   Respectfully submitted,

AKERMAN LLP

*/s/ R. Adam Swick*
Donald N. David, SBN: 304846
Mark Lichtenstein *(pro hac vice to be filed)*
1251 Avenue of the Americas
37th Floor
New York, NY 10020
Telephone: (212) 880-3800
Facsimile: (212) 880-8965
Email: donald.david@akerman.com
       mark.lichtenstein@akerman.com

-and-

R. Adam Swick *(pro hac vice)*
AKERMAN LLP
500 West 5th Street, Suite 1210
Austin, TX 78701
Telephone: (737) 999-7103
Facsimile:  (512) 623-6701
Email: adam.swick@akerman.com

-and-

4

78195338;2

John H. Thompson *(pro hac vice)*
AKERMAN LLP
750 Ninth Street, N.W. 750
Washington, D.C. 20001
Telephone: (202) 824-1760
Facsimile:   (202) 393-5959
Email: john.thompson@akerman.com

-and-

Leif M. Clark
Leif M Clark Consulting PLLC
1105 Bonner
Houston, TX 77007
Telephone: (210) 663-5183
Email: lmclark@leifmclark.com

*Attorneys for Visual Semiconductor, Inc.*

5

78195338;2

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was filed electronically with the United States Bankruptcy Court for the Eastern District of Pennsylvania on October 1, 2024 with notice sent electronically to all parties receiving electronic notices in this case pursuant to local rules of this Court, and that no further notice or service is necessary.

                                                        */s/ John Thompson*
                                                        John Thompson

78195338;2