**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc. *et al.*[1]<br><br>The Debtors. | Chapter 11<br><br>Bky Case No. 23-10763 (AMC)<br>(Jointly Administered) |

**SECOND NOTICE OF ORAL DEPOSITION SUBPOENA *DUCES TECUM*
OF WILLIAM A. HOMONY AS THE CHAPTER 11 TRUSTEE**

PLEASE TAKE NOTICE THAT pursuant to Federal Rules of Bankruptcy Procedure 7030 and 9016 and Federal Rules of Civil Procedure 30 and 34, Visual Semiconductor, Inc. ("VSI"), by and through undersigned counsel, will take oral deposition subpoena duces tecum of William A. Homony as the Chapter 11 Trustee (the "Trustee"). The Trustee's deposition will begin on **October 29, 2024 at 10:00 a.m.** (**Eastern Time**) and will continue day to day until completed, at the law office of **Akerman LLP located at 222 Delaware Avenue, Suite 1710, Wilmington, Delaware 19801**. The Trustee's deposition will be conducted under oath before a certified court reporter, recorded stenographically and may be videotaped.

The Trustee is to testify as to the following topics:

1. The Trustee's efforts to evaluate the claims of Hawk Investment Holdings, Ltd. ("Hawk"), SLS Holdings VI, LLC ("SLS"), and SeeCubic, Inc. ("SeeCubic");

2. The Trustee's communications and business dealings with VSI and its principals;

3. The Trustee's evaluation of Debtors' business operations, prospects, and options;

4. The Trustee's investigation and evaluation of Debtors' intellectual property assets and rights, including but not limited to the Debtors' license agreements with Rembrandt (as defined in Schedule A) and Philips (as defined in Schedule A);

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

77828241;2

5. The Trustee's Motion for Turnover and Sanctions (ECF No. 646) filed against VSI;

6. The Trustee's settlement efforts and settlement with Hawk;

7. VSI's Motion for Reconsideration of the Order Granting the Trustee's Settlement Agreement with Hawk (ECF No. 686) and any and all responses thereto;

8. Temporary Restraining Order entered on January 4, 2024 in Adversary Proceeding No. 23-0057, styled *Stream TV Networks Inc, et al vs. Shadron L. Stastney, et al* (ECF No. 119);

9. *Application of the Chapter 11 Trustee to Employ SSG Advisors, LLC as Investor Banker* [ECF. No. 715]; and

10. *Motion of William A. Homony in his Capacity as Chapter 11 Trustee for (I) an Order (A) Approving the Bidding Procedures and Form of Asset Purchase Agreement for the Sale of Substantially all of the Debtors' Assets Including Approval of Provisions for Designation of a Stalking Horse, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof and Scheduling an Auction, (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070-1(g); and (F) Granting Related relief, and (II) An Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief* [ECF No. 750].

## *Duces Tecum*

The Trustee is further requested to produce all documents described on the Subpoena. In order to expedite the deposition, please deliver via electronic transmission, copies of the documents, electronically stored information, or objects described in the attached **"Schedule A"** to the undersigned counsel at the Austin, Texas address or via email to adam.swick@akerman.com by **October 24, 2024**.

Dated: October 11, 2024

Respectfully submitted,

AKERMAN LLP

*/s/ R. Adam Swick*
Donald N. David, SBN: 304846
1251 Avenue of the Americas
37th Floor
New York, NY 10020
Telephone: (212) 880-3800
Facsimile: (212) 880-8965
Email: donald.david@akerman.com

-and-

R. Adam Swick (*admitted pro hac vice*)
AKERMAN LLP
500 West 5th Street, Suite 1210
Austin, TX 78701
Telephone: (737) 999-7103
Facsimile:   (512) 623-6701
Email: adam.swick@akerman.com

-and-

John H. Thompson *(admitted pro hac vice)*
AKERMAN LLP
750 Ninth Street, N.W. 750
Washington, D.C. 20001
Telephone: (202) 824-1760
Facsimile:   (202) 393-5959
Email: john.thompson@akerman.com

*Attorneys for Visual Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 11, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, and via email to the Trustee as follows:

| | |
|---|---|
| William A. Homony as the Chapter 11 Trustee<br>MILLER COFFEY TATE LLP<br>1628 John F. Kennedy Blvd., Ste 950<br>Philadelphia, PA 19103<br>bhomony@mctllp.com | William A. Homony as the Chapter 11 Trustee<br>c/o Edmond M. George<br>Michael D. Vagnoni<br>OBERMAYER REBMANN MAXELL & HIPPEL LLP<br>Centre Square West<br>1500 Market Street, Suite 3400<br>Philadelphia, PA 19102<br>Michael.vagnoni@obermayer.com |

 

          */s/ R. Adam Swick*
            R. Adam Swick

## SCHEDULE "A"

I.  Instructions

    A.    This document request is continuing in nature and when new knowledge or information comes to the attention of the deponent the information supplied in the answers to the document request shall be supplemented forthwith.

    B.    For each and every Request herein, you shall produce documents in your possession, custody, or control, which shall include but be limited to, documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

    C.    If you at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, these documents shall be identified as completely as possible, including:

- The names of the authors of the document;
- The names of the persons to whom the documents or copies were sent;
- The date of the document;
- The date on which the document was received by each addressee, copyee or its recipients;
- A description of the nature and subject matter of the document that is as complete as possible;
- The date on which the document was lost, discarded or destroyed; and
- The manner in which the document was lost, discarded or destroyed.

    D.    With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

- The names of the senders or the document;
- The names of the authors of the document;

- The names of the persons to whom the document or copies were sent;
- The job title of every person named in subparagraphs 1, 2 and 3 above;
- The date of the document;
- The date on which the document was received by each addressee, copyee or its recipient;
- A brief description of the nature and subject matter of the document; and
- The statute, rule or decision which is claimed to give rise to the privilege.

E. If you cannot, after exercising due diligence to secure or produce the document(s) requested, you must identify which Request(s) that you do not have any responsive documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), providing the identity of the person who has possession, custody, or control of the requested document(s).

F. All words in this request for production shall have their plain and ordinary meanings unless specifically defined herein below in Part II of this Request.

G. Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H. The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as outside their scope.

I. "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise might be construed as outside their scope.

J. "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

K. The use of the singular form of any word includes the plural and vice versa.

L. All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M. Unless otherwise stated herein, the time period encompassed by this subpoena shall be from the Trustee's appointment as Chapter 11 Trustee on January 9, 2024 to the date of this subpoena.

II. <u>Definitions</u>

    A.   "9019 Settlement" means the Sharing and Carve Out Agreement [ECF No. 630-1].

    B.   "Application to Employ" means the Application of the Chapter 11 Trustee to Employ SSG Advisors, LLC as Investor Banker [ECF. No. 715].

    C.   "Bidding Procedures Motion" means Motion of William A. Homony in his Capacity as Chapter 11 Trustee for (I) an Order (A) Approving the Bidding Procedures and Form of Asset Purchase Agreement for the Sale of Substantially all of the Debtors' Assets Including Approval of Provisions for Designation of a Stalking Horse, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof and Scheduling an Auction, (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070-1(g); and (F) Granting Related relief, and (II) An Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief [ECF No. 750].

    D.   "Communications" means any electronic, oral, magnetic, or written transmittal or transfer of data, facts, ideas, information, inquiries, or thought.

    E.   "Correspondence" means any letter, note, memorandum, report, notice, facsimile transmission, e-mail transmission, and any documents (as defined in paragraph 1 above) that were sent or received from one or more persons to one or more persons, regardless of authorship or origin, including that which was directed as a copy, blind copy, forwarded copy, or sent or received mistakenly.

    F.   "Debtors" means Stream TV Networks, Inc. and Technovative Media, Inc.

    G.   "Deponent," "examinee," "you", and "your" shall mean the Trustee, the party upon whom this subpoena is served, and all of his/her authorized employees, agents, or others purporting to act on behalf of the Trustee.

    H.   "Documents" and/or "records" shall mean, without limiting the generality of this meaning, any writings, papers or tangible things in the possession, custody or control of the Deponent, including, letters, e-mails, computer files, handwritten notes, calendar pads, appointment books, note pads, notebooks, correspondence of any kind, postcards, memoranda, telegrams, telexes, annual or other reports, financial statements, books, records, ledgers, journals, minutes of all meetings, contracts, agreements, drafts of contracts or agreements, appraisals, analyses, charts, graphs, data sheets, data tapes, computer disks, computer hard drives or readable computer produced interpretations thereof, stenographic notes, tape and disk recordings, tapes, photostats, recordings, photographs, drawings,

illustrations, plans and personal interviews, wherever located, whether located original or duplicate, and all compilations of the foregoing including binders, notebooks, folders and files. All categories of documents described above shall include with respect thereto all communications, whether or not expressly stated. If a document has been prepared in several copies, or additional copies have been made and the copies are not identical (or by reason of subsequent modifications of the copy by addition or notations, or other modifications, are no longer identical), each non-identical copy shall be deemed to be a separate document for purposes of these discovery request.

I. "Hawk" means Hawk Investments Holding Ltd.

J. The term "Petition Date" shall mean March 15, 2023 which is the date the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code.

K. "Philips" means Koninklijke Philips Electronics N.V.

L. "Possession, custody, or control" as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

M. The terms "person", "individual", "entity", and "entities" are used interchangeably and shall be deemed to include the plural and vice versa. Each of these terms shall mean, but are not limited to: (i) any association, or business, legal, or governmental entity, including all corporations, partnerships, associations, joint ventures, trust, firms, or other business enterprise or legal entity, unless otherwise stated; or (ii) surety ship; institution; or government or government agency or political subdivision be it foreign or domestic; or (iii) board, committee, group, or organization comprised of any of the foregoing or combination thereof; whether they be now or previously existing.

N. "Rembrandt" means Rembrandt 3D Holding Ltd.

O. "SCBV" means SeeCubic B.V.

P. "SeeCubic" or "SCI" means SeeCubic, Inc.

Q. "SLS" means SLS Holdings VI, LLC.

R. "SSG Advisors" means SSG Advisors, LLC.

S. "Support", "evidence", "relate to", "relating to", "related to", "referred to", "concerning", "pertaining to" and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

    T.    "TRO" means the Temporary Restraining Order entered by on January 4, 2024 in Adversary Proceeding No. 23-0057, styled *Stream TV Networks Inc, et al vs. Shadron L. Stastney, et al* (ECF No. 119).

    U.    "Trustee" means William A. Homony, Chapter 11 Trustee for the bankruptcy estates of Stream TV Networks, Inc. and Technovative Media, Inc.

    V.    The words "concerning," "concerns," or any other derivative thereof; as used herein includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing and constituting.

III.    Documents Requested[2]

1.    All Documents and Communications evidencing the Trustee's efforts to regain possession of or otherwise secure the assets of the Debtors. Such Documents and Communications shall include, but not be limited to, requests related to the Debtors' optical bonding equipment in China and glasses-free 3D demonstration equipment and other Debtor property possessed by SCI, Hawk, or their representatives.

2.    All Documents and Communications evidencing the Trustee's examination of the Distribution Agreements.

3.    All Documents and Communications evidencing the Trustee's efforts to evaluate the claims of Hawk, SLS, and SeeCubic; including, without limitation, any Documents pertaining to liquidation, nullification, or satisfaction thereof.

4.    All Documents and Communications evidencing that the "secured claims" of Hawk, SLS, and SeeCubic were not converted to equity.

5.    All metadata and Documents identifying the source for Exhibit A to the Motion for Turnover.

6.    All Documents and Communications showing that Exhibit A to the Motion for Turnover has been used by VSI in any way after the Petition Date.

7.    All metadata and Documents identifying the source for Exhibit B to the Motion for Turnover.

8.    All Documents and Communications showing that Exhibit B to the Motion for Turnover has been used by VSI in any way after the Petition Date.

9.    All Documents and Communications evidencing the Trustee's review of SSG's qualifications and ability to serve as an investment banker on behalf of the Debtors.

10.    All Documents and Communications involving Marc Dannenberg.

---

[2] To the extent any or all documents or records responsive to this Request are in electronic format, please contact the undersigned to arrange for their production.

77828241;2

- 9 -

11. All Communications between the Trustee and SeeCubic, SCBV, Hawk, Arthur Robert Leonard Robert Morton, Shadron L. Stastney, or their representatives related to the proposed engagement of SSG Advisors, LLC as investment banker.

12. All Documents and Communications related to the 9019 Agreement.

13. All Documents and Communications evidencing the Trustee's efforts to confirm SCI's ability to fund the 9019 Settlement Agreement.

14. All Documents and Communications regarding the Trustee's efforts to ensure SCI, Hawk, and their representatives complied and remain compliant with all governing laws implicated by the 9019 Settlement Agreement, including but not limited to applicable securities regulations, trade secret laws, or unfair competition statutes.

15. All Communications between the Trustee or his representatives and SCI, Hawk, or their representatives related to glasses-free 3D demonstrator units, technology demonstrations, and presentations describing Stream's business or assets.

16. All Documents and Communications between the Trustee or his representatives and Shad Stastney, SeeCubic, SCBV or its representatives related to glasses-free 3D demonstrator units made, sold, or otherwise distributed by SCBV. Such Documents and Communications shall include, but not be limited to, information required to meet quarterly reporting obligations to Philips.

17. All Documents and Communications between the Trustee or his representatives and any other party regarding the Court's TRO Order of January 4, 2024, including but not limited to the effectiveness or extensions thereof.

18. All Documents and Communications regarding the Trustee's efforts to investigate TRO violations by Hawk, SeeCubic, SCBV, and SLS or and any related parties or agents, including, but not limited to those alleged by VSI in emails on April 13, 2024, May 7, 2024, and May 28, 2024.

19. All Documents and Communications relating to SCI's fundraising efforts and potential use of the Debtors' assets.

20. All Documents and Communications between the Trustee or his representatives and SCI, Hawk, or their representatives related to any terms regarding a plan of reorganization proposed by VSI.

21. All Documents and Communications between the Trustee or his representatives and SCI, Hawk, or their representatives related to Rembrandt, the Rembrandt technology, and the Rembrandt IP claims.

22. All Documents and Communications between the Trustee or his representatives and SCI, Hawk, or their representatives related to Philips, the Philips technology, and any agreement with Philips.

23. All Documents and Communications regarding the Bidding Procedures Motion.

24. All Documents and Communications regarding the Trustee's efforts to secure the Debtors' Assets and intellectual property, including trade secrets, from SCI, Hawk, or their representatives.