# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

J. TRAVIS LASTER
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

July 14, 2022

Andrew Dupre, Esquire
McCarter & English
405 North King Street, 8th Floor
Wilmington, DE 19801

Jenness E. Parker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
Wilmington, DE 19801

RE: *Stream TV Networks, Inc. v. Seecubic, et al.,*
C.A. No. 2020-0766-JTL

Dear Counsel:

There are three motions pending:

- A motion for entry of a final order filed by Stream TV Network, Inc.

- A motion for a status quo order filed by Seecubic, Inc.

- A motion to expedite filed by Seecubic.

Based on my review of the motions and Seecubic's supplemental counterclaims, derivative complaint, and third-party claims (the "Supplemental Claims"), it appears to me that the only matters that warrant expedited consideration in the near term are the motion for a status quo order and the motion to expedite. I would like to schedule a hearing on those motions for Wednesday, July 20, 2022, at 12:45 p.m. I will be hearing the application during a break in trial, so I can only allot thirty minutes for the hearing. Each side will have fifteen minutes for its presentation. Because I will be in the midst of an in-person trial, I would like to hold the hearing using the zoom videoconferencing system.

The motion for entry of a final order should be briefed in due course. For the reasons stated in my order dated July 5, 2022, it is my intent to enter a *partial* final judgment in accordance with Rule 54(b) that implements the mandate from the Delaware Supreme Court. I would suggest that briefing be completed within three weeks. I would hope that the parties might be able to agree as to form on an implementing order, although that would require removing certain tendentious paragraphs from Stream's proposed order. For example, it is not clear to me how or why the court would order the bond turned over to Stream without a proceeding to determine the amount of the damages. It may well be that Stream will show that its damages from the improvidently entered injunction warrant recovery of the entire bond, but that remains to be seen. It is also not clear to me why Seecubic would not agree to restore Stream's assets in light of the Delaware Supreme Court's decision, subject to any separate relief that Seecubic might seek here or in the

**EXHIBIT C**

*Stream TV Networks, Inc. v. Seecubic, et al.,*
C.A. No. 2020-0766-JTL
July 14, 2022
Page 2 of 2

foreclosure action. It is thus not clear to me that a mandatory injunction is necessary. It rather seems to me that the appropriate step is to enter a partial final judgment as to the declaratory relief that flows from the Delaware Supreme Court mandate. If Seecubic fails to respect the implications of the declaratory relief, then an application for mandatory injunctive relief would be a logical next step. Perhaps with this guidance, the parties can reach agreement on a form of order that would moot the motion.

      It also seems likely that there is a motion to dismiss coming. Stream made clear in its opposition to the motion to file the Supplemental Claims that it believes they fail to state claims on which relief can be granted. I am inclined to think that the outcome of the hearing on the motions to expedite and for a status quo order will help clarify the schedule for briefing and considering such a motion.

                                       Sincerely yours,

                                       */s/ J. Travis Laster*

                                       J. Travis Laster
                                       Vice Chancellor

JTL/krw
cc:    All counsel of record and parties (by *File & ServeXpress*)