**From:** Christopher Michaels <michaels@bpmlegal.com>
**Sent:** Monday, May 6, 2024 5:08 PM
**To:** Michael Vagnoni (michael.vagnoni@obermayer.com) <Michael.vagnoni@obermayer.com>; George, Edmond <Edmond.George@obermayer.com>
**Cc:** Eben P. Colby - Skadden, Arps, Slate, Meagher & Flom LLP (eben.colby@skadden.com) <eben.colby@skadden.com>; steven.caponi@klgates.com; ademarco@devlinlawfirm.com; ntwallace@aol.com; steve@rembrandt3d.com; Leslie Beth Baskin <lbaskin@sgrvlaw.com>; Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Subject:** FW: TRO violation

{EXTERNAL EMAIL} This message originated outside of your organization.

Michael and George:

I have attached an email from Mathu Rajan alleging an upcoming meeting utilizing technology protected by the current TRO.  Do you know anything about SeeCubic violating the TRO by showing prototypes that should belong to Stream?

We also note that the latest monthly statements included a reference to payments to Philips.  I assume this was for product royalties related to product covered by the Philips license.  To our knowledge, every product made by Stream or its subsidiaries that needs a Philips license has also utilized Rembrandt technology.  What products were covered by this Philips payments?  When were they made and transferred?  Who authorized and made the transfer of products that precipitated payment of the fees to Philips? Why was a license fee paid to Philips but none of Rembrandt license fees paid?

I have copied Eben Colby and Steve Caponi and I am requesting a phone conference to discuss the situation and consent to expedited discovery to provide documents and/or testimony to understand what if any technology has been demonstrated.   I am open for such a call tomorrow after 3:00pm or anytime Wednesday.

Obviously, our first concern is whether Rembrandt's technology was utilized, but as a creditor, we are also concerned whether any of the assets of the estate were used outside the estate.

If we can not reach an agreement on the nature of discovery, we will ask for a conference with the judge to seek expedited discovery before the upcoming hearing on the TRO.

5

**EXHIBIT K**

To that end, we demand of all parties that all documents, texts, emails, and records of all phone calls, WhatsApp texts, communications of any sort related to use of technology covered by the TRO and/or owned by Stream or its subsidiaries be preserved.  Specifically, we request that if any meetings are to take place that those meetings be recorded and that the names and contact information of all those in attendance (whether in person or remotely) be collected and retained.  We will use any failure to do so as evidence of your knowledge that your activities violate the existing TRO and the IP rights of Rembrandt.

I look forward to hearing from you.

Chris

**Christopher A. Michaels**
*Registered Patent Attorney*
*Chief Executive Officer*



118 N. Tioga Street, Suite 400, Ithaca, New York 14850
Main: 607-256-2000  Fax: 607-256-3628
www.brownandmichaels.com

*Email: michaels@bpmlegal.com*

*Direct Dial:  607-203-9470*

Confidentiality Note: This email may contain confidential information that is subject to attorney-client privilege. If you received this email in error, please delete all message content from your system and notify sender.

**From:** Mathu Rajan <mathu.rajan@visualsemi.com>
**Sent:** Monday, May 6, 2024 3:27 PM
**To:** bud.robertson@visualsemi.com; Christopher Michaels <michaels@bpmlegal.com>
**Cc:** ntwallace@aol.com; nicole.maneen@visualsemi.com; ademarco@devlinlawfirm.com; steve@rembrandt3d.com
**Subject:** TRO violation


Dear Chris:

It has come to our attention that SeeCubic, Inc. ("SCI") continues to act in violation of the temporary restraining order issued by the bankruptcy court on January 5, 2024 (Adversary Docket No. 119). Recent demonstrations of Glasses-Free 3D technology have been made by SCI to its investors in London, and more are scheduled in Jersey, UK tomorrow Tuesday, May 7, 2024 in defiance of the court order. This is being done in an attempt to raise funds that SCI intends to use for a settlement with Stream TV that will have a negative impact on creditors like Rembrandt 3D. As you know, this is a pattern of behavior by SCI that you have observed consistently since the Delaware Supreme Court struck down the Omnibus Agreement and ordered the reversal of its effects nearly two years ago. SCI continues to damage Stream TV and its creditors by operating in the shadows overseas where it believes its activities will go unnoticed and without consequence.

Thanks,

Mathu

Sent from my iPhone