**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **Stream TV Networks, Inc.,** *et al.* | : | **Bankruptcy No. 23-10763 (AMC)** |
| | : | |
| Debtors. | : | **(Jointly Administered)**[1] |
| | : | |

**ORDER GRANTING TRUSTEE'S MOTION TO EXTEND DEADLINES, TIMING, AND AMOUNT OF CERTAIN OBLIGATIONS IN THE SHARING AND CARVE-OUT AGREEMENT BETWEEN THE TRUSTEE AND HAWK INVESTMENT HOLDINGS, LTD. AS COLLATERAL AGENT OF THE SECURED NOTEHOLDERS OF SEECUBIC, INC. AND FOR RELATED RELIEF**

AND NOW, on this _____ day of _____, 2024, upon consideration of the Motion of William A. Homony, in his capacity as Chapter 11 Trustee (the "**Trustee**") of the bankruptcy estates of Stream TV Networks, Inc. ("**Stream**") and Technovative Media Inc. ("**Technovative**", or collectively with Stream the "**Debtors**"), to Extend Deadlines, Timing, and Amount of Certain Obligations in the Sharing and Carve-Out Agreement Between the Trustee and Hawk Investment Holdings, Ltd. as Collateral Agent of the Secured Noteholders of SeeCubic, Inc. ("**Agreement**"), and for Related Relief (the "**Motion**"), and good cause having been shown for the extension of deadlines and the timing of obligations under the Agreement pursuant to Federal Rule of Bankruptcy Procedure ("**Rule**") 9006(b), and the Court having found that the instant Motion does not unfavorably alter any of the terms of Agreement, previously approved by Order of this court,

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED as follows:

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.* Case No. 23-10764 (AMC) (D.I. #81).

4867-5272-9840
4867-5272-9840 v3

1.  The deadlines in the Agreement are extended under Rule 9006 as follows by adding the following language, as indicated below in bold and strikethrough, to Section 1 a) (Settlement Generally; Cooperation):

a)  The Trustee shall use his best efforts to consummate a sale of the Collateral under section 363 of the Bankruptcy Code as contemplated under this Agreement (any such sale, a "Sale"), which he shall endeavor to close (the "Closing") no later than **August 2, December 10, 2024** (subject to further extension by written agreement of Hawk and the Trustee, the "Outside Closing Date"), in accordance with the provisions of the Agreement.

2.  The Agreement is extended as follows by adding the following language, as indicated below in bold and strikethrough, to Section 4 a), b) and c), (Trustee Carve-Out):

a)  With respect to any Sale that closes in accordance with the Section 3, the Secured Creditors shall carve out of the proceeds of the Collateral **$8,000,000**$7,500,000 plus 10% of every additional dollar by which the ultimate purchase price at the conclusion of the Auction, exceeds the Stalking Horse Bid up to the amount of the Allowed Secured Claim (the "Carve-Out").

b)  SCI shall pay a portion of the Carve-Out (such portion, the "Carve-Out Advance") to the Trustee according to the following schedule:

   i   $1,000,000.00 within two business days of the entry of the 9019 Order; and

   ii  **Except as set forth in paragraph 5 e) below,** $1,500,000.00 within two business days of the entry of the Bidding Procedures Order.

c)  The Trustee shall receive the balance of the Carve-Out (*i.e.*, the Carve-Out minus the Carve-Out Advance) at Closing:

3.  The Agreement is extended as follows by adding the following language, as indicated below in bold and strikethrough, to Section 5 e) (Support of the Carve-Out):

e)  Notwithstanding any provision herein to the contrary, the Trustee **and SCI** shall retain **immediately file a joint request in the Delaware Court of Chancery by the Trustee and SCI to release the** rights to the $1 million bonds posted by or on behalf of the Debtors **(the "Stream Bond") and SCI (the "SCI Bond")** in the 225 Action.  **However, (i) If both the SCI Bond and the Stream Bond are received by the respective parties before the entry of the Bid Procedures Order, SCI's obligation to remit the $1,500,000.00 million of the Carve-Out**

**Advance in Section 4 b) ii of the Agreement shall be deferred and will be paid at any sale closing; (ii) If the SCI Bond has been received by SCI and the Stream Bond has not been received by the Trustee upon the entry of the Bid Procedures Order, SCI will pay the $1,000,000 million bond proceeds from the SCI Bond to the Trustee within two (2) business days of the entry of the Bid Procedures Order, which will constitute a Carve-Out Advance, credited against the Carve-Out, with the remaining $500,000 of that payment deferred and paid at any sale closing and the Trustee retains the $1 million Stream Bond proceeds if recovered; and (iii) should neither the Stream Bond proceeds nor the SCI Bond proceeds have been received by the Trustee before entry of the Bid Procedures Order, then SCI will remit $500,000 of the Carve-Out Advance within two business days of the entry of the Bid Procedures Order, with the remaining $1,000,000 of that payment deferred until the earlier of (a) SCI's receipt of the SCI Bond proceeds (of which $500,000 shall be paid to the Trustee within two business days of receipt and credited against the Carve-Out) or (ii) paid at any sale closing.**

BY THE COURT:

_____
Honorable Ashely M. Chan
Chief United States Bankruptcy Judge