# EXHIBIT "J"

**From:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Sent:** Thursday, April 13, 2023 3:28 PM EDT
**To:** Callahan, Kevin P. (USTP) <Kevin.P.Callahan@usdoj.gov>
**CC:** Fisher, Bennett <Bennett.Fisher@lewisbrisbois.com>; Alexander, Vincent <Vincent.Alexander@lewisbrisbois.com>
**BCC:** Chapter 11 _ 54493_2 _Email Official <{F11698191}.LEWIS_BRISBOIS@mail.cloudimanage.com>
**Subject:** RE: Stream TV Networks, Inc. 23-10763mdc Technovative Media, Inc. 23-10764mdc LBBS 327 Application
**Attachment(s):** "Stream Engagement Letter (rxza draft) (002) signed MR.pdf"

Dear Kevin,

Please find below responses to your questions.

1. You previously informed us that this case qualifies as subject to the Larger Case Fee Guidelines (see attached). The Application and/or Declaration does not include information and the disclosures as set forth in the Appendix B Guidelines, Section D, pgs.20-21. The information should be disclosed in verified statements by both the client and your firm. Further, the proposed order should include a statement setting forth essentially the following language: that LBBS will comply with the United States Trustee's requests for information and additional disclosures as set forth in Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013 (both in connection with the Application and the interim and final fee applications to be filed by LBBS).

==After review of the Debtors' books and records and filed schedules, we have confirmed and agree with you that the Debtors do not qualify for Larger Chapter 11 Case treatment.==

2. The Application and/or Declaration should list the attorneys, paralegals and support staff presently designated to represent the debtor and their current hourly rates. Also, the Declaration should include a list of potential parties in interest with connections to the debtor and firm.

==Our rates as included in the attached engagement letter are as follows:==

> ==Rafael Zahralddin $975 Partner==
> ==Vincent Alexander $695 Partner==
> ==Sean Shecter  $650 Partner==
> ==Bennett Fisher $550 Partner==
> ==Karen Poppel $450 Associate==
> ==Aimee M. Czachorowski $450 Associate==
> ==Daniel David $350 Associate==
> ==Anh Nguyen $350 Associate==
> ==Christina Freeman $275 Paralegal==
> ==Candice Russell $275 Paralegal==

==We will supplement the firm affidavit, which was made and will be made by Rafael X. Zahralddin, on behalf of the firm, with a further review of the Firm's connections as part of our ongoing disclosure obligations and will run any party that files a notice of appearance through our system to confirm any connections.==

3. The Declaration discloses in paragraph 7 that LBBS received $50,000 on March 14, 2023, the day before the petition and that LBBS applied the entire amount to services rendered after receipt. Please identify when LBBS began work for the debtors. Please provide time records identifying the prepetition services performed and time spent. Please also supply a copy of the engagement agreement. With respect to the retainer, please identify the kind of retainer and where the funds were deposited.

==LBBS did not receive a retainer.  As indicated in the engagement letter, LBBS received a flat fee advance payment. Pursuant to the engagement letter, LBBS consulted with the client on the scope of work, and set the prepaid flat fee, inclusive of filing fees.  The fee was sent by wire to LBBS on March 13, 2023, and paid into LBBS's **operating account** on March 14, 2023, as an advance payment. Ultimately, LBBS wrote off approximately $4,000.00 in billable time due to the flat fee arrangement.==

4. The Declaration discloses in paragraph 8 that Visual Semiconductor , Inc. ("VSI") paid a flat non-refundable fee payment on behalf of the debtors in preparation for filing the chapter 11 bankruptcies. Please identify to whom and when were the payments made. Please identify the owner of VSI and the nature of VSI's investment in the debtors. Please provide the document(s) evidencing the transaction.

==VSI is another entity founded by Mathu Rajan which has its own assets and operations. We will follow up with the cap table of VSI. This cap table should not be disclosed to any other party due to the SLS and Hawk harassment of investors in the past – we can redact and send if you all are more comfortable. VSI is shareholder of Stream. It has been the source of operating funds for the Stream entities, on as needed basis, during the ongoing period when it cannot operate due to the alienation of and lack of repatriation of its assets.  VSI has purchased shares with the funds advanced.==

    5. Exhibit A, paragraph 1 attached to the Declaration discloses Rafael's connections with debtors. We request further detail regarding his relationship and connections with the debtors and their owners.
Please describe the Chancery court litigation in 2019, including the case number, and whether Rafael was the principal attorney in the case. Identify counsel who was substituted for Rafael as counsel. We note that Rafael's former firm Elliot Greenleaf is identified as an unsecured creditor of Stream holding an undisputed claim of $216.179.17. Please disclose whether Rafael holds a claim against the firm

or the debtor for performing services in the above-referenced litigation.

Please identify the 'special purpose vehicle' and describe any connections to the debtors and whether Rafael's representation of the entity poses a potential adverse interest. For example, was the entity paid or received consideration for the services it performed, or is it owed anything by the debtor or its principals in connection with the engagement.

Stream TV filed a preliminary injunction against SLS to prevent seizure of its assets represented by Buchannan Ingersoll. Bruce Castor, a former Elliott Greenleaf partner, was asked to represent Stream TV in Pennsylvania and Delaware. Having no Delaware office, he asked if the Delaware office of Elliott Greenleaf would assist. Jonathan Stemerman acted as Delaware Chancery Court counsel, Brian Grady, a Pennsylvania lawyer, was pro hac'd in to assist as with litigation, and Rafael Zahralddin was consulted to assess bankruptcy and creditor's rights issues. The firm was involved in the case for about three weeks. John M. Elliott decided by fiat that the case would be dropped so that the firm could pursue other matters and he engaged in actions in the case and in its withdrawal which lead to Mr. Zahralddin resigning from the firm a few months later. Rafael holds no claim against the company. All partners who were not related to John M. Elliott, the now deceased former chairman of the firm, had less than 100th of a percent of a share in Elliott Greenleaf, P.C., which was forfeited upon resignation from the firm pursuant to the firm's bylaws. He holds no interest in any fees owed to Elliott Greenleaf. The Debtors will be amending its scheduled unsecured claims and assessing treatment of claims.

VTI was the special purpose vehicle which was to finance and act as plan sponsor in Stream's first chapter 11 but was never able to finance the case as the matter was dismissed before DIP financing or a plan moved forward. As such VTI was not paid or received any consideration for any services it performed, if any, and it is not owed anything by the debtor or its principals. Mathu Rajan was a part owner of VTI which had a separate board and funding commitment.

6. Exhibit A, paragraph 9 attached to the Declaration describes LBBS' representation of two parties with connections to the debtors. We don't understand the representation. Please provide more detail.

LBBS represents Gallagher Basset, a large worldwide claims servicing company that works for insurance companies. An entity named Robert Half International is a named insured under an insurance policy or policies in which Gallagher Basset handles the claims processing and LBBS represents the insured as part of an unrelated insurance defense litigation. Robert Half Management Services, which offers fractional CFO and interim CFO services, does not appear on its most recently filed securities disclosures including its 10-k. We have been unable to confirm the connection between the two entities but cannot find one.

In any event, the representation of Gallagher Basset is in a totally unrelated matter. Gallagher Basset has no connection to the Debtors.

7. The 2016(b) Statements filed by LBBS in each case states that the firm was paid $50,000 by each debtor. Were payments made by each debtor? The statement appears to be inconsistent with the representation that VSI paid the fee LBBS. Please explain.

The 2016(b) statements will be revised, when the wire was received by LBBS it was overlooked that VSI directly sent the payment. Only one payment was made to LBBS on behalf of both Debtors for a total of $50,000. A notation was supposed to explain that detail which was inadvertently left off the final filing version.

8. Finally, the United States Trustee opposes nunc pro tunc relief to March 15, 2023. Please note that as to this issue, we would agree that the application could be granted effective as of the date of filing the application, i.e., April 3, 2023.

Please let us know when we can discuss LBBS's request for nunc pro tunc relief and any remaining issues. Thanks.



**Rafael Zahralddin**
**Partner**
Rafael.Zahralddin@lewisbrisbois.com

**T: 302.985.6004 F: 302.985.6001 M: 302.545.2888**

500 Delaware Avenue, Suite 700, Wilmington, DE 19801 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**Rafael Zahralddin**
**Partner**
Wilmington
302.985.6004 or x3026004

**From:** Callahan, Kevin P. (USTP) <Kevin.P.Callahan@usdoj.gov>
**Sent:** Tuesday, April 11, 2023 3:28 PM

**To:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>; Fisher, Bennett <Bennett.Fisher@lewisbrisbois.com>; Alexander, Vincent <Vincent.Alexander@lewisbrisbois.com>
**Subject:** [EXT] Stream TV Networks, Inc. 23-10763mdc Technovative Media, Inc. 23-10764mdc LBBS 327 Application

Hello Rafael and Bennett,

I haven't received a response to my email below. The Notice indicates a deadline of April 17 to file responses and a hearing scheduled for May 3. We will need sufficient time to review the information we requested. Please confirm before tomorrow April 12 that you consent to an extension to file a response to your employment application. If we can schedule a time to speak this week, please provide the documents beforehand.

With respect to our first request in the email below, the petitions for each case indicated the debtors qualified for the Larger Case Fee Guidelines. During our initial phone conversation, you confirmed that the Guidelines applied. However, during our initial debtor interview, Mr. Rajan told us that the assets in each case were worth over $900 million and the liabilities only $25 million. Those amounts would fall below the Guidelines' threshold.

We also note that the information in the filed schedules regarding the total value of the assets and /or the total liabilities in each case also do not reach the threshold amount, such that the Guidelines would not apply. Please confirm whether the cases qualify under the Larger Case Fee Guidelines.

Thanks

Kevin Callahan

Trial Attorney

Office of UST

215-597-2554

Cell  202-834-1626


**From:** Callahan, Kevin P. (USTP) <Kevin.P.Callahan@usdoj.gov>
**Sent:** Wednesday, April 5, 2023 11:11 AM
**To:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>; Fisher, Bennett <Bennett.Fisher@lewisbrisbois.com>
**Cc:** Schanne, John (USTP) <John.Schanne@usdoj.gov>
**Subject:** Stream TV Networks, Inc. 23-10763mdc Technovative Media, Inc. 23-10764mdc LBBS 327 Application

Hello Rafael and Bennett,

We reviewed the attached Application to approve employment of Lewis Brisbois Bisgaard and Smith LLP ("LBBS") as counsel to the above-referenced debtors (the "debtor" or "StreamTV"), filed on April 3, 2023. We have questions and comments regarding the application, and we request that you do not file a certification of no objection until we discuss and hopefully resolve our concerns.


1. You previously informed us that this case qualifies as subject to the Larger Case Fee Guidelines (see attached). The Application and/or Declaration does not include information and the disclosures as set forth in the Appendix B Guidelines, Section D, pgs.20-21. The information should be disclosed in verified statements by both the client and your firm.  Further, the proposed order should include a statement setting forth essentially the following language: that LBBS will comply with the United States Trustee's requests for information and additional disclosures as set forth in  Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013 (both in connection with the Application and the interim and final fee applications to be filed by LBBS).


2. The Application and/or Declaration should list the attorneys, paralegals and support staff presently designated to

represent the debtor and their current hourly rates. Also, the Declaration should include a list of potential parties in interest with connections to the debtor and firm.

3. The Declaration discloses in paragraph 7 that LBBS received $50,000 on March 14, 2023, the day before the petition and that LBBS applied the entire amount to services rendered after receipt. Please identify when LBBS began work for the debtors. Please provide time records identifying the prepetition services performed and time spent. Please also supply a copy of the engagement agreement. With respect to the retainer, please identify the kind of retainer and where the funds were deposited.

4. The Declaration discloses in paragraph 8 that Visual Semiconductor, Inc. ("VSI") paid a flat non-refundable fee payment on behalf of the debtors in preparation for filing the chapter 11 bankruptcies. Please identify to whom and when were the payments made. Please identify the owner of VSI and the nature of VSI's investment in the debtors. Please provide the document(s) evidencing the transaction.

5. Exhibit A, paragraph 1 attached to the Declaration discloses Rafael's connections with debtors. We request further detail regarding his relationship and connections with the debtors and their owners.

Please describe the Chancery court litigation in 2019, including the case number, and whether Rafael was the principal attorney in the case. Identify counsel who was substituted for Rafael as counsel. We note that Rafael's former firm Elliot Greenleaf is identified as an unsecured creditor of Stream holding an undisputed claim of $216.179.17. Please disclose whether Rafael holds a claim against the firm or the debtor for performing services in the above-referenced litigation.

Please identify the 'special purpose vehicle' and describe any connections to the debtors and whether Rafael's representation of the entity poses a potential adverse interest. For example, was the entity paid or received consideration for the services it performed, or is it owed anything by the debtor or its principals in connection with the engagement.

6. Exhibit A, paragraph 9 attached to the Declaration describes LBBS' representation of two parties with connections to the debtors. We don't understand the representation. Please provide more detail.

7. The 2016(b) Statements filed by LBBS in each case states that the firm was paid $50,000 by each debtor. Were payments made by each debtor? The statement appears to be inconsistent with the representation that VSI paid the fee LBBS. Please explain.

8. Finally, the United States Trustee opposes *nunc pro tunc* relief to March 15, 2023. Please note that as to this issue, we would agree that the application could be granted effective as of the date of filing the application, i.e., April 3, 2023.

I will be out of the office and return on Tuesday April 11, but will be available mostly anytime next week.

Thank you for your anticipated cooperation..

Kevin Callahan

Trial Attorney

215-597-2554

Cell  202-834-1626