UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc., *et al.*[1]<br><br>The Debtors. | Chapter 11<br><br>Bky Case No. 23-10763 (AMC)<br>(Jointly Administered) |

**MOTION TO RECONSIDER NOVEMBER 14, 2024 ORDER QUASHING THE REMAINING VSI DISCOVERY (ECF No. 805) AND GRANT APPROPRIATE RELIEF**

Visual Semiconductor, Inc. ("VSI") hereby files its Motion to Reconsider the Court's November 14, 2024 Order quashing the remaining of VSI's discovery requests (ECF No. 805) (the "November 14 Order") and grant appropriate relief pursuant to Bankruptcy Rules 9023, and 9024 of the Federal Rules of Bankruptcy Procedure, and Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure as made applicable to this proceeding.

**PRELIMINARY STATEMENT**

As the Court is aware, in its Amended Subpoena Duces Tecum (defined below), VSI requested discovery in connection with the Trustee's proposed sale of substantially all of the Debtors' assets to determine, among other things, the bona fides of the Trustee's sale, the good faith of the stalking horse and its bid, and exactly what is being sold, which to date remains a mystery (collectively, the "Sale Discovery"). VSI believes that ample evidence exists to demonstrate, dispositively, that the Trustee's proposed sale process, stalking horse, and asset listing are so deficient as to render the 363 sale practically impossible and legally impermissible for the Court to approve. Indeed, evidence adduced in connection with the Sale Discovery will show that

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

1

78852447;3

no party, other than the Trustee's stalking horse bidder, would meaningfully participate in an auction for the estates' assets, because no bidders, aside from Hawk, could know what assets are being sold by the Trustee. Unfortunately, the Trustee's refusal to engage in Sale Discovery impedes VSI's rights (and the rights of all parties in interest) to demonstrate the deficiencies in the Trustee's sale, stalking horse bid, and sale process, and thus undermines confidence in the fairness of these proceedings and any future order approving the Trustee's proposed sale.

Based upon its review of the November 14 Order and the record, VSI believes the Court inadvertently denied VSI's ability to conduct crucial discovery regarding the still pending sale. VSI has a right to conduct discovery with respect to Trustee's proposed sale pursuant to Bankruptcy Rule 9014. The Court cannot deny relief sought by VSI under the premise that VSI has failed to corroborate a fact, when it sought discovery before the Court ruled on the requested relief, and which discovery is later denied because the Court rules first on the dispute without allowing discovery in the first place and uses that as the basis for denying the relief.

## BACKGROUND

1.  VSI first issued a notice of deposition duces tecum on July 26, 2024 to take the oral deposition of William Homony in his capacity as Chapter 11 Trustee for the Debtors (ECF No. 712) and for the production of documents (the "Subpoena Duces Tecum") setting a deposition date of August 9, 2024 and the production of documents by August 7, 2024.

2.  On August 24, 2024 VSI filed a notice of an amended Subpoena Duces Tecum (ECF No. 718) (the "Amended Subpoena Duces Tecum") setting a deposition date of September 3, 2024 and the production of documents by August 30, 2024 upon the request of the Trustee. The Amended Subpoena Duces Tecum dealt with the following topics:

    - Topic 1— The Trustee's efforts to evaluate the claims of Hawk Investment Holdings, Ltd., SLS Holdings VI, LLC, and SeeCubic, Inc.;

2

78852447;3

- Topic 2 — The Trustee's Motion for Turnover and Sanctions (ECF No. 646) filed against VSI;
- Topic 3 — The Trustee's settlement efforts and settlement with Hawk;
- Topic 4 — VSI's Motion for Reconsideration of the Order Granting the Trustee's Settlement Agreement with Hawk (ECF No. 686) (the "Motion to Reconsider") and any and all responses thereto;
- Topic 5 — Temporary Restraining Order entered on January 4, 2024 in Adversary Proceeding No. 23-0057, styled Stream TV Networks Inc, et al vs. Shadron L. Stastney, et al (ECF No. 119); and
- Topic 6 — Application of the Chapter 11 Trustee to Employ SSG Advisors, LLC as Investor Banker (ECF. No. 715).

3. On August 29, 2024 the Trustee filed an expedited motion to quash the Amended Subpoena Duces Tecum (ECF No. 724) (the "Motion to Quash") and a motion requesting permission to withdraw the Trustee's retaliatory and baseless Motion for Entry of an Order Enforcing the Automatic Stay and Compelling Turnover of Estate Property without Prejudice (ECF No. 725), which was filed against VSI and Mathu Rajan, and which relief the Court granted on October 30, 2024 (ECF No. 776) without VSI having the opportunity to showcase the Trustee's biased, vindictive, and retaliatory conduct in this case in filing the motion in the first place through the evidence and testimony it sought but was later denied.

4. On August 30, 2024 the Court scheduled a hearing on the Motion to Quash for September 18, 2024 and quashed the Amended Subpoena Duces Tecum until the hearing (ECF No. 726), which hearing was continued by agreement of the parties, first to October 2, 2024 then to November 7, 2024.

5. On September 4, 2024 VSI filed an objection to the Motion to Quash together with its motion to compel the Trustee to respond to VSI's discovery (the "VSI's Motion to Compel").[2] On October 11, 2024, VSI filed a second Subpoena Duces Tecum directed at the Trustee (the

---

[2] VSI also wants to note that the Trustee sought sanctions against VSI based on documents clearly fabricated by the Trustee. This Court denied VSI's ability to seek discovery on these documents.

"Second Subpoena Duces Tecum") (ECF No. 761) setting a deposition date of October 29, 2024 and requiring document production by October 24, 2024. The Second Subpoena Duces Tecum dealt with the following additional deposition topics and certain additional document requests (respectively, the "Additional Deposition Topics" and "Additional Document Requests")[3]:

- Additional Topic 1— The Trustee's communications and business dealings with VSI and its principals.
- Additional Topic 2 - The Trustee's evaluation of Debtors' business operations, prospects, and options.
- Additional Topic 3 — The Trustee's investigation and evaluation of Debtors' intellectual property assets and rights, including but not limited to the Debtors' license agreements with Rembrandt (as defined in Schedule A) and Philips (as defined in Schedule A)."
- Additional Topic 4 —Motion of William A. Homony in his Capacity as Chapter 11 Trustee for (I) an Order (A) Approving the Bidding Procedures and Form of Asset Purchase Agreement for the Sale of Substantially all of the Debtors' Assets Including Approval of Provisions for Designation of a Stalking Horse, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof and Scheduling an Auction, (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070-1(g); and (F) Granting Related relief and (II) An Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief [ECF No. 750] (the "Bid Procedures & Sale Motion").

6.      The Court, on October 30, 2024 denied VSI's Motion to Compel and granted the Motion to Quash as to the Amended Subpoena Duces Tecum (the "October 30, 2024 Order"), and denied most of the topic requests and document requests in the Amended Subpoena Duces Tecum, on the basis that the Court had already ruled on the motions underlying VSI's discovery requests, notwithstanding the fact that VSI sought this discovery before the Court ruled on several of the

---

[3] The terms "Additional Deposition Topics" and "Additional Document Requests" are defined in the same manner as those set forth in the October 30, 2024 Order (defined below) [Bankr. Docket No. 777].

relevant motions and before VSI could obtain the additional corroborative evidence and testimony to prosecute those contested matters under the Federal Rules.

7. In its October 30, 2024 Order, the Court declined to rule on the Additional Document Requests and Additional Document Requests in Second Subpoena Duces Tecum until "after resolving VSI's [Motion to Reconsider]"[4] and VSI's Motion to Compel, which was set for hearing on November 7, 2024.

8. On November 7, 2024, the Court held a videoconference hearing to consider VSI's Motion to Reconsider the Order Granting the Trustee's Settlement Agreement with Hawk. During the hearing, the Court heard brief argument and no evidence with respect to VSI's Motion to Reconsider and took the matter under advisement. Before the close of the November 7th hearing, counsel for VSI asked that the Court render its rulings with respect to VSI's outstanding discovery requests regarding the Trustee's proposed sale and bid procedures, as promised during the October 30 hearing[5] and as set forth in the Court's October 30, 2024 Order.[6] In substantive part, the colloquy between VSI's counsel and the Court on the topic of sale and bid procedures discovery was as follows:

> **Mr. Thompson**: Your Honor, before – I think you indicated at the last hearing last week that you would rule with respect to the motion to quash…with a specific request, with a specific regard to the sale and [bid] procedures order.
>
> **The Court**: Yes. And so, that will be part of my opinion and order, my ruling on the discovery.

---

[4] See October 30, 2024 Order, para. 4.
[5] October 30, 2024 Hearing Transcript, 5:8-23.
[6] "Having (a) … and (b) suspended ruling with respect to the Additional Deposition Topics and Additional Document Requests in the Second Subpoena Duces Tecum pending resolution of the Reconsideration Motion..." See October 30, 2024 Order, para. 11.

**Mr. Thompson**:   Will be part of your consideration to – of the reconsideration motion?

**The Court**: So I'm going to rule on the motion for reconsideration. And I'm also going to rule on the discovery in connection with the reconsideration. But there is also outstanding discovery regarding the bid procedures and things like that. So I'm going to just rule on the discovery with regard to the motion for reconsideration topic.

**Mr. Thompson**:   Okay. But the sale topic is different from the reconsideration topic, Your Honor, with respect to discovery.

**The Court**:   Yes, absolutely.

Mr. Thompson:   Right.

**The Court**:   So there's, you know, there were three topics for discovery. One I've already ruled on, right?

**Mr. Thompson**:   Correct.

**The Court**:    And now there's the discovery in connection with today's hearing. And then there's also discovery in connection with the bid procedures motion.

**Mr. Thompson**:   Yes, Your Honor. The bid procedure motion, of course, is going forward on the 13th. And the question is whether we will get an opportunity to have the discovery, in particular deposition discovery, that we asked for and need in advance of that hearing. For the reasons we set forth in our objection filed last night, it's pretty critical. And I would hope that he Court would see the need to have that discovery done in advance of the hearing as it's only really helpful I would think to Your Honor before the hearing.

78852447;3

[…]

**Mr. Thompson**:  The bid procedure and sale motion, right, Your Honor?  I mean, so the sale – there's no discovery in connect[ion] [sic] with the sale?

**The Court**:  At this point, I mean, you know, I'll put together an order.  But as this point, I just – I've never seen – I've never even seen a request.

**Mr. Thompson**:  Your Honor, I would just direct your attention to the cases that were cited in our objection, which are manifold.  And all of them involve –

[…]

**Mr. Thompson**:  Your Honor, I must respond to what Mr. Vagnoni just said.  In that, first of all, we're actually talking about what this Court asked to be placed at the end of this hearing.  So I don't think it's about the 9019 reconsideration.  But rather with respect to discovery related to the sale and bid procedures motion filed by this Trustee.

**The Court**:   I agree. Mr. Vagnoni, they're talking about, you know, he – Mr. Thompson had invited me to comment on the discovery related to the [bid] procedures motion -- that's coming up.  So I think that they're kind of highlighting issues and obstacles that they believe that the Trustee faces in connection with that, and why they think it's, you know, I should grant some discovery.  So I think that's really what the focus was of Mr. Michaels.

[…]

**Mr. Thompson**: Well, that's why we need discovery is what I would argue, Your Honor.  Because it says very clearly in the SSG teaser that what the Trustee is purporting to sell are the capabilities to license the so-called Ultra-D technology,

7

78852447;3

which incorporates other people's IP, including, but not limited to Rembrandts [sic]. And that's why we think it destroys value. And that's why we think the Trustee doesn't understand what its selling. And that's why we think we need discovery.

[…]

**The Court**: Mr. Michaels, thank you for that. So Mr. Vagnoni, I guess what I'm hearing Mr. Thompson and Mr. Michael's saying is they want to drill down into the weeds, understand exactly what is being sold so that they understand what's happening and if there's going to be future litigation. And so, they seem confused about that. I think it's certainly fair for them to understand exactly what is being sold. I myself haven't got into the weeds about the schedules in terms of exactly what's being sold. But I think that that's certainly something they need to know. And I'm not going to put you on the spot here today, but certainly I'd like them to understand exactly what's being sold so that they can take whatever litigation positions that are necessary and then they can make arguments to me. But it sounds like they don't know that. And it sounds like you might not want to be in the position to answer that, but I think it's a fair request to understand what's being sold as part of this sale. So I'm going to rule on the motion for reconsideration ***and the discovery related to that* (emphasis added)**. I'm going to urge Mr. Vagnoni to get back to Mr. Thompson and Mr. Michaels about exactly what's, you know, what's being sold. And then my hope is that when we meet again that Mr. Thompson and Mr. Michaels will report to me that they know what's being sold, and that they can raise whatever issues come up as a results [sic] of that. And then the Court will address it then, okay?

8

9. As is evident from the November 7th hearing transcript and the protracted exchange set forth above, the record is clear and there can be no dispute that (i) VSI served discovery related specifically to the Trustee's Bid Procedures & Sale Motion, (ii) VSI renewed its request for discovery regarding the Bid Procedures & Sale Motion, (iii) VSI's counsel distinguished the discovery being sought with respect to its Motion to Reconsider from the discovery related to the Trustee's Bid Procedures & Sale Motion, and (iv) the Court would be ruling on VSI's Motion to Reconsider "and the discovery related to that [motion]" – and ***not ruling*** on discovery related to the Trustee's Bid Procedures & Sale Motion. See November 7, 2024 Hearing Trans., 22: 7-8.

10. On November 13, 2024, the Court held a hearing to primarily to consider the Trustee's request to approve the Bid Procedures & Sale Motion. Notwithstanding VSI's requests and argument at the November 7th hearing, the Trustee did not provide and the Court did not compel discovery related to the Bid Procedures & Sale Motion in advance of the November 13 hearing. Additionally, the Trustee did not submit any evidence in support of his Bid Procedures & Sale Motion, and the Court did not hold an evidentiary hearing with respect to the Trustee's requested relief.

11. On November 14, 2024, the Court entered an Order denying the Motion to Reconsider and granting Trustee's Motion to Quash with respect to all the "Additional Topics" and all the "Additional Document Requests" (the "November 14 Order"), notwithstanding the fact that multiple of those requests(specifically, Additional Topic 3, Additional Topic 4, and Additional Document Request Nos. 13 – 16, 19 - 24) are clearly related to the Trustee's proposed sale and sale process, which matter is still outstanding and the subject of pending objections by VSI and Rembrandt. Indeed, as the Court acknowledged in its November 14 Order, "VSI, Rembrandt, or

9

78852447;3

any other party in interest may object to the Sale on whatever grounds they deem appropriate, and the Trustee and other parties may respond as they see fit." See November 14 Order at

12. While VSI and others can and have objected to the sale, the Court has foreclosed any discovery with respect to the sale under a premise that appears to be in clear error, as the Court itself states in the November 14 Order, in paragraph 8, that "[t]he Remaining VSI Discovery Requests therefore *seek testimony and documents on matters already determined by the Court*, and the Trustee's request to quash them is granted." (emphasis added). Because this statement, on its face, is inaccurate given that Additional Topic 3 deals with what assets are to be sold as part of the sale, and Additional Topic 4 is explicitly about the sale, VSI believes the Court inadvertently overlooked those topics resulting in VSI's denial of its due process in this case which deprivation will severely impact its appellate rights.

## LEGAL STANDARD

13. The standard for a motion to reconsider, amend or clarify is well-established. As the Third Circuit Court of Appeals opined in *North River Ins, Co v Cigna Reinsurance Co.,* a proper motion to amend or clarify a judgment may be based on either: (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct a clear error of law or to prevent manifest injustice. *See North River Ins, Co v. Cigna Reinsurance Co.,* 52 F 3d 1194, 1218 (3d Cir. 1995), quoting *Natural Resources Defense Council v. United States Environmental Protection Agency,* 705 F. Supp. 698, 702 1989); *see also Harsco Corp. v Zlotnicki,* 779 F.2d 906, 908 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence").

78852447;3

## ANALYSIS

14. As noted at the November 7, 2024 hearing and set forth in greater detail in VSI's objection to the Bid Procedures & Sale Motion (ECF No. 788) ("VSI's Objection"), the Trustee is legally prohibited from selling assets that do not constitute estate property. *See, In re Whitehall Jewelers Holdings, Inc.*, Case No. 08-11261 (KG), 2008 WL 2951974, at *9 (Bankr. D. Del. July 28, 2008). Moreover, the Third Circuit was unequivocal in its SLW Capital decision; if there is a dispute about whether any particular asset is property of the estate, that dispute must be resolved through an adversary proceeding – not a contested matter – in order to afford the non-debtor asset claimant the fully panoply of substantive and procedural due process afforded under the federal rules. *See SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin)*, 2008 WL 2498048 (3d Cir. June 24, 2008).

15. Rembrandt's objections to the Bid Procedures & Sale Motion at the November 7, 2024 hearing and filed on the docket make clear that its intellectual property (in the form of patents and trade secrets) is implicated by the Trustee's proposed Bid Procedures & Sale Motion, regardless of whether the Rembrandt license is ultimately assumed or rejected. Indeed, as Rembrandt has argued, its trade secrets are so imbedded and prolific throughout StreamTV's Ultra-D technology that it would be practically impossible to extract their code from the Debtor's Ultra-D technology asset without rendering it dysfunctional and useless.

16. Moreover, the Federal Rules of Bankruptcy Procedure require that discovery be completed in advance of the hearing. A motion under section 363 to approve the sale of property is a contested matter. *See Fed.R.Bankr.P.* 6004(b); *In re J.B. Winchells Inc.*, 106 B.R. 384, 393–94 (Bankr. E.D. Pa. 1989). The Bid Procedures & Sale Motion is also the subject of at least two

78852447;3

filed objections making it a contested matter by definition and subjecting it to Rule 9014 and all of the due process it implies.

17. Rule 9014 governs contested matters and it plainly incorporates (i) Rule 7030 – Deposition Upon Oral Examination, (ii) Rule 7033 – Interrogatories to Parties, (iii) Rule 7034 – Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes, and (iv) Rule 7036 – Requests for Admission. *See* Fed. R Bankr. P. VSI sought discovery in connection with the Trustee's Bid Procedures & Sale Motion nearly eight (8) weeks ago, only to be delayed and obstructed by specious arguments about "VSI's delay" and motions to quash.

18. There are material issues of fact in contention that VSI is entitled to discover under the Federal Rules, and the Court should afford the parties reasonable time and appropriate direction to complete that discovery in advance of any evidentiary hearing on the Trustee's proposed bid procedures. These circumstances are only compounded by (i) the Trustee's failure to submit any evidence in support of his Bid Procedures & Sale Motion and (ii) the absence of an evidentiary hearing on November 13, 2024.

19. Finally, the circumstances and fundamental fairness demand that the Court reconsider its November 14 Order and that any sale hearing be held in abeyance unless and until VSI is able to complete its reasonable discovery. While VSI disagrees with certain of the Court's characterizations as to some of the discovery sought on matters already ruled on (including the timing), the propriety of the sale and sale process have not been determined, these disputes are contested matters, VSI is entitled to discovery, and the Court denied VSI relief to which it is entitled to. The Court's failure to provide VSI with even minimal due process safeguards under Rule 9014 regarding the Trustee's proposed sale was therefore clear error, resulting in manifest injustice and requiring reconsideration.

78852447;3

WHEREFORE, VSI respectfully requests that the Court enter an order reconsidering/clarifying the November 14 Order as requested herein and allowing VSI to seek discovery from the Trustee related to his proposed sale.

*[Remainder of page intentionally left blank]*

78852447;3

Dated: November 27, 2024

Respectfully submitted,

**AKERMAN LLP**

*/s/ R. Adam Swick*
Donald N. David (SBN # 304846)
1251 Avenue of the Americas
37th Floor
New York, NY 10020
Telephone: (212) 880-3856
Facsimile: (212) 880-8965
Email: donald.david@akerman.com

-and-

R. Adam Swick (*Admitted Pro Hac Vice*)
500 W. 5th Street, Suite 1210
Austin, TX 78701
Telephone:  (737) 999-7100
Facsimile:   (512) 623-6701
Email: adam.swick@akerman.com

-and-

John H. Thompson (*Admitted Pro Hac Vice*)
750 Ninth Street, N.W., Suite 750
Washington, D.C. 20001
Telephone: (202) 393-6222
Facsimile: (202) 393-5959
Email: john.thompson@akerman.com

*Attorneys for Visual Semiconductor Inc.*

## CERTIFICATE OF SERVICE

I certify that on November 27, 2024, I caused the attached **MOTION TO RECONSIDER NOVEMBER 14, 2024 ORDER QUASHING THE REMAINING VSI DISCOVERY (ECF No. 805) AND GRANT APPROPRIATE RELIEF** to be electronically filed with the Clerk, United States Bankruptcy Court, Eastern District of Pennsylvania, and to be served electronically the Court's CM/ECF and/or by First Class Mail, upon all parties that have requested service.

*/s/ R. Adam Swick*
R. Adam Swick

78852447;3