Case 23-10763-amc   Doc 826-1   Filed 11/27/24   Entered 11/27/24 19:42:08   Desc
Exhibit 10-30-24 Hearing Transcripts   Page 1 of 11

1

```
                    UNITED STATES BANKRUPTCY COURT

                    FOR THE DISTRICT OF PENNSYLVANIA

                                          :
IN RE:                                    : Case No.  23-10763-amc
                                          :
STREAM TV NETWORKS, INC.  CH: 11          :
AND NETWORKS, INC. AND                    : Philadelphia, Pennsylvania
TECHNOVATIVE MEDIA, INC.                  : October 30, 2024
                                          : 11:07 a.m.
. . . . . . . . . . . . . . . . . . . .   :


                BEFORE THE HONORABLE ASHELY M. CHAN
                   UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

For SeeCubic, Inc.:            Marley Brumme, Esq.
                               Skadden Arps Slate Meagher &
                               Flom, LLP
                               500 Boylston Street, 23rd Floor
                               Boston, MA 021116
                               617-573-4800

For the Chapter 11 Trustee:    Michael D. Vagnoni, Esq.
                               Obermayer Rebmann Maxwell &
                               Hippel LLP
                               Centre Square West
                               1500 Market Street, Suite 3400
                               Philadelphia, PA 19102
                               215-665-3066

                               Steven M. Coren, Esq.
                               Kaufman Coren & Ress, P.C.
                               Two Commerce Square
                               Suite 3900
                               2001 Market Street
                               Philadelphia, PA 19103-2713
                               215-735-8700

For Rembrandt:                 Andrew Peter Demarco
                               Devlin Law Firm, LLC
                               1526 Gilpin Avenue
                               Wilmington, DE 19806
                               302-449-9010

Case 23-10763-amc    Doc 826-1    Filed 11/27/24    Entered 11/27/24 19:42:08    Desc
Exhibit 10-30-24 Hearing Transcripts    Page 2 of 11

2

| | |
|---|---|
| For Hawk Investment Holdings Ltd.: | Steven Caponi, Esq.<br>K&L Gates<br>600 N King Street<br>Suite 901<br>Wilmington, DE 19801<br>302-416-7080<br><br>Jonathan N. Edel, Esq.<br>300 South Tryon St., Suite 1000<br>Charlotte, NC 28202 |
| For VSI: | John H. Thompson. Esq.<br>Akerman<br>750 Ninth Street, N.W.<br>Washington, D.C. 20001<br>202-824-1760<br><br>R. Adam Swick, Esq.<br>Akerman<br>500 West 5th Street, Suite 1210<br>Austin, TX 8701<br>737-999-7103 |

Proceedings recorded by electronic sound recording; transcript produced by TheRecordXchange.

Case 23-10763-amc   Doc 826-1   Filed 11/27/24   Entered 11/27/24 19:42:08   Desc
Exhibit 10-30-24 Hearing Transcripts    Page 3 of 11

3

```
 1  OCTOBER 30, 2024                                      11:07 A.M.
 2          THE COURT:  Numbers 28 and 29 are motions involving
 3  Stream TV Networks, an expedited motion to withdraw motion, and
 4  a motion to quash and for a protective order.
 5          THE CLERK:  Okay.
 6          THE COURT:  Appearances, please.  Let's take -- we're
 7  going to take the parties in the courtroom first and then
 8  anyone who's on the line that wants to be.
 9          MR. COREN:  Good morning.  Steven Coren for the
10  Trustee.
11          THE COURT:  Okay.
12          MR. VAGNONI:  Good morning.  Michael Vagnoni on
13  behalf of the Chapter 11 Trustee.
14          THE COURT:  Okay.
15          MR. THOMPSON:  Good morning, Your Honor.  John
16  Thompson of Akerman on behalf of VSI and I'm here with my
17  colleague, Adam Swick.
18          THE COURT:  Okay.  Welcome.  I don't know if there's
19  anyone.  Is there anyone on the phone who would like to enter
20  their appearance?
21          MR. CAPONI:  Hi.  Good morning.  This is Steven
22  Caponi from K&L Gates on behalf of Hawk.
23          THE COURT:  Okay.
24          MS. BRUMME:  And Marley Brumme from Skadden on behalf
25  of SeeCubic, Inc.
```

Case 23-10763-amc   Doc 826-1   Filed 11/27/24   Entered 11/27/24 19:42:08   Desc
Exhibit 10-30-24 Hearing Transcripts    Page 4 of 11

4

```
 1                THE COURT:  Okay.  All right.
 2                MR. DEMARCO:  This is Andrew Demarco from Devlin Law
 3   Firm on behalf of Rembrandt just listening in today.
 4                MR. EDEL:  And this is Jonathan Edel from K&L Gates
 5   on behalf of Hawk Investment Holdings.
 6                THE COURT:  All right.  Well, I guess I just wanted
 7   to say at the outset I saw the papers filed by the parties and
 8   that with this second round of discovery it appears that there
 9   are issues related to the upcoming bid procedures hearing that
10   we're going to have that have now been added to the discovery.
11   And I understand you both -- both parties consent to that.
12                I guess I choose to handle this by sort of
13   bifurcating it.  With regard to the discovery related to
14   anything not related to the bid procedures, I am going to quash
15   all of that discovery.  I just -- you'll see in my opinion that
16   I don't believe that there's any basis for that.  And I am
17   going to enter an order granting the motion to withdraw the
18   motion for entry of automatic stay.
19                So, at this point, the discovery with regard to the
20   non-bid procedures will -- all of those discoveries will not --
21   you know, I'm not -- I don't see any point.  I think that
22   they're just not relevant and I think our next step then is to
23   -- I guess we have a hearing, Pam, on the reconsideration
24   motion coming up.
25                THE CLERK:  Yes.  Yes.  On the 7th.
```

Case 23-10763-amc   Doc 826-1   Filed 11/27/24   Entered 11/27/24 19:42:08   Desc
Exhibit 10-30-24 Hearing Transcripts   Page 5 of 11

5

1    THE COURT: Okay. So I'll hear from you guys on the
2 7th. But I appreciate all your briefing on this and you'll see
3 the orders that I enter shortly.
4    MR. THOMPSON: Well, Your Honor.
5    THE COURT: Yeah.
6    MR. THOMPSON: May I make a record?
7    THE COURT: Yeah. Go ahead.
8    MR. THOMPSON: Okay. Your Honor, I think that the
9 difficult -- and I understand your ruling, but it also includes
10 -- our contention is and I think it's one that would be born
11 out through discovery -- is that everything that we've asked
12 for ultimately gets to the issues involved with the Trustee's
13 motion for sale and bidding procedures.
14    Now if Your Honor's order quashing that discovery is
15 not limiting our capability to go into those topics, then I
16 think I understand it, but --
17    THE COURT: Well, I guess I want it -- yeah. I want
18 it with regard to your discovery related to the bid procedures.
19 I hadn't yet seen your objection to -- which I'm sure is -- I
20 don't know if you've already filed it, but I'm sure it's
21 forthcoming. But I wanted to look at that first and then I
22 will enter my ruling in connection with your discovery request
23 with regard to that matter.
24    MR. THOMPSON: Yes, Your Honor. But there are other
25 topics including TRO violations, alleged TRO violations,

Case 23-10763-amc   Doc 826-1   Filed 11/27/24   Entered 11/27/24 19:42:08   Desc
Exhibit 10-30-24 Hearing Transcripts    Page 6 of 11

6

1  failure to remedy or cure those violations, actions of other

2  parties in the case that we assert are related to the sale and

3  the bid procedures.

4         THE COURT:  Okay.  I think that a lot of the

5  discovery that you have asked for also just relates to your

6  reconsideration motion, which I'll be ruling on shortly.  So,

7  you know, so I'm trying to just keep things on their own

8  separate track because I think it's easier for me to handle all

9  of your discovery requests if I view it in that light.

10         MR. THOMPSON:  Yes, Your Honor.  And you -- I'm sure

11 Your Honor took notice of the fact that we have a plan that we

12 are intending to file --

13         THE COURT:  Yeah.

14         MR. THOMPSON:  -- in very short order.  Some of these

15 same issues have come up --

16         THE COURT:  Is this a plan that is consensual with

17 the Trustee or it's just --

18         MR. THOMPSON:  It will not be.

19         THE COURT:  Okay.

20         MR. THOMPSON:  Notwithstanding our best efforts, Your

21 Honor.

22         THE COURT:  Okay.  Okay.

23         MR. THOMPSON:  And that's actually part and parcel of

24 what we're talking about here.

25         THE COURT:  Okay.

Case 23-10763-amc   Doc 826-1   Filed 11/27/24   Entered 11/27/24 19:42:08   Desc
Exhibit 10-30-24 Hearing Transcripts   Page 7 of 11

7

1          MR. THOMPSON:  So it also involves the motion for
2    reconsideration.  So I would think that our motion for
3    reconsideration also -- are you suggesting that we not have --
4    that we not get any discovery from this Trustee with respect to
5    that?
6          THE COURT:  At this point, I would tell you my
7    inclinations with regard to your motion for reconsideration,
8    I'm not inclined to grant your motion for reconsideration.  And
9    if I do end up concluding in that manner, then I'm not going to
10   be permitting discovery to go forth with regard to that issue
11   as well.
12         MR. THOMPSON:  Well, wouldn't it be important for the
13   Court to understand that what we deem to be new information for
14   the Court to make a determination?
15         THE COURT:  Well, I'm assuming you've included
16   everything in your papers that you would like me to consider.
17         MR. THOMPSON:  Well, I think we have allegations that
18   need to be --
19         THE COURT:  So I think that what you're saying is
20   that you think that this discovery will, you know, uncover a
21   smoking gun, something like that, right?  That whatever -- I'm
22   just interested in whatever evidence you have right now to
23   justify those discovery requests.  And right now, I'm not
24   feeling that convinced.
25         MR. THOMPSON:  Your Honor, I -- what we would suggest

Case 23-10763-amc   Doc 826-1   Filed 11/27/24   Entered 11/27/24 19:42:08   Desc
Exhibit 10-30-24 Hearing Transcripts    Page 8 of 11

8

1  is that the 9019 settlement agreement together.  And this is
2  not something that we had concluded prior to the Trustee's
3  rejection of what we think is a very reasonably plan, joint
4  plan proposal, to pay virtually 100 cents to all creditors and
5  certainly a much better outcome for unsecured creditors.  We
6  weren't of this opinion until after that rejection, but it
7  strikes us at this point that it is very possible that what the
8  9019 settlement agreement and the proposed sale and bid
9  procedures actually constitute is a sub rosa plan.
10             THE COURT:  Okay.
11             MR. THOMPSON:  So, okay.
12             THE COURT:  I understand --
13             MR. THOMPSON:  Okay.
14             THE COURT:  -- that that's your position and I'll
15  take that into consideration when I enter my ruling, okay?
16             MR. THOMPSON:  Okay, Your Honor.  Thank you.
17             THE COURT:  All right.  Thank you very much.
18             Okay.  Anything else, Mr. Coren?  Yes?
19             MR. COREN:  No, Your Honor.  It's unusual where I
20  come down here and say nothing, but I'm happy to say nothing.
21             THE COURT:  All right.  Well, I appreciate everyone's
22  thorough briefing.  Yes.
23             MR. SWICK:  Can I please say one thing just for the
24  record?
25             THE COURT:  Yeah.  Go ahead.

Case 23-10763-amc   Doc 826-1   Filed 11/27/24   Entered 11/27/24 19:42:08   Desc
Exhibit 10-30-24 Hearing Transcripts    Page 9 of 11

9

```
1              MR. SWICK:  Okay.  So on the motion to withdraw, like
2    the motion for turnover was also for sanctions and included in
3    that were documents that we're extremely convinced were
4    falsified.  And they were accusing our client of doing things
5    they did not do and asking for sanctions.  So I really think,
6    and I would implore this Court to let us -- and look, most of
7    this stuff could have been done by a phone call,
8    communications, emails.  Communications are not going great
9    with opposing counsel.
10             So like if somebody filed something and they said,
11   "Hey, man, this is a mistake.  Here's what happened."  Fine.
12   But we didn't have that conversation.  We just had we're going
13   to withdraw this on the day before discovery is due when we've
14   been conferring about doing discovery and you're not going to
15   get any information about what we've -- like I don't make these
16   accusations lightly -- were clearly either falsified documents
17   or they were insinuating that our client used them in violation
18   of this Court's order, which they were not.  And there is no
19   evidence that they were.
20             So I -- on this motion to withdraw the motion for
21   turnover and sanctions, Your Honor, I really believe we should
22   be able to get down to why those documents, that motion for
23   turnover was filed and have some explanation for that because
24   that goes into our bidding procedure.  Should we, you know, go
25   with this sale?  Should we do a plan?  Like are we behind the
```

Case 23-10763-amc   Doc 826-1   Filed 11/27/24   Entered 11/27/24 19:42:08   Desc
Exhibit 10-30-24 Hearing Transcripts   Page 10 of 11

10

1  eight ball here because they're not going to do anything with
2  us.  And I also want to make it clear.  We took this case to
3  not waste anybody's time.  Like I'm not going to come in and do
4  a plan objection when we can't do a substitution or anything
5  like that.  But to me, and I'm not from this Court, but I feel
6  like the really injustice that's going on, that someone is
7  trying to get my client for sanctions on falsified documents
8  and I can't get any explanation or discovery on those
9  documents.
10         THE COURT:  You know, I've read all of the
11 allegations that you guys have made, and unfortunately, I'm
12 just not convinced by those allegations.  And I appreciate that
13 you're zealously advocating on behalf of your client.  I'm just
14 not convinced on the evidence and the arguments that you've
15 presented to me today.  Okay.
16         Okay.  So I guess we'll see you again with regard to
17 the next hearing, which I guess is next week then, Pam?
18         THE CLERK:  Yes.
19         THE COURT:  Okay.  All right.  Thank you, both.
20         MR. THOMPSON:  Very good.  Thank you, Your Honor.
21         MR. COREN:  Thank you, Your Honor.
22         THE COURT:  Yes.  Thank you.
23         MR. THOMPSON:  Have a nice day.
24         THE COURT:  You too.
25         (Proceedings adjourned at 11:17 a.m.)

Case 23-10763-amc   Doc 826-1   Filed 11/27/24   Entered 11/27/24 19:42:08   Desc
Exhibit 10-30-24 Hearing Transcripts    Page 11 of 11

11

C E R T I F I C A T E

I hereby certify that the foregoing is a true and correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

*John Buckley*
_____
John Buckley, CET-623
Digital Court Proofreader