IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br><br>STREAM TV NETWORKS, INC.,<br><br>Debtors. | Chapter 11<br><br>Case No.: 23-10763 (AMC)<br>(Jointly Administered)[1] |

**VISUAL SEMICONDUCTOR, INC.'S MOTION FOR EXPEDITED
CONSIDERATION, SHORTENED TIME, AND LIMITED NOTICE OF
MOTION TO RECONSIDER AND/OR CLARIFY NOVEMBER 14, 2024 ORDER
QUASHING THE REMAINING VSI DISCOVERY (ECF No. 805)**

**TO THE HONORABLE ASHLEY M. CHAN,
UNITED STATES BANKRUPTCY JUDGE:**

Visual Semiconductor, Inc. ("VSI") by and through his undersigned counsel, files this Motion for Expedited Consideration, Shortened Time, and Limited Notice of VSI's Motion to Reconsider and/or Clarify November 14, 2024 Order Quashing the Remaining VSI Discovery [ECF No. 826] ("Motion to Reconsider"). In support of this Motion for Expedited Consideration, VSI respectfully represents to the Court as follows:

**Jurisdiction & Venue**

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    This Motion constitutes a core proceeding as defined under 28 U.S.C. § 157(b)(2)(A) and constitutes a contested matter pursuant to Bankruptcy Rules 9014 and 9020.

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

77988089;1

**General Background**

3. On November 14, 2024, the Court entered an Order denying VSI's Motion for Reconsideration of the Order Granting the Trustee's Settlement Agreement with Hawk and all the "Additional Topics" in a Subpoena Duces Tecum directed at the Trustee (the "Second Subpoena Duces Tecum") (ECF No. 761).

4. Additional Topic 3 and Additional Topic 4 in the Second Subpoena Duces Tecum, which the Court denied, are solely related to the Trustee's proposed sale and sale process, which matter is still outstanding.

5. On November 20, 2024 the Court issued an Order granting the Trustee's Sale Motion, granting the proposed Bidding Procedures, and scheduling a Sale Hearing on December 4, 2024 (Docket No. 811) ("Sale Procedures Order"). The discovery sought by VSI was in preparation for the scheduled Sale Hearing which has yet to take place.

6. VSI now seeks an expedited hearing on its Motion to Reconsider in advance of the scheduled Sale Hearing so as not to jeopardize VSI's due process rights in these proceedings.

**Grounds for Relief**

7. In accordance with L.B.R. 5070-1(f) and 9014-1, VSI seeks expedited consideration of its Motion to Reconsider. VSI requests approval of the request for expedited consideration pursuant to L.B.R. 9014-2.

8. VSI respectfully submits that expedited consideration of the Motion to Reconsider is required well in advance of the Sale Hearing because of the relief sought, which entitles VSI to discovery before the Sale Hearing.

9. Rembrandt further believes that an expedited hearing of its Motion to Reconsider will not prejudice the Trustee or any of the Debtors' creditors and is, in fact, in the best interest of

77988089;1

all effected parties and creditors as VSI is trying to prevent the Trustee from destroying the value in the estates' IP.

10. VSI further requests (a) that this Court permit notice of the hearing to be served via facsimile, hand delivery, next day air, or by electronic means upon (i) the Office of the United States Trustee; (ii) to the Chapter 11 Trustee; and (iii) all parties who have timely filed requests for notice under Bankruptcy Rule 2002, and (b) that this Court limit the notice period accordingly.

11. VSI believes that such notice is sufficient under the circumstances for the expedited hearing.

12. Reduction of the time periods in question is not prohibited under Fed. R. Bankr. P. 9006(c )(2) and the rules listed therein.

## Conclusion

**WHEREFORE**, VSI respectfully requests that this Court enter an Order, in the form annexed hereto as **Exhibit "A"**, granting this Motion and (i) allowing VSI's Motion to Reconsider to be heard on an expedited basis in advance of the Sale Hearing; and (ii) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: November 27, 2024

Respectfully submitted,

AKERMAN LLP

 /s/ R. Adam Swick
Donald N. David, SBN: 304846
Mark S. Lichtenstein (Admitted *Pro Hac Vice*)
1251 Avenue of the Americas
37th Floor
New York, NY 10020
Telephone: (212) 880-3800
Facsimile: (212) 880-8965
Email: donald.david@akerman.com
          mark.lichtenstein@akerman.com

77988089;1

-and-

R. Adam Swick (Admitted *Pro Hac Vice*)
AKERMAN LLP
500 West 5th Street, Suite 1210
Austin, TX 78701
Telephone: (737) 999-7103
Facsimile:   (512) 623-6701
Email: adam.swick@akerman.com

-and-

John H. Thompson *(Admitted Pro Hac Vice)*
AKERMAN LLP
750 Ninth Street, N.W. 750
Washington, D.C. 20001
Telephone: (202) 824-1760
Facsimile:   (202) 393-5959
Email: john.thompson@akerman.com

-and-

Leif M Clark (Admitted *Pro Hac Vice*)
Leif M Clark Consulting PLLC
1105 Bonner
Houston, TX 77007
Telephone: (210) 663-5183
Email: lmclark@leifmclark.com

*Attorneys for Visual Semiconductor, Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on November 27, 2024, counsel for VSI conferred with Trustee's Counsel, regarding this expedited request. The Trustee's counsel did not agree to the expedited setting of VSI's Motion to Reconsider.

  */s/ John H. Thompson*
   John H. Thompson

77988089;1

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was filed electronically with the United States Bankruptcy Court for the Eastern District of Pennsylvania on November 27, 2024 with notice sent electronically to all parties receiving electronic notices in this case pursuant to local rules of this Court, and that no further notice or service is necessary.

      /s/ R. Adam Swick
      R. Adam Swick

77988089;1