UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

Stream TV Networks, Inc., *et al.*[1]

The Debtors.

Chapter 11

Bankr. Case No. 23-10763 (AMC)
(Jointly Administered)

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s): **Visual Semiconductor, Inc.**

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☐ Debtor
   ☒ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

**Part 2: Identify the subject of this appeal**

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:

   *Order* approving settlement between Trustee, Hawk Investment Holdings, Ltd., SeeCubic, Inc.

2. State the date on which the judgment—or the appealable order or decree—was entered:

   ECF 805 – November 14, 2024

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

78928507;1

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party:  Visual Semiconductor, Inc.

   Attorney:
   AKERMAN LLP
   Donald N. David, SBN: 304846
   Mark Lichtenstein *(Admitted pro hac vice)*
   1251 Avenue of the Americas
   37th Floor
   New York, NY 10020
   Telephone: (212) 880-3800
   Email: donald.david@akerman.com
   mark.lichtenstein@akerman.com

   R. Adam Swick (Admitted *pro hac vice*)
   AKERMAN LLP
   500 West 5th Street, Suite 1210
   Austin, TX 78701
   Telephone: (737) 999-7103
   Facsimile:  (512) 623-6701
   Email: adam.swick@akerman.com

   John H. Thompson (Admitted *pro hac vice*)
   AKERMAN LLP
   750 Ninth Street, N.W. 750
   Washington, D.C. 20001
   Telephone: (202) 824-1760
   Facsimile:  (202) 393-5959
   Email: john.thompson@akerman.com

   Leif M. Clark
   Leif M Clark Consulting PLLC
   1105 Bonner
   Houston, TX 77007
   Telephone: (210) 663-5183
   Email: lmclark@leifmclark.com

2. Party:  William A. Homony, Trustee

   Attorney:
   ANDREW J. BELLI
   Coren & Ress, PC
   2001 Market Street, Suite 3900
   Philadelphia, PA 19103
   Tel. No.: (215) 735-8700
   Email: abelli@kcr-law.com

78928507;1

    STEVEN M. COREN
Kaufman, Coren & Ress, P.C.
Two Commerce Square, Ste. 3900
2001 Market Street
Philadelphia, PA 19103-2713
Telephone: (215) 735-8700
Email: scoren@kcr-law.com

MICHAEL D. VAGNONI
Obermayer Rebmann Maxwell & Hippel LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
(215) 665-3066
Fax : (215) 665-3165
Email: michael.vagnoni@obermayer.com

2. Party: Hawk Investment Holdings, Ltd.

    Attorney:
K&L GATES LLP
Steven L. Caponi
600 King Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 416-7000
Email: steven.caponi@klgates.com

Margaret R. Westbrook, Esq.
Aaron S. Rothman, Esq.
Jonathan N. Edel, Esq.
K&L GATES LLP
300 South Tryon Street, Suite 1000
Charlotte, NC 28202
Telephone: (704) 331-7400
Email: margaret.westbrook@klgates.com
aaron.rothman@klgates.com
jon.edel@klgates.com

Thomas A. Warns, Esq.
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 536-3900
Email: tom.warns@klgates.com

3

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

    Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel. ☐

Dated: New York, New York
       November 27, 2024

                                         **AKERMAN LLP**

                        By:  /s/ R. Adam Swick
                              R. Adam Swick
                              (Admitted *pro hac vice*)
                              AKERMAN LLP
                              500 West 5th Street, Suite 1210
                              Austin, TX 78701
                              Telephone: (737) 999-7103
                              Facsimile:   (512) 623-6701
                              Email: adam.swick@akerman.com

                              AKERMAN LLP
                              Donald N. David, SBN: 304846
                              Mark Lichtenstein *(Admitted pro hac vice)*
                              1251 Avenue of the Americas
                              37th Floor
                              New York, NY 10020
                              Telephone: (212) 880-3800
                              Email: donald.david@akerman.com
                                    mark.lichtenstein@akerman.com

                              John H. Thompson (Admitted *pro hac vice*)
                              AKERMAN LLP
                              750 Ninth Street, N.W. 750
                              Washington, D.C. 20001
                              Telephone: (202) 824-1760
                              Facsimile:   (202) 393-5959
                              Email: john.thompson@akerman.com

                              Leif M. Clark

78928507;1

> Leif M Clark Consulting PLLC
> 1105 Bonner
> Houston, TX 77007
> Telephone: (210) 663-5183
> Email: lmclark@leifmclark.com
>
> *Counsel for Visual Semiconductor, Inc.*

Case 23-10763-amc Doc 821-1 Filed 11/29/24 Entered 11/29/24 13:46:15 Desc Main
Document Page 6 of 15

Case 23-10763-amc Doc 682 Filed 11/29/24 Entered 11/29/24 13:42:31 Desc Main
Exhibit Order Approving Settlement between Trustee and Hawk Investment Holdings Lt Page 1 of 5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:

Stream TV Networks, Inc., *et al.*

Debtors.[1]

Chapter 11

Bky. No. 23-10763 (AMC)

## ORDER

**AND NOW,** on May 6, 2024, William Homony (the "Trustee"), in his capacity as chapter 11 trustee of the bankruptcy estates of Stream TV Networks, Inc. and Technovative Media Inc. (together, the "Debtors"), filed a motion (the "Settlement Motion")[2] seeking approval of a settlement agreement and mutual release (the "Settlement") with Hawk Investment Holdings, Ltd. ("Hawk"), as collateral agent, and Seecubic, Inc. ("SCI" and together with Hawk and the Trustee, the "Parties").

**AND,** pursuant to the Settlement, the Parties agreed to resolve pending litigation in the Delaware District Court (the "Section 225 Action") and this Court (the "Adversary Action"), by, among other things, (a) granting Hawk an allowed secured claim in the amount of $180 million, subject to dollar-for-dollar increase for any amounts funded to Debtor-affiliate SeeCubic, B.V. ("SCBV") between appointment of the Trustee and closing on a sale of the Debtors' assets (the "Sale"), (b) allowing SCI to credit bid $150 million of Hawk's allowed secured claim in connection with the Sale, (c) providing for the withdrawal of the asserted secured claims of SLS Holdings and SCI upon the entry of an order approving the Settlement Motion, and (d) providing for certain bid procedures in connection with the Sale (the "Bid Procedures").

**AND,** on May 20, 2024, Visual Semiconductor, Inc. ("VSI") and Rembrandt 3D Holding

---

[1] This case is being jointly administered with the case of *In re Technovative Media, Inc.* (Case No. 23-10764) (AMC).
[2] Bankr. Docket No. 630.

Ltd. ("Rembrandt") each filed objections to the Settlement Motion (respectively, the "VSI Settlement Objection" and the "Rembrandt Settlement Objection," and together, the "Settlement Objections").[3]

**AND**, on June 5, 2024, the Court held an evidentiary hearing (the "Settlement Hearing") on the Settlement Motion and the Settlement Objections, after which it entered an order (the "Settlement Order") granting the Settlement Motion and approving the Settlement.[4]

**AND**, on June 20, 2024, Rembrandt filed a notice of appeal of the Settlement Order to the Eastern District of Pennsylvania District Court (the "Appeal").[5]

**AND**, also on June 20, 2024, VSI filed a motion to reconsider the Settlement Order (the "Reconsideration Motion").[6]

**AND**, on July 5, 2024, the Trustee filed an objection to the Reconsideration Motion (the "Reconsideration Objection").[7]

**AND**, on July 26, 2024, VSI filed a notice[8] of its intention to take the Trustee's deposition and requested the Trustee's production of documents in advance thereof, which notice was amended on August 24, 2024[9] and again on October 25, 2024[10] (collectively, the "VSI Discovery Requests").

**AND**, on August 29, 2024, the Trustee filed an expedited motion to quash the VSI Discovery Requests and for a protective order (the "Motion to Quash").[11]

**AND,** on September 4, 2024, VSI filed an objection to the Motion to Quash (the "VSI Quash

---

[3] Bankr. Docket Nos. 642, 643.
[4] Bankr. Docket No. 653.
[5] Bankr. Docket No. 685.
[6] Bankr. Docket No. 686.
[7] Bankr. Docket No. 700.
[8] Bankr. Docket No. 712.
[9] Bankr. Docket No. 718.
[10] Bankr. Docket No. 771.
[11] Bankr. Docket No. 724.

Objection") combined with a motion to compel the Trustee to respond to the VSI Discovery Requests (the "Motion to Compel").[12]

**AND**, on October 30, 2024, the Court held a hearing on the Motion to Quash, the VSI Quash Objection, and the Motion to Compel, following which it entered an order (the "First Quash Order") (a) quashing the VSI Discovery Requests with respect to Deposition Topics 1 through 6 and Document Requests 1 through 18 (the "Quashed Discovery Requests"), (b) suspending a ruling on the Additional Deposition Topics and Additional Document Requests (the "Remaining VSI Discovery Requests") pending resolution of the Reconsideration Motion, and (c) denying the Motion to Compel with respect to the Quashed Discovery Requests.[13]

**AND**, on November 7, 2024, the Court held a hearing on the Reconsideration Motion, the Reconsideration Objection, and the Remaining VSI Discovery Requests (the "Reconsideration Hearing").

**AND**, upon consideration of the arguments and positions of the parties as set forth in their pleadings and at the Reconsideration Hearing.

**IT IS HEREBY ORDERED** that:

1. The Reconsideration Motion is **DENIED**.

2. The Motion to Quash is **GRANTED** with respect to the Remaining VSI Discovery Requests

3. The Motion to Compel is **DENIED** with respect to the Remaining Discovery Requests.

4. By the Reconsideration Motion, VSI has sought clarification and reconsideration of the Settlement Order on several grounds (the "Reconsideration Grounds"): (a) to provide for a

---

[12] Bankr. Docket No. 728.
[13] Bankr. Docket No. 777. The terms "Deposition Topics", "Document Requests", "Additional Deposition Topics", and "Additional Discovery Requests" have the meaning given to them in the First Quash Order.

Case 23-10763-amc Doc 881 Filed 11/29/24 Entered 11/29/24 13:46:31 Desc Main
Document Page 9 of 15

Case 23-10763-amc Doc 852-1 Filed 10/29/24 Entered 10/29/24 13:42:15 Desc
Exhibit Order Approving Settlement between Trustee and Hawk Investment Holdings Lt Page 4 of 5

"fiduciary out" permitting the Trustee to rescind the Settlement if it should later be determined that entry into it or execution of its terms would result in a breach of the Trustee's fiduciary duties, (b) requesting clarification that entry of the Settlement Order is without prejudice to parties' ability to object to the Sale process or bidding procedures or to their ability to seek reconsideration of the allowance of Hawk's claim pursuant to Bankruptcy Rule 3008 and §502(j), and (c) based on alleged misstatements by the Trustee and its counsel at the Settlement Hearing regarding the alleged purchase orders VSI procured for the Debtors' product (the "Alleged VSI Purchase Orders") and SCBV's ability to use a license from Koninklijke Philips Electronics ("Philips") in light of the temporary restraining order[14] this Court issued in January 2024.

5. The Court denies VSI's request for revision or supplementation of the Settlement Order to include a "fiduciary out" provision. Such a provision was neither requested nor considered in connection with the Court's resolution of the Settlement Motion, and in light of the Court having already determined that the Settlement represents a proper exercise of the Trustee's business judgment,[15] it will not insert one *ex post facto* at the request of an objecting party.

6. The Court denies VSI's request for clarification that the Settlement Order is without prejudice to parties' ability to object to the Sale process or bidding procedures or to their ability to seek reconsideration of the allowance of Hawk's claim pursuant to Bankruptcy Rule 3008 and §502(j). The provisions of the approved Settlement and the Settlement Order say what they say and may be relied upon by the parties. VSI, Rembrandt, or any other party in interest may object to the Sale on whatever grounds they deem appropriate, and the Trustee and other parties may respond as they see fit. The Court will rule on those objections. It will not, however, provide specific clarifications to the Settlement Order regarding actions that may or may not be taken by parties with

---

[14] Adv. Pro. No. 23-00057, Docket No. 119.

[15] Bankr. Docket No. 670 (Settlement Hearing Trans. at 85:15 to 85:20).

respect to the Sale or otherwise.

7. Finally, the Court rejects VSI's argument that approval of the Settlement should be reconsidered based on alleged misstatements by the Trustee and its counsel at the Settlement Hearing regarding the Alleged VSI Purchase Orders and SCBV's ability to use a license from Philips. The Court determined that the Settlement was reasonable, fair, and in the best interests of the Debtors' estate based on the totality of the evidence presented at the Settlement Hearing, including the Trustee's analysis of potential success on the merits in the Section 225 Action and the Adversary Proceeding. Any misstatements regarding the Alleged VSI Purchase Orders and the Philips license, to the extent they were even made, were immaterial to the Court's determination that the Settlement was an appropriate exercise of the Trustee's business judgment in light of the totality of the circumstances.

8. Having found that none of the Reconsideration Grounds are meritorious, and therefore denying the Reconsideration Motion, the Court finds it is appropriate to quash the Remaining VSI Discovery Requests. The Court finds that each of the Additional Deposition Topics and Additional Document Requests relate to the grounds for VSI's Settlement Objection and Reconsideration Motion. In approving the Settlement, the Court overruled VSI's Settlement Objection, and has now denied its request to reconsider that approval. The Remaining VSI Discovery Requests therefore seek testimony and documents on matters already determined by the Court, and the Trustee's request to quash them is granted. VSI's motion to compel responses is consequently denied. This Order granting the Motion to Quash and denying the Motion to Compel shall also serve as a protective order barring VSI from seeking responses with respect to the Remaining VSI Discovery Requests.

**Dated: November 14, 2024**

_____
Honorable Ashely M. Chan
Chief United States Bankruptcy Judge