IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **Stream TV Networks, Inc.,** *et al*. | : | Bankruptcy No. 23-10763 (AMC) |
| | : | |
| Debtors. | : | (Jointly Administered)[1] |
| | : | |
| | : | |
| **STREAM TV NETWORKS, INC. and TECHNOVATIVE MEDIA, INC.,** | : | Adversary No. 23-00057 |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| **SHADRON STASTNERY, et al.,** | : | |
| | : | |
| Defendants | : | |

**OBJECTION OF WILLIAM A. HOMONY, CHAPTER 11 TRUSTEE, TO REMBRANDT 3D HOLDING LTD.'S MOTION FOR EXPEDITED CONSIDERATION, SHORTENED TIME, AND LIMITED NOTICE OF MOTION SEEKING (I) ENFORCEMENT OF THE TEMPORARY RESTRAINING ORDER, (II) SANCTIONS AGAINST PARTIES WHO VIOLATED THE TEMPORARY RESTRAINING ORDER, AND (III) INJUNCTIVE RELIEF (D.I. #824)**

William A. Homony, in his capacity as Chapter 11 Trustee (the "Trustee") of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media Inc. ("Technovative", or collectively with Stream, the "Debtors"), by and through his counsel, Obermayer Rebmann Maxwell & Hippel LLP, files this objection ("Objection") to Rembrandt 3D Holding Ltd.'s ("Rembrandt") Motion for Expedited Consideration, Shortened Time, and Limited

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

1

4897-8195-5073 v3

Notice (the "Motion to Expedite") of Motion Seeking (I) Enforcement of the Temporary Restraining Order, (II) Sanctions Against Parties Who Violated the Temporary Restraining Order, and (III) Injunctive Relief (the "Motion to Enforce") (D.I. #824). In support thereof, the Trustee respectfully represents as follows:

## I. BACKGROUND

1. On March 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2. After almost a year of "acrimony" and "relative lack of progress", on January 5, 2024, this Court entered a Memorandum and Order which, among other things, appointed a Chapter 11 trustee and granted the Debtors' secured creditor Hawk Investment Holdings Limited ("Hawk") relief from the automatic stay to permit litigation against the Debtors pending in the Delaware Court of Chancery under § 225 of Title 8 of the Delaware Code (the "225 Action") to proceed (the "Trustee Order" and "Trustee Opinion") (D.I. #549 and #548, respectively).

3. On January 9, 2024, the Office of the United States Trustee filed a Notice of Appointment of William A. Homony to serve as the Chapter 11 trustee (the "Appointment Date") as well as an Application for the Entry of an Order Approving the Appointment of the Trustee. (D.I. #554 and #553 respectively).

4. On January 12, 2024, the Bankruptcy Court entered an Order granting the Application to Appoint the Trustee (D.I. #558).

5. Prior to the Trustee's appointment, the Debtors filed the above-captioned adversary proceeding (the "Adversary Proceeding") to, *inter alia*, enjoin the Debtors' secured lenders,

2

4897-8195-5073 v3

individuals associated with the secured lenders, the Debtors' research and development subsidiary in the Netherlands, SeeCubic, B.V. ("SCBV") and its head of technology, Patric Theune.

6. After significant and lengthy investigation and consultations with his professionals, certain of the Debtors' subsidiaries, Mathu Rajan ("Rajan"), Visual Semiconductor, Inc. ("VSI"), Rembrandt, and the Debtors' secured creditors, and further considering the significant legal and factual challenges involved in the 225 Action, the risk it posed to the Debtors' assets and any creditor recovery, and the ongoing need to fund the operations of its research and development subsidiary, SCBV, the Trustee decided that, in his reasonable business judgment, settling the disputes with the Debtors' secured creditors including, but not limited to, the 225 Action and the Adversary Proceeding and providing a process to market and sell the Debtors' Assets was in the best interest of the Debtors' creditors and stakeholders.

7. Through the Trustee's substantial efforts, the Trustee reached a settlement with Hawk, as collateral agent for the secured creditors (collectively, the "Secured Creditors"), resolving several disputes between the parties and providing for a carve-out valued in the minimum amount of $9,000,000.00 for the Debtors' estates, and a mechanism for the Debtor's assets to be exposed to a sale process, whereby the true value of the assets could be assessed by exposing them to the market (the "Hawk Settlement").

8. On May 6, 2024, the Trustee filed a Motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure to approve the Hawk Settlement (the "9019 Motion") (D.I. #630).

9. This Court conducted an evidentiary hearing on the 9019 Motion on June 5, 2024, in which the Trustee testified at length and was cross examined by both VSI and Rembrandt, and ultimately approved the Hawk Settlement (D.I. #653) over the objections of VSI and Rembrandt (D.I. #642 and #643, respectively).

10. Pursuant to the Hawk Settlement, on September 30, 2024, the Trustee filed a Sale Motion with this Court seeking authorization and approval of the Stalking Horse APA and the Bid Procedures in connection with the sale of substantially all of the Debtors' assets on an "as is", "where as" basis, without any warranty of any kind, express or implied (the "Sale Motion").

11. Further, the Sale Motion explicitly stated that the Trustee does not intend to sell or assign the Rembrandt License as a part of the Stalking Horse APA and intends to object to the Rembrandt claims in the Debtors' bankruptcy cases and raise counterclaims in connection therewith.

12. Thereafter, on November 13, 2024, the Court held a hearing and approved the Bidding Procedures and the Stalking Horse APA with SeeCubic Inc. ("SeeCubic"), once again, over the objections of VSI and Rembrandt (D.I. #788 and #789, respectively).

13. The order approving the Bidding Procedures was entered on November 20, 2024 (the "Bidding Procedures Order") (D.I. #811).

14. The Bidding Procedures Order, *inter alia*, set a Bid Deadline of December 2, 2024, at 12:00 p.m. (EST), the Auction for December 3, 2024, and the Sale Hearing for December 4, 2024. *See Id.*

15. Now, on November 27, 2024, less than one (1) week before the Sale Hearing and on the evening before the Thanksgiving holiday, Rembrandt filed the Motion to Enforce and the Motion to Expedite.

16. Rembrandt reached out to the Trustee seeking his consent for the Expedited Consideration of the Motion to Enforce, and the Trustee declined to consent for a number of reasons as explained below.

4897-8195-5073 v3

## II. ARGUMENT

17. Though the Motion to Expedite does not clearly state, the Motion to Enforce is actually a motion to enjoin the sale scheduled for hearing on December 4, 2024.

18. The Motion to Expedite is nothing more than Rembrandt and VSI's latest desperate attempt to stall the sale of the Debtors' assets and postpone the Sale Hearing and should be denied on multiple grounds.

19. The Debtors', now controlled through the Trustee, are the Plaintiffs in the Adversary Proceeding and there is no TRO against the Debtors or the Trustee. The Motion to Expedite seeks to expedite a hearing on a Motion that turns the Debtor and Trustee into defendants and seeks separate and unjustified relief by a nonparty.

20. It is difficult to explain procedurally how inappropriate the Motion to Enforce actually is. The Trustee will respond appropriately when required. However, the request for expedited consideration must be denied.

21. First, Rembrandt lacks standing to enforce the Preliminary TRO entered in this case, as Rembrandt is not party to the proceedings. Rembrandt has made no effort to intervene in the Adversary Proceeding pursuant to Federal Rule of Bankruptcy procedure 7024. In order to seek relief in the adversary Rembrandt would have to intervene, which it has not done. Rembrandt has no standing to raise the issue of enforcement of the TRO.

22. The Adversary Proceeding and related Preliminary TRO are the Trustee's to prosecute - the Preliminary TRO was entered not to protect Rembrandt, but to protect the Debtors.

23. Second, Rembrandt has failed to articulate why, less than one (1) week before the Sale Hearing and at 3:00 p.m. on Thanksgiving eve, the instant emergency came into existence and why the Motion to Enforce and the Motion to Expedite needed to be filed at this time.

4897-8195-5073 v3

24. Rembrandt has failed to meet the procedural requirements for expedited consideration.

25. L.B.R. 5070-1(g)(A) requires Rembrandt to state with particularity the reasons why expedited consideration is needed.

26. Rembrandt has been complaining of the alleged behavior they seek to address in the Motion to Enforce (though they lack standing to do so) for an extended period. By its own admission, it has known of the alleged facts supporting this claim since at least early May of 2024.

27. The controversy only became an emergency when Rembrandt chose to raise an issue intended to derail the Trustee's preparation for the hearing on the Sale Motion, and thwart the sale of the Debtors' assets.

28. The Motion to Expedite baselessly states in a conclusory fashion, that "if the Trustee's proposed sale goes forward, the value of Debtors' IP will be destroyed." (D.I. #825, ¶ 8).

29. This claim is unsupported and entirely unfounded; Rembrandt's alleged concern is entirely disingenuous as the proposed Stalking Horse APA will provide substantial value to the Debtors' and their creditors.

30. Rembrandt states in conclusory fashion that the relief sought, "significantly affects the Trustee's proposed sale." – however, Rembrandt fails to explain how this is so, failing to provide any factual or other support for this proposition (D.I. #825, ¶ 7).

31. The Trustee avers that the Motion to Enforce and the Motion to Expedite are frivolous and without merit and being filed by a party without standing.

32. Further, upon information and belief Rembrandt has failed to contact the United States Trustee concerning its availability and the request for expedited consideration as required pursuant to L.B.R. 5070-1(f)(1).

4897-8195-5073 v3

33. Indeed, there is no statement in the Motion to Expedite that Rembrandt reached out to the United States Trustee, or more importantly, to the Defendants who are parties in interest in the Adversary Proceeding.

34. Finally, the issues raised in the Motion to Enforce concerning the Preliminary TRO are irrelevant at this juncture – a fact of which Rembrandt is keenly aware.

35. The Adversary Proceeding and Preliminary TRO were resolved as part of the Hawk Settlement Agreement which stays the matter. Section 8 of the Hawk Settlement provides as follows with respect to the Pending Litigation Matters, which is inclusive of the Adversary Proceeding and Preliminary TRO:

> Dismissal of Pending Litigation Matters.
>
> a) As of the date hereof, the Debtors are party to the Pending Litigation Matters, including but not limited to:
>    i. The 225 Action;
>    ii. **The Adversary Proceeding**;
>    iii. The District Court Action; and
>    iv. Any other pending litigation matters currently pending in any federal or state court (or analogous foreign jurisdiction), including, but not limited to, any actions pending in the Netherlands with respect to control of SCBV.
> b) **Upon the entry of the 9019 Order, the Pending Litigation Matters will be or will remain stayed indefinitely while the Parties pursue the consummation of the Sale.**
> c) On or within 14 calendar days of the Closing, the Trustee and/or Hawk as appropriate, shall obtain dismissal with prejudice of each of the Pending Litigation Matters.

(D.I. #630, Exhibit A, ¶ 8) [emphasis added]. The Preliminary TRO was entered in the Adversary Proceeding.

36. No party has sought to dissolve this stay, and Rembrandt lacks standing to do so. The Trustee does not consent to dissolving the court ordered stay.

7

4897-8195-5073 v3

### III. **CONCLUSION**

WHEREFORE, and for the foregoing reasons, the Trustee respectfully requests this Court deny the Motion to Expedite and grant such other relief as it deems equitable and just.

Respectfully Submitted,

Dated: November 29, 2024    By: */s/ Michael D. Vagnoni*
　　　　　　　　　　　　　　　Edmond M. George, Esquire
　　　　　　　　　　　　　　　Michael D. Vagnoni, Esquire
　　　　　　　　　　　　　　　OBERMAYER REBMANN MAXWELL & HIPPEL LLP
　　　　　　　　　　　　　　　Centre Square West
　　　　　　　　　　　　　　　1500 Market Street, Suite 3400
　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　Telephone: (215) 665-3066
　　　　　　　　　　　　　　　Facsimile: (215) 665-3165
　　　　　　　　　　　　　　　E-mail: edmond.george@obermayer.com
　　　　　　　　　　　　　　　　　　　michael.vagnoni@obermayer.com

　　　　　　　　　　　　　　　*Counsel to William A. Homony Chapter 11 Trustee*

4897-8195-5073 v3