IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| Stream TV Networks, Inc., *et al.* | Bankruptcy No. 23-10763 (AMC) |
| Debtors. | (Jointly Administered)[1] |

**OBJECTION OF WILLIAM A. HOMONY, CHAPTER 11 TRUSTEE, TO VISUAL SEMICONDUCTOR, INC.'S MOTION FOR EXPEDITED CONSIDERATION, SHORTENED TIME, AND LIMITED NOTICE OF MOTION TO RECONSIDER AND/OR CLARIFY NOVEMBER 14, 2024 ORDER QUASHING THE REMAINING VSI DISCOVERY (D.I. #805)**

William A. Homony, in his capacity as Chapter 11 Trustee (the "Trustee") of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media Inc. ("Technovative", or collectively with Stream, the "Debtors"), by and through his counsel, Obermayer Rebmann Maxwell & Hippel LLP, files this objection ("Objection") to Visual Semiconductor, Inc.'s ("VSI") Motion for Expedited Consideration, Shortened Time, and Limited Notice (the "Motion to Expedite") of Motion to Reconsider and/or Clarify November 14, 2024, Order Quashing the Remaining VSI Discovery (the "Motion to Reconsider") (D.I. #805). In support thereof, the Trustee respectfully represents as follows:

I.      **BACKGROUND**

1.      On March 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

1

4934-9427-6866 v1

2. After almost a year of "acrimony" and "relative lack of progress", on January 5, 2024, this Court entered a Memorandum and Order which, among other things, appointed a Chapter 11 trustee and granted the Debtors' secured creditor Hawk Investment Holdings Limited ("Hawk") relief from the automatic stay to permit litigation against the Debtors pending in the Delaware Court of Chancery under § 225 of Title 8 of the Delaware Code (the "225 Action") to proceed (the "Trustee Order" and "Trustee Opinion") (D.I. #549 and #548, respectively).

3. On January 9, 2024, the Office of the United States Trustee filed a Notice of Appointment of William A. Homony to serve as the Chapter 11 trustee (the "Appointment Date") as well as an Application for the Entry of an Order Approving the Appointment of the Trustee. (D.I. #554 and #553 respectively).

4. On January 12, 2024, the Bankruptcy Court entered an Order granting the Application to Appoint the Trustee (D.I. #558).

5. After significant and lengthy investigation and consultations with his professionals, certain of the Debtor's subsidiaries, Mathu Rajan ("Rajan"), VSI, Rembrandt 3D Holding Ltd. ("Rembrandt"), and the Debtors' secured creditors, and further considering the significant legal and factual challenges involved in the 225 Action, the risk it posed to the Debtors' assets and any creditor recovery, and the ongoing need to fund the operations of its research and development subsidiary, SCBV, the Trustee decided that, in his reasonable business judgment, settling the disputes with the Debtors' secured creditors including, but not limited to, the 225 Action and the Adversary Proceeding and providing a process to market and sell the Debtors' Assets was in the best interest of the Debtors' creditors and stakeholders.

6. Through the Trustee's substantial efforts, the Trustee reached a settlement with Hawk as collateral agent for the secured creditors (collectively, the "Secured Creditors"), resolving

several disputes between the parties and providing for a carve-out valued in the minimum amount of $9,000,000.00 for the Debtors' estates, and a mechanism for the Debtor's assets to be exposed to a sale process, whereby the true value of the assets could be assessed by exposing them to the market (the "Hawk Settlement").

7. On May 6, 2024, the Trustee filed a Motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure to approve the Hawk Settlement (the "9019 Motion") (D.I. #630).

8. This Court conducted an evidentiary hearing on the 9019 Motion on June 5, 2024, in which the Trustee testified at length and was cross-examined by both VSI and Rembrandt and ultimately approved the Hawk Settlement (the "9019 Order") (D.I. #653) over the objections of VSI and Rembrandt (D.I. #642 and #643, respectively).

9. Subsequently, on July 10, 2024, VSI filed a Motion to Reconsider the 9019 Order (the "9019 Reconsideration Motion") (D.I. #702).

10. On July 26, 2024, VSI filed a Notice of Oral Deposition Subpoena Duces Tecum for the Trustee, seeking the deposition of the Trustee on August 9, 2024, and the production of certain documents relating to, *inter alia*, the 9019 Motion and the Settlement with Hawk (D.I. #712).

11. On August 24, 2024, VSI filed an Amended Notice of Oral Deposition Subpoena Duces Tecum for the Trustee, seeking the deposition of the Trustee on September 3, 2024, and the production of certain documents relating to, *inter alia*, the 9019 Motion and the Settlement with Hawk (D.I. #718).

12. Thereafter, on August 29, 2024, the Trustee filed a Motion to Quash and for Protective Order, seeking to quash the July 26th and August 24th Subpoena Duces Tecum for the Trustee (the "Motion to Quash") (D.I. #724).

13. Pursuant to the Hawk Settlement, on September 30, 2024, the Trustee filed a Sale Motion with this Court seeking authorization and approval of the Stalking Horse APA and the Bid Procedures in connection with the sale of substantially all of the Debtors' assets on an "as is," "where as" basis, without any warranty of any kind, express or implied (the "Sale Motion").

14. October 11, 2024, VSI filed another Subpoena Duces Tecum directed at the Trustee (the "October Subpoena") that set a deposition date of October 29, 2024, and required document production by October 24, 2024 (D.I. #761).

15. October 30, 2024, the Court held a hearing on the Motion to Quash and entered an order that, *inter alia*, suspended a ruling on topics and documents sought through the October Subpoena pending a resolution of the 9019 Reconsideration Motion (D.I. #777).

16. Thereafter, on November 13, 2024, the Court held a hearing and approved the Bidding Procedures and the Stalking Horse APA with SeeCubic, Inc. ("SeeCubic"), once again, over the objections of VSI and Rembrandt (D.I. #788 and #789, respectively).

17. On November 14, 2024, the Court entered an order denying the 9019 Reconsideration Motion and quashing the discovery sought through the October Subpoena (D.I. #805).

18. The order approving the Bidding Procedures was entered on November 20, 2024 (the "Bidding Procedures Order") (D.I. #811).

19. The Bidding Procedures Order, *inter alia*, set a Bid Deadline of December 2, 2024, at 12:00 p.m. (EST), the Auction for December 3, 2024, and the Sale Hearing for December 4, 2024. *See Id.*

20. Now, on November 27, 2024, less than one (1) week before the Sale Hearing and on the evening before the Thanksgiving holiday, VSI filed the Motion to Reconsider and the Motion to Expedite (D.I. #826 and #827, respectively).

21. VSI reached out to the Trustee seeking his consent for the Expedited Consideration of the Motion to Enforce, and the Trustee declined to consent for a number of reasons, as explained below.

## II.   ARGUMENT

22. Though the Motion to Expedite does not clearly state, the Motion to Reconsider is actually a motion to enjoin the sale scheduled for hearing on December 4, 2024.

23. The Motion to Expedite is nothing more than VSI's latest desperate attempt to stall the sale of the Debtors' assets and postpone the Sale Hearing, which should be denied on multiple grounds.

24. VSI's efforts to date, including the various discovery requests, are indicative of its ultimate goal – to delay the Debtors' Chapter 11 cases and prevent the sale of the Debtors' assets to anyone other than VSI.

25. It is difficult to explain procedurally how inappropriate the Motion to Reconsider actually is - the Trustee will respond appropriately when required. However, the request for expedited consideration must be denied.

26. First, VSI has failed to articulate why, less than one (1) week before the Sale Hearing and at 3:00 p.m. on Thanksgiving eve, the instant emergency came into existence and why the Motion to Reconsider and the Motion to Expedite needed to be filed at this time.

27. Indeed, the need for expedited consideration of the Motion to Reconsider has been entirely fabricated by VSI.

5

28. The Court entered the order denying the 9019 Reconsideration Motion and quashing the discovery sought through the October Subpoena on November 14, 2024 (D.I. #805), yet it took VSI nearly two (2) weeks to file the Motion to Reconsider.

29. If the Motion to Reconsider was so urgent as to require an expedited hearing, VSI should have filed it weeks ago.

30. Clearly, VSI did not see the Motion Reconsider as urgent until they needed it to be; when it would serve VSI best and directly threaten the Sale Hearing.

31. Second, VSI has failed to meet the procedural requirements for expedited consideration.

32. L.B.R. 5070-1(g)(A) requires VSI to state with particularity the reasons why expedited consideration is needed.

33. The controversy only became an emergency when VSI chose to raise an issue intended to derail the Trustee's preparation for the hearing on the Sale Motion and thwart the sale of the Debtors' assets.

34. VSI asserts that expedited consideration of the Motion to Reconsider is needed "so as not to jeopardize VSI's due process rights in these proceedings." - however, VSI fails to explain how this is so, failing to provide any factual or other support for this proposition (D.I. #827, ¶ 6).

35. The Motion to Expedite goes on to confusingly state that it must be granted because the relief sought at the Sale Hearing "entitles VSI to discovery before the Sale Hearing" but, once again, fails to explain why this is the case (D.I. #827, ¶ 8).

36. Further, the Motion to Expedite baselessly states in a conclusory fashion, that the Motion to Reconsider being heard on an expedited basis is "in the best interest of all effected

4934-9427-6866 v1

parties and creditors as VSI is trying to prevent the Trustee from destroying the value' IP will be destroyed." (D.I. #827, ¶ 9).

37. This claim is unsupported and entirely unfounded; VSI's alleged concern is entirely disingenuous as the proposed Stalking Horse APA will provide substantial value to the Debtors and their creditors.

38. Finally, upon information and belief, VSI has failed to contact the United States Trustee concerning its availability and the request for expedited consideration as required pursuant to L.B.R. 5070-1(f)(1).

39. Indeed, there is no statement in the Motion to Expedite that VSI reached out to the United States Trustee.

### III. CONCLUSION

WHEREFORE, and for the foregoing reasons, the Trustee respectfully requests this Court deny the Motion to Expedite and grant such other relief as it deems equitable and just.

Respectfully Submitted,

Dated: November 29, 2024         By: */s/ Michael D. Vagnoni*
   Edmond M. George, Esquire
   Michael D. Vagnoni, Esquire
   OBERMAYER REBMANN MAXWELL & HIPPEL LLP
   Centre Square West
   1500 Market Street, Suite 3400
   Philadelphia, PA 19102
   Telephone: (215) 665-3066
   Facsimile: (215) 665-3165
   E-mail: edmond.george@obermayer.com
   michael.vagnoni@obermayer.com

   *Counsel to William A. Homony Chapter 11 Trustee*

4934-9427-6866 v1

8

4934-9427-6866 v1