# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | Chapter 11 |
| **STREAM TV NETWORKS, INC.,** *et al.* | Case No. 23-10763 (MDC) |
| Debtors.[1] | (Jointly Administered) |

### JOINDER OF SEECUBIC INC. TO RESPONSES IN SUPPORT OF THE TRUSTEE'S MOTION FOR, *INTER ALIA*, AN ORDER (A) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS RELATED THERETO, AND (C) GRANTING RELATED RELIEF

SeeCubic, Inc. ("**SeeCubic**"), a secured creditor of the debtors Stream TV Networks, Inc. ("**Stream**") and Technovative Media, Inc. ("**Technovative**" and, together with Stream, the "**Debtors**"), in the above-captioned chapter 11 cases (together, the "**Chapter 11 Cases**"), and the Stalking Horse Bidder[2] for the Debtors' Assets, by and through its undersigned counsel, hereby submits this joinder to the (I) *Omnibus Response of William A. Homony, in His Capacity as Chapter 11 Trustee, to the Objections to the Trustee's Motion For,* Inter Alia, *an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances,*

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the *Motion of William A. Homony in His Capacity as Chapter 11 Trustee For (I) an Order (A) Approving the Bidding Procedures and Form of Asset Purchase Agreement for the Sale of substantially All of the Debtors' Assets Including Approval of Provisions for Designation of a Stalking Horse, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof and Scheduling an Auction, (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070-1(g); and (F) Granting Related Relief, and (II) An Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief* [Docket No. 750] (the "**Sale Motion**").

*and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief* [Docket No. 835] (the "**Trustee's Response**") filed by William A. Hominy, in his capacity as Chapter 11 Trustee (the "**Trustee**"), and (II) *Hawk Investment Holdings Ltd.'s (I) Joinder to the Omnibus Response of William A. Homony, in His Capacity as Chapter 11 Trustee, to the Objections to the Trustee's Motion for,* Inter Alia*, an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief; (II) Brief in Support of Sale; and (III) Request for Related Relief* [Docket No. 836] (the "**Hawk Response**" and together with the Trustee's Response, the "**Responses**"), filed by Hawk Investment Holdings Ltd. ("**Hawk**") in support of the Sale and in response to the objections filed by Visual Semiconductor, Inc. ("**VSI**") [Docket No. 815] (the "**VSI Objection**") and Rembrandt 3D Holding Ltd. ("**Rembrandt**" and, together with VSI, the "**Objectors**") [Docket No. 816] (the "**Rembrandt Objection**" and, together with the VSI Objection, the "**Objections**"), and respectfully submits as follows:

## **JOINDER**

1. By their Objections, the Objectors improperly attempt to relitigate the findings of this Court, as reflected in the Bidding Procedures Order entered on November 20, 2024 [Docket No. 811], and otherwise raise meritless arguments with respect to the Sale in their continued effort to frustrate any recoveries by the secured creditors in these Chapter 11 Cases. As such, SeeCubic joins in the Responses filed by the Trustee and Hawk in their entirety and respectfully request that this Court overrule the Objections and approve the Sale.

## CONCLUSION

SeeCubic respectfully requests that this Court overrule the Objections and enter an order approving the Sale and providing for such other relief as the Court may deem proper.

Dated: November 30, 2024

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/      Joseph O. Larkin*
Joseph O. Larkin (I.D. No. 206047)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Fax: (302) 651-3001
Joseph.Larkin@skadden.com

- and -

James J. Mazza, Jr. (admitted *pro hac vice*)
Justin M. Winerman (admitted *pro hac vice*)
320 South Canal Street
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411
James.Mazza@skadden.com
Justin.Winerman@skadden.com

- and –

Eben P. Colby (admitted *pro hac vice*)
Marley Ann Brumme (admitted *pro hac vice*)
500 Boylston Street, 23rd Floor
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Fax: (617) 573-4822
Eben.Colby@skadden.com
Marley.Brumme@skadden.com

*Counsel to SeeCubic, Inc.*