UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc. ("Stream")<br><br>Debtor. | Chapter 11<br><br>Bankr. Case No. 23-10763 (AMC)<br>(Jointly Administered) |
| In re:<br><br>Technovative Media, Inc. ("Technovative")<br><br>Debtor. | Chapter 11<br><br>Bankr. Case No. 23-10764 (AMC)<br>(Jointly Administered) |

**DESIGNATION OF RECORD ON APPEAL AND
STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

Appellant, Rembrandt 3D Holding, Ltd. ("Rembrandt"), by and through his undersigned counsel, designates the following items to be included in the record on appeal, pursuant to the *Joint Notice of Appeal and Statement of Election* dated December 9, 2024 [ECF No. 873], from the *Order (A) Approving the Sale of Substantially All of The Debtors' Assets Free And Clear Of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Trustee To Enter Into and Perform Debtors' Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief* [ECF No. 876] and sets forth his statement of issues to be presented on appeal:

1

**I.     Record on Appeal[1]**

|   | ECF DKT. NO. | DOCKET DATE | DESCRIPTION |
|---|---|---|---|
| 1 | 750 | 09/30/24 | (Expedited) Motion of William A. Homony in His Capacity As Chapter 11 Trustee For (I) an Order (A) Approving the Bidding Procedures and Form of Asset Purchase Agreement for the Sale of Substantially All of the Debtors' Assets, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof and Scheduling a Sale By Auction, (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070-1(G), and (F) Granting Related Relief, and (II) an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief |
| 2 | 752 | 10/01/24 | Visual Semiconductor, Inc. Objection to the Expedited Consideration Of Motion of William A. Homony In His Capacity As Chapter 11 Trustee For (I) An Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement for the Sale of Substantially all of the Debtor's Assets Including Approval of the Provisions for Designation of a Stalking Horse, (B) Establishing the Notice Procedures and Approving the Form and Manner Of Notice Thereof and Scheduling and Auction, (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070-1(G); and (F) Granting Related Relief, and (II) an Order Approving (A) the Sale of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto and (C) Granting Related Relief |
| 3 | 754 | 10/02/24 | Order on Motion for Approval of Bid Procedure |

---

[1] All items designated herein include all exhibits, filed with, attached to, or otherwise referenced in such pleadings.

| | | | |
|---|---|---|---|
| 4 | 788 | 11/06/24 | Visual Semiconductor, Inc. Objection to Motion Of William A. Homony In His Capacity as Chapter 11 Trustee for (I) an Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement for the Sale of Substantially All of The Debtor's Assets Including Approval of the Provisions for Designation of a Stalking Horse, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof and Scheduling and Auction, (C) Approving Procedures for The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070-1(G); and (F) Granting Related Relief, and (II) an Order Approving (A) the Sale of the Debtor's Assets Free and Clear of all Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto and (C) Granting Related Relief |
| 5 | 789 | 11/06/24 | Rembrandt 3d Holding Ltd.'s Objection to Motion of William A. Homony In His Capacity As Chapter 11 Trustee for (I) an Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement for the Sale of Substantially All of the Debtor's Assets Including Approval of the Provisions for Designation of a Stalking Horse, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof and Scheduling and Auction, (C) Approving Procedures for The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070-1(G); and (F) Granting Related Relief, and (II) an Order Approving (A) the Sale of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto and (C) Granting Related Relief |

| | | | |
|---|---|---|---|
| 6 | 795 | 11/11/24 | Praecipe to Substitute Exhibit "B" To Motion of William A. Homony In His Capacity as Chapter 11 Trustee for (I) an Order (A) Approving the Bidding Procedures and Form of Asset Purchase Agreement for the Sale of Substantially All of the Debtors' Assets, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof and Scheduling A Sale By Auction, (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070- 1(G), and (F) Granting Related Relief, and (II) an Order (A) Approving the Sale of The Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment Of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief |
| 7 | 797 | 11/12/24 | Motion to Continue Hearing On Motion to Reconsider (Pursuant to the Court's 11/7/2024 request to report back) |
| 8 | 801 | 11/12/24 | Hawk Investment Holdings Ltd.'s (I) Reply in Support of Motion of William A. Homony In His Capacity as Chapter 11 Trustee for (I) An Order (A) Approving Bidding Procedures and Form Of Asset Purchase Agreement for the Sale Of Substantially All of the Debtor's Assets Including Approval of the Provisions for Designation of a Stalking Horse, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof and Scheduling and Auction, (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070-1(G); And (F) Granting Related Relief, and (II) an Order Approving (A) the Sale Of The Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto and (C) Granting Related Relief |

4

| | | | |
|---|---|---|---|
| 9 | 803 | 11/13/24 | Praecipe to Substitute Exhibit "A" to Motion of William A. Homony In His Capacity as Chapter 11 Trustee For (I) an Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement for the Sale of Substantially All of the Debtor's Assets Including Approval of the Provisions for Designation of a Stalking Horse, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof and Scheduling and Auction, (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070-1(G); and (F) Granting Related Relief, and (II) an Order Approving (A) the Sale of The Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto and (C) Granting Related Relief |
| 10 | 807 | Transcript attached as Exh. A to DI 899 | Transcript of Hearing re: Hearing held on November 13, 2024 |
| 11 | 810 | 11/19/24 | Support Document Asset List of Stream and Technovative re 363 Sale |
| 12 | 811 | 11/20/24 | Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially all of the Debtors' Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief |
| 13 | 815 | 11/22/24 | Visual Semiconductor, Inc's Objection to Motion of William A. Homony in His Capacity as Chapter 11 Trustee for an Order Approving (A) the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto and (C) Granting Relating Relief |
| 14 | 814 | 11/21/24 | Notice of Assumption or Assignment of Executory Contracts and Unexpired Leases |
| 15 | 816 | 11/22/24 | Rembrandt 3D Holding Ltd's Objection to the Sale of Substantially All of the Debtors' Assets |
| 16 | 819 | 11/27/24 | Stream TV Networks Inc's Chapter 11 Monthly Operating Report for Case No. 23-10763 for the Month Ending; 10/31/2024 |

Case 23-10763-amc    Doc 900    Filed 12/26/24    Entered 12/26/24 15:54:53    Desc Main
Document    Page 6 of 12

| | | | |
|---|---|---|---|
| 17 | 820 | 11/27/24 | Technovative Media, Inc.'s Chapter 11 Monthly Operating Report for Case Number 23-10764 for the Month Ending: 10/31/2024 |
| 18 | 822 | 11/27/24 | Stream TV Networks Inc's Chapter 11 Monthly Operating Report for Case Number 23-10763 for the Month Ending: 10/31/2024 |
| 19 | 823 | 11/27/24 | Technovative Media Inc's Chapter 11 Monthly Operating Report for Case Number 23-10764 for the Month Ending 10/31/2024 |
| 20 | 824 | 11/27/24 | Rembrandt 3D Holdings Ltd's Motion Seeking (I) Enforcement of the Temporary Restraining Order, (II) Sanctions Against Parties Who Violated the Temporary Restraining Order, and (III) Injunctive Relief |
| 21 | 826 | 11/27/24 | Visual Semiconductor Inc's Motion to Reconsider November 14, 2024 Order Quashing the Remaining VSI Discovery (ECF No. 805) and Grant Appropriate Relief |
| 22 | 827 | 11/27/24 | Visual Semiconductor Inc's Motion for Expedited Consideration, Shortened Time, and Limited Notice of Motion to Reconsider and/or Clarify November 14, 2024 Order Quashing the Remaining VSI Discovery (ECF No. 805) |
| 23 | 835 | 11/29/24 | Omnibus Response of William A. Homony, in His Capacity as Chapter 11 Trustee, to the Objections to the Trustee's Motion for, Inter Alia, an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief |
| 24 | 836 | 11/29/24 | Hawk Investment Holdings Ltd's (I) Joinder to the Omnibus Response of William A Homony, in His Capacity as Chapter 11 Trustee, to the Objections to the Trustee's Motion for, Inter Alia, an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief |
| 25 | 837 | 11/30/24 | SeeCubic, Inc's Joinder to Responses in Support of the Trustee's Motion for, Inter Alia, an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief |

| 26 | 839 | 12/02/24 | Rembrandt 3D Holding Ltd Third-Party Complaint and Injunctive Relief Against Stream TV Networks Iinc and Technovative Media Inc |
| --- | --- | --- | --- |
| 27 | 840 | 12/02/24 | Exhibit 1 Filed by ANDREW PETER DEMARCO on behalf of Rembrandt 3D Holding Ltd. (related document(s)[839]). (Attachments: # (1) Exhibit 2 # (2) Exhibit 3 # (3) Exhibit 4 # (4) Exhibit 5 # (5) Exhibit 6 # (6) Exhibit 7 # (7) Exhibit 8 # (8) Exhibit 9 # (9) Exhibit 10 # (10) Exhibit 11 # (11) Exhibit 12 # (12) Exhibit 13 # (13) Exhibit 14 # (14) Exhibit 15 # (15) Exhibit 16 # (16) Exhibit 17 # (17) Exhibit 18 # (18) Exhibit 19 # (19) Exhibit 20 # (20) Exhibit 21 # (21) Exhibit 22 # (22) Exhibit 23 # (23) Exhibit 24 # (24) Exhibit 25 # (25) Exhibit 26 # (26) Exhibit 27) |
| 28 | 843 | 12/02/24 | Order Denying (ECF No. 827) Motion for an Expedited Hearing on (ECF No. 826) Motion to Reconsider Order Dated November 14, 2024 |
| 29 | 844 | 12/02/241 | Order Denying (ECF No. 825) Motion for Expedited Hearing on (ECF No. 824) Motion for Sanctions Against Parties Who Violated the Temporary Restraining Order, Enforcement of the Temporary Restraining Order, and for Injunctive Relief |
| 30 | 847 | 12/03/24 | Disclosure Statement for Stream TV Networks Inc's Chapter 11 Plan or Reorganization |
| 31 | 848 | 12/03/24 | Chapter 11 Plan of Reorganization by Stream TV Networks Inc and Technovative Media Inc |
| 32 | 850 | 12/03/24 | Declaration of William A. Homony in His Capacity as Chapter 11 Trustee, in Support of the Motion for an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief |
| 33 | 852 | 12/03/24 | Declaration of J. Scott Victor in Support of Chapter 11 Trustee's Motion for Entry of an Order (I) Authorizing and Approving, But Not Directing, the Sale of the Assets, in Each Case with such Sale Being and Clear of Any and All Liens, Claims, Encumbrances and Interests, (II) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale, and (III) Granting Related Relief |
| 34 | 853 | 12/04/24 | Praecipe to Amend and Substitute Exhibit "C" to Sale Motion |

7

| 35 | 855 | 12/08/24 | Adversary case 24-00142. Complaint by ANDREW PETER DEMARCO, Christopher A. Michaels on behalf of Rembrandt 3D Holding Ltd. against William A. Homony, Stream Networks, Inc., Technovative Media, Inc., Shadron L. Stastney, Hawk Investment Holdings, Ltd., SeeCubic, Inc., SeeCubic, B.V.. Fee Amount $350 . (Attachments: # (1) Exhibit 1 # (2) Exhibit 2 # (3) Exhibit 3 # (4) Exhibit 4 # (5) Exhibit 5 # (6) Exhibit 6 # (7) Exhibit 7 # (8) Exhibit 8 # (9) Exhibit 9 # (10) Exhibit 10 # (11) Exhibit 11 # (12) Exhibit 12 # (13) Exhibit 13 # (14) Exhibit 14 # (15) Exhibit 15 # (16) Exhibit 16 # (17) Exhibit 17 # (18) Exhibit 18 # (19) Exhibit 19 # (20) Exhibit 20 # (21) Exhibit 21 # (22) Exhibit 22 # (23) Exhibit 23 # (24) Exhibit 24 # (25) Exhibit 25 # (26) Exhibit 26 # (27) Exhibit 27) (72 (Injunctive relief - other)),(91 (Declaratory judgment)) |
|---|---|---|---|
| 36 | 859 | 12/04/24 | Declaration of Mark Hsu in Support of Visual Semiconductor Inc's Objection to Trustee's Sale Motion |
| 37 | 871 | 12/08/24 | Rembrandt 3D Holding Ltd.'s Response to Praecipe to Substitute Exhibit "C" to Motion of William A. Homony in His Capacity as Chapter 11 Trustee for an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Trustee to Enter Into and Perform Debtors' Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief |
| 38 | 872 | 12/09/24 | Visual Semiconductor Inc's Objection and Joinder to Rembrandt 3D Holding Ltd's Response to Praecipe to Substitute Exhibit "C" to Motion of William A Homony in His Capacity as Chapter 11 Trustee for an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Trustee to Enter Into and Perform Debtors' Obligations Under the Asset Purchase Agreement, (C ) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief |
| 39 | 874 | 12/09/24 | Interested Party Leia Inc's Objection to the Proposed From of Order Approving Trustee's Sale Motion |
| 40 | 876 | 12/09/24 | Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief |

| 41 | 877 | 12/10/24 | Amended Joint Notice of Appeal and Statement of Election re Sale Order [ECF No. 876] filed by Rembrandt 3D Holding Ltd and Visual Semiconductor Inc |
| --- | --- | --- | --- |
| 42 | 878 | Transcript attached as Exh. B to DI 899 | Transcript of Hearing re: Hearing held on December 4, 2024 |
| 43 |  | 12/11/2024 | Courts Certificate of Service Re: Notice of Appeal filed by Creditor Rembrandt 3D Holding Ltd., Creditor Visual Semiconductor, Inc.. |
| 44 | 886 | 12/16/24 | Chapter 11 Monthly Operating Report of Stream TV Networks Inc for Month Ending: 11/30/2024 |
| 45 | 887 | 12/16/24 | Chapter 11 Monthly Operating Report of Technovative Media Inc for Case Number 23-10764 for the Month Ending: 11/30/2024 |
| 46 | 893 | Transcript attached as Exh. C to DI 899 | Transcript of Hearing re: Hearing held on December 18, 2024 |

**II.      Statement of Issues on Appeal**

1.  Whether the Bankruptcy Court erred in approving the sale of substantially all of the Debtors' assets without first determining, in an adversary proceeding, whether the assets made available for sale by the Trustee constitute property of the estate.

2.  Whether the Bankruptcy Court erred in approving the sale of substantially all of the Debtors' assets, without sufficient evidence, and finding the sale process and the Bidding Procedures were fair, reasonable, and appropriate under the circumstances and designed to maximize the value of the Assets, without sufficient evidence or a complete evidentiary hearing.

3.  Whether the Bankruptcy Court erred in finding that the disclosures made by the Trustee concerning the Auction, the Asset Purchase Agreement, the Sale, and the Sale Hearing were good, complete, and adequate.

4.  Whether the Bankruptcy Court erred in finding that a reasonable opportunity to object or be heard regarding the relief requested in the Motion and the Sale Hearing was afforded to all interested persons and entities.

5.  Whether the Bankruptcy Court erred in finding that the Trustee conducted a sale process in accordance with, and has, along with the Buyer, complied in all respects with, the Bidding Procedures Order and afforded a full, fair, and reasonable opportunity for any interested party to make a higher or otherwise better offer to purchase the Assets and assume any Assumed Liabilities.

6.  Whether the Bankruptcy Court erred in finding that the Trustee and his advisors engaged in a robust and extensive marketing and sale process in accordance with the Bidding Procedures Order and the sound exercise of the Trustee's business judgment.

7.  Whether the Bankruptcy Court erred in finding that the Trustee and the Buyer have negotiated and undertaken their roles leading to the entry into the Asset Purchase Agreement in a

10

diligent , non-exclusive, fair, reasonable, and good faith manner at arms' length.

8. Whether the Bankruptcy Court erred in finding that the Trustee conducted a fair and open sale process and the sale process and the Bidding Procedures were non-collusive, duly noticed, and provided a full, fair reasonable, and adequate opportunity for any entity that either expressed an interest in acquiring the Assets, to make an offer to purchase the Debtors' Assets.

9. Whether the Bankruptcy Court erred in finding that the sale process conducted by the Trustee resulted in the highest or otherwise best value for the Asset for the Trustee and the Debtors' estates, their creditors, and all other parties in interest, and any other transaction would not have yielded as favorable a result.

10. Whether the Bankruptcy Court erred in finding that the Trustee has good, sufficient, and sound business reasons for entering into the Sale and performance of its obligations under the Asset Purchase Agreement.

11. Whether the Bankruptcy Court erred in finding that the consideration to be paid by the Buyer under the Asset Purchase Agreement were negotiated, proposed, and entered into at arm's length, in good faith and without collusion, pursuant to 363(m) of the Bankruptcy Code and constitutes reasonably equivalent value and fair and equitable consideration for the Assets.

12. Whether the Bankruptcy Court erred in finding that the Buyer is a "good faith purchaser" within the meaning of 363(m) within the meaning of the Bankruptcy Code, and, as such, is entitled to all the protections afforded thereby.

13. Whether the Bankruptcy Court erred in finding that the sale of the Assets to the Buyer (or its designee) under the terms of the Asset Purchase Agreement meets the provisions of 363(f) such that the Assets will be free and clear of liens, claims, encumbrances, and interests, and will not be subject to any Buyer Party to any liability for any pre-Closing of liens, claims, encumbrances, and interests whatsoever (including, without limitation, under any theory of

11

equitable law, or successor or transferee liability), except as expressly provided in the Asset Purchase Agreement with respect to Assumed Liabilities.

Dated: December 26, 2024

        */s/ Andrew DeMarco*
        Andrew DeMarco, Esq. (PA Bar No. 326294)
        ademarco@devlinlawfirm.com
        DEVLIN LAW FIRM LLC
        1526 Gilpin Avenue
        Wilmington, DE 19806
        Telephone: (302) 449-9010
        Facsimile: (302) 353-4251
        *Attorneys for Rembrandt 3D Holding Ltd.*