UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Bky. No. 23-10763 (AMC) |

# ORDER

**AND NOW**, on December 9, 2024, the Court entered an order (the "Sale Order")[2] approving the sale of substantially all of the assets (the "Sale") of Stream TV Networks, Inc. and Technovative Media, LLC (together, the "Debtors") to SeeCubic, Inc. (the "Purchaser") pursuant to §363 of the United States Bankruptcy Code, 11 U.S.C. §§101, *et seq.* (the "Bankruptcy Code").

**AND**, the Sale Order provided, *inter alia*, that notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014 or otherwise, the terms and conditions of the Sale Order were effective immediately upon its entry, and authorized the Trustee and the Purchaser to close the Sale immediately (the "Waiting Period Waiver").[3]

**AND**, the Sale Order also provided that the Purchaser was a good faith purchaser within the meaning of §363(m) of the Bankruptcy Code, entitled to the full protections thereof.[4]

**AND**, on December 10, 2024, Visual Semiconductor, Inc. ("VSI") and Rembrandt 3D Holding Ltd. ("Rembrandt") filed a Joint Notice of Appeal of the Sale Order (the "Appeal").[5]

**AND**, on December 23, 2024, VSI filed a motion seeking to stay the relief granted by the

---

[1] This case is being jointly administered with the case of *In re Technovative Media, Inc.* (Case No. 23-10764) (AMC).

[2] Bankr. Docket No. 876.

[3] Sale Order, at ¶37.

[4] Id., at ¶20.

[5] Bankr. Docket No. 877.  The notice filed on December 10, 2024 amended a notice VSI and Rembrandt filed on December 9, 2024, before the Court had even entered the Sale Order.  Bankr. Docket No. 873.

1

Sale Order pending resolution of the Appeal (the "Stay Motion").[6]

**AND**, on December 30, 2024, VSI filed a notice of the Stay Motion (the "Stay Motion Notice"), which provided notice that objections to the Stay Motion were due on or before January 22, 2025, and a hearing on the motion was set for January 29, 2025 (the "Hearing").[7]

**AND**, on January 6, 2025, the chapter 11 trustee of the Debtors' estates (the "Trustee") filed notice that the closing on the Sale to the Purchaser (the "Closing") occurred on January 3, 2025, pursuant to and in accordance with the Sale Order.[8]

**AND**, on January 22, 2025, the Trustee filed a response to the Stay Motion (the "Trustee Objection").[9]

**AND**, on January 29, 2025, the Court held a hearing on the Stay Motion (the "Stay Hearing").

**AND**, upon consideration of the arguments and positions of the parties as set forth in their pleadings and at the Stay Hearing.

**IT IS HEREBY ORDERED** that:

1.  The Stay Motion is **DENIED**.

2.  At the December 4, 2024 hearing to consider the Trustee's motion for approval of the Sale (the "Sale Hearing"), at which VSI was an active participant, counsel for the Purchaser advised the Court that the asset purchase agreement for the Sale contemplated an outside date for the Closing of December 10, 2024.[10] The Court responded that it intended to enter an order prior to that

---

[6] Bankr. Docket No. 898.

[7] Bankr. Docket No. 906.

[8] Bankr. Docket No. 915.

[9] Bankr. Docket No. 934.

[10] Bankr. Docket No. 878 (the "Sale Hearing Transcript"), at 77:3 to 77:7.

date.[11]

3. VSI was therefore on notice as of the Sale Hearing that the Trustee and SeeCubic intended to close on the Sale soon after an order approving it was entered. As noted above, the Sale Order was entered on December 9, 2024. VSI and Rembrandt appealed the Sale Order the following day, but did not file the Stay Motion until 14 days after the Sale Order was entered, notwithstanding the fact that the Waiting Period Waiver made it immediately effective and authorized an immediate Closing. Nor did VSI seek an expedited hearing on the Stay Motion, instead noticing it for a late January 2025 hearing.

4. The Stay Motion offers no explanation as to VSI's reasoning in not filing the Stay Motion promptly after the Sale Order was entered and seeking expedited consideration thereof. Since its filing, however, the Closing on the Sale has occurred, as authorized by the Sale Order. Moreover, the Sale Order found that the Purchaser was a good faith purchaser entitled to the protections afforded by §363(m) of the Bankruptcy Code.

5. Having both delayed in filing the Stay Motion and then setting it for a hearing more than a month and a half after the Sale Order became effective, VSI sat on its right to seek a stay pending resolution of the Appeal before the Closing could occur. That renders the Appeal moot, and the Court denies the Stay Motion as moot as well. *See e.g., Pittsburgh Food & Bev., Inc. v. Ranallo,* 112 F.3d 645, 649-651 (3d Cir. 1997) (because the appellant did not obtain a stay of the bankruptcy court's order approving a sale of assets, the district court was unable to grant effective relief to the appellant without affecting the validity of the sale, and therefore the appeal to the district court was moot and properly dismissed); *In re Hagood Reserve, LLC,* 2010 WL 5067444 (Bankr. W.D.N.C. 2010) (denying motion to stay a sale order pending appeal as moot where the

---

[11] Id., at 77:8 to 77:16.

3

appellant unilaterally set the hearing on the motion well beyond the date the sale order became effective, without seeking an extension of Bankruptcy Rule 6004(h)'s 14-day stay and without seeking expedited consideration of the motion, thereby allowing the sale transaction to close before the stay motion would be heard and rendering the requested relief moot).

**Dated: January 29, 2025**  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
　　　　　　　　　　　　　　　　　Honorable Ashely M. Chan
　　　　　　　　　　　　　　　　　Chief United States Bankruptcy Judge