### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc., *et al.*[1]<br><br>The Debtors. | Chapter 11<br><br>Bky Case No. 23-10763 (AMC)<br>(Jointly Administered) |

### MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

Visual Semiconductor, Inc. ("VSI") hereby files this its Motion for Allowance of Administrative Expense Claim under 11 U.S.C. § 503 and Local Bankr. Rules 3002-2 ("Application"), in the amount of $1,288,511.01 for post-petition costs incurred to pay the wages of Debtors' employees. VSI presents to the court as follows:

### JURISDICTION AND VENUE

1.   The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of the Eastern District of Pennsylvania (the "Local Rules").

2.   Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

### RELIEF REQUESTED

3.   By this Motion, Claimant seeks an order from this Court (i) allowing Claimant's Administrative Claim in the total aggregate amount of $1,288,511.01.

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015).  The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

80144159;1

**BACKGROUND FACTS**

4.	On March 15, 2023, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Code ("Bankruptcy Code").

5.	On January 12, 2024 William A. Homony was appointed Chapter 11 Trustee of the Debtors' estate [ECF No. 558] (the "Chapter 11 Trustee").

6.	On February 12, 2025 this Court entered an Order Granting *Motion of William A. Homony, in His Capacity as Chapter 11 Trustee, to Set an Administrative Claim Bar Date* [ECF No. 948] (the "Order"). The Order directed any person asserting a claim for administrative priority expenses pursuant to 11 U.S.C. § 503 must file a formal Motion for Allowance of Administrative Expense no later than thirty (30) days after the date of [this] Order. March 14, 2025 is the deadline to file Administrative Expense Claims.

7.	Both prior to and after the Chapter 11 Trustee's appointment, VSI made extensive and significant payment that benefited Stream's estate as follows ("Administrative Payments"):

| Cost Center | Category | VSI funded (Pre Chapter 11 Trustee) | VSI funded (Post Chapter 11 Trustee) | Grand Total |
|---|---|---|---|---|
| Accounting | Bank Charges | | ($15.00) | ($15.00) |
| | Office | | ($507.00) | ($507.00) |
| | Software | ($636.00) | ($2,729.50) | ($3,365.50) |
| **Accounting Total** | | **($636.00)** | **($3,251.50)** | **($3,887.50)** |
| B/R Estate Funding | Bank Charges | | ($50.00) | ($50.00) |
| | from Tristate 4746 | | $21,125.00 | $21,125.00 |
| | to BofA 2950 | ($29,476.83) | | ($29,476.83) |
| | to MT 5243 | ($196,000.00) | | ($196,000.00) |
| | to Tristate 4746 | | ($73,375.00) | ($73,375.00) |
| **B/R Estate Funding Total** | | **($225,476.83)** | **($52,300.00)** | **($277,776.83)** |
| Legal | Fee | ($2,962.41) | | ($2,962.41) |
| | Office | ($127.58) | | ($127.58) |
| **Legal Total** | | **($3,089.99)** | | **($3,089.99)** |
| Misc | Bank Charges | | ($456.75) | ($456.75) |
| | Insurance | ($434.34) | ($2,229.78) | ($2,664.12) |
| | Office | ($763.07) | ($5,717.88) | ($6,480.95) |
| | Rent | | ($19,234.82) | ($19,234.82) |
| | Software | ($191.36) | ($518.30) | ($709.66) |
| | Travel | ($17,905.73) | | ($17,905.73) |
| **Misc Total** | | **($19,294.50)** | **($28,157.53)** | **($47,452.03)** |
| Payroll | Bank Charges | ($231.00) | ($1,545.00) | ($1,776.00) |
| | Benefits | | ($186,792.58) | ($186,792.58) |
| | Consultant | ($103,900.82) | ($610,122.70) | ($714,023.52) |
| | Tax | | ($13,977.94) | ($13,977.94) |
| **Payroll Total** | | **($104,131.82)** | **($812,438.22)** | **($916,570.04)** |
| Sales | Bank Charges | ($141.32) | ($760.54) | ($901.86) |
| | Storage | ($2,828.00) | ($36,004.76) | ($38,832.76) |
| **Sales Total** | | **($2,969.32)** | **($36,765.30)** | **($39,734.62)** |
| **Grand Total** | | **($355,598.46)** | **($932,912.55)** | **($1,288,511.01)** |

8. The Chapter 11 Trustee had knowledge of and directed VSI to make many payments directly to Stream or directly to Stream's employees and/or vendors.

9. On January 16, 2024, the Chapter 11 Trustee instructed VSI to "Please proceed to fund the [Stream] contract payments for 1/16." **Exhibit A-1.**

80144159;1

10. On February 5, 2024, the Chapter 11 Trustee instructed Nicole Maneen to pay Stream's employees from VSI's funds. **Exhibit A-2**

11. On February 16, 2024, the Chapter 11 Trustee directed VSI to fund the payroll. **Exhibit A-8.**

12. O February 21, 2024, the Chapter 11 Trustee once again asked Nicole Maneen to have VSI pay Stream's payroll. **Exhibit A-3.**

13. On March 8, 2024, the Chapter 11 Trustee once again asked VSI to pay Stream's payroll:

> "Hi Nicole, I apologize I thought it was communicated that absent an order From the bankruptcy court that I was not going to accept *any additional money* from VSI. I will return the wire and ask that VSI directly pay these [Stream] contractors until further notice."

**Exhibits A-4** and **A-5.**

14. On March 26, 2024, Ms. Maneen informed the Chapter 11 Trustee that VSI had paid Stream's insurance. **Exhibit A-6.**

15. On March 26, 2024, the Chapter 11 Trustee was still accepting VSI payments to Stream employees and directed VSI via employee, Suby Joseph, to file information for an intellectual property license. **Exhibit A-7.**

16. Attached as **Exhibit B** is a declaration of Suby Joseph regarding the payments detailed

17. As of the date of this Application VSI is owed $1,288,511.01 for post-petition wage payments made to the employees of the bankruptcy estate.

## ARGUMENT

18. Section 503(b)(1)(A) of the Bankruptcy Code provides that "there shall be allowed administrative expenses" for "the actual, necessary costs and expenses of preserving the estate."

80144159;1

11 U.S.C. § 503(b)(1)(A). Administrative claims (as "administrative expenses" are often described enjoy priority treatment in bankruptcy. 11 U.S.C. § 507(a)(2).

19. To be entitled to an administrative claim under Section 503(b)(1)(A), a claimant must show that "(1) there was a post-petition transaction between the claimant and the estate and (2) those expenses yielded a benefit to the estate." *In re Energy Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021) (internal quotations and citations omitted).

20. There can be no dispute that the Chapter 11 Trustee requested and received funds from VSI for the actual and necessary costs of the estate. VSI provided funds for insurance and employees at the direct request of the Chapter 11 Trustee.

21. The caselaw recognizes that it is necessary to give administrative claim status to post-petition creditors, in order to encourage them to continue to do business with the debtor. "Absent the priority established under § 503, a debtor-in-possession could not keep its employees, nor obtain services necessary to its operation as it attempts to reorganize, or wind-down pending ultimate liquidation."[2] These are precisely the reasons VSI provided funding to the Debtor.

22. When a debtor (or a as here a Chapter 11 Trustee) asks a third-party for money postpetition, that third-party gets an administrative claims:

> If in an arms'- length transaction with a third party, the debtor-in-possession "enters into a contract or lease after entry of the order for relief and subsequently breaches the contract or lease, the other party will have a claim for damages. Those damages "will be determined under the contract or lease, and the full amount of the damages arising from the [debtor-in-possession's] breach will constitute an administrative expense."[3]

WHEREFORE, VSI respectfully requests entry of an Order substantially in the form as the Proposed Order submitted with this request, allowing and requiring payment of an administrative

---

[2] Pennsylvania Department of Environmental Resources v. Tristate Clinical Laboratories, 178 F.3d 685, 690 (3d Cir. 1999).
[3] *In re MTE Holdings LLC*, 2021 WL 2258270, at *6 (Bankr. D. Del. June 2, 2021).

80144159;1

expense to VSI in the amount of $1,288,511.01 for costs VSI incurred paying post-petition wages to the employees of the bankruptcy estate.

*[Remainder of page intentionally left blank]*

Dated: March 4, 2025

Respectfully submitted,

/s/ R. Adam Swick
Donald N. David, SBN: 304846
Mark S. Lichtenstein (Admitted *Pro Hac Vice*)
AKERMAN LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020
Telephone: (212) 880-3800
Facsimile: (212) 880-8965
Email: donald.david@akerman.com
    mark.lichtenstein@akerman.com

-and-

R. Adam Swick (Admitted *Pro Hac Vice*)
AKERMAN LLP
500 West 5th Street, Suite 1210
Austin, TX 78701
Telephone: (737) 999-7103
Facsimile: (512) 623-6701
Email: adam.swick@akerman.com

-and-

John H. Thompson *(Admitted Pro Hac Vice)*
AKERMAN LLP
750 Ninth Street, N.W. 750
Washington, D.C. 20001
Telephone: (202) 824-1760
Facsimile: (202) 393-5959
Email: john.thompson@akerman.com

-and-

Leif M Clark (Admitted *Pro Hac Vice*)
Leif M Clark Consulting PLLC
1105 Bonner
Houston, TX 77007
Telephone: (210) 663-5183
Email: lmclark@leifmclark.com

*Attorneys for Visual Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

    I certify that on February March 4, 2025, I caused the attached **MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM** to be electronically filed with the Clerk, United States Bankruptcy Court, Eastern District of Pennsylvania, by ECF and one copy of the forementioned document by way of first class mail and/or ECF to those persons listed on the attached service list.

                                                  */s/R. Adam Swick*
                                                  R. Adam Swick

80144159;1