# EXHIBIT C

**GLOBAL NOTES TO SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS OF DEBTORS, STREAM TV NETWORKS, INC., CASE NO. 23-10763(mdc) AND TECHNOVATIVE MEDIA, INC., CAUSE NO. 10764 (Joint Administration Requested)**

The Debtors develop their technology and conduct the majority of their business through their direct and indirect foreign and domestic subsidiaries. The Debtors provided capital to their direct and indirect foreign and domestic subsidiaries for the purpose of acquiring and developing assets and to conduct business operations. The Debtors direct interested parties to the *Declaration of Mathu Rajan in Support of Stream TV Networks, Inc. and Technovative Media, Inc. Chapter 11 Petition, Supporting Emergency Relief, and First Day Motions* [Docket No. 48] ("Rajan Declaration") in which the Debtors' organizational and operational structure is described in greater detail.

In its bankruptcy schedules, the Debtors disclose and describe the assets, including their ownership interest in direct subsidiaries and their contracts, that the Debtors owned as of March 15, 2023 (the "Petition Date"). The Debtors' direct subsidiaries, in turn, hold or may hold ownership interests in the Debtors' indirect subsidiaries as depicted on the Debtor's Organization Chart included in the Rajans Declaration. The assets of the Debtors' direct and indirect subsidiaries are not included in the Debtors' bankruptcy schedules.

The Debtors intend to complete a recovery of assets which were previously and improperly transferred in contravention of express provisions of its corporate charter through an invalidated board settlement agreement as confirmed by the Delaware Supreme Court through an *en banc* unanimous decision on June 15, 2022. *See Stream TV Networks, Inc. v. Seecubic, Inc.*, No. 360, 2021, p. 3 (Del. June 15, 2022) (Holding that "a majority vote of Class B stockholders is required under Stream's charter" to "transfer pledged assets to secured creditors in connection with what was, in essence, a privately structured foreclosure transaction").[1] The Delaware Supreme Court also held that the "agreement authorizing the secured creditors to transfer Stream's pledged assets . . . is **invalid** because Stream's unambiguous certificate of incorporation required the approval of Stream's Class B stockholders." *Id.*. at p. 34. (emphasis added).

---

[1] A debt resolution committee of the Debtor's Board of Directors purporting to act on the Debtor's behalf reached an unauthorized settlement enshrined in an agreement titled as the Omnibus Agreement, dated May 6, 2021, between the Debtor's senior secured lender, SLS Holdings VI, LLC ("SLS") and the Debtor's debt resolution committee, which was which approved by the Delaware Court of Chancery and then held to be invalid by the Delaware Supreme Court on appeal.  Prior to the Delaware Supreme Court ruling the SLS Holdings and its newly formed company,

The new company formed by the purported secured lenders,[2] SeeCubic, Inc. ("SeeCubic"),[3] asserted an ownership interest in all of the Debtor's assets and took possession of, and in some cases, destroyed the Debtors' assets. The Chancery Court, on remand and with direction from the Delaware Supreme Court to effectuate the dismissal and vacating of its prior injunctive relief, has made it clear that the assets must be returned **both in title and possession to the Debtors.**[4] Furthermore, the Chancery Court on August 10, 2022, issued an *Order Granting Partial Final Judgment* in favor of the Debtor. The order stated: "Pending transfer of the Assets from SeeCubic to Stream, SeeCubic and all those acting in concert with it shall not use, impair, encumber, or transfer the Assets, except as necessary to maintain the Assets in the ordinary course of business and preserve their value pending transfer to Stream." Rajan Declaration, Exhibit BB. Despite these clear directives, the purported secured lenders have resisted and continue to resist return of the assets.

The Debtors have also been alerted to SeeCubic's violation of intellectual property licenses which were held by the Debtors and were non-transferable, actions violating third party rights under applicable Federal and state law which cannot be remedied or cleansed by the invalidated settlement, even prior to its invalidation by the Delaware Supreme Court. Even before the Omnibus Agreement was invalidated, the transfers themselves were invalid under both a Phillips license to the Debtors and a Rembrandt 3D Holding Ltd. ("Rembrandt") license, both parties not subject to the settlement or any now invalidated injunctive relief by the Chancery Court.[5]

The Debtors have been subjected to continuous damage by the purported secured creditors, even after the Supreme Court decision. SeeCubic, the purported lenders, and Mr. Shad Stastney of SeeCubic and SLS, were held in contempt by the Delaware Court of Chancery in October 2022 for their orchestrated efforts to seize control of the Debtor's subsidiary, TechnoVative Media, Inc.,

---

[2] The Debtors contend that SLS Holdings VI, LLC ("SLS") and Hawk Investment Holdings Limited ("Hawk") hold secured debt convertible to equity or must pursue their claims in chapter 11 where they will be paid in full, if their claims are allowed.

[3] SeeCubic, Inc., a Delaware entity, took its name from a foreign Dutch subsidiary of the Debtors, SeeCubic B.V. (The Netherlands) ("SCBV") and is likely in violation of trademark laws protecting the Debtors and its foreign subsidiary).

[4] On August 9, 2022, nearly 8 weeks after the Delaware Supreme Court opinion, the Chancery Court issued a TRO against SeeCubic. Vice Chancellor Laster specifically stated his expectations: "SeeCubic will restore Stream's assets to Stream in accordance with the Rule 54(b) order. Once this has occurred, SeeCubic may seek to exercise any creditor's rights it possesses against Stream. SeeCubic must do so based on a status quo where Stream has title to and possession of its assets, not a status quo in which SeeCubic acquired possession based on a decision that the Delaware Supreme Court has held is erroneous."

[5] On February 21, 2023, Rembrandt filed suit in the U.S. District Court for the District of Delaware against parties using the Ultra-D technology without a Rembrandt license. It sued TechnoVative USA, which was under the direction of the Chancery Court-appointed Receiver, Hawk, and SeeCubic for trade secret violations and injunctive relief to prevent the sale of Stream's assets *Rembrandt 3D Holding Ltd v Technovative Media, Inc., Hawk Investment Holdings Ltd. and SeeCubic, Inc.*

in the months after the Supreme Court decision. In ¶ 3 of his October 3, 2022 Opinion, Vice Chancellor Laster wrote: "This decision holds that SeeCubic and Hawk engaged in contumacious conduct. Shad L. Stastney was the puppet master who pulled the strings. He controls SeeCubic and Technovative, and he also controls SLS Holdings VI, LLC ("SLS"), Stream's only secured creditor other than Hawk." *See* Rajan Declaration, Exhibit AA.

SLS and SeeCubic possess some and claim to have obtained possession or control of other of the Debtor's assets before the Petition Date. The Debtor's investigation into the location and condition of its assets is ongoing. The Debtors have listed the assets that they believe they continue to own, unless otherwise expressly indicated in its bankruptcy schedules. The Debtors intend to pursue recovery of assets and to operate their business under the provisions of the Bankruptcy Code in this case.

Additional Notes:

1.      Because US GAAP treatment may not apply to the Debtor's assets located in foreign jurisdictions, the values provided for certain assets may differ from typical accounting standards.

2.      Funding advanced by the Debtors to their direct and indirect subsidiaries are reflected in intercompany loans.

3.      The Debtors' goodwill and similar intangible value is not reflected in the Debtors' bankruptcy schedules.

4.      SeeCubic BV (the Netherlands) is a subsidiary of the Debtors, SeeCubic BV (the Netherlands) is unrelated to and is a separate entity from SeeCubic Inc., a company newly formed in Delaware by SLS Holdings, Inc.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Technovative Media, Inc.** |
| United States Bankruptcy Court for the: | **EASTERN DIST. OF PENNSYLVANIA** |
| Case number (if known) | **23-10764** |

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**

   ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ☐ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.1**

| Creditor's name | Describe debtor's property that is subject to a lien | | |
|---|---|---|---|
| Creditor's mailing address | Describe the lien | | |
| | Is the creditor an insider or related party?<br>☐ No<br>☐ Yes | | |
| Creditor's email address, if known | Is anyone else liable on this claim?<br>☐ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | | |
| Date debt was incurred | | | |
| Last 4 digits of account number ___ ___ ___ ___ | As of the petition filing date, the claim is:<br>Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| Do multiple creditors have an interest in the same property?<br>☐ No<br>☐ Yes. Specify each creditor, including this creditor, and its relative priority. | | | |

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**                     **$0.00**

**GLOBAL NOTES TO SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS OF
DEBTORS, STREAM TV NETWORKS, INC., CASE NO. 23-10763(mdc) AND
TECHNOVATIVE MEDIA, INC., CAUSE NO. 10764 (Joint Administration Requested)**

The Debtors develop their technology and conduct the majority of their business through their direct and indirect foreign and domestic subsidiaries. The Debtors provided capital to their direct and indirect foreign and domestic subsidiaries for the purpose of acquiring and developing assets and to conduct business operations. The Debtors direct interested parties to the *Declaration of Mathu Rajan in Support of Stream TV Networks, Inc. and Technovative Media, Inc. Chapter 11 Petition, Supporting Emergency Relief, and First Day Motions* [Docket No. 48] ("Rajan Declaration") in which the Debtors' organizational and operational structure is described in greater detail.

In its bankruptcy schedules, the Debtors disclose and describe the assets, including their ownership interest in direct subsidiaries and their contracts, that the Debtors owned as of March 15, 2023 (the "Petition Date"). The Debtors' direct subsidiaries, in turn, hold or may hold ownership interests in the Debtors' indirect subsidiaries as depicted on the Debtor's Organization Chart included in the Rajans Declaration. The assets of the Debtors' direct and indirect subsidiaries are not included in the Debtors' bankruptcy schedules.

The Debtors intend to complete a recovery of assets which were previously and improperly transferred in contravention of express provisions of its corporate charter through an invalidated board settlement agreement as confirmed by the Delaware Supreme Court through an *en banc* unanimous decision on June 15, 2022. *See Stream TV Networks, Inc. v. Seecubic, Inc.*, No. 360, 2021, p. 3 (Del. June 15, 2022) (Holding that "a majority vote of Class B stockholders is required under Stream's charter" to "transfer pledged assets to secured creditors in connection with what was, in essence, a privately structured foreclosure transaction").[1] The Delaware Supreme Court also held that the "agreement authorizing the secured creditors to transfer Stream's pledged assets . . . is **invalid** because Stream's unambiguous certificate of incorporation required the approval of Stream's Class B stockholders." *Id.*. at p. 34. (emphasis added).

---

[1] A debt resolution committee of the Debtor's Board of Directors purporting to act on the Debtor's behalf reached an unauthorized settlement enshrined in an agreement titled as the Omnibus Agreement, dated May 6, 2021, between the Debtor's senior secured lender, SLS Holdings VI, LLC ("SLS") and the Debtor's debt resolution committee, which was which approved by the Delaware Court of Chancery and then held to be invalid by the Delaware Supreme Court on appeal.  Prior to the Delaware Supreme Court ruling the SLS Holdings and its newly formed company,

The new company formed by the purported secured lenders,[2] SeeCubic, Inc. ("SeeCubic"),[3] asserted an ownership interest in all of the Debtor's assets and took possession of, and in some cases, destroyed the Debtors' assets. The Chancery Court, on remand and with direction from the Delaware Supreme Court to effectuate the dismissal and vacating of its prior injunctive relief, has made it clear that the assets must be returned **both in title and possession to the Debtors.**[4] Furthermore, the Chancery Court on August 10, 2022, issued an *Order Granting Partial Final Judgment* in favor of the Debtor. The order stated: "Pending transfer of the Assets from SeeCubic to Stream, SeeCubic and all those acting in concert with it shall not use, impair, encumber, or transfer the Assets, except as necessary to maintain the Assets in the ordinary course of business and preserve their value pending transfer to Stream." Rajan Declaration, Exhibit BB.  Despite these clear directives, the purported secured lenders have resisted and continue to resist return of the assets.

The Debtors have also been alerted to SeeCubic's violation of intellectual property licenses which were held by the Debtors and were non-transferable, actions violating third party rights under applicable Federal and state law which cannot be remedied or cleansed by the invalidated settlement, even prior to its invalidation by the Delaware Supreme Court.  Even before the Omnibus Agreement was invalidated, the transfers themselves were invalid under both a Phillips license to the Debtors and a Rembrandt 3D Holding Ltd. ("Rembrandt") license, both parties not subject to the settlement or any now invalidated injunctive relief by the Chancery Court.[5]

The Debtors have been subjected to continuous damage by the purported secured creditors, even after the Supreme Court decision.  SeeCubic, the purported lenders, and Mr. Shad Stastney of SeeCubic and SLS, were held in contempt by the Delaware Court of Chancery in October 2022 for their orchestrated efforts to seize control of the Debtor's subsidiary, TechnoVative Media, Inc.,

---

[2] The Debtors contend that SLS Holdings VI, LLC ("SLS") and Hawk Investment Holdings Limited ("Hawk") hold secured debt convertible to equity or must pursue their claims in chapter 11 where they will be paid in full, if their claims are allowed.

[3] SeeCubic, Inc., a Delaware entity, took its name from a foreign Dutch subsidiary of the Debtors, SeeCubic B.V. (The Netherlands) ("SCBV")  and is likely in violation of trademark laws protecting the Debtors and its foreign subsidiary).

[4] On August 9, 2022, nearly 8 weeks after the Delaware Supreme Court opinion, the Chancery Court issued a TRO against SeeCubic. Vice Chancellor Laster specifically stated his expectations: "SeeCubic will restore Stream's assets to Stream in accordance with the Rule 54(b) order. Once this has occurred, SeeCubic may seek to exercise any creditor's rights it possesses against Stream. SeeCubic must do so based on a status quo where Stream has title to and possession of its assets, not a status quo in which SeeCubic acquired possession based on a decision that the Delaware Supreme Court has held is erroneous."

[5] On February 21, 2023, Rembrandt filed suit in the U.S. District Court for the District of Delaware against parties using the Ultra-D technology without a Rembrandt license. It sued TechnoVative USA, which was under the direction of the Chancery Court-appointed Receiver, Hawk, and SeeCubic for trade secret violations and injunctive relief to prevent the sale of Stream's assets *Rembrandt 3D Holding Ltd v Technovative Media, Inc., Hawk Investment Holdings Ltd. and SeeCubic, Inc.*

in the months after the Supreme Court decision. In ¶ 3 of his October 3, 2022 Opinion, Vice Chancellor Laster wrote: "This decision holds that SeeCubic and Hawk engaged in contumacious conduct. Shad L. Stastney was the puppet master who pulled the strings. He controls SeeCubic and Technovative, and he also controls SLS Holdings VI, LLC ("SLS"), Stream's only secured creditor other than Hawk." *See* Rajan Declaration, Exhibit AA.

SLS and SeeCubic possess some and claim to have obtained possession or control of other of the Debtor's assets before the Petition Date. The Debtor's investigation into the location and condition of its assets is ongoing. The Debtors have listed the assets that they believe they continue to own, unless otherwise expressly indicated in its bankruptcy schedules. The Debtors intend to pursue recovery of assets and to operate their business under the provisions of the Bankruptcy Code in this case.

Additional Notes:

1.      Because US GAAP treatment may not apply to the Debtor's assets located in foreign jurisdictions, the values provided for certain assets may differ from typical accounting standards.

2.      Funding advanced by the Debtors to their direct and indirect subsidiaries are reflected in intercompany loans.

3.      The Debtors' goodwill and similar intangible value is not reflected in the Debtors' bankruptcy schedules.

4.      SeeCubic BV (the Netherlands) is a subsidiary of the Debtors, SeeCubic BV (the Netherlands) is unrelated to and is a separate entity from SeeCubic Inc., a company newly formed in Delaware by SLS Holdings, Inc.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Technovative Media, Inc.** |
| United States Bankruptcy Court for the: | **EASTERN DIST. OF PENNSYLVANIA** |
| Case number (if known) | **23-10764**    Chapter **11** |

☐ Check if this is an
amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. Does the debtor have any executory contracts or unexpired leases?

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2. List all contracts and unexpired leases

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | Bankruptcy Filing Service. The Debtor reserves the right to assert that a contract or lease is not executory. | BMC Group, Inc. |
|---|---|---|---|
| | | | 600 First Avenue |
| | | | |
| | | | |
| | | | Seattle            WA      98104 |

|  | Contract to be ASSUMED |
|---|---|
| State the term remaining | Continues until terminated |
| List the contract number of any government contract | |

| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | Legal Services. The Debtor reserves the right to assert that a contract or lease is not executory. | Lewis Brisbois Bisgaard & Smith, LLP |
|---|---|---|---|
| | | | 500 Delaware Avenue, Suite 700 |
| | | | |
| | | | |
| | | | Wilmington          DE      19801 |

|  | Contract to be ASSUMED |
|---|---|
| State the term remaining | Continues until terminated |
| List the contract number of any government contract | |

**GLOBAL NOTES TO SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS OF
DEBTORS, STREAM TV NETWORKS, INC., CASE NO. 23-10763(mdc) AND
TECHNOVATIVE MEDIA, INC., CAUSE NO. 10764 (Joint Administration Requested)**

The Debtors develop their technology and conduct the majority of their business through their direct and indirect foreign and domestic subsidiaries. The Debtors provided capital to their direct and indirect foreign and domestic subsidiaries for the purpose of acquiring and developing assets and to conduct business operations. The Debtors direct interested parties to the *Declaration of Mathu Rajan in Support of Stream TV Networks, Inc. and Technovative Media, Inc. Chapter 11 Petition, Supporting Emergency Relief, and First Day Motions* [Docket No. 48] ("Rajan Declaration") in which the Debtors' organizational and operational structure is described in greater detail.

In its bankruptcy schedules, the Debtors disclose and describe the assets, including their ownership interest in direct subsidiaries and their contracts, that the Debtors owned as of March 15, 2023 (the "Petition Date"). The Debtors' direct subsidiaries, in turn, hold or may hold ownership interests in the Debtors' indirect subsidiaries as depicted on the Debtor's Organization Chart included in the Rajans Declaration. The assets of the Debtors' direct and indirect subsidiaries are not included in the Debtors' bankruptcy schedules.

The Debtors intend to complete a recovery of assets which were previously and improperly transferred in contravention of express provisions of its corporate charter through an invalidated board settlement agreement as confirmed by the Delaware Supreme Court through an *en banc* unanimous decision on June 15, 2022. *See Stream TV Networks, Inc. v. Seecubic, Inc.*, No. 360, 2021, p. 3 (Del. June 15, 2022) (Holding that "a majority vote of Class B stockholders is required under Stream's charter" to "transfer pledged assets to secured creditors in connection with what was, in essence, a privately structured foreclosure transaction").[1] The Delaware Supreme Court also held that the "agreement authorizing the secured creditors to transfer Stream's pledged assets . . . is **invalid** because Stream's unambiguous certificate of incorporation required the approval of Stream's Class B stockholders." *Id.*. at p. 34. (emphasis added).

---

[1] A debt resolution committee of the Debtor's Board of Directors purporting to act on the Debtor's behalf reached an unauthorized settlement enshrined in an agreement titled as the Omnibus Agreement, dated May 6, 2021, between the Debtor's senior secured lender, SLS Holdings VI, LLC ("SLS") and the Debtor's debt resolution committee, which was which approved by the Delaware Court of Chancery and then held to be invalid by the Delaware Supreme Court on appeal.  Prior to the Delaware Supreme Court ruling the SLS Holdings and its newly formed company,

The new company formed by the purported secured lenders,[2] SeeCubic, Inc. ("SeeCubic"),[3] asserted an ownership interest in all of the Debtor's assets and took possession of, and in some cases, destroyed the Debtors' assets. The Chancery Court, on remand and with direction from the Delaware Supreme Court to effectuate the dismissal and vacating of its prior injunctive relief, has made it clear that the assets must be returned **both in title and possession to the Debtors.**[4] Furthermore, the Chancery Court on August 10, 2022, issued an *Order Granting Partial Final Judgment* in favor of the Debtor. The order stated: "Pending transfer of the Assets from SeeCubic to Stream, SeeCubic and all those acting in concert with it shall not use, impair, encumber, or transfer the Assets, except as necessary to maintain the Assets in the ordinary course of business and preserve their value pending transfer to Stream." Rajan Declaration, Exhibit BB. Despite these clear directives, the purported secured lenders have resisted and continue to resist return of the assets.

The Debtors have also been alerted to SeeCubic's violation of intellectual property licenses which were held by the Debtors and were non-transferable, actions violating third party rights under applicable Federal and state law which cannot be remedied or cleansed by the invalidated settlement, even prior to its invalidation by the Delaware Supreme Court.  Even before the Omnibus Agreement was invalidated, the transfers themselves were invalid under both a Phillips license to the Debtors and a Rembrandt 3D Holding Ltd. ("Rembrandt") license, both parties not subject to the settlement or any now invalidated injunctive relief by the Chancery Court.[5]

The Debtors have been subjected to continuous damage by the purported secured creditors, even after the Supreme Court decision.  SeeCubic, the purported lenders, and Mr. Shad Stastney of SeeCubic and SLS, were held in contempt by the Delaware Court of Chancery in October 2022 for their orchestrated efforts to seize control of the Debtor's subsidiary, TechnoVative Media, Inc.,

---

[2] The Debtors contend that SLS Holdings VI, LLC ("SLS") and Hawk Investment Holdings Limited ("Hawk") hold secured debt convertible to equity or must pursue their claims in chapter 11 where they will be paid in full, if their claims are allowed.

[3] SeeCubic, Inc., a Delaware entity, took its name from a foreign Dutch subsidiary of the Debtors, SeeCubic B.V. (The Netherlands) ("SCBV")  and is likely in violation of trademark laws protecting the Debtors and its foreign subsidiary).

[4] On August 9, 2022, nearly 8 weeks after the Delaware Supreme Court opinion, the Chancery Court issued a TRO against SeeCubic. Vice Chancellor Laster specifically stated his expectations: "SeeCubic will restore Stream's assets to Stream in accordance with the Rule 54(b) order. Once this has occurred, SeeCubic may seek to exercise any creditor's rights it possesses against Stream. SeeCubic must do so based on a status quo where Stream has title to and possession of its assets, not a status quo in which SeeCubic acquired possession based on a decision that the Delaware Supreme Court has held is erroneous."

[5] On February 21, 2023, Rembrandt filed suit in the U.S. District Court for the District of Delaware against parties using the Ultra-D technology without a Rembrandt license. It sued TechnoVative USA, which was under the direction of the Chancery Court-appointed Receiver, Hawk, and SeeCubic for trade secret violations and injunctive relief to prevent the sale of Stream's assets *Rembrandt 3D Holding Ltd v Technovative Media, Inc., Hawk Investment Holdings Ltd. and SeeCubic, Inc.*

in the months after the Supreme Court decision. In ¶ 3 of his October 3, 2022 Opinion, Vice Chancellor Laster wrote: "This decision holds that SeeCubic and Hawk engaged in contumacious conduct. Shad L. Stastney was the puppet master who pulled the strings. He controls SeeCubic and Technovative, and he also controls SLS Holdings VI, LLC ("SLS"), Stream's only secured creditor other than Hawk." *See* Rajan Declaration, Exhibit AA.

SLS and SeeCubic possess some and claim to have obtained possession or control of other of the Debtor's assets before the Petition Date. The Debtor's investigation into the location and condition of its assets is ongoing. The Debtors have listed the assets that they believe they continue to own, unless otherwise expressly indicated in its bankruptcy schedules. The Debtors intend to pursue recovery of assets and to operate their business under the provisions of the Bankruptcy Code in this case.

Additional Notes:

1.      Because US GAAP treatment may not apply to the Debtor's assets located in foreign jurisdictions, the values provided for certain assets may differ from typical accounting standards.

2.      Funding advanced by the Debtors to their direct and indirect subsidiaries are reflected in intercompany loans.

3.      The Debtors' goodwill and similar intangible value is not reflected in the Debtors' bankruptcy schedules.

4.      SeeCubic BV (the Netherlands) is a subsidiary of the Debtors, SeeCubic BV (the Netherlands) is unrelated to and is a separate entity from SeeCubic Inc., a company newly formed in Delaware by SLS Holdings, Inc.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | **Technovative Media, Inc.** |
| United States Bankruptcy Court for the: | **EASTERN DIST. OF PENNSYLVANIA** |
| Case number (if known) | **23-10764** |

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible.  Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.  List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).  Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

---

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   - ☑ No. Go to Part 2.
   - ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or part.**
   If more space is needed for priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| **2.1** **Priority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | _____ | _____ |
| _____ | ☐ Contingent | | |
| _____ | ☐ Unliquidated | | |
| _____ | ☐ Disputed | | |
| _____ | **Basis for the claim:** | | |
| **Date or dates debt was incurred** | _____ | | |
| _____ | **Is the claim subject to offset?** | | |
| **Last 4 digits of account number** ___ ___ ___ ___ | ☐ No | | |
| | ☐ Yes | | |
| **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a)(_____) | | | |

---

Debtor  **Technovative Media, Inc.**                                    Case number (if known)  **23-10764**

## Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.**  If more space is needed for nonpriority unsecured
    claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | **$100,000,000.00** |

**Rembrandt 3d Holding Ltd.**

**128 Bull Hill Road**

☐ Contingent

☐ Unliquidated

☐ Disputed

| | | **Basis for the claim:** |
| **Newfield** | **NY**  **14867** | **goods, services** |

**Date or dates debt was incurred**

**Is the claim subject to offset?**

☑ No

☐ Yes

**Last 4 digits of account number**   ___  ___  ___  ___

Debtor     **Technovative Media, Inc.** _____     Case number (if known)    **23-10764** _____

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5.    **Add the amounts of priority and nonpriority unsecured claims.**

                                                                             **Total of claim amounts**

5a.   **Total claims from Part 1**                                5a.    _____**$0.00**

5b.   **Total claims from Part 2**                                5b.  **+**  _____**$100,000,000.00**

5c.   **Total of Parts 1 and 2**                                  5c.    _____**$100,000,000.00**
      Lines 5a + 5b = 5c.

**GLOBAL NOTES TO SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS OF
DEBTORS, STREAM TV NETWORKS, INC., CASE NO. 23-10763(mdc) AND
TECHNOVATIVE MEDIA, INC., CAUSE NO. 10764 (Joint Administration Requested)**

The Debtors develop their technology and conduct the majority of their business through their direct and indirect foreign and domestic subsidiaries. The Debtors provided capital to their direct and indirect foreign and domestic subsidiaries for the purpose of acquiring and developing assets and to conduct business operations. The Debtors direct interested parties to the *Declaration of Mathu Rajan in Support of Stream TV Networks, Inc. and Technovative Media, Inc. Chapter 11 Petition, Supporting Emergency Relief, and First Day Motions* [Docket No. 48] ("Rajan Declaration") in which the Debtors' organizational and operational structure is described in greater detail.

In its bankruptcy schedules, the Debtors disclose and describe the assets, including their ownership interest in direct subsidiaries and their contracts, that the Debtors owned as of March 15, 2023 (the "Petition Date"). The Debtors' direct subsidiaries, in turn, hold or may hold ownership interests in the Debtors' indirect subsidiaries as depicted on the Debtor's Organization Chart included in the Rajans Declaration. The assets of the Debtors' direct and indirect subsidiaries are not included in the Debtors' bankruptcy schedules.

The Debtors intend to complete a recovery of assets which were previously and improperly transferred in contravention of express provisions of its corporate charter through an invalidated board settlement agreement as confirmed by the Delaware Supreme Court through an *en banc* unanimous decision on June 15, 2022. *See Stream TV Networks, Inc. v. Seecubic, Inc.*, No. 360, 2021, p. 3 (Del. June 15, 2022) (Holding that "a majority vote of Class B stockholders is required under Stream's charter" to "transfer pledged assets to secured creditors in connection with what was, in essence, a privately structured foreclosure transaction").[1] The Delaware Supreme Court also held that the "agreement authorizing the secured creditors to transfer Stream's pledged assets . . . is **invalid** because Stream's unambiguous certificate of incorporation required the approval of Stream's Class B stockholders." *Id.*. at p. 34. (emphasis added).

---

[1] A debt resolution committee of the Debtor's Board of Directors purporting to act on the Debtor's behalf reached an unauthorized settlement enshrined in an agreement titled as the Omnibus Agreement, dated May 6, 2021, between the Debtor's senior secured lender, SLS Holdings VI, LLC ("SLS") and the Debtor's debt resolution committee, which was which approved by the Delaware Court of Chancery and then held to be invalid by the Delaware Supreme Court on appeal. Prior to the Delaware Supreme Court ruling the SLS Holdings and its newly formed company,

The new company formed by the purported secured lenders,[2] SeeCubic, Inc. ("SeeCubic"),[3] asserted an ownership interest in all of the Debtor's assets and took possession of, and in some cases, destroyed the Debtors' assets. The Chancery Court, on remand and with direction from the Delaware Supreme Court to effectuate the dismissal and vacating of its prior injunctive relief, has made it clear that the assets must be returned **both in title and possession to the Debtors.**[4] Furthermore, the Chancery Court on August 10, 2022, issued an *Order Granting Partial Final Judgment* in favor of the Debtor. The order stated: "Pending transfer of the Assets from SeeCubic to Stream, SeeCubic and all those acting in concert with it shall not use, impair, encumber, or transfer the Assets, except as necessary to maintain the Assets in the ordinary course of business and preserve their value pending transfer to Stream." Rajan Declaration, Exhibit BB.  Despite these clear directives, the purported secured lenders have resisted and continue to resist return of the assets.

The Debtors have also been alerted to SeeCubic's violation of intellectual property licenses which were held by the Debtors and were non-transferable, actions violating third party rights under applicable Federal and state law which cannot be remedied or cleansed by the invalidated settlement, even prior to its invalidation by the Delaware Supreme Court.  Even before the Omnibus Agreement was invalidated, the transfers themselves were invalid under both a Phillips license to the Debtors and a Rembrandt 3D Holding Ltd. ("Rembrandt") license, both parties not subject to the settlement or any now invalidated injunctive relief by the Chancery Court.[5]

The Debtors have been subjected to continuous damage by the purported secured creditors, even after the Supreme Court decision.  SeeCubic, the purported lenders, and Mr. Shad Stastney of SeeCubic and SLS, were held in contempt by the Delaware Court of Chancery in October 2022 for their orchestrated efforts to seize control of the Debtor's subsidiary, TechnoVative Media, Inc.,

---

[2] The Debtors contend that SLS Holdings VI, LLC ("SLS") and Hawk Investment Holdings Limited ("Hawk") hold secured debt convertible to equity or must pursue their claims in chapter 11 where they will be paid in full, if their claims are allowed.

[3] SeeCubic, Inc., a Delaware entity, took its name from a foreign Dutch subsidiary of the Debtors, SeeCubic B.V. (The Netherlands) ("SCBV")  and is likely in violation of trademark laws protecting the Debtors and its foreign subsidiary).

[4] On August 9, 2022, nearly 8 weeks after the Delaware Supreme Court opinion, the Chancery Court issued a TRO against SeeCubic. Vice Chancellor Laster specifically stated his expectations: "SeeCubic will restore Stream's assets to Stream in accordance with the Rule 54(b) order. Once this has occurred, SeeCubic may seek to exercise any creditor's rights it possesses against Stream. SeeCubic must do so based on a status quo where Stream has title to and possession of its assets, not a status quo in which SeeCubic acquired possession based on a decision that the Delaware Supreme Court has held is erroneous."

[5] On February 21, 2023, Rembrandt filed suit in the U.S. District Court for the District of Delaware against parties using the Ultra-D technology without a Rembrandt license. It sued TechnoVative USA, which was under the direction of the Chancery Court-appointed Receiver, Hawk, and SeeCubic for trade secret violations and injunctive relief to prevent the sale of Stream's assets *Rembrandt 3D Holding Ltd v Technovative Media, Inc., Hawk Investment Holdings Ltd. and SeeCubic, Inc.*

in the months after the Supreme Court decision. In ¶ 3 of his October 3, 2022 Opinion, Vice Chancellor Laster wrote: "This decision holds that SeeCubic and Hawk engaged in contumacious conduct. Shad L. Stastney was the puppet master who pulled the strings. He controls SeeCubic and Technovative, and he also controls SLS Holdings VI, LLC ("SLS"), Stream's only secured creditor other than Hawk." *See* Rajan Declaration, Exhibit AA.

SLS and SeeCubic possess some and claim to have obtained possession or control of other of the Debtor's assets before the Petition Date. The Debtor's investigation into the location and condition of its assets is ongoing. The Debtors have listed the assets that they believe they continue to own, unless otherwise expressly indicated in its bankruptcy schedules. The Debtors intend to pursue recovery of assets and to operate their business under the provisions of the Bankruptcy Code in this case.

Additional Notes:

1.      Because US GAAP treatment may not apply to the Debtor's assets located in foreign jurisdictions, the values provided for certain assets may differ from typical accounting standards.

2.      Funding advanced by the Debtors to their direct and indirect subsidiaries are reflected in intercompany loans.

3.      The Debtors' goodwill and similar intangible value is not reflected in the Debtors' bankruptcy schedules.

4.      SeeCubic BV (the Netherlands) is a subsidiary of the Debtors, SeeCubic BV (the Netherlands) is unrelated to and is a separate entity from SeeCubic Inc., a company newly formed in Delaware by SLS Holdings, Inc.

| **Fill in this information to identify the case:** | |
|---|---|
| Debtor name | **Technovative Media, Inc.** |
| United States Bankruptcy Court for the: | **EASTERN DIST. OF PENNSYLVANIA** |
| Case number (if known) | **23-10764** |

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

**12/15**

Be as complete and accurate as possible.  If more space is needed, copy the Additional Page, numbering the entries consecutively.  Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☑ No.  Check this box and submit this form to the court with the debtor's other schedules.  Nothing else needs to be reported on this form.

   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, _Schedules D-G._**  Include all guarantors and co-obligors.  In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed.  If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1:  **Codebtor** | | Column 2:  **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | _Check all schedules that apply:_ |

10/03/24 3:21PM

**Fill in this information to identify the case:**

Debtor name     **Technovative Media, Inc.**

United States Bankruptcy Court for the:    EASTERN DISTRICT OF PENNSYLVANIA

Case number (if known)    **23-10764-AMC**

☒ Check if this is an
amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.    **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

■ No. Go to Part 2.

☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.    **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $0.00 |
|---|---|---|---|

**Rembrandt 3d Holding Ltd.**
**128 Bull Hill Road**
**Newfield, NY 14867**

■ Contingent
■ Unliquidated
■ Disputed

**Date(s) debt was incurred** __

**Last 4 digits of account number** __

Basis for the claim:  **Unknown**

Is the claim subject to offset? ■ No  ☐ Yes

### Part 3:    List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies,
assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

### Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5.  Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ | 0.00 |
| **5b. Total claims from Part 2** | 5b.  + | $ | 0.00 |
| **5c. Total of Parts 1 and 2**
Lines 5a + 5b = 5c. | 5c. | $ | 0.00 |

**Fill in this information to identify the case:**

Debtor name     **Technovative Media, Inc.**

United States Bankruptcy Court for the:    EASTERN DISTRICT OF PENNSYLVANIA

Case number (if known)    **23-10764-AMC**

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
■ Amended *Schedule*    **E/F: Creditors Who Have Unsecured Claims**
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____     X_____
                                        Signature of individual signing on behalf of debtor

                                        _____
                                        Printed name

                                        _____
                                        Position or relationship to debtor

**GLOBAL NOTES TO SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS OF
DEBTORS, STREAM TV NETWORKS, INC., CASE NO. 23-10763(mdc) AND
TECHNOVATIVE MEDIA, INC., CAUSE NO. 10764 (Joint Administration Requested)**

The Debtors develop their technology and conduct the majority of their business through their
direct and indirect foreign and domestic subsidiaries. The Debtors provided capital to their direct
and indirect foreign and domestic subsidiaries for the purpose of acquiring and developing assets
and to conduct business operations. The Debtors direct interested parties to the *Declaration of
Mathu Rajan in Support of Stream TV Networks, Inc. and Technovative Media, Inc. Chapter 11
Petition, Supporting Emergency Relief, and First Day Motions* [Docket No. 48] ("Rajan
Declaration") in which the Debtors' organizational and operational structure is described in greater
detail.

In its bankruptcy schedules, the Debtors disclose and describe the assets, including their ownership
interest in direct subsidiaries and their contracts, that the Debtors owned as of March 15, 2023 (the
"Petition Date"). The Debtors' direct subsidiaries, in turn, hold or may hold ownership interests in
the Debtors' indirect subsidiaries as depicted on the Debtor's Organization Chart included in the
Rajans Declaration. The assets of the Debtors' direct and indirect subsidiaries are not included in
the Debtors' bankruptcy schedules.

The Debtors intend to complete a recovery of assets which were previously and improperly
transferred in contravention of express provisions of its corporate charter through an invalidated
board settlement agreement as confirmed by the Delaware Supreme Court through an *en banc*
unanimous decision on June 15, 2022. *See Stream TV Networks, Inc. v. Seecubic, Inc.*, No. 360,
2021, p. 3 (Del. June 15, 2022) (Holding that "a majority vote of Class B stockholders is required
under Stream's charter" to "transfer pledged assets to secured creditors in connection with what
was, in essence, a privately structured foreclosure transaction").[1] The Delaware Supreme Court
also held that the "agreement authorizing the secured creditors to transfer Stream's pledged assets
. . . is **invalid** because Stream's unambiguous certificate of incorporation required the approval of
Stream's Class B stockholders." *Id.*. at p. 34. (emphasis added).

---

[1] A debt resolution committee of the Debtor's Board of Directors purporting to act on the
Debtor's behalf reached an unauthorized settlement enshrined in an agreement titled as the
Omnibus Agreement, dated May 6, 2021, between the Debtor's senior secured lender, SLS
Holdings VI, LLC ("SLS") and the Debtor's debt resolution committee, which was which
approved by the Delaware Court of Chancery and then held to be invalid by the Delaware
Supreme Court on appeal. Prior to the Delaware Supreme Court ruling the SLS Holdings and its
newly formed company,

The new company formed by the purported secured lenders,[2] SeeCubic, Inc. ("SeeCubic"),[3] asserted an ownership interest in all of the Debtor's assets and took possession of, and in some cases, destroyed the Debtors' assets. The Chancery Court, on remand and with direction from the Delaware Supreme Court to effectuate the dismissal and vacating of its prior injunctive relief, has made it clear that the assets must be returned **both in title and possession to the Debtors.**[4] Furthermore, the Chancery Court on August 10, 2022, issued an *Order Granting Partial Final Judgment* in favor of the Debtor. The order stated: "Pending transfer of the Assets from SeeCubic to Stream, SeeCubic and all those acting in concert with it shall not use, impair, encumber, or transfer the Assets, except as necessary to maintain the Assets in the ordinary course of business and preserve their value pending transfer to Stream." Rajan Declaration, Exhibit BB. Despite these clear directives, the purported secured lenders have resisted and continue to resist return of the assets.

The Debtors have also been alerted to SeeCubic's violation of intellectual property licenses which were held by the Debtors and were non-transferable, actions violating third party rights under applicable Federal and state law which cannot be remedied or cleansed by the invalidated settlement, even prior to its invalidation by the Delaware Supreme Court. Even before the Omnibus Agreement was invalidated, the transfers themselves were invalid under both a Phillips license to the Debtors and a Rembrandt 3D Holding Ltd. ("Rembrandt") license, both parties not subject to the settlement or any now invalidated injunctive relief by the Chancery Court.[5]

The Debtors have been subjected to continuous damage by the purported secured creditors, even after the Supreme Court decision. SeeCubic, the purported lenders, and Mr. Shad Stastney of SeeCubic and SLS, were held in contempt by the Delaware Court of Chancery in October 2022 for their orchestrated efforts to seize control of the Debtor's subsidiary, TechnoVative Media, Inc.,

---

[2] The Debtors contend that SLS Holdings VI, LLC ("SLS") and Hawk Investment Holdings Limited ("Hawk") hold secured debt convertible to equity or must pursue their claims in chapter 11 where they will be paid in full, if their claims are allowed.

[3] SeeCubic, Inc., a Delaware entity, took its name from a foreign Dutch subsidiary of the Debtors, SeeCubic B.V. (The Netherlands) ("SCBV") and is likely in violation of trademark laws protecting the Debtors and its foreign subsidiary).

[4] On August 9, 2022, nearly 8 weeks after the Delaware Supreme Court opinion, the Chancery Court issued a TRO against SeeCubic. Vice Chancellor Laster specifically stated his expectations: "SeeCubic will restore Stream's assets to Stream in accordance with the Rule 54(b) order. Once this has occurred, SeeCubic may seek to exercise any creditor's rights it possesses against Stream. SeeCubic must do so based on a status quo where Stream has title to and possession of its assets, not a status quo in which SeeCubic acquired possession based on a decision that the Delaware Supreme Court has held is erroneous."

[5] On February 21, 2023, Rembrandt filed suit in the U.S. District Court for the District of Delaware against parties using the Ultra-D technology without a Rembrandt license. It sued TechnoVative USA, which was under the direction of the Chancery Court-appointed Receiver, Hawk, and SeeCubic for trade secret violations and injunctive relief to prevent the sale of Stream's assets *Rembrandt 3D Holding Ltd v Technovative Media, Inc., Hawk Investment Holdings Ltd. and SeeCubic, Inc.*

in the months after the Supreme Court decision. In ¶ 3 of his October 3, 2022 Opinion, Vice Chancellor Laster wrote: "This decision holds that SeeCubic and Hawk engaged in contumacious conduct. Shad L. Stastney was the puppet master who pulled the strings. He controls SeeCubic and Technovative, and he also controls SLS Holdings VI, LLC ("SLS"), Stream's only secured creditor other than Hawk." *See* Rajan Declaration, Exhibit AA.

SLS and SeeCubic possess some and claim to have obtained possession or control of other of the Debtor's assets before the Petition Date. The Debtor's investigation into the location and condition of its assets is ongoing. The Debtors have listed the assets that they believe they continue to own, unless otherwise expressly indicated in its bankruptcy schedules. The Debtors intend to pursue recovery of assets and to operate their business under the provisions of the Bankruptcy Code in this case.

Additional Notes:

1.      Because US GAAP treatment may not apply to the Debtor's assets located in foreign jurisdictions, the values provided for certain assets may differ from typical accounting standards.

2.      Funding advanced by the Debtors to their direct and indirect subsidiaries are reflected in intercompany loans.

3.      The Debtors' goodwill and similar intangible value is not reflected in the Debtors' bankruptcy schedules.

4.      SeeCubic BV (the Netherlands) is a subsidiary of the Debtors, SeeCubic BV (the Netherlands) is unrelated to and is a separate entity from SeeCubic Inc., a company newly formed in Delaware by SLS Holdings, Inc.

| Fill in this information to identify the case |
|---|
| Debtor name **Technovative Media, Inc.** |
| United States Bankruptcy Court for the: **EASTERN DIST. OF PENNSYLVANIA** |
| Case number **23-10764** (if known) |

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets -- Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and cash equivalents

1.  **Does the debtor have any cash or cash equivalents?**

☑ No.  Go to Part 2.
☐ Yes.  Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**

**Current value of debtor's interest**

2.  **Cash on hand**

_____

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

Name of institution (bank or brokerage firm)        Type of account        Last 4 digits of account number

4.  **Other cash equivalents**      *(Identify all)*

Name of institution (bank or brokerage firm)

5.  **Total of Part 1**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $0.00 |
|---|

### Part 2:  Deposits and prepayments

6.  **Does the debtor have any deposits or prepayments?**

☑ No.  Go to Part 3.
☐ Yes.  Fill in the information below.

Debtor __**Technovative Media, Inc.**__    Case number (if known) __23-10764__
     Name

**Current value of
debtor's interest**

**7.** Deposits, including security deposits and utility deposits

    Description, including name of holder of deposit

**8.** Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent

    Description, including name of holder of prepayment

**9. Total of Part 2.**
    Add lines 7 through 8. Copy the total to line 81.            **$0.00**

## Part 3:  Accounts receivable

**10. Does the debtor have any accounts receivable?**

    ☑ No. Go to Part 4.
    ☐ Yes. Fill in the information below.

**Current value of
debtor's interest**

**11. Accounts receivable**

11a. 90 days old or less: _____ – _____ = .............. ➜ _____
                face amount           doubtful or uncollectible accounts

11b. Over 90 days old: _____ – _____ = .............. ➜ _____
                face amount           doubtful or uncollectible accounts

**12. Total of Part 3**
    Current value on lines 11a + 11b = line 12. Copy the total to line 82.        **$0.00**

## Part 4:  Investments

**13. Does the debtor own any investments?**

    ☐ No. Go to Part 5.
    ☑ Yes. Fill in the information below.

| | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

**15. Non-publicly traded stock and interests in incorporated and unincorporated
businesses, including any interest in an LLC, partnership, or joint venture**

| Name of entity: | % of ownership: | | |
|---|---|---|---|
| 15.1. **Media Holdings Co. LLC** | **100%** | cost | **$1,000.00** |
| 15.2. **Ultra D Ventures C.V.** ownership | **99.9%** | cost | **$1,000.00** |

**16. Government bonds, corporate bonds, and other negotiable and
non-negotiable instruments not included in Part 1**

    Describe:

**17. Total of Part 4**
    Add lines 14 through 16. Copy the total to line 83.        **$2,000.00**

## Part 5:  Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

    ☑ No. Go to Part 6.
    ☐ Yes. Fill in the information below.

| Debtor | Technovative Media, Inc. | | Case number (if known) | 23-10764 |
|---|---|---|---|---|
| | Name | | | |

| General description | Date of the last physical inventory MM/DD/YYYY | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| **20. Work in progress** | | | | |
| **21. Finished goods, including goods held for resale** | | | | |
| **22. Other inventory or supplies** | | | | |

**23. Total of Part 5**
Add lines 19 through 22. Copy the total to line 84.

$0.00

**24. Is any of the property listed in Part 5 perishable?**
☐ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes.  Book value _____  Valuation method _____  Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☐ No
☐ Yes

---

**Part 6:  Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming or fishing-related assets (other than titled motor vehicles and land)?**
☑ No.  Go to Part 7.
☐ Yes.  Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops--either planted or harvested** | | | |
| **29. Farm animals**  *Examples:* Livestock, poultry, farm-raised fish | | | |
| **30. Farm machinery and equipment**  (Other than titled motor vehicles) | | | |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |

**33. Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**
☐ No
☐ Yes.  Is any of the debtor's property stored at the cooperative?
    ☐ No
    ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes.  Book value _____  Valuation method _____  Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**
☐ No
☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☐ No
☐ Yes

---

| Debtor | Technovative Media, Inc. | Case number (if known) | 23-10764 |
|---|---|---|---|
| | Name | | |

## Part 7:  Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

39. **Office furniture**

40. **Office fixtures**

41. **Office equipment, including all computer equipment and communication systems equipment and software**

42. **Collectibles**  *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.**
    Add lines 39 through 42. Copy the total to line 86.                          $0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
    ☐ No
    ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

## Part 8:  Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats trailers, motors, floating homes, personal watercraft, and fishing vessels

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51. **Total of Part 8.**
    Add lines 47 through 50. Copy the total to line 87.                          $0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
    ☐ No
    ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

Debtor    **Technovative Media, Inc.**_____    Case number (if known)    **23-10764**_____
      Name

## Part 9: Real property

54. **Does the debtor own or lease any real property?**

    ☒ No.  Go to Part 10.
    ☐ Yes.  Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | | | | |

56. **Total of Part 9.**

    Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.    **$0.00**

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
    ☐ No
    ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

## Part 10: Intangibles and Intellectual Property

59. **Does the debtor have any interests in intangibles or intellectual property?**

    ☒ No.  Go to Part 11.
    ☐ Yes.  Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

60. **Patents, copyrights, trademarks, and trade secrets**

61. **Internet domain names and websites**

62. **Licenses, franchises, and royalties**

63. **Customer lists, mailing lists, or other compilations**

64. **Other intangibles, or intellectual property**

65. **Goodwill**

66. **Total of Part 10.**

    Add lines 60 through 65.  Copy the total to line 89.    **$0.00**

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
    ☐ No
    ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
    ☐ No
    ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

Debtor    **Technovative Media, Inc.**                                    Case number (if known)   **23-10764**
          Name

---

| **Part 11:** | **All other assets** |
|---|---|

**70.  Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐  No.  Go to Part 12.
☑  Yes.  Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**71.  Notes receivable**

Description (include name of obligor)

**72.  Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

**73.  Interests in insurance policies or annuities**

**General Liability & Professional Liability**
**Hiscox Insurance Company, Inc.**
**Email: Dain.Wise@insurica.com**
**Phone: 405-310-1583**
**Policy No. P101.635.923**                                                    **$0.00**

**74.  Causes of action against third parties (whether or not a lawsuit has been filed)**

**75.  Other contingent and unliquidated claims or causes of action of every nature,**
**including counterclaims of the debtor and rights to set off claims**

**76.  Trusts, equitable or future interests in property**

**77.  Other property of any kind not already listed**  *Examples:* Season tickets, country club membership

**78.  Total of Part 11.**                                                    **$0.00**
Add lines 71 through 77.  Copy the total to line 90.

**79.  Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑  No
☐  Yes

---

Debtor    **Technovative Media, Inc.**
          _____    Case number (if known) __23-10764__
          Name

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** _Copy line 5, Part 1._ | **$0.00** | |
| 81. **Deposits and prepayments.** _Copy line 9, Part 2._ | **$0.00** | |
| 82. **Accounts receivable.** _Copy line 12, Part 3._ | **$0.00** | |
| 83. **Investments.** _Copy line 17, Part 4._ | **$2,000.00** | |
| 84. **Inventory.** _Copy line 23, Part 5._ | **$0.00** | |
| 85. **Farming and fishing-related assets.** _Copy line 33, Part 6._ | **$0.00** | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** _Copy line 43, Part 7._ | **$0.00** | |
| 87. **Machinery, equipment, and vehicles.** _Copy line 51, Part 8._ | **$0.00** | |
| 88. **Real property.** _Copy line 56, Part 9._................................................➔ | | **$0.00** |
| 89. **Intangibles and intellectual property.** _Copy line 66, Part 10._ | **$0.00** | |
| 90. **All other assets.** _Copy line 78, Part 11._ | + **$0.00** | |
| 91. **Total.** Add lines 80 through 90 for each column.    91a. | **$2,000.00** + 91b. | **$0.00** |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92........................................................................    **$2,000.00**

**GLOBAL NOTES TO SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS OF DEBTORS, STREAM TV NETWORKS, INC., CASE NO. 23-10763(mdc) AND TECHNOVATIVE MEDIA, INC., CAUSE NO. 10764 (Joint Administration Requested)**

The Debtors develop their technology and conduct the majority of their business through their direct and indirect foreign and domestic subsidiaries. The Debtors provided capital to their direct and indirect foreign and domestic subsidiaries for the purpose of acquiring and developing assets and to conduct business operations. The Debtors direct interested parties to the *Declaration of Mathu Rajan in Support of Stream TV Networks, Inc. and Technovative Media, Inc. Chapter 11 Petition, Supporting Emergency Relief, and First Day Motions* [Docket No. 48] ("Rajan Declaration") in which the Debtors' organizational and operational structure is described in greater detail.

In its bankruptcy schedules, the Debtors disclose and describe the assets, including their ownership interest in direct subsidiaries and their contracts, that the Debtors owned as of March 15, 2023 (the "Petition Date"). The Debtors' direct subsidiaries, in turn, hold or may hold ownership interests in the Debtors' indirect subsidiaries as depicted on the Debtor's Organization Chart included in the Rajans Declaration. The assets of the Debtors' direct and indirect subsidiaries are not included in the Debtors' bankruptcy schedules.

The Debtors intend to complete a recovery of assets which were previously and improperly transferred in contravention of express provisions of its corporate charter through an invalidated board settlement agreement as confirmed by the Delaware Supreme Court through an *en banc* unanimous decision on June 15, 2022. *See Stream TV Networks, Inc. v. Seecubic, Inc.*, No. 360, 2021, p. 3 (Del. June 15, 2022) (Holding that "a majority vote of Class B stockholders is required under Stream's charter" to "transfer pledged assets to secured creditors in connection with what was, in essence, a privately structured foreclosure transaction").[1] The Delaware Supreme Court also held that the "agreement authorizing the secured creditors to transfer Stream's pledged assets . . . is **invalid** because Stream's unambiguous certificate of incorporation required the approval of Stream's Class B stockholders." *Id.*. at p. 34. (emphasis added).

---

[1] A debt resolution committee of the Debtor's Board of Directors purporting to act on the Debtor's behalf reached an unauthorized settlement enshrined in an agreement titled as the Omnibus Agreement, dated May 6, 2021, between the Debtor's senior secured lender, SLS Holdings VI, LLC ("SLS") and the Debtor's debt resolution committee, which was which approved by the Delaware Court of Chancery and then held to be invalid by the Delaware Supreme Court on appeal. Prior to the Delaware Supreme Court ruling the SLS Holdings and its newly formed company,

The new company formed by the purported secured lenders,[2] SeeCubic, Inc. ("SeeCubic"),[3] asserted an ownership interest in all of the Debtor's assets and took possession of, and in some cases, destroyed the Debtors' assets. The Chancery Court, on remand and with direction from the Delaware Supreme Court to effectuate the dismissal and vacating of its prior injunctive relief, has made it clear that the assets must be returned **both in title and possession to the Debtors.**[4] Furthermore, the Chancery Court on August 10, 2022, issued an *Order Granting Partial Final Judgment* in favor of the Debtor. The order stated: "Pending transfer of the Assets from SeeCubic to Stream, SeeCubic and all those acting in concert with it shall not use, impair, encumber, or transfer the Assets, except as necessary to maintain the Assets in the ordinary course of business and preserve their value pending transfer to Stream." Rajan Declaration, Exhibit BB. Despite these clear directives, the purported secured lenders have resisted and continue to resist return of the assets.

The Debtors have also been alerted to SeeCubic's violation of intellectual property licenses which were held by the Debtors and were non-transferable, actions violating third party rights under applicable Federal and state law which cannot be remedied or cleansed by the invalidated settlement, even prior to its invalidation by the Delaware Supreme Court. Even before the Omnibus Agreement was invalidated, the transfers themselves were invalid under both a Phillips license to the Debtors and a Rembrandt 3D Holding Ltd. ("Rembrandt") license, both parties not subject to the settlement or any now invalidated injunctive relief by the Chancery Court.[5]

The Debtors have been subjected to continuous damage by the purported secured creditors, even after the Supreme Court decision. SeeCubic, the purported lenders, and Mr. Shad Stastney of SeeCubic and SLS, were held in contempt by the Delaware Court of Chancery in October 2022 for their orchestrated efforts to seize control of the Debtor's subsidiary, TechnoVative Media, Inc.,

---

[2] The Debtors contend that SLS Holdings VI, LLC ("SLS") and Hawk Investment Holdings Limited ("Hawk") hold secured debt convertible to equity or must pursue their claims in chapter 11 where they will be paid in full, if their claims are allowed.

[3] SeeCubic, Inc., a Delaware entity, took its name from a foreign Dutch subsidiary of the Debtors, SeeCubic B.V. (The Netherlands) ("SCBV")  and is likely in violation of trademark laws protecting the Debtors and its foreign subsidiary).

[4] On August 9, 2022, nearly 8 weeks after the Delaware Supreme Court opinion, the Chancery Court issued a TRO against SeeCubic. Vice Chancellor Laster specifically stated his expectations: "SeeCubic will restore Stream's assets to Stream in accordance with the Rule 54(b) order. Once this has occurred, SeeCubic may seek to exercise any creditor's rights it possesses against Stream. SeeCubic must do so based on a status quo where Stream has title to and possession of its assets, not a status quo in which SeeCubic acquired possession based on a decision that the Delaware Supreme Court has held is erroneous."

[5] On February 21, 2023, Rembrandt filed suit in the U.S. District Court for the District of Delaware against parties using the Ultra-D technology without a Rembrandt license. It sued TechnoVative USA, which was under the direction of the Chancery Court-appointed Receiver, Hawk, and SeeCubic for trade secret violations and injunctive relief to prevent the sale of Stream's assets *Rembrandt 3D Holding Ltd v Technovative Media, Inc., Hawk Investment Holdings Ltd. and SeeCubic, Inc.*

in the months after the Supreme Court decision. In ¶ 3 of his October 3, 2022 Opinion, Vice Chancellor Laster wrote: "This decision holds that SeeCubic and Hawk engaged in contumacious conduct. Shad L. Stastney was the puppet master who pulled the strings. He controls SeeCubic and Technovative, and he also controls SLS Holdings VI, LLC ("SLS"), Stream's only secured creditor other than Hawk." *See* Rajan Declaration, Exhibit AA.

SLS and SeeCubic possess some and claim to have obtained possession or control of other of the Debtor's assets before the Petition Date. The Debtor's investigation into the location and condition of its assets is ongoing. The Debtors have listed the assets that they believe they continue to own, unless otherwise expressly indicated in its bankruptcy schedules. The Debtors intend to pursue recovery of assets and to operate their business under the provisions of the Bankruptcy Code in this case.

Additional Notes:

1.      Because US GAAP treatment may not apply to the Debtor's assets located in foreign jurisdictions, the values provided for certain assets may differ from typical accounting standards.

2.      Funding advanced by the Debtors to their direct and indirect subsidiaries are reflected in intercompany loans.

3.      The Debtors' goodwill and similar intangible value is not reflected in the Debtors' bankruptcy schedules.

4.      SeeCubic BV (the Netherlands) is a subsidiary of the Debtors, SeeCubic BV (the Netherlands) is unrelated to and is a separate entity from SeeCubic Inc., a company newly formed in Delaware by SLS Holdings, Inc.

| Fill in this information to identify the case: |
|---|
| Debtor name      **Technovative Media, Inc.** |
| United States Bankruptcy Court for the: **EASTERN DIST. OF PENNSYLVANIA** |
| Case number   **23-10764**<br>(if known) |

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy          04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any
additional pages, write the debtor's name and case number (if known).

## Part 1:    Income

**1.   Gross revenue from business**

☐ None

**Identify the beginning and ending dates of the debtor's fiscal year,
which may be a calendar year**

**Sources of revenue**
Check all that apply.

**Gross revenue**
(before deductions
and exclusions

| | | | | | Sources of revenue | Gross revenue |
|---|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From | 01/01/2023<br>MM / DD / YYYY | to | Filing date | ☐ Operating a business<br>☐ Other _____ | $0.00 |
| **For prior year:** | From | 01/01/2022<br>MM / DD / YYYY | to | 12/31/2022<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $0.00 |
| **For the year before that:** | From | 01/01/2021<br>MM / DD / YYYY | to | 12/31/2021<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $0.00 |

**2.   Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from
lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

## Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

**3.   Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days
before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be
adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Debtor | **Technovative Media, Inc.** | Case number (if known) | **23-10764** |
|--------|------------------------------|------------------------|--------------|
| | Name | | |

**4.    Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or co-signed by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575.  (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)  Do not include any payments listed in line 3.  Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor.  11 U.S.C. § 101(31).

☑ None

**5.    Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.  Do not include property listed in line 6.

☑ None

**6.    Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

**7.    Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity--within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|-----------|----------------|------------------------------------|----------------|
| 7.1. | **Rembrandt 3D Holding Ltd v. Stream TV Network, Inc. et al.** | **Business dispute** | **USDC of New York (SD)**<br>Name | ☑ Pending |
| | | | | ☐ On appeal |
| | | | Street | ☐ Concluded |
| | Case number | | | |
| | **17-CV-882 (RA)** | | City    State   ZIP Code | |
| 7.2. | **Hawk Investment Holdings LTD v. Stream TV Networks, Inc. et al.** | **Business dispute** | **Delaware Chancery Court**<br>Name | ☑ Pending |
| | | | | ☐ On appeal |
| | | | Street | ☐ Concluded |
| | Case number | | | |
| | **2022-0930-JTL** | | City    State   ZIP Code | |

Debtor  **Technovative Media, Inc.** _____  Case number (if known)  **23-10764**
_____Name_____

### 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☐ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| **Ian Liston (appointed & resigned)** | _____ | _____ |
| Custodian's name | | |
| **WILSON SONSINI** | **Case title** | **Court name and address** |
| Street | **Hawk Investment Holdings Ltd. v. Stream** | **Court of Chancery of Delaware** |
| **222 Delaware Avenue, Suite 800** | | Name |
| | **Case number** | _____ |
| **Wilmington   DE   19801** | **2022-0930-JTL** | Street |
| City   State   ZIP Code | | _____ |
| | **Date of order or assignment** | |
| | **10/20/22** | City   State   ZIP Code |

---

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

### 9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☑ None

---

| Part 5: | Certain Losses |
|---|---|

### 10. All losses from fire, theft, or other casualty within 1 year before filing this case.

☑ None

---

| Part 6: | Certain Payments or Transfers |
|---|---|

### 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Lewis Brisbois Bisgaard & Smith** | | **3/2023** | **$0.00** |

**Address**

**500 Delaware Avenue, Suite 700**
Street

_____

**Wilmington   DE   19801**
City   State   ZIP Code

**Email or website address**

**lewisbrisbois.com**

**Who made the payment, if not debtor?**

_____

---

Debtor    **Technovative Media, Inc.**
      Name
Case number (if known)    **23-10764**

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | **BMC Group, Inc.** | | **3/2023** | **$0.00** |

**Address**

**600 First Avenue**
Street

**Seattle**     **WA**     **98104**
City        State     ZIP Code

**Email or website address**

**Who made the payment, if not debtor?**

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

**13. Transfers not already listed on this statement**

List any transfers of money or other property--by sale, trade, or any other means--made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | | | Dates of occupancy | |
|---|---|---|---|---|---|
| 14.1. | **2726 Bayview Drive** | | | From **2019** | To **2020** |
| | Street | | | | |
| | **Fremont** | **CA** | **94538** | | |
| | City | State | ZIP Code | | |

| | Address | | | Dates of occupancy | |
|---|---|---|---|---|---|
| 14.2. | **2009 Chestnut Street** | | | From **2009** | To **present** |
| | Street | | | | |
| | **3rd Floor** | | | | |
| | **Philadelphia** | **PA** | **19103** | | |
| | City | State | ZIP Code | | |

| Debtor | Technovative Media, Inc. | Case number (if known) | 23-10764 |
|---|---|---|---|
| | Name | | |

## Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

- diagnosing or treating injury, deformity, or disease, or

- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No.  Go to Part 9.
☐ Yes.  Fill in the information below.

## Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.
☐ Yes.  State the nature of the information collected and retained _____

Does the debtor have a privacy policy about that information?
☐ No.
☐ Yes.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b) or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No.  Go to Part 10.
☐ Yes.  Does the debtor serve as plan administrator?
　　☐ No.  Go to Part 10.
　　☐ Yes.  Fill in below:

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts, certificates of deposit, and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case.  Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Debtor | **Technovative Media, Inc.** | Case number (if known) | **23-10764** |
|---|---|---|---|
| | Name | | |

| **Part 11:** | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| **Part 12:** | **Details About Environmental Information** |
|---|---|

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?**
Include settlements and orders.

☑ No
☐ Yes. Provide details below.

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

**24. Has the debtor notified any govermental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number |
|---|---|---|---|
| | | | Do not include Social Security number or ITIN. |
| 25.1. | **Stream TV Networks, Inc.** | **Parent** | |
| | Name | | EIN: **2 7 – 1 2 2 4 0 9 2** |
| | **2009 Chestnut Street, 3rd Floor** | | |
| | Street | | Dates business existed |
| | **Philadelphia     PA     19103** | | From **2011** To **present** |
| | City          State   ZIP Code | | |

| | Business name and address | Describe the nature of the business | Employer Identification number |
|---|---|---|---|
| | | | Do not include Social Security number or ITIN. |
| 25.2. | **Technology Holdings Delaware, LLC** | **Holding Company** | |
| | Name | **File No. 5061735** | EIN: ___ __ – __ __ __ __ __ __ |
| | **2009 Chestnut Street, 3rd Floor** | | |
| | Street | | Dates business existed |
| | **Philadelphia     PA     19103** | | From **2011** To **present** |
| | City          State   ZIP Code | | |

| Debtor | **Technovative Media, Inc.** | Case number (if known) | **23-10764** |
|---|---|---|---|
| | Name | | |

**25.3.**

Business name and address

**Media Holdings Delaware, LLC**
Name

**2009 Chestnut Street, 3rd Floor**
Street

_____

**Philadelphia        PA      19103**
City                State    ZIP Code

Describe the nature of the business

**Holding Company
File No. 5061759**

Employer Identification number
Do not include Social Security number or ITIN.

EIN: __ __ – __ __ __ __ __ __ __

Dates business existed

From _____**2011**_____ To _____**present**_____

---

**25.4.**

Business name and address

**Ultra-D Ventures C.V.**
Name

**Curacao**
Street

_____

_____
City                State    ZIP Code

Describe the nature of the business

**Holding Company**

Employer Identification number
Do not include Social Security number or ITIN.

EIN: **9  8 – 1  0  3  3  7  5  5**

Dates business existed

From _____**2011**_____ To _____**present**_____

---

**25.5.**

Business name and address

**Ultra-D Coopertief U.A.**
Name

**The Netherlands**
Street

_____

_____
City                State    ZIP Code

Describe the nature of the business

**Holding Company**

Employer Identification number
Do not include Social Security number or ITIN.

EIN: **9  8 – 1  0  3  3  7  9  3**

Dates business existed

From _____**2011**_____ To _____**present**_____

---

**25.6.**

Business name and address

**Stream TV International B.V.**
Name

**The Netherlands**
Street

_____

_____
City                State    ZIP Code

Describe the nature of the business

**Operating Company**

Employer Identification number
Do not include Social Security number or ITIN.

EIN: **9  8 – 1  0  3  3  3  4  6**

Dates business existed

From _____**2011**_____ To _____**present**_____

---

**25.7.**

Business name and address

**SeeCubic B.V.**
Name

**The Netherlands**
Street

_____

_____
City                State    ZIP Code

Describe the nature of the business

**Operating Company**

Employer Identification number
Do not include Social Security number or ITIN.

EIN: **9  8 – 1  0  3  3  7  6  8**

Dates business existed

From _____**2011**_____ To _____**present**_____

---

**25.8.**

Business name and address

**Stream TV International B.V.
Taiwan Rep Office**
Name

**Taiwan**
Street

_____

_____
City                State    ZIP Code

Describe the nature of the business

**Operating Company**

Employer Identification number
Do not include Social Security number or ITIN.

EIN: __ __ – __ __ __ __ __ __ __

Dates business existed

From _____**2018**_____ To _____**present**_____

---

**25.9.**

Business name and address

**Stream TV 3D Technology (Suzhou)
Co. Ltd.**
Name

**China**
Street

_____

_____
City                State    ZIP Code

Describe the nature of the business

**Operating Company**

Employer Identification number
Do not include Social Security number or ITIN.

EIN: __ __ – __ __ __ __ __ __ __

Dates business existed

From _____**2018**_____ To _____**present**_____

---

| Debtor | Technovative Media, Inc. | | Case number (if known) | 23-10764 |
|---|---|---|---|---|
| | Name | | | |

| Business name and address | Describe the nature of the business | Employer Identification number |
|---|---|---|
| 25.10. **Shanghai Ruishi Technology Co., Ltd.** | **Operating Company** | Do not include Social Security number or ITIN. |
| Name | | |
| **China** | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |
| Street | | |
| | | **Dates business existed** |
| | | From ___2019___ To ___present___ |
| City          State   ZIP Code | | |

## 26. Books, records, and financial statements

26a.   List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | | Dates of service |
|---|---|---|
| 26a.1. **INNOVENTURES** | | From ___2009___ To ___2022___ |
| Name | | |
| **1105 William Penn Drive** | | |
| Street | | |
| | | |
| **Bensalem** | **PA** | **19020** |
| City | State | ZIP Code |

26b.   List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

26c.   List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1. **INNOVENTURES** | | |
| Name | | |
| **1105 William Penn Drive** | | |
| Street | | |
| | | |
| **Bensalem** | **PA** | **19020** |
| City | State | ZIP Code |

26d.   List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

Debtor    **Technovative Media, Inc.** _____    Case number (if known)    **23-10764**
               Name

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No.

☐ Yes. Give the details about the two most recent inventories.

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Mathu Rajan | 1105 William Penn Drive<br>Bensalem, PA 19020 | CEO & Director | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

**Name of the parent corporation**
**Stream TV Networks, Inc.** _____

**Employer Identification number of the parent corporation**
EIN: **2 7 – 1 2 2 4 0 9 2**

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

---

**Part 14:    Signature and Declaration**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _03/29/2023_
               MM / DD / YYYY

X _~Mathu Rajan (signature)~_                           Printed name    **Mathu Rajan**
   Signature of individual signing on behalf of the debtor

   Position or relationship to debtor    **CEO and Director** _____

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**
☑ No
☐ Yes