IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **Stream TV Networks, Inc.,** *et al.* | : | Bankruptcy No. 23-10763 (DJB) |
| | : | |
| Debtors. | : | (Jointly Administered)[1] |
| | : | |

### SUPPLEMENTAL DECLARATION OF STEVEN M. COREN, ESQUIRE

I, Steven M. Coren, Esquire, declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that the following is true and correct:

1. I am the President of the law firm of Coren & Ress, P.C. ("C&R"), with offices at Two Commerce Square, 2001 Market Street, Suite 3900, Philadelphia, PA 19103, and I am duly authorized to make this statement on behalf of C&R.

2. On February 15, 2024, the Bankruptcy Court entered an Order (the Retention Order") authorizing William A. Homony, the Chapter 11 Trustee (the "Trustee") of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative," and collectively with Stream, the "Debtors"), to retain and employ Steven M. Coren, Esquire and C&R as his special litigation counsel.

3. In accordance with C&R's Fee Agreement, attached to the Application to Employ C&R (the "Application") as Exhibit "B" and attached hereto as Exhibit "A," C&R was retained:

> (i) to investigate various transactions, relationships, dealings, agreements and transfers by, between, among or with respect to the Debtors and its shareholders, officers, directors, subsidiaries, affiliates, lenders, creditors, insiders, and third parties, including, but not limited to, those involving the parties to and the claims/matters at issue in the Litigation; (ii) to represent the Trustee and the Debtors in the Litigation; (iii) to pursue any claims or matters as the Trustee shall desire with respect to any claims, causes of action or other

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned cases. (D.I. 81).

theories of recovery against one or more of the parties identified in Sections 2(i) above or other parties identified by the Trustee (collectively, the "Litigation Claims"); (iv) to assist the Trustee in the preparation of necessary applications, complaints, answers, orders, reports and all other pleadings with respect to the Litigation Claims; and, (v) to provide any and all other legal services to the Trustee which may be necessary or desirable with respect to the Litigation Claims.

See Exhibit "A."

4. The Application also provides at paragraph 13:

> The Trustee reserves the right to broaden or expand the engagement of C&R as appropriate in the exercise of his business judgment, subject to the consent of C&R, in which event the expanded engagement shall be disclosed to this Honorable Court by a Supplemental Affidavit to be filed by C&R.

5. Since the entry of the Retention Order, the Trustee has, among other things, received Bankruptcy Court approval of the sale of substantially all of the assets of the Debtors' bankruptcy estates and closed on the sale.

6. The Trustee has commenced, but not yet completed, his review of claims against the Debtors' bankruptcy estates, is defending litigation brought against him in this Court and the District Court by Rembrandt 3D Holding, Ltd. ("Rembrandt")(the "Rembrandt Litigation"), and is defending numerous appeals of and other collateral attacks on orders of the Bankruptcy Court (collectively, the "Appeals") including, but not limited to:

   a. Rembrandt's appeal of the 9019 order approving the settlement between the Trustee and Hawk (the "9019 Order");

   b. The Appeal of Visual Semiconductor, Inc. ("VSI") of the 9019 Order;

   c. The Appeal of VSI of the Order Approving Bidding Procedures;

   d. The joint Appeal of VSI and Rembrandt of the Order Approving the Sale of the Debtors' Assets; and

   e. The Joint Appeal of VSI and Rembrandt of the Order Denying the Motion of for a Stay Pending Appeal.

2

7. At the Trustee's request: C&R is representing the Trustee in the Appeals (and will represent the Trustee in any future appeals); C&R is defending the Trustee in the Rembrandt Litigation (and will represent the Trustee in any future litigation against him); C&R is prosecuting the Trustee's objection to the fee requests of the Debtors' former attorney, Lewis Brisbois; C&R is prosecuting the Trustee's objection and opposition to the Motion of VSI for an Administrative Claim; C&R will prosecute the Trustee's planned adversary proceeding against Rembrandt, which will include, *inter alia*, an objection/challenge to Rembrandts proof(s) of claim, and claims to avoid any/all alleged obligations to Rembrandt under various agreements (entered into both pre-petition and post-petition); C&R will prosecute other claim objections as requested by the Trustee; C&R will prosecute avoidance and other affirmative claims as requested by the Trustee; and C&R will represent the Trustee in any appeals arising out of the foregoing matters.

8. C&R submits that the matters described in this Supplemental Declaration fall within the scope of C&R's engagement, as set forth in the Court-approved Fee Agreement, and, in any event, fall within the preapproved expanded engagement as requested by the Trustee and agreed to by C&R.

9. C&R's compensation will remain as approved by the Bankruptcy Court in the Retention Order.

_____
STEVEN M. COREN, ESQUIRE

Dated: April 17, 2025

**EXHIBIT "A"**

## FEE AGREEMENT

THIS FEE AGREEMENT is entered into as of January 24, 2024, by and between WILLIAM A. HOMONY, in his capacity as Chapter 11 Trustee (the "Trustee") of the Bankruptcy Estates of Stream TV Networks, Inc. and Technovative Media, Inc. (collectively, the "Debtors"), and COREN & RESS, P.C. ("C&R"), a professional corporation engaged in the practice of law with offices at 2001 Market Street, Suite 3900, Philadelphia, PA 19103.

### BACKGROUND OF AGREEMENT

A.    Stream TV Networks, Inc. and Technovative Media, Inc. are Chapter 11 Debtors in bankruptcy cases pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") under the captions, *In re: Stream TV Networks, Inc.*, Bankr. E.D.Pa. Case No. 23-10763 (MDC); and *In re: Technovative Media, Inc.*, Bankr. E.D.Pa. Case No. 23-10764 (MDC) (collectively, the "Bankruptcy Cases"). The Trustee is the court-appointed Chapter 11 Trustee of the Debtors.

B.    The Debtors are parties to litigation (collectively, the "Litigation") pending in the Bankruptcy Court and the Delaware Court of Chancery in the matters of: *Stream TV Networks, Inc. and Technovative Media, Inc. v. Shadron L. Stastney, et al.*, Adv. No. 23-00057-mdc, and *In re Stream TV Networks, Inc., et al.*, Delaware Court of Chancery (No. 2020-0766-JTL).

C.    The Trustee desires to engage C&R as special counsel.

D.    C&R has agreed to accept the engagement and to represent the Trustee and the Debtors, in accordance with the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, the parties agree as follows:

1. **Incorporation of Background Paragraphs.**

Background Paragraphs A. through D. above are incorporated herein in full and made a part hereof as if set forth herein in full.

2. **Engagement of C&R.**

The Trustee hereby retains and engages C&R and C&R hereby accepts the engagement as special counsel: (i) to investigate various transactions, relationships, dealings, agreements and transfers by, between, among or with respect to the Debtors and its shareholders, officers, directors, subsidiaries, affiliates, lenders, creditors, insiders and third parties, including, but not limited to, those involving the parties to and the claims/matters at issue in the Litigation; (ii) to represent the Trustee and the Debtors in the Litigation; (iii) to pursue any claims or matters as the Trustee shall

desire with respect to any claims, causes of action or other theories of recovery against one or more of the parties identified in Sections 2(i) above or other parties identified by the Trustee (collectively, the "Litigation Claims"); (iv) to assist the Trustee in the preparation of necessary applications, complaints, answers, orders, reports and all other pleadings with respect to the Litigation Claims; and, (v) to provide any and all other legal services to the Trustee which may be necessary or desirable with respect to the Litigation Claims.

### 3. Compensation for Investigation and Pursuit of Litigation Claims.

3.1 The Trustee hereby agrees that C&R will be compensated for its services on an hourly basis, based upon C&R's customary hourly rates, which rates may be adjusted from time-to-time, typically at the start of the year. Steven M. Coren will lead the engagement on behalf of C&R and his current hourly rate is $1,100.00. Other partners, associates and paralegals will also play a role in the engagement, and other attorney hourly rates range from $400.00 to $700.00.

3.2 C&R will submit bills monthly (or quarterly should the Trustee prefer) for services rendered and expenses incurred. It is impossible to estimate or predict the time to be spent on the Trustee's/Debtors' behalf because, among other reasons, C&R cannot control or predict the actions of the other side or the requirements or schedule of a court. Accordingly, C&R has made no representations or promises concerning the amount of attorneys' fees and expenses that will be incurred, and any estimates that we may have given are just that, estimates.

3.3 C&R shall seek Bankruptcy Court approval for the payment of hourly fees and the payment/reimbursement of costs and expenses in accordance with the rules and procedures governing special counsel employed by a trustee/debtor.

### 4. Payment of Costs and Expenses.

In addition to the hourly fees to which C&R is entitled, the Trustee/Debtors shall pay/reimburse C&R for out-of-pocket costs and expenses incurred in connection with the investigation and prosecution of the Litigation Claims, including, but not limited to, costs and expenses for filing fees, expert fees and expenses, document management and document hosting fees, outside consultant fees and expenses, travel, couriers, meals, lodging, court reporters, transcripts, and photocopying.

### 5. Miscellaneous.

5.1 **Binding Nature of Agreement.** This Agreement shall be binding upon and enure to the benefit of the parties hereto and their respective trustees, personal representatives, successors and assigns.

5.2 **Entire Agreement.** This Agreement contains the entire understanding and agreement of and between the parties with respect to the subject matter hereof, and supersedes all prior and contemporaneous agreements and understandings, inducements or conditions, express or implied,

2

oral or written, except as specifically provided herein. This Agreement may not be modified or amended other than by an agreement in writing signed by all of the parties hereto.

**5.3 Right to Withdraw.** C&R shall have the right and option to withdraw its representation, subject to Court approval, in the event that facts come to its attention which lead C&R to conclude that the Litigation Claims should not be pursued.

**5.4 Partial Invalidity.** Should any one or more of the provisions of this Agreement be held, for any reason, to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Agreement, this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein, and this Agreement shall be construed to modify, limit and amend any such invalid, illegal or unenforceable provision(s) so as to be enforceable to the extent compatible with the applicable law as it shall then appear.

**5.5 Headings Not Part of Agreement.** Any headings preceding the text of any of the sections or subsections of this Agreement are inserted solely for convenience of reference and shall not constitute a part of this Agreement and therefore shall not affect its interpretation.

**5.6 Fee Agreement to be Submitted for Court Approval.** The parties acknowledge and agree that this Fee Agreement shall be submitted for the approval of the Court in the Bankruptcy Cases as part of an application to employ C&R as special counsel. If the Court does not approve this Fee Agreement, then this Fee Agreement shall be rendered null and void, and C&R shall have no obligation to represent the Trustee or the Debtor.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals as of the day and year set forth above.

_____
WILLIAM A. HOMONY
CHAPTER 11 TRUSTEE FOR DEBTORS
STREAM TV NETWORKS, INC. AND
TECHNOVATIVE MEDIA, INC.


COREN & RESS, P.C.

_____
By: Steven M. Coren, President

3