IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| Stream TV Networks, Inc., *et al.* | Bankruptcy No. 23-10763 (DJB) |
| Debtors. | (Jointly Administered)[1] |

**OBJECTION OF WILLIAM A. HOMONY, IN HIS CAPACITY AS CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATES OF STREAM TV NETWORKS, INC., AND TECHNOVATIVE MEDIA, INC., TO RAJA RAJAN'S MOTION TO COMPEL ACCOUNTING AND DISCLOSURE FROM CHAPTER 11 TRUSTEE**

William A. Homony, in his capacity as Chapter 11 Trustee (the "Trustee") of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative," and collectively with Stream, the "Debtors"), by and through his counsel, Obermayer Rebmann Maxwell & Hippel LLP, files this Objection (the "Objection") to the Motion to Compel Accounting and Disclosure from Chapter 11 Trustee by Unsecured Creditor and Defendant in Adversary Proceeding (D.I. #1016) (the "Motion"), filed by Raja Rajan ("Attorney Rajan"), and in opposition to the relief requested in the Motion, the Trustee respectfully states:

**I.    BACKGROUND**

1.    On March 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2.    On January 5, 2024, this Court entered an order and opinion appointing a Chapter 11 Trustee to oversee the Debtors' bankruptcy cases (the "Trustee Order" and "Trustee Opinion") (D.I. 549 and 548, respectively).

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

4918-9268-5635 v2

3. On January 9, 2024, the Office of the United States Trustee filed a Notice of Appointment for William A. Homony to serve as the Chapter 11 trustee (the "Appointment Date") as well as an Application for the Entry of an Order Approving the Appointment of the Trustee (the "Application") (D.I. 554 and 553 respectively) and on January 12, 2024, the Court entered an Order granting the Application to appoint the Trustee (D.I. #558).

4. The Trustee Opinion highlighted the Court's numerous concerns with the Debtors' previous leadership and specifically held that a trustee was required "to evaluate the Debtors' assets, potential deals [and] potential claims" and further held that a "neutral, unconflicted party [was necessary] to deal with VSI at arms-length, including determining if there are pre-or post-petition claims that lie against VSI . . . [and] to evaluate, resolve and/or litigate the claims of Hawk, SLS, SeeCubic, Rembrandt, and others." Trustee Opinion at p. 73.

5. The Trustee is the sole representative of the Debtors' bankruptcy estates and has been vested with the exclusive authority to manage the Debtors' bankruptcy estates and has the duties enumerated under the Bankruptcy Code, including, *inter alia*, to act for the benefit of all creditors, to maximize the value of the Debtors' bankruptcy estate, and to review and evaluate filed proofs of claim by creditors and object to the allowance of any claim that is improper.

6. In accordance with his duties, on or about April 30, 2025, the Trustee filed an adversary complaint and claims objection against Rembrandt 3D Holding Ltd. ("Rembrandt"), Visual Semiconductor, Inc. ("VSI"), Mathu Rajan ("M. Rajan"), Attorney Rajan, and Brown and Michaels, P.C. ("B&M" or together, the "Defendants"), Adv. No. 25-00138-DJB. (the "Adversary Proceeding") (Adv. D.I. #1). A copy of the Complaint filed in connection with the Adversary Proceeding is attached hereto as **Exhibit "A"** and incorporated herein.

4918-9268-5635 v2

7. The Complaint seeks, *inter alia*, to avoid and invalidate any/all obligations and associated transfers in connection with a pre-petition and two (2) post-petition agreements among Stream and Defendants. See Complaint at ¶ 1.

8. Among the agreements that the Complaint seeks to avoid and invalidate are: 1) a collusive Settlement Agreement and Mutual Release dated May 23, 2021 (the "Settlement Agreement") among Stream, Rembrandt, M. Rajan, and Attorney Rajan (attached to the Complaint as Exhibit "B"), and 2) a post-petition amendment to the Settlement Agreement (the "Settlement Amendment") dated August 12, 2023, among the same parties (attached to the Complaint as Exhibit "E").

9. The allegations of the Complaint are supported by, among other things, an April 20, 2021, email in which Attorney Rajan agreed with the sentiment that the purpose of the term sheet was "intentionally to bankrupt Stream." *See* Id. at ¶ 24 and Exhibit "D."

10. While serving as Stream's General Counsel, just over a month after agreeing with the viewpoint that the Settlement Agreement was designed to intentionally bankrupt the Debtor, Attorney Rajan joined as a party and purportedly benefited from that agreement. *See* Id. at ¶ 13 and Exhibit "B."

11. On May 7, 2025, Attorney Rajan, appearing *pro se*, filed the instant Motion in the main bankruptcy case, and additionally filed a Motion to Compel Discovery Responses from Plaintiff Relating to Defendant's Motion for Sanctions Pursuant to Bankruptcy Rule 9011, FRCP 11, 28 U.S.C. § 1927, and the Court's Inherent Authority (the "Adversary Motion") in the Adversary Proceeding (Adv. D.I. #4).

12. The Motion initially failed to include a Notice of Motion, but after direction of the Court, Attorney Rajan eventually filed a Notice of Motion for the Motion on May 16, 2025 (D.I. #1023).[2]

13. The Motion seeks to compel the Trustee to produce:

   a. All expenditures of estate funds to date, including those relating to litigation;

   b. Any agreements or authority authorizing the adversary proceeding against the undersigned;

   c. Detailed accounting of administrative expenses, payments to professionals, and any retained counsel;

   d. A full and itemized accounting of all estate expenditures to date, including legal fees and payments related to the adversary proceeding;

   e. Disclosure of any court order, engagement agreement, or authority under which the adversary proceeding was initiated; and

   f. An updated monthly operating report and investigative report under 11 U.S.C. § 1106(a)(3), if not already filed.

*See*, Motion at p. 3.

14. The Motion further seeks attorneys' fees and costs resulting from the Motion's filing.

15. In response to the Motion, on May 12, 2025, counsel to the Trustee sent an email to Attorney Rajan that addressed all of the requests for information in the Motion, directed Attorney Rajan to the specific dates and docket numbers for the publicly available relevant filings

---

[2] While the Notice of Motion states that any opposition to the Motion must be filed seven (7) days prior to hearing date, the Trustee files the Opposition ahead of that timeline, out of an abundance of caution, and in accordance with L.B.R. 9014-3(h) – stating that oppositions to a motion are due "no later than 14 days after the date on which the movant serves the motion." It also must be noted that the Notice of Motion did not contain a proposed hearing date.

4

and Bankruptcy Court orders responsive to his requests in the Motion, attached an accounting of the cash receipts and disbursements in the Debtors' bankruptcy estates from the Appointment Date to the present, and provided additional information as to why Attorney Rajan was named as a defendant to the Adversary Proceeding. A true and correct copy of the emails between Trustee's counsel and Attorney Rajan is attached as **Exhibit "B"** hereto.

16. Counsel to the Trustee further demanded that Attorney Rajan withdraw the Motion as the Trustee had now addressed and responded to all requests and relief sought therein.

17. That same day, Attorney Rajan responded, inaccurately stating that the information provided did "not indicate how much was paid for the lawyer who filed the adversary complaint," and revealing his true motives behind filing the Motion by stating, "[j]ust so you know that all I care about… [If the Trustee] withdraws that action against me then I will withdraw this motion…" *See*, **Exhibit "B."**

18. In a subsequent email, Attorney Rajan once again pointed out his main issue with the Trustee's response to the Motion, stating "I think all of the information you provided to me by email is vague but [sic] its before the adversary proceeding against me. It only involves the information relating to the bankruptcy at large" and went on to threaten the Trustee with a Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 2004 examination. *See* Id.

19. Throughout numerous email exchanges between Attorney Rajan and Trustee's counsel, it became abundantly clear that Attorney Rajan's intent behind filing the Motion was not to actually uncover any information from the Trustee, but continually move the "goal posts" on the information he sought to persuade the Trustee to dismiss him from the Adversary Proceeding. *See* Id.

4918-9268-5635 v2

20. The Trustee has addressed and responded to all of Attorney Rajan's requests for information sought in the Motion, yet he has steadfastly refused to withdraw the Motion, improperly driving up litigation costs for the Debtors' bankruptcy estates.

21. Further, the Trustee has complied with all his reporting and accounting requirements under the Bankruptcy Code, including, but not limited to, filing monthly operating reports.

22. Therefore, the Motion must be denied in its entirety.

## II. ARGUMENT

### A. The Trustee has Fulfilled all His Duties Under the Bankruptcy Code and Bankruptcy Rules and Addressed and Responded to All Requests and Relief Sought in the Motion.

23. Under the Bankruptcy Code and Bankruptcy Rules, a duly appointed Chapter 11 trustee has certain reporting and accounting duties, including some duties of a Chapter 7 trustee. 11 U.S.C. § 1106(a)(1); *7 Collier on Bankruptcy* P 1106.01 (16th 2018). *In re Ctr. Teleproductions, Inc.*, 112 B.R. 567, 579 n. 5 (Bankr. S.D.N.Y. 1990) (citing *In re Nadler*, 8 B.R. 330, 333 (Bankr. E.D.Pa. 1980)).

24. Such duties include, *inter alia*:

   a. Being accountable for all property received by a bankruptcy estate. 11 U.S.C. §§ 704(a)(2), 1106(a)(1).

   b. Keeping a record of receipts and the disposition of money and property received. Fed. R. Bankr. P. 2015(a)(2).

   c. Filing with the court, with the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation

4918-9268-5635 v2

    of such business, including a statement of receipts and disbursements. 11 U.S.C. § 704(a)(8); Fed. R. Bankr. P. 2015(a)(3).

   d. Filing monthly operating report with the Clerk of the Bankruptcy Court and serving the United States Trustee and any appointed official creditors committees with the same. Fed. R. Bankr. P. 5005(b)(1).

25. Under Section 704(a)(7), made applicable by Section 1106(a)(1), a Chapter 11 trustee also has a duty to "furnish such information concerning the estate and the estate's administration as is requested by a party in interest." 11 U.S.C. §§ 704(a)(2), 1106(a)(1).

26. Here, the Trustee has fully complied with all his reporting and accounting duties under the Bankruptcy Code and Bankruptcy Rules.

27. Indeed, the Trustee has filed all required reports, including monthly operating reports – the most recent of which were filed on May 7, 2025, for the period ended April 30, 2025 (D.I. #1017, 1018).

28. Further, as detailed above, the Trustee has addressed and responded to all requests and relief sought in the Motion, thereby fulfilling his duties under Section 704(a)(7) of the Bankruptcy Code.

29. Trustee's counsel explicitly and repeatedly either supplied Attorney Rajan with the requested information or directed him to the filings where it could be found. *See*, **Exhibit "B."**

30. Despite this, Attorney Rajan refuses to withdraw the Motion.

31. The Trustee has fully complied with his duties under the Bankruptcy Code and Bankruptcy Rules and responded to the requests sought in the Motion; as such, the Motion must be denied.

4918-9268-5635 v2

### B. The Motion Lacks Both Factual and Legal Basis.

32. The Motion is based on Attorney Rajan's unsupported concerns of "waste, abuse, or lack of oversight in estate administration" and his allegation that the Adversary Proceeding was brought "improperly or without economic justification." *See*, Motion at ¶¶ 9-10.

33. The Motion contains no explanation of or support for these allegations.

34. Attorney Rajan fails to plead any facts in support of his allegations of the alleged waste, abuse, or lack of oversight in bringing the Adversary Proceeding.

35. The only case Attorney Rajan cites in support of his Motion, *In re Smart World Techs.*, LLC, 423 F.3d 166, 181 (2d Cir. 2005) ("*Smart World*"), does not stand for the proposition stated in the Motion.

36. The Motion asserts that *Smart World* holds that "creditors may seek accounting when there are concerns of waste, abuse, or lack of oversight in estate administration"; however, a cursory review of the case reveals it states no such thing. *See*, Motion at ¶ 9.

37. The proposition attributed to *Smart World* and cited in paragraph 9 of the Motion, including the page cited to, is fabricated by Attorney Rajan in a clumsy effort to tailor it to the needs of the Motion.[3]

38. In reality, *Smart World* addresses concepts such as standing in a bankruptcy case and derivative standing and stands for the proposition that creditors cannot settle a cause of action brought by a Chapter 11 debtor-in-possession over the debtor's objection. *See, In re Smart World*

---

[3] In *Bunce v. Visual Technology Innovations, Inc., et al.*, E.D. Pa. No. 23-01740-KNS, Attorney Rajan appeared as counsel on behalf of his brother Mathu Rajan (a co-defendant in the Adversary Proceeding) and Visual Technology Innovations, Inc. (a party related to VSI, a co-defendant in the Adversary Proceeding) to defend against claims brought by a defrauded investor. The *Bunce* Court found that Attorney Rajan used ChatGPT to "completely write his motions and provide citations" without taking "the elementary step to verify the cases," which resulted in his submission to the Court of nonexistent, miscited, and defunct caselaw. See *Bunce v. Visual Tech. Innovations, Inc.*, No. CV 23-1740, 2025 WL 662398, at *3 (E.D. Pa. Feb. 27, 2025). Despite having been sanctioned in *Bunce*, Attorney Rajan has failed to change his behavior, thereby causing the Trustee to expend resources to defend against a motion invoking inapposite case law.

8

*Techs.*, LLC, 423 F.3d at 181. In fact, the words "accounting," "waste," "lack of oversight," and "estate administration" are not even mentioned in *Smart World*.

39. Similarly, the Motion's request for attorneys' fees and costs resulting from the Motion's filing also lacks any legal or factual basis.

40. There is no statute, case law, or fact cited in the Motion that would give rise to fee shifting for attorneys' fees and costs associated with the Motion; indeed, none exist.

41. To be clear, Attorney Rajan is not entitled to recover attorneys' fees and costs associated with the filing of the Motion, especially as it is such a frivolous and baseless filing intended only to drive up litigation costs for the Debtors' bankruptcy estates.

42. As such, the Motion lacks both a factual and a legal basis and must be denied.

### III.  CONCLUSION

**WHEREFORE**, as the Trustee has fulfilled all his duties under the Bankruptcy Code and Bankruptcy Rules and addressed and responded to all requests and relief sought in the Motion, and as the Motion lacks both a legal and a factual basis, the Trustee respectfully requests that this Court enter an Order denying the Motion in its entirety.

Respectfully Submitted,

Dated: May 21, 2025

*/s/ Michael D. Vagnoni*
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3066
Facsimile: (215) 665-3165
E-mail: edmond.george@obermayer.com
         michael.vagnoni@obermayer.com

*Counsel to William Homony, Chapter 11 Trustee*

4918-9268-5635 v2