IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Stream TV Networks, Inc., *et al*. | ) | Bankruptcy No. 23-10763 (DJB) |
| Debtors. | ) | |
| William A. Homony, in his Capacity as Chapter 11 Trustee of the Bankruptcy Estates of Stream TV Networks, Inc. and Technovative Media, Inc. | ) ) ) ) ) ) ) | Adv. No. 25-00138- (DJB) |
| Plaintiff | ) | |
| v. | ) | |
| Rembrandt 3D Holding Ltd., Visual Semiconductor, Inc., Mathu Rajan, **Raja Rajan,** and Brown and Michaels, P.C., Defendants. | ) ) ) ) ) ) | |

### REPLY OF RAJA RAJAN TO OBJECTION OF CHAPTER 11 TRUSTEE TO MOTION TO COMPEL ACCOUNTING AND DISCLOSURE

Movant Raja Rajan respectfully submits this Reply to the Objection filed by William A. Homony, in his capacity as Chapter 11 Trustee of the bankruptcy estates of Stream TV Networks, Inc. and Technovative Media, Inc., and states as follows:

### I. INTRODUCTION

The Trustee's Objection **entirely sidesteps** the central issue raised in the Motion to Compel: his ongoing failure to provide a **transparent accounting and full disclosure** of material information concerning the adversary complaint filed **against Raja Rajan, an** unsecured creditor and named defendant. Rather than engage with the legitimate concerns raised, the Trustee deflects by reciting the breadth of his authority—while **ignoring his legal obligation to provide a detailed explanation and justification** for his actions, particularly with respect to litigation funded by the estate.

Mr. RajanRajan has **filed a motion for sanctions** against the Trustee in the adversary proceeding [Adversary Docket 7], asserting that the complaint was filed in bad faith and without a good-faith basis in fact or law, <u>particularly against him</u>. That adversary complaint was signed and filed by the Trustee's special counsel, **Steven M. Coren, Esq.** The motion raises serious concerns regarding misuse of estate resources, improper motives, and lack of evidentiary support—concerns that demand a complete and transparent accounting of the decision to pursue the **adversary action.**

Yet in response, the Trustee has offered no meaningful disclosure—no cost breakdown, no justification, and no documentation of the process that led to the filing of that complaint. Instead, the Trustee relies on sweeping references to his general authority, essentially arguing that he is entitled to act without oversight or accountability.

This position is not supported by law, nor is it consistent with the Trustee's fiduciary obligations under 11 U.S.C. §§ 704(a)(7) and 1106(a)(1), which explicitly require the Trustee to provide information concerning the estate and its administration to parties in interest. Raja Rajan, as both a creditor and defendant, is entitled to transparency, especially where the Trustee's actions appear to serve no legitimate estate purpose and may, in fact, constitute an abuse of process.

## II. ARGUMENT

### A. The Trustee Has a Statutory Duty to Provide an Accounting and Adequate Disclosure

The trustee through his counsel, attorney Vagnoni, filed the Trustees accounting on the same day that Raja Rajan filed a "MOTION TO COMPEL ACCOUNTING AND DISCLOSURE FROM CHAPTER 11 TRUSTEE BY UNSECURED CREDITOR AND DEFENDANT IN ADVERSARY PROCEEDING" [docket 1016]. The Trustee's accounting and disclosure filings

are at dockets 1017 and 1018 and were filed on May 7, 2025 (the same day). The trustee called both filings Monthly Operating Reports but ends with costs incurred on April 30, 2025. However, the Trustee filed his new Adversary Complaint about April 30, 2025 with over 90 paragraphs and averments. The costs and approvals of that new lawsuit should be included in the filings if there is full transparency.

    **B. The Trustee filed Accounting, but that filing is woefully deficient.**

One of Trustee Monthly Operating report mentions specifically Professional Fees and Expenses: The document includes a section on professional fees and expenses, which details the approved and paid amounts for various firms involved in the bankruptcy proceedings.

However, there is no mention of **Steven M. Coren, Esq. or Coren & Ress, P.C. in** the itemized breakdown of professional fees. The firms listed include Lewis Brisbois, BMC Group, and SSG Advisors, LLC, with their respective roles and amounts, but Coren & Ress, P.C. is not mentioned.

As a gentle reminder, Steven M. Coren, Esq. or Coren & Ress, P.C., filed the Adversary Complaint within the date of said report. Unless that attorney worked for free, any promises or payments to him/them should have been disclosed.

Similarly, there is mention of Adversary Proceedings; however. The document does not explicitly mention any costs related to adversary proceedings. The focus is primarily on the financial status of the debtor, including cash receipts, disbursements, assets, liabilities, and professional fees. There is no separate categorization or line item specifically for adversary proceedings.

The other Monthly Operating Report of the Trustee, also

**Professional Fees and Expenses**: The report includes a section on professional fees and expenses, but it does not list any fees or expenses specifically related to adversary proceedings or mention Steven M. Coren, Esq. or Coren & Ress, P.C.

Similarly, the document provides a detailed account of assets and liabilities, but there is no mention of adversary proceedings or specific costs associated with them. The report mentions the sale of the debtor's assets and a Carve-Out of $8 million for the benefit of the bankruptcy estates, but it does not specify any allocation of these funds to adversary proceedings or to Steven M. Coren, Esq. and his firm. The document also contains general financial information, such as cash receipts, disbursements, and post petition liabilities, but none of these sections mention adversary proceedings or related costs.

Raja Rajan is entitled to, and demands, full and transparent disclosure of all costs, including legal fees and expenses, incurred by the Trustee and the law firm initiating the adversary proceeding against him. The failure to provide this information raises serious concerns about whether the Trustee is fulfilling their fiduciary duty of transparency and accountability. The current lack of disclosure creates the impression that the Trustee is deliberately withholding material information, essentially playing 'hide the ball'—which undermines the integrity of the bankruptcy process and prejudices the rights of Mr. Rajan as an unsecured creditor and party in interest.

Rather than address legitimate questions about accounting of estate funds and court approval, the Trustee, through attorney Vagnoni, asserts his authority and mentions all the other parties. The Trustees objection document does not contain any information about costs or court approval related to the adversary proceeding. The document primarily focuses on the service of the objection and lists the parties involved. There is no mention of costs associated with the adversary proceeding or any reference to court approval within the provided text. Therefore, the source does not explicitly provide this information.

The bottom line is the Trustee is not providing the transparency required under the Bankruptcy code. Raja Rajan as a creditor of the estate simply wants the Court to intervene to help get that transparency. Trustees have a statutory duty to provide information reasonably requested by parties in interest. In re Sports Accessories, Inc. noted that the Bankruptcy Code requires trustees to furnish information requested by parties in interest unless restrained by a court order (In re Sports Accessories, Inc., 34 B.R. 80 (1983))[3]. Failure to provide such information can lead to sanctions. For instance, in In re Krontz, the court held the debtors' estate liable for attorney fees incurred by the trustee due to the debtors' recalcitrance and failure to cooperate with discovery *In re Krontz,* 158 B.R. 684 (1993) (United States Bankruptcy Court, N.D. Ohio, Western Division. July 28, 1993158 B.R. 6841993 WL 359839).

### III. CONCLUSION

For the reasons stated above, the Movant respectfully requests that the Court grant the Motion to Compel Accounting, enter the proposed order, and award any other relief the Court finds just and appropriate under the circumstances.

Respectfully submitted,

Dated: May 30, 2025

Raja Rajan, Esquire
*Pro Se*
Movant, Raja Rajan *(both an unsecured creditor and Defendant in Adversary proceeding by Trustee)*