# Exhibit E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

500 BOYLSTON STREET

BOSTON, MASSACHUSETTS 02116

———

TEL: (617) 573-4800

FAX: (617) 573-4822

www.skadden.com

FIRM/AFFILIATE OFFICES
———
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(617) 573-4855
DIRECT FAX
(617) 305-4855
EMAIL ADDRESS
EBEN.COLBY@SKADDEN.COM

June 24, 2025

Michael D. Vagnoni
Obermayer Rebmann Maxwell & Hippel LLP
Centre Square West
1500 Market Street Suite 3400
Philadelphia, Pennsylvania 19102

RE:      *In re Stream TV Networks, Inc.* and *In re Technovative
Media, Inc.*, No. 23-10763-DJB (Bankr. E.D. Pa.)

Dear Michael:

On behalf of SeeCubic, Inc., we write in response to the Notice and Demand
for Indemnification ("Demand") dated March 24, 2025 issued by William A.
Homony, in his capacity as Chapter 11 Trustee of the debtors in the above-
referenced actions.[1]

Invoking Section 9.2 of the APA dated January 3, 2025 and Paragraph 30 of
the Sale Order, the Demand seeks to have SeeCubic indemnify and defend the
Sellers, the Sellers' bankruptcy estates, the Trustee and his Court-approved
professionals, their members, officers, directors, and/or employees ("Indemnified
Parties") in three actions filed by Rembrandt 3D Holding Ltd. ("Rembrandt"):

1.  *Rembrandt 3D Holding Ltd. v. Technovative Media, Inc. et al.*, 23-cv-
    00193-JLH, filed February 21, 2023 in the United States District

———

[1] Terms not defined herein shall have the meanings ascribed in the Demand.

Michael D. Vagnoni
June 24, 2025
Page 2

Court for the District of Delaware (the "Delaware District Court Action");

2. *Rembrandt 3D Holding Ltd. v. William A. Homony, in His Capacity as Chapter 11 Trustee, Stream TV Networks, Inc. and Technovative Media, Inc. et al.*, 24-00142-djb, filed December 4, 2024 in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Adversary Proceeding"); and

3. *Rembrandt 3D Holding Ltd. v. William A. Homony, in His Capacity as Chapter 11 Trustee, SSG Advisors, LLC, J. Scott Victor, Teresa C Kohl, Craig D. Warznak, Samuel P. Charlton, and Alexander D. Lamm*, 24-cv-06706-JMY, filed December 17, 2024 in the United States District Court for the Eastern District of Pennsylvania (the "Pennsylvania District Court Action").

As to the Delaware District Court Action and the Adversary Proceeding, neither the APA nor the Sale Order requires that SeeCubic indemnify any of the Indemnified Parties or mount a defense on their behalf for these pre-existing actions.

Specifically, Section 9.2 of the APA requires SeeCubic to indemnify the Indemnified Parties for "claim[s] or cause[s] of action alleging that any Intellectual Property of any third party, including, but not limited to the Rembrandt Intellectual Property, has been improperly transferred or sold to [SeeCubic] as part of the Transferred Assets at Closing through the sale pursuant to this Agreement."  The Delaware District Court Action and Adversary Proceeding were filed prior to the execution of the APA and the Closing of the sale thereunder.  They cannot therefore constitute a claim or cause of action that any Rembrandt Intellectual Property was "improperly *transferred* or *sold*"—no transfer or sale had yet occurred.  Similarly, the clause containing Section 9.2's requirement that SeeCubic mount a defense on behalf of the Indemnified Parties (other than Sellers) is also prospective, requiring a defense "in the event" those parties are sued.[2]

Accordingly, SeeCubic has no obligation to indemnify or defend any Indemnified Parties in the Delaware District Court Action or Adversary Proceeding.

---

[2] The provisions of Paragraph 30 of the Sale Order are in accord with Section 9.2 of the APA, and likewise does not require SeeCubic to indemnify or mount a defense of any of the Indemnified Parties with respect to the Delaware District Court Action.

Michael D. Vagnoni
June 24, 2025
Page 3

SeeCubic reserves all rights with respect to the Pennsylvania District Court Action and will assess specific requests as to that action when made.

Further, it has come to our attention that the Trustee is engaged in settlement discussions with Rembrandt. To the extent that SeeCubic is obligated to indemnify the Indemnified Parties—which it is not with respect to the Delaware District Court Action or Adversary Proceeding—Section 9.2 of the APA provides that SeeCubic is entitled to assume control of or direct the defense of any covered claim or action. As such, SeeCubic's authority to direct the defense of any covered claim or action includes the authority to direct any settlement. Should the Trustee reach a resolution with Rembrandt absent SeeCubic's direction, SeeCubic is not obligated to indemnify the Trustee for any such amount.

Please feel free to contact me should you like to discuss any of the above.

Sincerely,

*/s/ Eben P. Colby*

Eben P. Colby