# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | Chapter 11 |
| **STREAM TV NETWORKS, INC.,** *et al.* | Case No. 23-10763 (DJB) |
| **Debtors.**[1] | (Jointly Administered) |

### SEECUBIC INC.'S SUPPLEMENTAL RESPONSE TO OMNIBUS MOTION OF WILLIAM A. HOMONY IN HIS CAPACITY AS CHAPTER 11 TRUSTEE FOR ENTRY OF AN ORDER (1) APPROVING A SETTLEMENT AGREEMENT WITH REMBRANDT 3D HOLDING, LTD. PURSUANT TO FED. R. BANKR. 9019(a) AND 11 U.S.C. § 105(a); (II) ENFORCING DEFENSE AND INDEMNITY OBLIGATIONS OF SEECUBIC, INC.; AND (III) GRANTING RELATED RELIEF

SeeCubic, Inc. ("**SeeCubic**"), by and through its undersigned counsel, hereby submits this supplemental response to the *Omnibus Motion Of William A. Homony In His Capacity As Chapter 11 Trustee For Entry Of An Order (I) Approving A Settlement Agreement With Rembrandt 3d Holding, Ltd. Pursuant To Fed. R. Bankr. 9019(a) And 11 U.S.C. § 105(a); (II) Enforcing Defense And Indemnity Obligations Of SeeCubic, Inc.; And (III) Granting Related Relief* (Docket No. 1040) (the "**Trustee's Motion**") filed by William A. Homony, in his capacity as Chapter 11 Trustee (the "**Trustee**"), and respectfully submits as follows.[2]

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

[2] Capitalized terms not defined herein shall have the meanings in the Trustee's Motion. SeeCubic hereby incorporates by reference all arguments in SeeCubic's July 29, 2025 Response to the Trustee's Motion (Docket No. 1045) ("**Response Filing**").

**SUPPLEMENTAL ARGUMENT**

I.  **THE ALLOCATION OF ALL OF THE PROPOSED SETTLEMENT'S $1.25 MILLION PAYMENT TO REMBRANDT TO THE PENNSYLVANIA DISTRICT COURT ACTION IS BASED ON FALSE PREMISES**

1. As set forth in SeeCubic's Response Filing, the Trustee's agreement to allocate the entirety of the proposed settlement's $1.25 million payment to Rembrandt to the Pennsylvania District Court Action is highly suspect. This structure seeks exploit the Sale Order and the APA's indemnity provisions, which arguably require SeeCubic to indemnify the Trustee for the Pennsylvania District Court Action—but none of the other actions being resolved by the proposed settlement. In other words, the Trustee allocated the entire $1.25 million to the one action that SeeCubic may have to foot the bill for—and $0 to any of the other *five* cases covered by the proposed settlement agreement. (Response Filing ¶¶ 8-10, 15, 35.)

2. The Trustee attempts to explain away this structure, asserting that he assigned zero value to the Rembrandt Appeals, the Delaware District Court Action, or the Rembrandt Adversary proceeding because the Pennsylvania District Court Action is the "only one" of the six actions being settled that exposes the Estate to further defense costs or the risk of potential liability. (Declaration of William A. Homony, Docket No. 1054, ¶ 27; Reply in Further Support of Omnibus Motion, Docket No. 1083, at 6.)

3. This rationale, however, does not withstand scrutiny. The Trustee conceded, for example, that the Rembrandt Appeals are likely to require the Estate to incur additional defense costs—even if the Trustee prevails in the current phase of those appeals. (Sept. 8, 2025 H'rg Tr. at 42:1-43:14.) The Trustee also conceded that Technovative is still a party to and possibly faces liability in the Delaware District Court case. (*Id.* at 38:23-41:8.)

4. The Trustee's explanation for the amount of the $1.25 million payment to Rembrandt also rests on questionable assumptions. In sum, the Trustee asserts that litigating the

Pennsylvania District Court Action could cost in excess of $10 million and that a $1.25 million settlement is thus advantageous. (Homony Decl. ¶ 33; Declaration of John D. Simmons, Docket No. 1055.) But the Trustee's cost estimates are inflated, including (i) by accounting $2 million in *optional* costs for proceedings before the U.S. Patent & Trademark Office that would not be required to litigate the Pennsylvania District Court Action (Sept. 8, 2025 H'rg Tr. at 77:22-78:20), and (ii) failing to account for the fact that the three patents at issue in the Pennsylvania District Court Action are related (and therefore would not cost as much as litigating three independent patents) (*id.* at 75:2-15).

## II. THE TRUSTEE'S TESTIMONY CONFIRMS THAT NO MEANINGFUL EFFORT WAS MADE TO TENDER DEFENSE TO SEECUBIC OR INVOLVE SEECUBIC IN THE SETTLEMENT PROCESS

5.  SeeCubic's Response Filing demonstrated that the Trustee did not make a meaningful effort to tender defense of the Pennsylvania District Court Action to SeeCubic or involve SeeCubic in the settlement process. (Response Filing ¶¶ 27-33.) In such a situation, SeeCubic is not obligated as a matter of law to indemnify the Trustee for any of the proposed settlement unless the Trustee shows *actual* liability to Rembrandt, that there is no good defense, and that the settlement is reasonable. (*Id.* (citing cases).) The Trustee has not made that showing. (*Id.*)

6.  The Trustee's testimony at the September 8, 2025 hearing on the Trustee's Motion confirms that he failed to make a meaningful effort to engage with SeeCubic.

7.  *First,* the Trustee's stated rationale for unilaterally entering into the proposed settlement with Rembrandt without SeeCubic's involvement is based on a series of unfounded assumptions that the Trustee concedes he made no attempt to verify. For example, the Trustee testified that he believed that SeeCubic lacked the financial wherewithal to meet any indemnity obligations. But the Trustee concedes that he made *no effort* to ascertain SeeCubic's financial

3

position as of the time he sent the Demand to SeeCubic in March 2025 or at any other time between that date and his execution of the proposed settlement with Rembrandt. (Sept. 8, 2025 H'rg Tr. at 51:13-53:24.) Instead, the Trustee simply assumed SeeCubic's financial position in March, April, May, and June of 2025 to be the same as it was months prior. (*Id.*) Similarly, the Trustee points to a judgment against SeeCubic entered in California Superior Court in June 2025—months after the Demand was originally sent—but made no attempt to investigate the circumstances surrounding that judgment, including the facts surrounding how it arose or whether SeeCubic had the right to appeal. (*Id.* at 53:25-54:22; 57:17-25.)

8. *Second*, the Trustee conceded that his only effort to engage with SeeCubic regarding the defense of and indemnification in the Pennsylvania District Court Action was a single letter. (*Id.* at 50:19-23 ("Q. The entirety of your efforts to engage with SeeCubic with respect to any defense and indemnity obligations for the Pennsylvania case, was that one letter, correct? A. Yes."); 51:10-2; 57:17-25.) That letter did not in any way seek to confirm the Trustee's assumptions about SeeCubic's willingness or ability to indemnify the Indemnified Parties.

9. *Finally*, the Trustee ignored SeeCubic's request that it be involved in any settlement discussions and signed the proposed settlement with Rembrandt without responding in any way to SeeCubic. (*Id.* at 59:3-10.)[3]

---

[3] While the Trustee asserts that Rembrandt's counsel informed SeeCubic via email in mid-June 2025 that settlement was imminent, that email indicates only that settlement discussions were ongoing. (Docket No. 1078-11.) SeeCubic then promptly communicated its request to the Trustee to be involved in any such discussions. (Docket No. 1040-5.) SeeCubic was ignored.

## **CONCLUSION**

SeeCubic respectfully requests that this Court deny the Trustee's Motion inasmuch as it seeks an order requiring SeeCubic to indemnify the Trustee for any payments to Rembrandt related to the Pennsylvania District Court Action.

Dated: September 29, 2025        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Joseph O. Larkin*
Joseph O. Larkin (ID No. 206047)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Fax: (302) 651-3001
Joseph.Larkin@skadden.com

- and -

James J. Mazza, Jr. (admitted *pro hac vice*)
Justin M. Winerman (admitted *pro hac vice*)
320 South Canal Street
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411
James.Mazza@skadden.com
Justin.Winerman@skadden.com

- and -

Eben P. Colby (admitted *pro hac vice*)
Marley Ann Brumme (admitted *pro hac vice*)
500 Boylston Street, 23rd Floor
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Fax: (617) 573-4822
Eben.Colby@skadden.com
Marley.Brumme@skadden.com

*Counsel to SeeCubic, Inc.*