# **EXHIBIT K**

Delaware Court of Chancery
Preliminary Injunction Order of December 8, 2020
against Stream TV Networks, Inc.

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| STREAM TV NETWORKS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SEECUBIC, INC., ) <br> ) <br> Defendant. ) <br> _____ ) <br> ) <br> SEECUBIC, INC., ) <br> ) <br> Counterclaim and ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STREAM TV NETWORKS, INC., ) <br> ) <br> Counterclaim Defendant, ) <br> ) <br> and ) <br> ) <br> MATHU RAJAN, and RAJA RAJAN, ) <br> ) <br> Third-Party Defendants. ) | C.A. No. 2020-0766-JTL |

### ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

IT IS HEREBY ORDERED, for the reasons stated in the opinion of this same date:

1. Pending the final disposition of this action, plaintiff and counterclaim defendant Stream TV Networks, Inc. ("Stream") and third-party defendants Mathu

Rajan and Raja Rajan are preliminarily enjoined from taking any action to interfere with the Omnibus Agreement dated May 6, 2020, including, but not limited to:

    (a) Disputing the validity of the Omnibus Agreement (except as part of their claims and defenses in this litigation);

    (b) Interfering with the exercise of the power of attorney granted by the Omnibus Agreement or the use of the power of attorney to transfer any of the assets subject to the Omnibus Agreement (the "Assets") to defendant, counterclaimant, and third-party plaintiff Seecubic, Inc.;

    (c) Asserting ownership rights (except as part of their claims and defenses in this litigation) to any of the Assets, including but not limited to ownership rights in the "Ultra-D" technology and other intellectual property;

    (d) Asserting ownership rights (except as part of their claims and defenses in this litigation) to the stock or comparable equity of TechnoVative, Inc. ("TechnoVative") or Ultra-D Ventures, C.V., Ultra-D Coöperatief U.A., Stream TV International B.V. and SeeCubic B.V. (collectively, the "Dutch Subsidiaries");

    (e) Asserting control over TechnoVative or the Dutch Subsidiaries;

    (f) Appointing, electing or removing directors, or taking any other actions with respect to the boards of TechnoVative and the Dutch Subsidiaries, including, but not limited to, making or causing any third party to make any changes to the Trade Register in the Netherlands with respect to the Dutch Subsidiaries; or

    (g) Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, licensing, spending, withdrawing, mortgaging, granting a lien or security interest in, or otherwise disposing of any of the Assets in a manner inconsistent with the Omnibus Agreement.

2. The restrictions in this order are binding upon the parties to this action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order.

Stream and Mathu and Raja Rajan shall distribute copies of this order to the employees and agents of Stream.

3.  The injunction is effective immediately. Bond is set at $1 million. Bond is initially unsecured; however, the injunction will lift unless Seecubic posts security in the amount of the bond within fourteen days. Either party may seek to lower or increase the bond for good cause shown.

Vice Chancellor Laster<br>
December 8, 2020