**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **Stream TV Networks, Inc.,** *et al*. | : Bankruptcy No. 23-10763 (DJB) |
| | : (Jointly Administered) |
| Debtors. | : |
| | : |

**POST-TRIAL REPLY BRIEF IN FURTHER SUPPORT OF OMNIBUS MOTION OF WILLIAM A. HOMONY IN HIS CAPACITY AS CHAPTER 11 TRUSTEE FOR ENTRY OF AN ORDER: (I) APPROVING A SETTLEMENT AGREEMENT WITH REMBRANDT 3D HOLDING, LTD. PURSUANT TO FED. R. BANKR. P. 9019(a) AND 11 U.S.C. § 105(a); (II) ENFORCING DEFENSE AND INDEMNITY OBLIGATIONS OF SEECUBIC, INC.; AND (III) GRANTING RELATED RELIEF**

William A. Homony (the "Trustee"), in his capacity as Chapter 11 trustee of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media Inc. ("Technovative" or when referred to with Stream, the "Debtors"), by and through his undersigned counsel, files this Post-Trial Reply Brief in Further Support of Omnibus Motion for Entry of an Order: (i) Approving a Settlement Agreement (the "Rembrandt Settlement Agreement" or the "Agreement") with Rembrandt 3D Holding Ltd. ("Rembrandt" or, in conjunction with the Trustee, may be generally referred to as "Party" or collectively, as the "Parties") pursuant to Fed. R. Bankr. P. 9019(a) and 11 U.S.C. § 105(a); (ii) Enforcing Defense and Indemnity Obligations of SeeCubic, Inc. ("SeeCubic"); and (iii) Granting Related Relief (D.I. 1140, the "Motion") for purposes of responding to arguments raised by VSI.[1]

None of the caselaw cited in VSI's post-trial brief ("VSI Br.," D.I. 1102) supports its argument that the LFCA – a secret agreement purportedly reached between Rembrandt and VSI –

---

[1] All arguments raised in SeeCubic's post-trial brief (D.I. 1103) are addressed in the Trustee's post-trial brief. *See* D.I. 1100 at pp. 3-7.

1

precludes the Trustee from reaching the Settlement with Rembrandt. VSI's primary body of cases addresses the issue of whether a party's attorney had authority to bind their client to a settlement agreement,[2] which is not pertinent here given that the Settlement between Rembrandt and the Trustee was negotiated with Rembrandt's CFO and ultimately executed by Rembrandt's CEO, with both Rembrandt and its CEO warranting to the Trustee that they had authority to enter into a binding agreement. *See* Trustee's Post-Trial Br. (D.I. 1100) at pp. 10-11. VSI also cites generally applicable caselaw standing for the uncontroversial proposition that bankruptcy settlements reached without court approval are unenforceable,[3] which is the very reason the Trustee filed the instant Motion.

The bulk of the other cases cited and purportedly analyzed by VSI appear to be various types of artificial intelligence "hallucinations," raising serious concerns as to the good faith of VSI

---

[2] *See Tiernan v. Devoe*, 923 F.2d 1024 (3d Cir. 1991) (holding that disputed factual issues existed as to whether investors' attorney had authority to enter settlements on their behalf); *Farris v. JC Penney Co.*, 176 F.3d 706 (3d Cir. 1999) (holding that "for the doctrine of apparent authority to apply [to a settlement agreed to by a party's attorney], the facts must show that the plaintiffs (principals) communicated directly with defense counsel, making representations that would lead defense counsel to believe that the plaintiffs' attorney had authority to settle the case"); *King v. Driscoll*, 296 A.3d 1178 (Pa. Super. 2023) ("an attorney must . . . have authority to settle their client's case"); *Rothman v. Fillette*, 469 A.2d 543 (Pa. 1983) (addressing the consequences of an attorney's unauthorized agreement to a settlement and holding that "a principal acting through an agent in dealing with an innocent third party must bear the consequences of the agent's fraud"); *Reutzel v. Douglas*, 870 A.2d 787 (Pa. 2005) (attorney who stated that he did not have client consent to enter into settlement, but could guarantee that a settlement of $100,000 would be acceptable, did not have express authority from client to settle lawsuit and thus $100,000 settlement was not enforceable).

[3] *See* VSI Br. at ¶¶ 39 and 40 (citing *Am. Prairie Constr. Co. v. Hoich*, 594 F.3d 1015, 1024 (8th Cir. 2010) and *Rafool v. Goldfarb Corp.*, 2008 WL 682428 (Bankr. C.D. Ill. Mar. 7, 2008) for the contentions that "a settlement agreement is not binding unless approved by the Bankruptcy Court" and "that a compromise disapproved by the Court is treated as if it never existed and the agreement is defective from the outset due to lack of authority").

2

and its counsel.[4] VSI cites a number of authorities that undersigned counsel was unable to locate.[5] VSI also provides many citations that match actual cases, but those cases have no relationship to the proposition for which VSI is citing them.[6] Finally, VSI purports to quote *Kenrich Corp. v.*

---

[4] *See* Trustee's Post-Trial Brief at pp. 11-12 (discussing numerous other indicia of VSI's bad faith behavior throughout this bankruptcy proceeding).

[5] VSI cites "*Thompson Street Capital Partners IV, L.P. v. Sonova U.S. Hearing Instruments, LLC*, 247 A.3d 516 (Del. 2021)," VSI Br. at ¶ 45, yet its citation corresponds with *Peralta v. Brannan*, 247 A.3d 509, 516 (Vt. 2020).  A Westlaw search for "Thompson w/s Sonova" revealed the case *Thompson St. Cap. Partners IV, L.P. v. Sonova United States Hearing Instruments, LLC*, 340 A.3d 1151 (Del. 2025), but that case does not appear to be relevant to VSI's argument, as it involved a contractual notice provision, not a provision purporting to require a third party's consent.

Likewise, VSI's citation to "*Hannington v. Trustees of University of Pennsylvania*, 815 A.2d 652 (Pa. Super. Ct. 2002)," VSI Br. at ¶ 47, corresponds with *Manayunk Neighborhood Council v. Zoning Bd. of Adjustment of City of Philadelphia*, 815 A.2d 652 (Pa. Commw. 2002).  Undersigned counsel located the case *Hannington v. Trs. of Univ. of Pennsylvania*, 809 A.2d 406 (Pa. Super. 2002), but that case involved the issue of attorney authority to enter a settlement, not "approval from a university committee" as represented in VSI's brief.

VSI cites "*In re Pacific Gas & Electric Co.,* 46 F.4th 1044 (9th Cir. 2022)," VSI Br. at ¶ 61, a citation corresponding with *Romero-Millan v. Garland*, 46 F.4th 1032, 1044 (9th Cir. 2022). VSI also cites "*CompoSecure, L.L.C. v. CardUX, LLC*, 199 A.3d 1156 (Del. 2018)," VSI Br. at ¶ 74, a citation corresponding with *State v. Davis*, 199 A.3d 1149, 1156 (Conn. App. 2018).  The Delaware Supreme Court did issue a *CompoSecure* opinion, *CompoSecure, L.L.C. v. CardUX, LLC*, 206 A.3d 807, 810 (Del. 2018), but it does not contain the language quoted by VSI.

[6] VSI cites *In re Seminole Walls & Ceilings Corp.*, 388 B.R. 386 (M.D. Fla. 2008) for the proposition that "even apparent authority or informal agreement is insufficient where actual authority is lacking," VSI Br. at ¶ 48, but the case does not mention (much less analyze) the issue of apparent or actual authority.  *See also* VSI Br. at ¶ 62 (citing *In re SemCrude, L.P.*, 728 F.3d 314 (3d Cir. 2013), which, according to VSI, addresses "the doctrine of preemption," yet the actual case does not contain any variant of the word preemption).

VSI cites *In re Masters, Inc.*, 141 B.R. 13 (Bankr. E.D.N.Y. 1992), for its purported holding "that the Court must determine whether the settlement falls within the range of reasonableness and whether the parties have the capacity to bind themselves," VSI Br. at ¶ 53, but the case addresses neither issue.  *See also* VSI Br. at ¶ 54 (falsely citing *Masters* for the proposition that the "court required proof of party capacity before approving a compromise").

*In re Iridium Operating LLC*, 478 F.3d 452 (2d Cir. 2007) purportedly "considered whether a bankruptcy court could approve a settlement . . . that released potential claims against third parties," VSI Br. at ¶ 59, but the case did nothing of the sort.  Likewise, *In re Chateaugay Corp.*,

3

*Miller*, 377 F.2d 312, 314 (3d Cir. 1967), VSI Br. at ¶ 55, but the language quoted by VSI does not appear in the opinion.

Much of VSI's briefing is based on the erroneous premise that the Settlement "attempts to release claims between VSI and Rembrandt." VSI Br. at ¶ 65; *see also id.* at ¶¶ 67-69 (discussing third party releases). The Settlement does nothing of the sort. The only releases exchanged in the Settlement are between Rembrandt and the Trustee (and related parties not including VSI), *see* D.I. 1040-6 at ¶¶ 10-11. Rembrandt acknowledges as much by arguing that "any of VSI's contractual rights against Rembrandt remain fully enforceable" via litigation between VSI and Rembrandt, which would lie outside the jurisdiction of this Court. *See* Rembrandt Post-Trial Br. (D.I. 1104) at p. 8.

The Trustee's prior briefing has established that the Rembrandt Settlement "is fair, reasonable, and in the best interest of the estate," *In re Louise's Inc.*, 211 B.R. 798, 801 (D. Del. 1997), and that Rembrandt had both actual and apparent authority to enter into a binding settlement with the Trustee. VSI is attempting to weaponize a private contract to obstruct the Trustee's duties under the Bankruptcy Code. While the LFCA may create claims between VSI and Rembrandt, it cannot strip the Trustee of settlement authority. Accordingly, the LFCA should have absolutely no impact on this Court's evaluation of the Settlement reached between Rembrandt and the

---

53 F.3d 478 (2d Cir. 1995) has no relationship to the proposition for which it is cited by VSI. VSI Br. at ¶ 60; *see also* VSI Br. at ¶ 64 (citing *In re Columbia Gas System, Inc.*, 50 F.3d 233 (3d Cir. 1995) as purportedly addressing bankruptcy court approval of nondebtor releases, when the case actually evaluated "whether certain terms in a class action settlement agreement constitute an executory contract").

Finally, VSI cites *In re Delaware & Hudson Ry. Co.*, 884 F.2d 1383 (3d Cir. 1989), VSI Br. at ¶ 58, but the citation corresponds to a table of decisions without corresponding opinions, and the underlying District Court opinion (*In re Delaware & Hudson Ry. Co.,* 96 B.R. 469 (D. Del. 1989)) contains no discussion of the propositions set forth by VSI.

4

Trustee.

Dated: October 8, 2025

Respectfully submitted,

By: */s/ Steven M. Coren*
Steven M. Coren, Esquire
COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700

and

By: */s/ Michael D. Vagnoni*
Michael D. Vagnoni, Esquire
Edmond M. George, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3066

*Counsel to the Chapter 11 Trustee*

5