**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **Stream TV Networks, Inc.,** *et al.* | : | **Bankruptcy No. 23-10763 (DJB)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

**SUPPLEMENTAL OBJECTION OF RESPONDENTS TO THE
MOTION OF LEWIS, BRISBOIS, BISGAARD & SMITH LLP FOR SANCTIONS
PURSUANT TO FED. R. BANKR. P. 9011 AND 28 U.S.C. § 1927**

Respondents[1] submit this Supplemental Objection to address a discrete but egregious episode of misconduct that warrants the Court's specific attention: the fraudulent creation of Rembrandt's claim against Technovative and the subsequent recharacterization of that claim from a disputed, contingent, and unliquidated sum in an unspecified amount exceeding $10 million to a purported allowed claim of $100,000,000—all orchestrated by LBBS under the direction of Mathu Rajan and following a complaint from Rembrandt's counsel.  This is an act of fraud on the Court and on the estate that is wholly inconsistent with LBBS's claim to have been a disinterested fiduciary acting in the interests of these estates.  The conduct described herein reinforces, and provides independent grounds for denying, LBBS's Sanctions Motion.  Counsel that manufactures a $100 million allowed creditor claim out of thin air — for a party that had no monetary claim against Technovative and was not a contracting party with Technovative — cannot accuse the Trustee of bad faith for objecting to its fees.

On March 15, 2023 Technovative via LBBS filed its Voluntary Petition, No. 23-10764 at D.I. 1, signed by Rajan under penalty of perjury, and also filed its List of Creditors Who Have the

---

[1] Capitalized terms used herein shall have the meaning ascribed to them in Respondent's primary objection (D.I. 1208).

1

20 Largest Unsecured Claims and Are Not Insiders, *id.* at D.I. 3.  The top 20 list identified

Rembrandt as Technovative's sole creditor, with a claim characterized as a "Breach of Agreement"

in the amount of "$10,000,000+" and expressly marked as contingent, unliquidated, and disputed,

*id.*, and Technovative estimated the total sum of its liabilities as being between $1 million and $10

million, *id.* at D.I. 1.  Stream's top 20 creditor list did not list Rembrandt.  No. 23-10763 at D.I. 4.

Because Technovative is a holding company that was not a party to any contract or

agreement with Rembrandt, there was no cognizable basis for any claim against Technovative by

Rembrandt at all, much less for "Breach of Agreement."  Indeed, the only prepetition action

Rembrandt had filed against Technovative — a complaint in the United States District Court for

the District of Delaware filed on February 21, 2023 — sought only injunctive relief, and not money

damages, against Technovative.  *See* App. Ex. 75, *Rembrandt 3D Holding Ltd. v. Technovative

Media, Inc., et al.*, D. Del. No. 23-00193, D.I. 1 at ¶¶ 116-17.

On March 17, 2023, Michaels emailed Zahralddin-Aravena stating that he reviewed the

Debtor's bankruptcy filings and

> note[d] that Rembrandt was listed as a creditor of Technovative not
> Stream.  Our team also noted that you listed the obligation as
> contingent and disputed.  We have taken the consistent position that
> the settlement agreement is valid and enforceable in a way that gives
> Stream rights to the IP, but not other parties unless they are making
> product for Stream.  Mathu confirmed to us that the agreement is
> valid and Stream will pay all amounts owed.  However, your
> position in the petition is that it has been transferred to Technovative
> and that the agreement is disputed.  We need to understand your
> position on the settlement agreement before deciding our next steps.

*See* App. Ex. 76.  Zahralddin-Aravena replied that, "[a]s we have discussed, you have an

executory contract.  I don't see how we would reject it based on what I know today.  Therefore

the Stream agreement is not yet a claim – thought [sic] it will be on the schedules when filed.

You have a current litigation against Technovative which has not been reduced to judgment,

which makes it and [sic] unliquidated contingent liability. No one is held to the estimates in the top creditor list." *Id.*

On March 29, 2023, LBBS filed Technovative's Schedule E/F now listing Rembrandt as Technovative's sole creditor with a non-contingent, liquidated, and undisputed, i.e., allowed, claim of $100,000,000.00 based on "goods, services[.]" No. 23-10764 at D.I. 50; *see also id.* at D.I. 49 (Technovative's Schedule of Executory Contracts and Unexpired Leases listing only LBBS and BMC Group, Inc.); D.I. 48 (Technovative lists no secured creditors). Rembrandt was not included as a creditor or an executory contract counterparty on Stream's schedules. *See* No. 23-10763 at D.I. 53, 54, and 55. Internal LBBS email correspondence confirms that the inflation of the Rembrandt claim was not inadvertent and was the result of a conversation between Rajan and Zahralddin-Aravena. On March 27, 2023—two days before the schedules were filed— Amanda Gonzalez of the Rajan-controlled Stream Acquisition Group sent the LBBS team an email providing schedule information under the subject "Schedules for Filing." *See* App. Ex. 77. As to Technovative's Schedule E/F and the Rembrandt claim, Gonzalez wrote: "This is an open litigation item, and we are not sure as to what we should indicate as the owed balance. This should be discussed between Mathu and Raf." *Id.*

In sum, despite Zahralddin-Aravena's intimate knowledge of the terms of the Stream Settlement Agreement (having played a primary role in its negotiation as set forth in detail in Respondents' primary objection), LBBS filed a false creditor list listing Rembrandt as Technovative's sole creditor with a $10 million claim. Somehow, just two weeks later and at Rembrandt's behest, LBBS filed the Schedule E/F in which Rembrandt's nonexistent claim against Technovative had grown more than tenfold, had its legal character transformed from a disputed breach-of-agreement claim into an undisputed obligation for goods and services, and

3

had become an allowed liquidated claim of $100,000,000 — all without any factual basis whatsoever.

Zahralddin-Aravena's and Rajan's fabrication of Rembrandt as the lone Technovative creditor, just like their use of the Stream Settlement Agreement to give Rembrandt creditor status for purposes of engineering Stream's bad faith involuntary bankruptcy, was done to further hinder, delay and defraud the secured creditors because Hawk, through the 225 Action, was seeking a determination that it could assert control over Technovative by exercising their creditor rights. The filing of the instant case was engineered to stay the 225 Action, which was set for an imminent trial. Had Hawk prevailed in the 225 Action, it may have had to address Rembrandt's allowed claim, which provided Rembrandt with creditor standing which it previously lacked. This conduct constituted LBBS committing a fraud on this Court, a fraud on the Debtors' creditors, a breach of LBBS's fiduciary duty to the Debtors' estates, and active aiding and abetting of Rajan's own breach of his fiduciary duty to the Debtors and their creditors.

The negative impacts of the Stream Settlement Agreement engineered by Zahralddin-Aravena have continued to the detriment of the Debtors' bankruptcy cases to this day. On April 14, 2023, Rembrandt filed a proof of claim against Stream in the amount of $1,212,407,000.00, listing the Stream Settlement Agreement as its basis. No. 23-10763, Claim 2-1. On October 10, 2023, the Trustee filed an Amended Schedule E/F for Technovative, amending Rembrandt's claim amount to $0.00. No. 23-10763 at D.I. 757. On October 22, 2023, Rembrandt filed a proof of claim against Technovative in an amount identical to the proof of claim filed against Stream (i.e., $1,212,407,000.00), listing as its basis the District of Delaware Complaint which does not seek money damages from Technovative.

The Trustee was forced to file an adversary proceeding to litigate the Rembrandt claims. *See Homony v. Rembrandt, et al.*, Bankr. E.D. Pa. No. 25-138 at D.I. 1. While the Trustee has reached a settlement of the Rembrandt claims, which is presently before the Court for approval (D.I. 1183), the matter has resulted in significant litigation costs, and the costs and settlement obligations are a direct and measurable harm attributable to LBBS's orchestration of Rembrandt's false creditor status.

Respectfully submitted,

Dated: April 10, 2026

By: */s/ Steven M. Coren*
Steven M. Coren, Esquire
COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700

and

By: */s/ Michael D. Vagnoni*
Michael D. Vagnoni, Esquire
Edmond M. George, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3066

*Counsel to the Trustee*