**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Stream TV Networks, Inc., *et al.*[1] | Bky. Case No. 23-10763 (DJB) |
| The Debtors. | (Jointly Administered) |

**VISUAL SEMICONDUCTOR, INC.'S MOTION FOR EXTENSION OF TIME
TO FILE STATEMENT OF ISSUES AND DESIGNATION OF RECORD
PURSUANT TO FED. R. BANKR. P. 8009 AND RELATED RELIEF**

Visual Semiconductor, Inc. ("VSI"), by and through its undersigned counsel, Stark &

Stark, P.C., respectfully moves this Court for entry of an order extending the time within which

VSI must file its Statement of Issues and Designation of Record in connection with its appeal of

this Court's ORDER APPROVING SETTLEMENT AGREEMENT WITH REMBRANDT 3D

HOLDINGS LTD. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE

9019(a) AND 11 USC § 105(a) AND GRANTING RELATED RELIEF (the "Order") (Dkt. No.

1211), and in support thereof states as follows:

**I.      INTRODUCTION**

1.      VSI has filed a Notice of Appeal from the Order (the "Order").

2.      Pursuant to Federal Rule of Bankruptcy Procedure 8009(a), VSI's Statement of

Issues and Designation of Record are currently due within fourteen (14) days after the filing of

the Notice of Appeal.

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV
Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of  the Debtors' service address is: 2009
Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

4925-9610-3083, v. 2

3.      VSI respectfully requests a modest extension of time to comply with Rule 8009 due to extraordinary and unforeseen circumstances, including:

- the temporary medical incapacity of its Chief Executive Officer, Mathu Rajan; and
- the potential need to retain specialized appellate counsel to prosecute the appeal.

## II.      RELEVANT BACKGROUND

4.      VSI appeared in this matter through Stark & Stark, P.C. in connection with its objection to the Trustee's Rule 9019 motion.

5.      Stark & Stark was retained for purposes of that objection and at this time is not serving as appellate counsel.

6.      VSI now intends to pursue an appeal raising significant legal issues, including issues of standing, contractual authority, and the propriety of the proposed compromise.

7.      VSI is seeking counsel with appellate expertise to pursue the same.

## III.      BASIS FOR REQUESTED RELIEF

### A.      Medical Incapacity of VSI's CEO

8.      VSI's Chief Executive Officer, Mathu Rajan, who is the principal decision-maker for VSI, is currently on medical leave due to a serious health condition.

9.      Mr. Rajan's condition presently prevents him from:

- participating in legal strategy decisions;
- assisting in the retention of appellate counsel; or
- contributing to the preparation of appellate materials.

10.     Based on current medical guidance, Mr. Rajan is not expected to resume work duties until approximately June 1, 2026.

11.     His temporary incapacity has materially impaired VSI's ability to proceed with the appeal in the ordinary course.

2

**B.      Need to Retain Appellate Counsel**

12.     VSI requires new counsel with specific experience in bankruptcy appeals before the United States District Court.

13.     Stark & Stark was not retained as VSI's appellate counsel and has been retained on a limited basis to date.

14.     The identification, evaluation, and retention of appropriate appellate counsel requires:

- strategic input from VSI leadership; and
- coordination that is presently impeded by Mr. Rajan's medical condition.

15.     VSI is acting in good faith to retain such counsel as promptly as circumstances permit.

**C.      Good Cause and Excusable Neglect**

16.     Under Federal Rules of Bankruptcy Procedure 8009 and 9006(b), the Court may extend deadlines for cause shown.

17.     The combination of (a) the serious medical condition affecting VSI's principal decision-maker and (b) the need to secure appropriate appellate representation constitutes good cause for the requested extension.

18.     To the extent applicable, these circumstances also satisfy the standard for excusable neglect, as they were:

- outside VSI's control;
- not the result of bad faith; and
- have been addressed with diligence under the circumstances.

**D.      No Prejudice to Other Parties**

19.     The requested extension will not prejudice any party in interest.

3

4925-9610-3083, v. 2

20.     The appeal is in its early procedural stages, and no briefing schedule has yet been established in the District Court.

21.     Granting this motion will promote:

- orderly appellate proceedings; and
- the efficient administration of justice.

## IV.     REQUESTED RELIEF

22.     VSI respectfully requests that the Court extend the deadline to file the Statement of Issues and Designation of Record to June 14, 2026 (or such other date the Court deems appropriate).

23.     This extension will allow:

- Mr. Rajan to resume his duties; and
- VSI to retain appellate counsel and ensure proper presentation of the appeal.

## V.     CONCLUSION

WHEREFORE, VSI respectfully requests that this Court enter an order:

a.   granting an extension of time to file the Statement of Issues and Designation of

Record through June 14, 2026; and

b.   granting such other and further relief as the Court deems just and proper.


DATED: May 12, 2026                         Respectfully submitted,

                                            */s/ Marshall T. Kizner*
                                            MARSHALL T. KIZNER
                                            Stark & Stark PC
                                            100 American Metro Blvd.
                                            Hamilton, NJ 08619
                                            *Attorney for Visual Semiconductor, Inc.*

4

4925-9610-3083, v. 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, and via email to the Trustee as follows:

William A. Homony as the Chapter 11 Trustee
MILLER COFFEY TATE LLP
1628 John F. Kennedy Blvd., Ste 950
Philadelphia, PA 19103
bhomony@mctllp.com

Steven M. Coren, Esq.
COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700
scoren@kcr-law.com
*Special Counsel to the Trustee*

Edmond M. George, Esq.
Michael D. Vagnoni, Esq.
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Michael.vagnoni@obermayer.com
*Bankruptcy Counsel to the Trustee*

4925-9610-3083, v. 2