# Exhibit E

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of March __, 2026 by and among William A. Homony, in his capacity as Chapter 11 Trustee (the "Trustee") of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative," and collectively with Stream, the "Debtors") and Rembrandt 3D Holding Ltd. ("Rembrandt") (the Trustee and the Rembrandt are referred to collectively as the "Settling Parties" and individually as a "Settling Party").

## RECITALS

WHEREAS, on or about May 23, 2021, Stream, Rembrandt, and others executed a settlement agreement and mutual release arising out of litigation instituted by Rembrandt against Stream and others in New York (the "NY Settlement Agreement");

WHEREAS, on or about March 15, 2023 (the "Petition Date"), Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"), and the cases are being jointly administered under the caption *In re Stream TV Networks, Inc., et al.*, U.S.B.C. E.D. Pa. Case No. 23-10763 (DJB);

WHEREAS, William A. Homony is the duly appointed Chapter 11 Trustee of Debtors' bankruptcy estates;

WHEREAS, Stream, Rembrandt, and others entered into post-petition, and without Bankruptcy Court approval, (a) an August 12, 2023 Amendment to the NY Settlement Agreement (the "Amendment"), and (b) an August 14, 2023 Licensing Covenant (the "Licensing Covenant");

WHEREAS, on or about December 9, 2024, the Bankruptcy Court entered an order (the "Sale Order") approving the sale of certain of the Debtors' assets to SeeCubic, Inc. ("SeeCubic") pursuant to a court-approved Asset Purchase Agreement (the "SeeCubic APA");

WHEREAS, Rembrandt appealed the Sale Order and several orders ancillary thereto, with the appeals currently pending in the United States District Court for the Eastern District of Pennsylvania under the following docket numbers (the "Sale Appeals"):

>(i)    E.D. Pa. No. 24-cv-2727 (Rembrandt's appeal of order approving settlement with Hawk Investment Holdings Limited)("Hawk");

>(ii)    E.D. Pa. No. 24-cv-6617 (Rembrandt and Visual Semiconductor, Inc.'s joint appeal of Sale Order); and

>(iii)    E.D. Pa. No. 25-cv-00751 (Rembrandt and Visual Semiconductor, Inc.'s joint appeal of order denying stay pending appeal of Sale Order);

WHEREAS, Rembrandt has commenced the following actions against the Trustee, the



Debtors, and/or other Trustee- related parties:

(i)    *Rembrandt 3D Holding Ltd. v. Technovative Media, Inc., et al.*, 23-cv- 00193-JLH, filed February 21, 2023 in the United States District Court for the District of Delaware (the "Delaware District Court Action");

(ii)    *Rembrandt 3D Holding Ltd. v. William A. Homony, in His Capacity as Chapter 11 Trustee, Stream TV Networks, Inc. and Technovative Media, Inc., et al.*, 24-00142-djb, filed December 4, 2024 in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Rembrandt Adversary Proceeding"); and

(iii)    *Rembrandt 3D Holding Ltd. v. William A. Homony, in His Capacity as Chapter 11 Trustee, SSG Advisors, LLC, J. Scott Victor, Teresa C Kohl, Craig D. Warznak, Samuel P. Charlton, and Alexander D. Lamm*, 24-cv- 06706-JMG, filed December 17, 2024 in the United States District Court for the Eastern District of Pennsylvania (the "Pennsylvania District Court Action" and together with the Delaware District Court Action and the Rembrandt Adversary Proceeding, the "Rembrandt Actions").

WHEREAS, paragraph 30 of the Sale Order and section 9.2 of the SeeCubic APA require SeeCubic to indemnify, defend, and hold harmless the Debtors and their bankruptcy estates, the Trustee and his Court approved professionals, and certain related parties from claims related to the sale of the Debtors' assets to SeeCubic;

WHEREAS, in accordance with the Sale Order and SeeCubic APA, the Trustee has made demand upon SeeCubic to defend and indemnify the Trustee and other indemnified parties in connection with the Sale Appeals and the Rembrandt Actions;

WHEREAS, on or about April 30, 2025, the Trustee commenced an adversary proceeding by filing a Complaint in the Bankruptcy Court against, among others, Rembrandt, captioned, *Homony v. Rembrandt 3d Holding Ltd., et al.*, Adv. No. 23-10763 (DJB) (the "Trustee Adversary Proceeding");

WHEREAS, Rembrandt filed three proofs of claim (the "Rembrandt Proofs of Claim") against the Debtors: a claim in the amount of $ 1,212,407,000.00 filed against Stream on April 14, 2023 (Stream Claim No. 2-1); a claim in the amount of $1,212,407,000.00 filed against Technovative on October 22, 2024 (Technovative Claim No. 26-1); and a claim in the amount of $1,212,407,000.00 filed against Stream on October 22, 2024 (Stream Claim No. 26-1);

WHEREAS, on February 18, 2025, Rembrandt, SeeCubic, the Trustee and Hawk participated in a mediation with the Bankruptcy Court, which was unsuccessful in achieving a global resolution among the Trustee, Rembrandt, SeeCubic and Hawk, but which resulted in a tentative settlement between the Trustee and Rembrandt, subject to the entering into of a settlement agreement and Bankruptcy Court approval; and,

WHEREAS, solely to avoid the expense and uncertainty of litigation, and without

- 2 -

admission of liability or fault by any party, and without conceding the strength or weakness of any of the Settling Parties' claims or defenses, the Settling Parties desire to compromise and settle any disputes among them on the following terms.

## AGREEMENT

NOW, THEREFORE, in consideration of the premises aforesaid and the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Settling Parties hereby agree as follows:

1.      Recitals.  Each of the recitals set forth above are incorporated herein, and the Settling Parties acknowledge that each recital is true and correct.

2.      Effective Date.  The term "Effective Date" shall mean the date on which an order entered by the Bankruptcy Court approving this Agreement (the "Approval Order") has become a final order.

3.      Rejection of NY Settlement Agreement.  The Trustee shall reject the NY Settlement Agreement.  Rembrandt shall retain its rights as a licensee, if any, under Bankruptcy Code section 365(n)(1)(B).  The Trustee agrees that he (a) will not interfere with Rembrandt's efforts to exercise such rights against third parties, (b) will take no position on the nature and extent of such rights as a licensee as between Rembrandt and third parties, and (c) will have no obligation to act or assist Rembrandt in exercising such rights as a licensee as between Rembrandt and third parties.

4.      Release of Obligations Under the Amendment and Licensing Covenant.  In addition to any other releases set forth herein, Rembrandt shall agree to release and discharge the Debtors and the Trustee from any obligations under the Amendment and Licensing Covenant, and Rembrandt shall take no action against the Trustee and Debtors in connection therewith.

5.      Treatment of Rembrandt Proofs of Claim and Trustee's Plan of Liquidation.  In full and final settlement of the Rembrandt Proofs of Claim, the Trustee shall grant Rembrandt an allowed general unsecured claim against Stream in the amount of $1,000,000.00 (the "Allowed Claim").  Rembrandt shall support and not oppose confirmation of the Trustee's plan of liquidation and, on or before the deadline to do so, submit a written acceptance of any Plan containing terms consistent with this agreement in the full value of its unsecured claim.  Within seven (7) days of the Effective Date, Rembrandt shall file a stipulation to effectuate the dismissal of Technovative with prejudice in the Delaware District Court Action.

6.      Settlement Payment.  In Settlement of the Pennsylvania District Court Action, the Trustee shall make a settlement payment to Rembrandt in the amount of $375,000.00 (the "Rembrandt Settlement Payment"), within fifteen (15) days of the Effective Date.  The Trustee reserves the right to seek repayment from SeeCubic of the Rembrandt Settlement Payment along with attorneys' fees, costs and other expenses incurred in defense of claims asserted by Rembrandt.

7.      Cooperation. Rembrandt and its counsel, including Christopher Michaels, will accept subpoenas and appear at hearings as requested by the Trustee, including the hearing(s) in

- 3 -



connection with the Trustee's objection to the fee application of Debtors' former counsel Lewis Brisbois.

8. Bankruptcy Court Approval. Promptly after all parties have executed this Agreement, the Trustee shall file a motion (the "9019 Motion") with the Bankruptcy Court requesting approval of this Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

9. Trustee/Debtors' Releases. On the Effective Date, except for the obligations under this Agreement, the Trustee (but only in his capacity as such), the Debtors, and the Debtors' estates shall, without further action, irrevocably and unconditionally, fully, finally and forever waive, release, acquit and discharge Rembrandt, and its respective parents, subsidiaries, affiliates, members, directors, officers, managers, employees, attorneys (but only in their capacities as such), agents, insurers, and reinsurers (but only in their capacities as such), successors, or assigns, and its professional and agents (but only in their capacities as such) of and from any claim (as that term is defined in section 101(5) of the Bankruptcy Code), obligation, suit, judgment, damages, demand, debt, right (including without limitation, rights of indemnity, contribution, payment, and reimbursement), liability, or cause of action, whether known or unknown, direct or indirect, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, statute, or otherwise, including without limitation the claims brought by the Trustee in the Adversary Proceeding. Within seven (7) days of the Effective Date, the Trustee and Rembrandt shall file a stipulation to effectuate the dismissal with prejudice of the Trustees' claims against Rembrandt in the Trustee Adversary Proceeding, and the dismissal without prejudice of the Trustee's remaining claims, subject to Bankruptcy Court approval if needed.

10. Rembrandt's Releases. On the Effective Date, except for the obligations under this Agreement, Rembrandt shall, without further action, irrevocably and unconditionally, fully, finally and forever waive, release, acquit and discharge the Trustee (in his individual and representative capacity), the Trustee's professionals and agents (but only in their capacities as such), the Debtors, the Debtors' estates, and their respective spouses, heirs, parents, subsidiaries, affiliates, members, directors, officers, managers, employees, attorneys (but only in their capacities as such), agents (but only in their capacities as such), successors, or assigns, and their professionals and agents (but only in their capacities as such), of and from any claim (as that term is defined in section 101(5) of the Bankruptcy Code), obligation, suit, judgment, damages, demand, debt, right (including without limitation, rights of indemnity, contribution, payment, and reimbursement), liability, or cause of action, whether known or unknown, direct or indirect, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, statute, or otherwise, including without limitation any claims related to or arising from the claims brought by the Trustee in the Adversary Proceeding and claims brought by Rembrandt against the Trustee or the Debtors in the Rembrandt Actions. Within seven (7) days of the Effective Date, the Trustee and Rembrandt shall file a stipulation seeking to dismiss the Rembrandt Actions with prejudice as to the Trustee, the Trustee's professionals, SSG Advisors, LLC, J. Scott Victor, Teresa C. Kohl, Craig D. Warznak, Samuel P. Charlton, and Alexander D. Lamm and/or the Debtors, and to discontinue the Sale Appeals (or, where Rembrandt is party to a joint appeal, terminate Rembrandt's participation in the appeal). Rembrandt agrees that it will not be permitted to file any further pleadings or motions in the bankruptcy case, except to enforce whatever rights and obligations it has under this Agreement or its rights under the rejected NY Settlement

- 4 -



Agreement, Amendment and Licensing Covenant solely against third-parties. Rembrandt shall irrevocably, unconditionally, fully, finally and forever waive and release any and all rights to object to the fees and expenses of the Trustee and the Trustee's professionals in the Debtors' bankruptcy cases, and to the Trustee's administration of the Debtors' bankruptcy cases. Notwithstanding the foregoing, Shadron Stastney, SeeCubic, Inc., SeeCubic, B.V., Robert Morton, Hawk Investment Holdings Limited, Mathu Rajan, Raja Rajan, Visual Semiconductor, Inc., and their affiliates, agents, employees, officers, directors, representatives, predecessors, successors and assigns are hereby expressly excluded from the scope of Rembrandt's release and they shall have no right to invoke or benefit from Rembrandt's release in this Section 10.

11.    Settling Party Representations.  Each Settling Party represents and warrants that: (a) such Settling Party and the signatory hereto has the power and authority to execute, deliver and perform this Agreement; (b) such Settling Party has taken all necessary actions to authorize the execution, delivery and performance of this Agreement; (c) this Agreement has been duly executed and delivered by such Settling Party and constitutes the legal, valid, and binding obligations of such Settling Party, enforceable against it in accordance with their respective terms; (d) such Settling Party's execution, delivery, and performance of this Agreement does not and will not conflict with, or constitute a violation or breach of, or constitute a default under any obligation of such Party and will not violate any applicable law, or any order or decree of any court or government instrumentality applicable to such Settling Party; and (e) such Settling Party has entered into this Agreement in reliance on its own independent investigation and analysis of the facts underlying the subject matter of this Agreement, and no representations, warranties, or promises of any kind have been made directly or indirectly to induce it to execute this Agreement other than those that are expressly set forth in this Agreement.

12.    No Assignment.  Each of the Settling Parties represents and warrants that it has not assigned or transferred any released matter or any right to consideration provided pursuant to this Agreement, the Parties shall have no right to assign this Agreement or any part thereof without the prior writer consent of the other Party, and any such purported assignment without prior written consent as aforesaid shall be null and void.

13.    No Admission of Liability.  This Agreement constitutes a compromise of the Settling Parties' disputes.  Nothing contained herein shall in any way constitute or be deemed to be an admission or concession by any Settling Party as to any matter or the validity of any claim or cause of action that has been or could be asserted in any of the claims that are settled herein. Except in a dispute seeking enforcement of this Agreement, nothing in this Agreement or any of its terms, or any negotiations or proceedings connected with this Agreement, or any documents or statements referred to therein, shall be admissible in evidence against any Settling Party in any litigation, matter, or proceeding between any of the Settling Parties.

14.    Voluntary Agreement.  Each Settling Party acknowledges that it has read all the terms of this Agreement, has had an opportunity to consult with counsel of its own choosing or voluntarily waived such right, and enters into this Agreement voluntarily and without duress.

15.    Joint Drafting.  This Agreement shall be deemed to have been jointly drafted by the Settling Parties, and in construing or interpreting this Agreement, no provision shall be construed or interpreted for or against any Settling Party because such provision or any other provision of the Agreement was purportedly prepared or requested by such Settling Party.

- 5 -

16.     Applicable Law.  The validity, interpretation and performance of this Agreement shall be construed and interpreted according to the laws of the Commonwealth of Pennsylvania, except to the extent inconsistent with federal law.

17.     Jurisdiction.  The Bankruptcy Court shall retain exclusive jurisdiction to enforce and interpret the provisions of this Agreement.

18.     Attorneys' Fees, Costs and Expenses.  Each of the Settling Parties agrees to bear its own costs and expenses, including attorneys' fees, arising out of the matters settled in this Agreement.

19.     Successors and Assigns.  This Agreement shall be binding on and inure to the benefit of the Parties and their respective agents, employees, affiliates, successors and assigns.

20.     Modifications.  Any time set forth herein may be extended by mutual written agreement of the Settling Parties, or their counsel, by e-mail stipulation.  This Agreement may not otherwise be amended, changed, modified, superseded, or altered, and the terms and conditions may not be waived, except by a written instrument signed by each of the Settling Parties expressly stating that it is intended to amend, modify, supersede, or alter this Agreement.

21.     Counterparts.  This Agreement may be executed in any number of counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same Agreement.  Delivery of a signature page to this Agreement by facsimile or other electronic means shall be effective as delivery of the original signature page to this Agreement.

22.     Entire Agreement.  This document contains the entire Agreement between the Settling Parties concerning the subject matter of this Agreement and supersedes all prior agreements or negotiations of the Settling Parties, whether oral or in writing, with respect to the subject matter of this Agreement. Each Party acknowledges that no representations, inducements, promises or agreements, or otherwise, have been made by any party to this Agreement, or anyone acting on behalf of any party, and that any other alleged agreement, statement or promise not contained in this Agreement shall not be valid, biding or enforceable.

WHEREFORE, the Settling Parties have executed this Agreement as of the date first set



forth above.

_____

William A. Homony, in his capacity as
Chapter 11 Trustee of the bankruptcy estates
of Stream TV Networks, Inc. and
Technovative Media, Inc.

Rembrandt 3D Holding Ltd.

By: ___STEPHEN BLUMENTHAL, C.E.O.___

forth above.

_____
William A. Homony, in his capacity as
Chapter 11 Trustee of the bankruptcy estates
of Stream TV Networks, Inc. and
Technovative Media, Inc.


Rembrandt 3D Holding Ltd.


_____

By: _____