**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **Stream TV Networks, Inc., *et al*.** | : | **Bankruptcy No. 23-10763 (DJB)** **(Jointly Administered)**[1] |
| **Debtors.** | : | **Hearing Date: September 9, 2026** **Hearing Time: 10:00 a.m.** **Hearing Place: Courtroom 2** |

**MOTION OF WILLIAM A. HOMONY IN HIS CAPACITY AS CHAPTER 11 TRUSTEE FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AGREEMENT WITH LEWIS BRISBOIS BISGAARD & SMITH LLP PURSUANT TO FED. R. BANKR. P. 9019(a) AND 11 U.S.C. § 105(a) AND GRANTING RELATED RELIEF**

William A. Homony (the "Trustee"), in his capacity as Chapter 11 trustee of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media Inc. ("Technovative" or when referred to with Stream, the "Debtors"), by and through his counsel, Coren & Ress, P.C., files this Motion for Entry of an Order Approving a Settlement Agreement (the "Settlement Agreement" or the "Agreement") with Lewis Brisbois Bisgaard & Smith LLP ("LBBS" or, in conjunction with the Trustee, may be generally referred to as "Party" or collectively, as the "Parties") pursuant to Fed. R. Bankr. P. 9019(a) and 11 U.S.C. § 105(a) and Granting Related Relief (the "Motion"), and in support thereof, respectfully avers as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (B), (K), and (O).

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764. (D.I. 95).

3. The statutory basis for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section 105(a) of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

## II. BACKGROUND

4. The factual and procedural background of these cases are well known to this Court, and to the extent not stated herein, the Trustee incorporates the Court's recitations in the Trustee Opinion (hereinafter defined).

### A. Procedural History and Trustee Appointment

5. On March 15, 2023 (the "Petition Date"), Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code.

6. Stream was involved in two (2) prior bankruptcy cases, the first being a Chapter 11 case initiated by Stream on February 24, 2021, and docketed *In re: Stream TV Networks, Inc.*, Bankr. D. Del. No. 21-10433-KBO (the "Delaware Voluntary Bankruptcy Case") and the second being an involuntary Chapter 7 case initiated on May 23, 2021, docketed *In re Stream TV Networks, Inc.*, Bankr. D. Del. 21-10848 (the "Delaware Involuntary Bankruptcy Case").

7. On January 5, 2024, this Court entered a Memorandum and Order which, among other things, appointed a Chapter 11 trustee (the "Trustee Order" and "Trustee Opinion") (D.I. 549 and 548, respectively).

8. The Trustee Opinion held, in relevant part, that, due to the gross mismanagement and lack of transparency under the Debtors' founder and CEO, Mathu Rajan's ("Rajan") leadership, (i) a Chapter 11 trustee must be appointed to administer Debtors' cases, and (ii) Rajan was no longer authorized to act on behalf of Debtors' estates. (D.I. 548).

9. On January 9, 2024, the Office of the United States Trustee filed a Notice of Appointment of William A. Homony to serve as the Chapter 11 trustee (the "Appointment Date") as well as an Application for the Entry of an Order Approving the Appointment of the Trustee (the "Trustee Application") (D.I. 554 and 553 respectively).

10. On January 12, 2024, the Bankruptcy Court entered an Order granting the Trustee Application to appoint William A. Homony as the Trustee (D.I. 558).

11. The Trustee is the sole representative of Debtors' bankruptcy estates, has been vested with exclusive authority to manage Debtors' bankruptcy estates, and has the duties enumerated under the Bankruptcy Code, including, *inter alia*, to act for the benefit of all creditors and to maximize the value of Debtors' bankruptcy estate.

**B. LBBS's Employment by the Debtors and the Trustee's Objection to LBBS's Fee Applications**

12. On April 3, 2023, Debtors filed an Application Pursuant to 11 U.S.C. § 327(a) of the Bankruptcy Code for Authority to Employ LBBS (the "Employment Application") (D.I. 70).

13. The Application was accompanied by a declaration from Attorney Raphael Zahralddin ("Zahralddin"), with respect to which supplemental declarations were filed by Zahralddin (collectively, the "Zahralddin Declarations").

14. The Bankruptcy Court granted the Employment Application and LBBS served as Debtors' counsel until on or about January 12, 2024, when the Bankruptcy Court removed Debtors' management and approved the Trustee's appointment.

15. LBBS filed fee and expense reimbursement requests in connection with services allegedly rendered to and on behalf of Debtors, including the Sixth Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith LLP, for the Periods December 1, 2023 through December 31, 2023 and January 1, 2024 through

January 15, 2024 (D.I. 722), and the Final Application of LBBS for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period from March 15, 2023, through January 15, 2024 (D.I. 723) in the original amount of $2,977,958.10, filed on or about August 28, 2024 (collectively, the "Final Fee Application").

16. On or about November 18, 2024, the Trustee filed an Objection to the LBBS Final Fee Application (D.I. 808) (the "Trustee LBBS Fee Objection)" in which the Trustee maintained that LBBS should be denied fees and expense reimbursement for the reasons detailed in the Trustee LBBS Fee Objection, which, among other things, questioned the sufficiency of the Zahralddin Declarations, implicated Zahralddin's roles in the Delaware Voluntary Bankruptcy Case and Delaware Involuntary Bankruptcy Case, questioned the services provided by LBBS, on whose behalf they were provided and the benefit if any to Debtors, and challenged the veracity of schedules prepared by or under the direction of LBBS.

17. On or about March 6, 2026 LBBS filed a Motion for Sanctions Pursuant to Fed. R. Bankr. P. 9011 and 28 U.S.C. § 1927 (the "Sanctions Motion") (D.I. 1185), against the Trustee's counsel, Steven M. Coren, Esquire, Coren & Ress, P.C., Michael Vagnoni, Esquire, and Obermayer Rebmann Maxwell & Hippel LLP (collectively, "Trustee Counsel"), with respect to which Trustee Counsel objected (D.I. 1208 and 1209).

18. The Parties conducted discovery in connection with the Final Fee Application, Trustee LBBS Fee Objection, Employment Application and Sanctions Motion.

19. The Bankruptcy Court entered an Order denying the Sanctions Motion on or about June 18, 2026 (D.I. 1251), and trial was set for August 10, 2026 in connection with the Final Fee Application and Trustee LBBS Fee Objection.

**C. Trustee Settlement with LBBS**

20. On July 15, 2026, the Parties participated in an in-person settlement conference at the offices of Trustee Counsel and reached a settlement (the "Settlement"), which Settlement is embodied in the "Settlement Agreement" attached hereto as Exhibit A.

21. Taking into consideration the expense and uncertainty with respect to continued litigation of the Final Fee Application and the Trustee LBBS Fee Objection, the Parties have agreed to compromise and settle all disputes between them, without admission of liability or fault by any Party, and without conceding the strength or weakness of any claims or defenses.

22. The Settlement between the Trustee and LBBS is the product of robust arm's-length negotiation.

23. In the Trustee's business judgment, informed by the advice of special litigation counsel and bankruptcy counsel, the Settlement is in the best interests of the bankruptcy estates and Debtors' creditors, provides the best path forward for the bankruptcy estates and Debtors, and offers an opportunity to make a meaningful distribution to creditors.

24. In the Trustee's business judgment, the time is right for a full resolution of disputes with LBBS, and the Settlement for which Bankruptcy Court approval is sought, substantially enhances payments to creditors as a result of the approximately $2 million reduction in LBBS's administration claim.

25. The pertinent terms of the Settlement[2] are:

- Effective Date. The term "Effective Date" shall mean the date on which an order entered by the Bankruptcy Court approving the Settlement Agreement (the "Approval Order") has become a final order.

- Allowance and Payment of LBBS Final Fee Application. In settlement of the Final Fee Application and Trustee LBBS Fee Objection, LBBS is granted an

[2] In the event there is a discrepancy between the terms set forth in the Settlement Agreement and the summary of same contained in this Motion, the Settlement Agreement shall control.

allowed final fee award in the amount of One Million Dollars ($1,000,000.00) (the "LBBS Allowed Claim").

- Payment of LBBS Allowed Claim. The Trustee shall pay the LBBS Allowed Claim in full, within fifteen (15) days of the Effective Date.

- Bankruptcy Court Approval. Promptly after all parties have executed the Settlement Agreement, the Trustee shall file a motion (the "9019 Motion") with the Bankruptcy Court requesting approval of the Settlement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

- Releases. The Parties shall exchange mutual releases.

26. Through the Motion, the Trustee seeks the Court's approval of the Settlement and the Settlement Agreement.

## III. RELIEF REQUESTED

### A. The Settlement and Settlement Agreement Should be Approved

27. The Trustee respectfully requests entry of an Order approving the Settlement and Settlement Agreement pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

28. Bankruptcy Rule 9019(a) provides that, "[o]n the trustee's motion and after notice and a hearing, the court may approve a compromise or settlement."

29. "The decision to approve or disapprove a settlement is within the sound discretion of the bankruptcy judge." *See In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *see also In re Covenant Partners, L.P.*, 555 B.R. 490, 493 (Bankr. E.D. Pa. 2016) ("Approval of the settlement lies within the sound discretion of the Bankruptcy Court.").

30. "Settlements under Bankruptcy Rule 9019 are favored in bankruptcy as they avoid the expenses associated with litigating claims that can prove burdensome and expensive for the bankruptcy estate." *In re Legarde*, 654 B.R. 74, 84–85 (Bankr. E.D. Pa. 2023).

31. "In deciding whether to approve a settlement, the Court must determine whether

the proposed settlement is in the best interests of the estate. The Third Circuit has held that this particular process of bankruptcy court approval requires the Court to assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id.* (citing *In re Martin*, 91 F.3d at 393). "Consistent with *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424–25, 88 S.Ct. 1157, 1163–64, 20 L.Ed.2d 1 (1968), the Third Circuit recognizes four criteria a court should consider in striking this balance: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, along with the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors." *Covenant Partners*, 555 B.R. at 493 (citing *Martin*, 91 F.3d at 393). "When considering the relevant factors courts are admonished to avoid second-guessing the Trustee in the exercise of his or her business judgment, and instead endeavor to ascertain whether the terms of the proposed settlement fall below the lowest range of reasonableness." *Covenant Partners*, 555 B.R. at 493.

32. Here, the Settlement and Settlement Agreement fall well within the range of reasonableness for purposes of satisfying the Bankruptcy Rule 9019 criteria.

33. The disputes being settled by the Parties involve complex issues that would require the Trustee to expend substantial sums to prosecute and defend. The Settlement Agreement resolves these matters in a manner that, in the exercise of the Trustee's business judgment, is appropriate and beneficial to the bankruptcy estates.

34. Faced with mounting administrative expenses and the complex, lengthy, and uncertain path forward in litigating the Parties' disputes, the Trustee has reasonably selected an option that minimizes additional administrative expenses and avoids the substantial additional

expenses to be incurred with continuing a litigation-based approach to a resolution of the Parties' disputes – a path that is expensive and uncertain.

35. Accordingly, the *Martin* factors weigh heavily in favor of Settlement approval. The Trustee is not required to "conclusively establish that he would be successful at a trial on these issues. That would defeat the purpose of the settlement and eliminate any cost savings achieved by a compromise. All that he must do is establish to the reasonable satisfaction of [the Court] that, all things considered, it is prudent to eliminate the risks of litigation to achieve specific certainty though it might be considerably less (or more) than were the case fought to the bitter end." *In re Aloha Racing Found., Inc.*, 257 B.R. 83, 88 (Bankr. N.D. Ala. 2000) (quotation marks and citations omitted); *see also In re Nutraquest, Inc.*, 434 F.3d 639, 646 (3d Cir. 2006) (affirming the bankruptcy court's approval of a settlement of wrongful death claims brought against a bankrupt drug manufacturer's Chapter 11 estate even though there was allegedly no possibility that the claims could have been successfully prosecuted because balancing the expense, complexity, and delay of litigation with the benefits of fast resolution satisfied the *Martin* factors); *In re Teknek, LLC*, 402 B.R. 257 (Bankr.N.D.III.2009) (though likelihood of success on the merits of claims was high, settlement agreement was approved to avoid increased costs of continuing litigation); *In re Legendary Field Exhibitions, LLC*, No. 19-50900-CAG, 2021 WL 4978373, at *8 (Bankr. W.D. Tex. Oct. 26, 2021) (approving a settlement which would "prevent defense costs from consuming most of what remains in the Estate" because "[t]he Estate has limited funds to pay creditors, and protracted litigation would create administrative claims that would substantially reduce, and maybe even consume the remaining Estate." (internal quotation marks omitted)).

36. Simply stated, the Settlement achieves close to a $2,000,000 reduction on LBBS's administrative claim, substantially increases the monies available for other creditors, and halts the

depletion of the funds in the Debtors' Estates for the benefit of all creditors.

37. Accordingly, the Trustee believes that the Settlement with LBBS is in the best interests of the Debtors' estates and respectfully requests that it be approved by this Court.

## IV. NOTICE

38. The Trustee's counsel has served this Motion and Notice of Motion, Response Deadline, and Hearing Date upon: (a) the Office of the United States Trustee, (b) counsel to LBBS, and (c) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. The Trustee's counsel has also served the Notice of Motion, Response Deadline, and Hearing Date upon all the Debtors' creditors.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court enter an Order: (i) granting the relief sought in the Motion; (ii) approving the Settlement Agreement and the Settlement contained therein; (iii) authorizing the Trustee to take any and all actions necessary to effectuate the terms of the Settlement Agreement; and (iv) granting such other and further relief it deems just and proper.

Dated: August 4, 2026

Respectfully submitted,

*/s/ Steven M. Coren*

Steven M. Coren, Esquire
COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700
scoren@kcr-law.com

*Special Counsel to the Trustee*