**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **Stream TV Networks, Inc., *et al*.** | : | **Bankruptcy No. 23-10763 (DJB)**<br>**(Jointly Administered)[1]** |
| **Debtors.** | : | |

**ORDER**

**AND NOW,** upon consideration of the Motion of William A. Homony (the "Trustee"), in his capacity as Chapter 11 trustee of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media Inc. ("Technovative" or in conjunction with Stream, the "Debtors"), for Entry of an Order Approving a Settlement Agreement (the "Settlement Agreement" or the "Agreement") with Lewis Brisbois Bisgaard & Smith LLP ("LBBS" or, in conjunction with the Trustee, may be generally referred to as "Party" or collectively, as the "Parties") pursuant to Fed. R. Bankr. P. 9019(a) and 11 U.S.C. § 105(a) and Granting Related Relief (the "Motion")[2]; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the required and necessary parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and the Court having determined that

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. 81).
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Settlement Agreement and Settlement embodied therein are **APPROVED**.

3. All objections to the Motion have been considered and are hereby overruled.

4. The Settlement represents a valid exercise of the Trustee's business judgment, having been informed by extensive research, investigation, and negotiation by the Trustee and other parties in interest.

5. The Settlement Agreement is in the best interest of the Debtors' estates and all of the Debtors' stakeholders.

6. In settlement of the Final Fee Application and Trustee LBBS Fee Objection, LBBS is granted an allowed final fee award, including costs, in the amount of One Million Dollars ($1,000,000.00) (the "LBBS Allowed Claim").

7. The Trustee shall pay the LBBS Allowed Claim in full, within fifteen (15) days of the Effective Date.

8. The Parties are authorized to take all actions necessary to effectuate and consummate the Settlement Agreement, including, without limitation, the execution and delivery of any documents, agreements, or other instruments.

And it is further **ORDERED** that:

1. This Order and the Settlement Agreement shall be binding on the Parties, the

Debtors' estates, all creditors and parties-in-interest, and any trustee or plan administrator appointed in this case.

2. Notice of the Motion, as provided therein, shall be deemed good and sufficient notice, service was proper, and parties in interest were afforded adequate opportunity to file opposition to the Motion and appear at the Hearing, and the requirements of the Federal Rules of Bankruptcy Procedure and Local Rules of Bankruptcy Procedure are satisfied by such notice.

3. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation of this Order and consummation of the Settlement Agreement.

**BY THE COURT:**

Date: _____________

__________________________________
HON. DEREK J. BAKER,
UNITED STATES BANKRUPTCY JUDGE