**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **Stream TV Networks, Inc., *et al.*** | : | **Bankruptcy No. 23-10763 (AMC)** **(Jointly Administered)**[1] |
| **Debtors.** | : | |

**DECLARATION OF WILLIAM A. HOMONY IN HIS CAPACITY AS CHAPTER 11 TRUSTEE IN SUPPORT OF CONFIRMATION OF FIRST AMENDED JOINT PLAN OF LIQUIDATION OF STREAM TV NETWORKS, INC. AND TECHNOVATIVE MEDIA, INC. DATED AUGUST 27, 2026**

I, William A. Homony, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the duly appointed Chapter 11 Trustee in the jointly administered Chapter 11 bankruptcy Cases of Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative," collectively with Stream, the "Debtors").

2. I am a Certified Insolvency and Restructuring Advisor with over twenty-five (25) years of experience. I also serve as a Subchapter V Trustee in the District of Delaware and have been appointed as a Liquidating Trustee and Plan Administrator in numerous bankruptcy cases.

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, my discussions with my professionals and advisors, my communications with the salient parties in these bankruptcy Cases, and my opinions based upon my experience and knowledge. If called as a witness, I could and would testify competently to the facts set forth in this Declaration on that basis.

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

4. On March 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

5. On January 5, 2024 (the "Appointment Date"), after months of acrimony and contested hearings between the Debtors and their secured creditors, the Bankruptcy Court entered an Order and Opinion finding that the Debtors' former manager, Mathu Rajan ("Rajan"), had breached his fiduciary duties to the Debtors and acted with divided loyalties, lacked credibility and trustworthiness and mismanaged the Debtors, and appointed me as Chapter 11 Trustee.

6. I submit this declaration (the "Declaration") in support of the confirmation of the *First Amended Joint Plan of Liquidation of Stream TV Networks, Inc. and Technovative Media, Inc., dated August 27, 2026, 2026* [D.I. 1275] (as may be amended, modified, or supplemented from time to time, the "Plan").[2]

**A. <u>The Plan is in the Best Interest of Creditors – 11 U.S.C. § 1129(a)(7)</u>**

7. With the assistance of my advisors, the Liquidation Analysis was prepared and attached to the Disclosure Statement as Exhibit "C". The Liquidation Analysis is the best estimate of the proceeds that would be realized if the Debtors were liquidated in accordance with chapter 7 of the Bankruptcy Code. The Liquidation Analysis shows that the values that may be realized by the Classes of Claims and Interests upon disposition of the Debtors' assets pursuant to a hypothetical chapter 7 liquidation may be less than the value of the recoveries to such Classes provided for under the Plan.

[2] All capitalized terms used herein, but not defined, shall have the meaning ascribed to them in the Plan.

8. Specifically, I understand that the best interest of creditors test does not apply to Class 1 (Priority Claims) because such Class is unimpaired under the Plan and deemed to accept the Plan under 11 U.S.C. § 1126(f).

9. Therefore, it is my understanding that in order to satisfy the best interests of creditors test, I must demonstrate that the Holders in (a) Class 2a (General Unsecured Claims against Stream); (b) Class 2b (General Unsecured Claims against Technovative); (c) Class 3 (Subordinated Unsecured Claims); and (d) Class 4 (Equity Interests), have either (i) voted to accept the Plan, or (ii) will receive an amount under the Plan as of the Effective Date that is not less the amount than the amount that such Holders would receive in a hypothetical chapter 7 liquidation as of such date.[3]

10. I have been informed that all creditors who voted on the Plan in Class 2a, Class 2b, and Class 3 voted to accept the Plan as follows:

| | Impaired Yes/No | Number of Ballots Acceptin g | Number of Ballots Rejecting | Percentage of Ballots Accepting | Dollar Amount of Ballots Accepting | Percentage of Dollar Amount Accepting | Accept Yes/No |
|---|---|---|---|---|---|---|---|
| **CLASS 2a** | **Y** | **8** | **0** | **100%** | **$4,914,640.32** | **100%** | **Y** |
| **CLASS 2b** | **Y** | **1** | **0** | **100%** | **$2,550,256.65** | **100%** | **Y** |
| **CLASS 3** | **Y** | **1** | **0** | **100%** | **$30,000,000.00** | **100%** | **Y** |

11. Class 4 (Equity Interests) are impaired under the Plan and shall not receive or retain any property on interest in property under the Plan on account of such Equity Interest and therefore are presumed to have rejected the Plan and were not entitled to vote on the Plan. This is the same

[3] *See* Amended Disclosure Statement Accompanying First Amended Joint Plan of Liquidation of Stream TV Networks, Inc. and Technovative Media Inc., proposed by Debtors (as amended, altered, modified or supplemented from time to time, the "Disclosure Statement") [D.I. 1276] at Section XVII.C(1)(b) and Exhibit C therein; 11 U.S.C. § 1129(a)(7).

recovery (or lack thereof) that such Class would be expected to receive in a hypothetical chapter 7 liquidation scenario.

12. To reflect the tabulation of all ballots received in connection with the Plan, a Report of Plan Voting was filed on the docket by my counsel which attached a copy of each ballot cast [D.I. 1313] and Brad Daniel, a director of the Debtors' Claims and Noticing agent BMC Group, Inc. ("BMC"), submitted a Declaration (the "Daniel Declaration") regarding voting and tabulations of for the Plan [D.I. 1314], both of which mirror the tabulation of votes reflected in paragraph 10 above.

13. I have also been informed that no creditor in a Voting Class or any party in interest objected to confirmation of the Plan and my review of the docket confirms that no objections to the Plan have been filed.

14. Moreover, the Plan provides greater recoveries to creditors than they would receive in a chapter 7 liquidation. As set forth in the Liquidation Analysis, Holders of Class 2a (General Unsecured Claims against Stream) and Class 2b (General Unsecured Claims against Technovative) are expected to receive a higher recovery under the Plan than under a hypothetical chapter 7 liquidation, and ), and Class 3 (Subordinated Unsecured Claims) and Class 4 (Equity Interests) shall receive the same recovery (or lack thereof) that such Classes would be expected to receive in a hypothetical chapter 7 liquidation scenario: no recovery.

15. Accordingly, the Plan satisfies the "best interest test" set forth in section 1129(a)(7) of the Bankruptcy Code.

**B. <u>Feasibility of the Plan – 11 U.S.C. § 1229(a)(11)</u>**

16. There are sufficient funds in the Debtors' Estates to make the distributions required under the Plan on the Effective Date. Specifically, as a result of the liquidation of substantially all

of the Debtors' Assets during these Chapter 11 Cases, as of the Debtors' most recent September 2026 Monthly Operating Reports [D.I. 1317 and 1318], the Estates have $5,606,273.00 remaining from the sale of substantially all of the Debtors' Assets pursuant to the Sale Order, which is more than sufficient to fund the Administrative Expense Claims Reserve, fully fund all of the distributions contemplated by the Plan to all Creditors, other than Class 2a and Class 2b Creditors, upon the Effective Date of the Plan and provide funds left over for the Disbursing Agent to make payments required to Allowed Claims in Class 2a and Class 2b. Therefore, I believe the Plan is feasible.

17. Accordingly, the Plan satisfies the feasibility requirements of Section 1129(a)(11) of the Bankruptcy Code.

**C. Compliance with the Remaining Provisions of 11 U.S.C. §§ 1122, 1123 and 1129**

18. Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Plan Proponents have complied with the applicable provisions of Title 11 of the United States Bankruptcy Code. Accordingly, the Plan satisfies the requirements of Section 1129(a)(1) of the Bankruptcy Code.

19. Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)). In addition to Administrative Expense Claims, including Professional Compensation Claims and Priority Tax Claims that need not be classified, the Plan classifies three (3) Classes of Claims and one (1) Class of Interests. The Claims and Interests placed in each Class and sub-class are substantially similar to other Claims or Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests under the Plan, the classifications were not done for any improper purpose, and such Classes do not unfairly

discriminate between or among Holders of Claims or Interests. Accordingly, the Plan satisfies the requirements of Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

20. Specific Unimpaired Classes (11 U.S.C. § 1123(a)(2)). Article III of the Plan identified Class 1 (Priority Non-Tax Claims) as Unimpaired and sets forth the treatment therein. Accordingly, the Plan satisfies Section 1123(a)(2) of the Bankruptcy Code.

21. Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Article II of the Plan identifies Classes 2a, 2b, 3, and 4 as Impaired and discloses the specific treatment for the Claims and Interests in each Impaired Class. Accordingly, the Plan satisfies the requirements of Section 1123(a)(3) of the Bankruptcy Code.

22. No Discrimination (11 U.S.C. § 1123(a)(4)). The Plan provides for the same treatment for each Claim or Interest in each respective Class, unless the Holder of a Claim or Interest has agreed to a less favorable treatment. Moreover, no Holder of a Claim has objection to the Plan under section 1123(a)(4). As a result, even if the Plan provides unequal treatment to any Class of Claims, or Interests, the Holders of such Claims or Interests agreed to less favorable treatment. Accordingly, the Plan satisfies Section 1123(a)(4) of the Bankruptcy Code.

23. Implementation of Plan (11 U.S.C. § 1123(a)(5)). The Plan and the various documents and agreements set forth in the Plan and described in the Plan, including (a) the use of Cash on hand; (b) the proceeds of any claim for indemnification under the Stalking Horse APA and the Sale Order against the Purchaser; (d) any other Assets of the Debtors discovered and later recovered by the Chapter 11 Trustee or the Disbursing Agent; (e) the settlement of the Claims against Technovative; and (e) the appointment of the Disbursing Agent as sole manager of the Reorganized Debtors, who shall be empowered to sell, liquidate, transfer, distribute, abandon, or otherwise dispose of the Debtors' Assets or any part thereof upon such terms as the Plan's

Disbursing Agent determines to be necessary, appropriate, or desirable and to calculate and make the Distributions to holders of Allowed Claims pursuant to the procedures for allowing Claims and making Distributions prescribed in the Plan, provide adequate and proper means for the implementation of the Plan. Accordingly, the Plan satisfies Section 1123(a)(5) of the Bankruptcy Code.

24. Nonvoting Equity Securities (11 U.S.C. § 1123(a)(6)). Article III.C.4 of the Plan is clear that the Equity Interests in the Debtors shall be cancelled and extinguished as of the Effective Date, and Holders of such Equity Interests shall not be entitled to and shall not receive or retain any property or interest in property under the Plan on account of such Equity Interests. Accordingly, the Plan satisfies Section 1123(a)(6) of the Bankruptcy Code.

25. Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)). Article IV.D provides that as of the Effective Date, the Debtors will continue to not operate, and that the Disbursing Agent shall act as the sole representative of the Reorganized Debtors. All board and officer positions shall be terminated by operation of the Plan and the Confirmation Order on the Effective Date without need for further order of the Bankruptcy Court, or any other court, or additional corporate action. The Plan will be administered by the Disbursing Agent. Accordingly, the Plan satisfies Section 1123(a)(7) of the Bankruptcy Code.

26. Impairment of Claims and Interests (11 U.S.C. 1123(b)(1)). The Plan is consistent with Section 1123(b)(1) of the Bankruptcy Code. Specifically, Class 1 (Priority Non-Tax Claims) is Unimpaired because the Plan leaves unaltered the legal, equitable, and contractual rights of the Holders of Claims with such Class. On the other hand, Class 2a (General Unsecured Claims against Stream), Class 2b (General Unsecured Claims against Technovative), Class 3 (Subordinated Unsecured Claims against Stream), and Class 4 (Equity Interests) are Impaired

because the Plan modifies the rights of the Holders of Claims and Interests within such Classes. Accordingly, the Plan's treatment of the various Classes complies with Section 1123(b)(1) of the Bankruptcy Code.

27. Assumption or Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)). Article V.A. of the Plan provides that, as of the Effective Date, each of the Debtors' Executory Contracts and Unexpired Leases shall be deemed rejected by the Debtor, except as otherwise specified in the Plan. Accordingly, the Plan discloses how Executory Contracts and Unexpired Leases will be treated under the Plan and is therefore consistent with Section 1123(b)(2) of the Bankruptcy Code.

28. Retention and Enforcement of Claims or Interests by the Debtor (11 U.S.C. § 1123(b)(3)(B)). Article IV.G of the Plan provides that the Reorganized Debtors shall retain all Causes of Action and the Disbursing Agent, in his sole and exclusive discretion, may enforce any and all rights to commence and pursue, any and all Causes of Action, including any Claims or Causes of Action for Subordination under Section 510 of the Bankruptcy Code, and the Avoidance Causes of Action whether arising before or after the Petition Date, and the Debtors' respective rights to commence, prosecute, or settle such Causes of Action shall be preserved and vested in the Disbursing Agent, notwithstanding the occurrence of the Effective Date, and is therefore compliant with Section 1123(b)(3)(B) of the Bankruptcy Code.

29. Additional Plan Provisions (11 U.S.C. § 1123(b)(6)). The provisions of the Plan, including, but not limited to, the Exculpation Provision, Injunction, Releases, and Gatekeeper Provision are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

30. Bankruptcy Rule 3016(a). The Plan reflects the date it was filed with the Bankruptcy Court and identifies the Debtors as the Plan Proponents who submitted the Plan

through me as Chapter 11 Trustee. Accordingly, the Plan satisfies rule 3016(a) of the Bankruptcy Rules.

31. Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code including without limitation, the Order approving the Disclosure Statement[4] in (i) transmitting the Disclosure Statement, the Plan and related solicitation materials, documents and notices; and (ii) soliciting and tabulating votes on the Plan, as set forth in greater detail in the Report of Plan Voting and the Daniel Declaration. Accordingly, the Plan satisfies the requirements of Section 1129(a)(2) of the Bankruptcy Code.

32. Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Plan was proposed with the legitimate and honest purpose of providing the effectuation of the economical liquidation of the Debtors' Estates and distribution of the proceeds thereof to holders of Allowed Claims. The Plan is the result the sale of substantially all of the Debtors' assets and, while the United States Trustee does not specifically endorse the Plan, all changes proposed by the United States Trustee have been incorporated into the Plan and there have been no objections to the Confirmation of the Plan. Holders of Classes 2a and Class 3b Unsecured Claims will recover under the Plan at least as much as what they would receive if the Debtors' Estates were liquidated under chapter 7 of the Bankruptcy Code. No creditor objects to the confirmation of the Plan which has overwhelming support from the Debtors' creditor constituency. I believe that the Plan is fundamentally fair to creditors, serves a legitimate bankruptcy purpose, and is proposed in good faith. Accordingly, the Plan satisfies the requirements of Section 1129(a)(3) of the Bankruptcy Code.

[4] Order Approving Disclosure Statement, Fixing Time For Filing Acceptances or Rejections of the Plan, and Fixing the Time for Filing Objections to Confirmation of the Plan [D.I. 1291].

33. Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made under the Plan for services or for costs and expenses in or in connection with these Chapter 11 Cases, or in connection with the Plan and incident to this Chapter 11 Cases, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable. Accordingly, the Plan satisfies the requirements of Section 1129(a)(4) of the Bankruptcy Code.

34. Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5)). As set forth above, on and after the Effective Date, all of the Debtor's other Assets including Causes of Action shall be managed by the Disbursing Agent and all board and officer positions shall be terminated by operation of the Plan and the Confirmation Order on the Effective Date without need for further order of the Bankruptcy Court, or any other court, or additional corporate action. Accordingly, the Plan satisfies the requirements of Section 1129(a)(5) of the Bankruptcy Code.

35. No Rate Changes (11 U.S.C. § 1129(a)(6)). Section 1129(a)(6) of the Bankruptcy Code does not apply in these Chapter 11 Cases because the Debtors are not subject to any regulatory commission having jurisdiction over rates charged by the Debtors in the operation of their business, and in fact, the Debtors have not operated in any capacity during, or long before the Chapter 11 Cases. Accordingly, the Plan satisfies the requirements of Section 1129(a)(6) of the Bankruptcy Code.

36. Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). The Report of Plan Voting and the Daniel Declaration demonstrate that Class 2a (General Unsecured Claims against Stream), Class 2b (General Unsecured Claims against Technovative) and Class 3 (Subordinated Unsecured Claims), the only Impaired Class that were entitled to vote on the Plan, accepted the Plan. However, since Class 4 (Equity Interests), is also impaired, but will not receive or retain any

property under the Plan, it was deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code. As a result, no Ballots were solicited from or received from Holders of Class 4 Interests. Accordingly, since Class 4 Interests is deemed to have rejected the Plan, Section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Class 4. The Plan Proponents are required to seek confirmation of the Plan under Section 1129(b) of the Bankruptcy Code. My advisors inform me that the Plan is confirmable pursuant to Section 1129(b)(2)(C)(i) of the Bankruptcy Code with respect to Class 4 because Holders of Class 2a (General Unsecured Claims against Stream), Class 2b (General Unsecured Claims against Technovative) and Class 3 (Subordinated Unsecured Claims) will not be paid in full and, therefore, the Debtors are insolvent and the value of the Class 4 Interests as of the Effective Date is zero. Accordingly, the cancellation of such Interests under the Plan is not violative of Section 1129(b)(2)(C)(i). For these reasons, the Plan is fair and equitable and does not discriminate unfairly with respect to Class 4. Accordingly, the Plan satisfies the requirements of Section 1129(b) of the Bankruptcy Code as more fully set forth below.

37. Treatment of Administrative Claims, Priority Tax Claims and Priority Non-Tax Claims (11 U.S.C. § 1129(a)(9)). Article II of the Plan provides that all Allowed Administrative Expense Claims and Priority Tax Claims shall be paid in full and in cash. Article III.C.1 of the Plan provides that all Priority Non-Tax Claims shall be paid in full and in cash. Accordingly, the Plan satisfies the requirements of Section 1129(a)(9)(A)-(C) of the Bankruptcy Code.

38. Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)). As set forth in the Report of Plan Voting and the Daniel Declaration, the Plan has been accepted by Class 2a, Class 2b and Class 3, and presumed accepted by Class 1 of the Plan. Accordingly, the Plan satisfies the requirements of Section 1129(a)(10) of the Bankruptcy Code.

39. Payment of Fees (11 U.S.C. § 1129(a)(12)). As provided by Article II.D. of the Plan, provides that all fees payable pursuant to 28 U.S.C. § 1930 prior to the Effective Date shall be paid in cash on the Effective Date, and that all such fees coming due after the Effective Date shall be paid when due. Accordingly, the Plan satisfies the requirements of Section 1129(a)(12) of the Bankruptcy Code.

40. Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). Section 1129(a)(13) of the Bankruptcy Code does not apply in these Chapter 11 Cases because the Debtors are not obligated to pay any retiree benefits as defined in Section 1114 of the Bankruptcy Code.

41. Payment of Domestic Support Obligations (11 U.S.C. § 1129(a)(14)). Section 1129(a)(14) of the Bankruptcy Code does not apply in these Chapter 11 Cases because the Debtors are not required to pay any domestic support obligations.

42. Objection to the Plan of an Individual (11 U.S.C. § 1129(a)(15)). Section 1129(a)(15) of the Bankruptcy Code does not apply in these Chapter 11 Cases because the Debtors are not individuals.

43. Transfers of Property (11 U.S.C. § 1129(a)(16)). Section 1129(a)(16) of the Bankruptcy Code does not apply in these Chapter 11 Cases because the Debtors are moneyed, business or commercial corporations.

44. No Unfair Discrimination; Fair and Equitable to Class 4 (Interests) (11 U.S.C. § 1129(b)). The Plan does not discriminate unfairly and is fair and equitable, as required by Sections 1129(b)(1) and (2) of the Bankruptcy Code. Thus, the Plan can be confirmed. Specifically, the Plan does not unfairly discriminate against Class 4 and, as noted above, the Plan is confirmable pursuant to Section 1129(b)(2)(C)(i) of the Bankruptcy Code with respect to Class 4 because Holders of Class 2a (General Unsecured Claims against Stream), Class 2b (General Unsecured Claims against

Technovative) and Class 3 (Subordinated Unsecured Claims) will not be paid in full and, therefore, the Debtors are insolvent and the value of the Class 4 Interests as of the Effective Date is zero. Accordingly, the cancellation of such Interests under the Plan is not violative of Section 1129(b)(2)(C)(i). Accordingly, the treatment does not constitute unfair discrimination and is fair and equitable. Therefore, the Plan satisfies Section 1129(b)(2)(C)(i).

45. Only One Plan (11 U.S.C. § 1129(c)). The Plan is the only bankruptcy plan for which confirmation is being requested. Accordingly, Section 1129(c) of the Bankruptcy Code is inapplicable.

46. Principal Purpose of the Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan, as evidenced by its terms, is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.

47. Satisfaction of Confirmation Requests. Based upon the foregoing, the Plan satisfies the requirements for Confirmation set forth in Section 1129 of the Bankruptcy Code.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury the above to be true and correct.

Dated: 10/22/26

By: ______________________
William A. Homony
Chapter 11 Trustee for the estates of
Stream TV Networks, Inc. and
Technovative Media, Inc.