**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **Stream TV Networks, Inc.,**[1] | : | **Bankruptcy No. 23-10763 (DJB)** **(Jointly Administered)** |
| **Debtor.** | : | |

# STIPULATION CONSENTING TO ALLOWANCE OF CLAIM OF THE CITY OF PHILADELPHIA

This stipulation (the "Stipulation") is made by and between William A. Homony, the duly appointed Chapter 11 trustee (the "Chapter 11 Trustee") for the bankruptcy estates of Debtors, Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative" and with Stream each a "Debtor" and collectively the "Debtors"), and the City of Philadelphia (the "City") (the City and the Chapter 11 Trustee, are each referred to as a "Party" or collectively as the "Parties"), to consent to the allowance of the City's Claim in Stream's bankruptcy case (as defined below). In support whereof, the Parties state as follows:

1. On or about March 15, 2023 ("Petition Dates"), the Debtors commenced voluntary cases under chapter 11 of the United States Code ("Bankruptcy Cases") and are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code ("Bankruptcy Code").

2. The Debtors did not operate at any point during the Bankruptcy Cases and for several years prior to the Petition Dates.

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The Debtors' estates are Jointly Administered (D.I. #81). However, the Debtors' estates have not been, at the time of filing this Plan, substantively consolidated.

3. On January 5, 2024 (the "Appointment Date"), after months of acrimony and contested hearings between the Debtors and their secured creditors, the Bankruptcy Court entered an Order and Opinion finding that the Debtors' former manager, Mathu Rajan ("Rajan"), had breached his fiduciary duties to the Debtors and acted with divided loyalties, lacked credibility and trustworthiness and mismanaged the Debtors, and appointed the Chapter 11 Trustee.

4. The deadline for filing governmental proofs of claim in the Bankruptcy Cases was September 11, 2023.

5. On or about April 26, 2023, the City timely filed an unliquidated proof of claim ("Claim") asserting a priority claim under section 507(a)(8) of the Bankruptcy Code against Stream [Claim No. 4-1 on the Stream's claims register] for certain business income and receipts tax and wage tax.

6. On or about August 21, 2026, the City sent an e-mail to counsel to the Chapter 11 Trustee stating that Philadelphia tax returns were not filed by Stream for business income and receipts taxes for tax years 2019 through 2022 and wage taxes for tax years including 2010 and 2017 through 2023.

7. Based upon the Chapter 11 Trustee's review and the review of his professionals of the records of the Debtors and the various filings in the Bankruptcy Cases, the Chapter 11 Trustee does not believe that Stream had employees that worked in the City of Philadelphia during the above referenced periods, but instead worked remotely at their primary residences many of whom were outside of Pennsylvania.

8. The Chapter 11 Trustee believes based upon his investigation and discussions with the parties in the Bankruptcy Cases, that the Debtors have not had any employees or

operations since approximately February of 2020 after certain of the Debtors' lenders took possession and control over the Debtors' assets and operations. As a result, the Debtors' could not have incurred any tax obligations to the City on account of either business income and receipts and/or wages during the relevant period of time.

9. Further, while the Debtors' identified an office location in Philadelphia, the Chapter 11 Trustee believes that office location was used sporadically to permit the Debtor to meet with potential investors and customers. The office location is believed to be owned by an association of Mathu Rajan, and no formal lease agreement has been identified or located for the office location.

10. Stream did list the City in its Schedules of Assets and Liabilities as having a contingent and unliquidated priority income tax claim pursuant to section 507(a)(8) of the Bankruptcy Code in the amount of $10,642.58 (the "507(a)(8) Claim").

11. The Chapter 11 Trustee has not been able to verify the legitimacy of the 507(a)(8) Claim, based upon the Debtors' records in his possession.

NOW, THEREFORE, with the objective of avoiding the costs and uncertainties of further litigation, the Chapter 11 Trustee and the City STIPULATE AND AGREE as follows:

i. The foregoing recitals (paragraphs 1 through 11) are hereby fully incorporated into and made an express part of this Stipulation.

ii. The Chapter 11 Trustee agrees to the allowance of the 507(a)(8) Claim in full and final satisfaction of any and all tax obligations owed by the Debtors to the City without the necessity of the City having to file an amended proof of claim or further order of the Bankruptcy Court.

iii. Any distribution on account of the City's allowed 507(a)(8) Claim will be paid pursuant to a confirmed plan of liquidation of the Debtors.

iv. In consideration of the allowance of its 507(a)(8) Claim, the City agrees to waive any objections to the Trustee's proposed plan of liquidation.

v. The Trustee agrees that the City may retroactively close the Debtor's tax accounts as of February 28, 2020.

vi. The City may apply any priority tax payment received pursuant to the plan to tax periods prior to February 28, 2020.

vii. Except as otherwise provided herein, this Stipulation may not be modified other than by a signed writing executed by the Chapter 11 Trustee and the City, or by a further order of the Bankruptcy Court.

viii. Each Party executing this Stipulation represents that such party has the full authority and legal power to do so.

ix. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the party hereto to be charged.

x. This Stipulation constitutes the entire agreement and understanding between the Chapter 11 Trustee and the City relating to the subject matter herein and supersedes all previous or contemporaneous oral or written representations, understandings or agreements between the Parties.

xi. The Bankruptcy Court shall retain jurisdiction over the subject matter of this Stipulation to resolve all disputes arising under or relating to this Stipulation.

IN WITNESS WHEREOF, the Chapter 11 Trustee and the City, by and through their counsel, have caused this Stipulation to be executed on the date set forth below.

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

/s/ Michael D. Vagnoni
Michael D. Vagnoni, Esquire
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3066
Facsimile: (215) 665-3165
E-mail: michael.vagnoni@obermayer.com

*Counsel to William A. Homony, Chapter 11 Trustee*

Dated: October 22, 2026

CITY OF PHILADELPHIA LAW DEPARTMENT

Pamela Elchert Thurmond
Pamela Elchert Thurmond, Esquire
Tax Litigation & Collections Unit
Bankruptcy Division
1401 John F. Kennedy Blvd. Room 580
Philadelphia, PA 19102
O: (215) 686-0508
E-mail: pamela.thurmond@phila.gov

*Counsel for City of Philadelphia Law Department*

Dated: 10/22/2026