**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **Stream TV Networks, Inc., *et al.*** | : | **Bankruptcy No. 23-10763 (DJB)** |
| | : | **(Jointly Administered)**[1] |
| **Debtors.** | : | |

**ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF LIQUIDATION OF STREAM TV NETWORKS, INC. AND TECHNOVATIVE MEDIA, INC.**

William A. Homony, in his capacity as the Chapter 11 Trustee (the "Chapter 11 Trustee") of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative", or collectively with Stream, the "Debtors"), having[2]:

a. filed the First Amended Joint Plan of Liquidation dated August 27, 2026 (including all exhibits and schedules thereto and as each may be further amended, modified, or supplemented from time to time in accordance with the terms hereof) (the "Plan") 1 [D.I. 1275]; and

b. filed the First Amended Disclosure Statement dated August 27, 2026 with respect to the Plan, including all exhibits and schedules thereto (the "Disclosure Statement") [Doc. No. 1276].

The United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") having:

a. entered the Order Approving Disclosure Statement, Fixing Time for Filing Acceptances or Rejections of the Plan, and Fixing Time the Time for Filing Objections to Confirmation of the Plan which approved online voting procedures, (the "Disclosure Statement Order" and at times, also referred to, as the "Solicitation Procedures Order") [D.I. 1291] dated September 9, 2026; and

b. approved, pursuant to the Disclosure Statement Order, among other things, (i) the Disclosure Statement and (ii) the transmission to holders of Claims against the Debtors' Estate of the Plan, the Disclosure Statement, the Solicitation Procedures, and related notices, forms, and Ballots in compliance with chapter 11 of title 11 of the United States

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan and/or Disclosure Statement.

Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules of the Court (the "Local Rules").

The Chapter 11 Trustee having:

a. timely and properly served the Plan and Disclosure Statement in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Disclosure Statement Order as evidenced by, among other thing, the Certificates of Service [D.I. 1285] filed September 4, 2026;

b. timely and properly solicited the Plan and Disclosure Statement and provided the Notice of Enty of the Order Approving (a) Disclosure Statement and Solicitation Procedures; (b) Deadline for Casting Votes to Accept or Reject Chapter 11 Plan; and (c) Hearing to Consider Confirmation of Chapter 11 Plan and (d) Related Relief (the "Confirmation Hearing Notice") and other Court approved Solicitation Materials, in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order, as evidenced by, among other things, the Certificates of Service [D.I. 1302 and 1303] filed on September 17, 2026 (together, the "Solicitation Certificates of Service");

c. submitted the Report of Plan Voting prepared by Obermayer Rebmann Maxwell & Hippel LLP ("KPC") regarding the solicitation of votes and tabulation of Ballots cast with respect to the Plan [D.I. 1313] (the "Report of Plan Voting"); and

d. filed on October 22, 2026, the declaration of William A. Homony in Support of Confirmation of the Plan [D.I. 1319] (the "Confirmation Hearing Declaration").

The Court having:

a. found that the Confirmation Hearing Notice, and the opportunity for any party in interest to object to Confirmation of the Plan, have been adequate and appropriate under the circumstances and no further notice is required;

b. held a Confirmation Hearing on October 27, 2026; and considered the entire record of the Confirmation Hearing, including, but not limited to,

1. the Plan, the Disclosure Statement, and the Disclosure Statement Order;

2. the Confirmation Hearing Notice;

3. the Solicitation Certificates of Service and Report of Plan Voting;

4. the Court having been advised that no objection or other opposition to confirmation of the Plan have been filed or appear on the Court docket;

5. the Court having considered the Confirmation Hearing Declaration, and any other testimony submitted in support of Confirmation; and

6. arguments of counsel and the evidence proffered, adduced, and/or presented in connection with the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines as follows:[3]

A. **Jurisdiction and Venue.** This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Eastern District of Pennsylvania, dated as of November 8, 1990. The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be approved and confirmed. Venue of this proceeding and the Chapter 11 Case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and this Court may enter a final order hereon under Article III of the United States Constitution. The statutory predicates for Confirmation of the Plan are sections 105(a), 363, 365, 1123, 1124, 1129, and 1146(a) of title 11 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002, 6004, 6006 and 9019.

B. **Eligibility for Relief.** The Debtors were and are entities eligible for relief under section 109 of the Bankruptcy Code.

C. **Adequate Notice.** All necessary service and notice with respect to Confirmation of the Plan, including the exculpations thereunder, on all known and unknown creditors and other parties in interest was adequate and sufficient under the circumstances of the Chapter 11 Case and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice is necessary or shall be required.

---

[3] The findings of fact and conclusions of law set forth herein constitute findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52 made applicable in contested matters by Bankruptcy Rules 7052 and 9014(c). To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the conclusions of law constitute findings of fact, they are adopted as such.

D. **Solicitation.** As evidenced by the Solicitation Certificates of Service and the Report of Plan Voting, transmittal and service of the solicitation materials required by the Disclosure Statement Order was timely, adequate, appropriate, and sufficient under the circumstances. The solicitation of the Holders of Claims against and Interests in the Debtors was conducted in good faith and complied with the Bankruptcy Code, including sections 1125 and 1126 thereof, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and all other applicable non-bankruptcy rules, laws, and regulations. Accordingly, no further notice is required, and the Chapter 11 Trustee and his advisors, professionals, and agents and the Debtors are entitled to the benefits and protections afforded by section 1125(e) of the Bankruptcy Code. The period during which the Chapter 11 Trustee solicited acceptances or rejections to the Plan was a reasonable and sufficient period of time for each Holder entitled to vote to make an informed decision to accept or reject the Plan.

E. **Voting.** As described in the Report of Plan Voting, (a) Holders of Claims in Class 2a (General Unsecured Claims against Stream), Class 2b (General Unsecured Claims against Technovative), and Class 3 (Subordinated Unsecured Claims against Stream) which are Impaired and entitled to vote on the Plan, have all voted unanimously to accept the Plan in both the numbers and amounts required by section 1126 of the Bankruptcy Code; (b) Class 1 (Priority Claims), which is unimpaired, is deemed to have accepted the Plan pursuant to § 1126(f) of the Bankruptcy Code, and (c) Holders of Interests in Class 4 (Equity Interests), which are impaired, were not entitled to vote and are deemed to have rejected the Plan. As set forth in the Declaration of Brad Daniel of BMC Group Regarding Voting and Tabulation of Ballots for the Plan (the "Daniel Declaration"), all procedures used to tabulate the Ballots were fair, reasonable, and conducted in accordance with

the applicable provisions of the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable non-bankruptcy rules, laws, and regulations.

F. Although section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Class 4, the Plan is confirmable pursuant to section 1129(b) of the Bankruptcy Code with respect to Class 2a, Class 2b and Class3 because value of the Class 4 Interests as of the Effective Date is zero and therefore the cancellation of such Interests under the Plan is not violative of section 1129(b)(2)(C)(i) of the Bankruptcy Code.

G. A reasonable opportunity to object and be heard with respect to the Confirmation Hearing and the relief requested therein has been afforded to all interested persons and entities.

H. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law.

I. The Plan complies with the requirements of 11 U.S.C. §§ 1122 and 1123, and the requirements set forth in 11 U.S.C. § 1129(b) having been satisfied.

J. **Exculpation.** The exculpations set forth in Article VIII.E. of the Plan, Releases by the Debtors set forth in Article VIII.D. of the Plan, Injunction set forth in Article VIII.F. of the Plan, and Gatekeeper Provision set forth in Article VIII.G. of the Plan (together, the "Exculpation Provisions"), all of which are incorporated into this Confirmation Order, are essential to the Plan. The record in the Chapter 11 Cases support the Exculpation Provisions set forth in Article VIII of the Plan, which are appropriately tailored to protect the Exculpated Parties from unnecessary litigation and are consistent with established practice in this jurisdiction. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and

in compliance with all applicable laws with regard to the solicitation of and the distribution of recoveries pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation or distributions made pursuant to the Plan as and to the extent provided for in the Plan.

K. **Objections.** All parties have had a full and fair opportunity to object to the Plan and to litigate all issues which could have been raised to Confirmation of the Plan; however, no such objections have been raised.

L. **Rejection of Executory Contracts and Unexpired Leases.** The Debtors' rejection of each executory contract and unexpired lease under the Plan satisfies the requirements of section 365(b) of the Bankruptcy Code and, therefore, the requirements of section 1123(b)(2) of the Bankruptcy Code.

M. **Satisfaction of Confirmation Requirements.** Based on the foregoing, all of the Exhibits entered into the record at the Confirmation Hearing, including but not limited to the Confirmation Hearing Declaration and the Daniel Declaration, the Plan satisfies the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code. The Debtors, by and through the Chapter 11 Trustee, as the proponents of the Plan, have met their burden of proving the applicable elements of sections 1129(b) of the Bankruptcy Code by preponderance of the evidence, which is the applicable evidentiary standard for Confirmation of the Plan.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. **Objections Overruled.** All objections, if any, with regard to the relief sought in this Confirmation Order that have not been withdrawn, waived, settled, or otherwise resolved as expressly provided herein or on the record at the Confirmation Hearing are hereby OVERRULED

and DENIED on the merits, with prejudice. All objections to the entry of this Confirmation Order or to the relief granted herein that were not timely filed are hereby forever barred.

2. **Confirmation.** As set forth in this Confirmation Order, all requirements for the Confirmation of the Plan have been satisfied. Accordingly, the Plan, in its entirety, is **CONFIRMED** pursuant to section 1129(b) of the Bankruptcy Code. Any failure to specifically describe, include, or refer herein to any particular article, section, or provision of the Plan (or any Plan Document) in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Court that the Plan (including all attachments and exhibits) be approved and confirmed in its entirety. The Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3. **Implementation of the Plan.** Pursuant to sections 364 and 1123(a)(5)(D) of the Bankruptcy Code, on or prior to the Effective Date, or as soon as thereafter as is reasonably practicable, the Chapter 11 Trustee, or Disbursing Agent, as applicable, and any applicable non-Debtor parties, may take all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to implement the provisions of the Plan. All Persons are prohibited from taking any action to adversely affect or interfere with the Chapter 11 Trustee, the Disbursing Agent, the Debtors, and any applicable non-Debtor parties to any transaction described in, approved by, contemplated by, or necessary to implement the provisions of the Plan.

4. **Professional Fee Claims.** As set forth in Article II.B. of the Plan, all Professionals or other Persons requesting the final Allowance and payment of compensation and/or reimbursement of expenses pursuant to sections 328, 330, 331 and/or 503(b) for services rendered during the period from the Petition Date to and including the Effective Date shall file and serve

final applications for Allowance and payment of Professional Compensation Claims on counsel to the Chapter 11 Trustee no later than the first Business Day that is forty-five (45) calendar days after the Effective Date. Objections to any Professional Fee Claim must be filed and served on counsel for the Chapter 11 Trustee and the applicable Professional within fourteen (14) calendar days after the filing of the final fee application that relates to the Professional Compensation Claim (unless otherwise agreed by the Chapter 11 Trustee, and the Professional requesting Allowance and payment of a Professional Compensation Claim).

5. **Administrative Expense Claims.** Except with respect to Administrative Expense Claims that are Professional Compensation Claims incurred up through the Effective Date, and except to the extent that a Holder of an Allowed Administrative Expense Claim and the Chapter 11 Trustee agree to less favorable treatment for such Holder, each Holder of an Allowed Administrative Expense Claim, other than an Allowed Professional Compensation Claim, shall be paid, after the establishment and funding of the Liquidation Expense Reserve and Administrative Expense Claims Reserve, in full, from the Debtors' available Cash in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed Administrative Expense Claim on the later of: (i) on or as soon as reasonably practicable after the Effective Date if such Administrative Expense Claim is Allowed as of the Effective Date; (ii) on or as soon as reasonably practicable after the date such Administrative Expense Claim is Allowed by Final Order; or (iii) at such time and upon such terms as set forth in a Final Order of the Bankruptcy Court, as applicable.

6. **Effectuating Documents and Further Transactions.** The Chapter 11 Trustee and/or the Disbursing Agent are authorized to execute, deliver, file or record such contracts, instruments, releases, indentures, and other agreements or documents and take or direct such

actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan in the name of and on behalf of Debtors, without the need for any approvals, authorizations, actions, or consents except for those expressly required pursuant to the Plan.

7. **Executory Contracts and Unexpired Leases.** Except as otherwise set forth in the Plan, entry of this Confirmation Order shall constitute approval of the rejection of all Executory Contracts or Unexpired Leases pursuant to sections 365 and 1123 of the Bankruptcy Code and as set forth in the Plan.

8. **Rejection Damages Claims.** Pursuant to Article V.B. of the Plan, except as otherwise ordered by the Court, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, shall be filed with the Bankruptcy Court within thirty (30) days after the service of the earlier of: (1) notice of the date of entry of an order of the Court (including this Confirmation Order) approving such rejection; (2) notice of the effective date of the rejection of such Executory Contract or Unexpired Lease; or (3) notice of the Effective Date (as applicable, the "Rejection Damages Bar Date").

9. **Settlement of Claim against Technovative.** The Court, having found after notice and a hearing that the M&E Settlement meets all applicable standards set forth in *In re Martin*, 91 F.3d 389 (3d Cir. 1996) and is: (i) in the best interest of the Debtors, the Reorganized Debtors, and their respective Estates and property, and of Holders of Claims or Equity Interests; (ii) fair, equitable, and reasonable; and (iii) does not fall below the lowest range of reasonableness, hereby approves the M&E Settlement under Bankruptcy Rule 9019 as of the Effective Date.

10. **Disbursing Agent.** This Order authorizes the Disbursing Agent to take all actions enumerated in the Plan including, but not limited to, Article VI of the Plan. The Disbursing Agent shall act for the Reorganized Debtors after the Effective Date in the same fiduciary capacity as

applicable to the Debtors' officers and directors. The Chapter 11 Trustee who served in such capacity immediately before the Effective Date shall be replaced by the Disbursing Agent on the Effective Date. From and after the Effective Date, the Disbursing Agent shall be the sole representative of, and shall act for, the Reorganized Debtors. The Disbursing Agent shall be and is hereby empowered but not required to: (a) effect all actions and execute all agreements, instruments, and other documents necessary to perform its duties under the Plan; (b) make all distributions contemplated hereby; (c) employ professionals to represent him with respect to his responsibilities; (d) to take any action necessary to dissolve the Debtors under state law; and (e) exercise such other powers as may be vested in the Disbursing Agent by order of the Bankruptcy Court, pursuant to the Plan, or as deemed by the Disbursing Agent, in his sole discretion, to be necessary and proper to implement the provisions hereof.

11. **Post Effective Date Fees and Expenses.** From and after the Effective Date, the Disbursing Agent shall, in the ordinary course of business and without the necessity of any approval by the Court, pay the reasonable fees and expenses of the Disbursing Agent and those professional persons employed by the Disbursing Agent incurred in connection with the implementation and consummation of the Plan, the reconciliation of Claims, the prosecution of Causes of Action, or any other matters as to which such professionals are employed. The compensation payable to the Disbursing Agent shall be based upon the hourly rate of the Disbursing Agent and those professionals employed by the Disbursing Agent to effectuate the terms of this Plan. The Disbursing Agent is authorized to engage counsel on a contingent basis to pursue claims for indemnification under the Stalking Horse APA and the Sale Order against the Purchaser. The reasonable fees and expenses of the Disbursing Agent and any such professionals ("Disbursing Agent Expenses") shall be paid from the Assets of the Reorganized Debtors prior to

any distributions to Holders of General Unsecured Claims, Holders of Subordinated Unsecured Claims and Holders of Equity Interests.

12. **Limitations on Liability.** The Disbursing Agent shall not incur liability to any Person by reason of the discharge of his duties set forth in this Plan except in the event a court of competent jurisdiction determines by Final Order that the Disbursing Agent engaged in actual fraud, gross negligence or willful misconduct.

13. **Disbursing Agent Indemnification.** The Disbursing Agent and all professionals retained by the Disbursing Agent, each in their capacities as such, shall be deemed indemnified, except for actual fraud, willful misconduct, or gross negligence, determined by a Final Order of a court of competent jurisdiction, in all respects by the Reorganized Debtors and the Estates. Notwithstanding anything to the contrary contained herein, the Disbursing Agent in his capacity as such, shall have no liability whatsoever to any party for the liabilities and/or obligations, however created, whether direct or indirect, in tort, contract, or otherwise, of the Reorganized Debtors or the Estates.

14. **Corporate Action.** As of the Effective Date, all actions contemplated by the Plan that require corporate action of the Debtors, and execution of all documentation incident to the Plan, shall be deemed to have been authorized, approved, and, to the extent taken prior to the Effective Date, ratified in all respects without any requirement of further action by the Court, members, officers, or directors of the Debtors, or any other Person.

15. **Cancellation of Liens.** Except as otherwise provided in the Plan, on the Effective Date, any Lien securing any Allowed Secured Claim shall be deemed released and the holder of such Allowed Secured Claim shall be authorized and directed to release any collateral or other property of the Debtors held by such holder and to take such actions as may be requested by the

Debtors to evidence the release of such Lien, including the execution, delivery, and filing or recording of such releases as may be requested by the Debtors. A copy of this Confirmation Order may be filed with the appropriate clerk and/or recorded in order to cancel any Liens, although such recordation shall not be required in order to effectuate the provisions of the Plan.

16. **Approval of Exculpation Provisions.** The Exculpation Provisions set forth in the Plan, including those set forth in Article XI thereof, (i) are appropriate and consistent with the Bankruptcy Code and applicable law, (ii) are hereby approved and authorized in all respects, and (iii) shall be immediately effective and binding on all Persons and Entities on and after the Effective Date, to the extent provided in the Plan, without further order or action of this Court or any other party.

17. **Notice of Confirmation Date and Effective Date.** The Chapter 11 Trustee shall serve notice of the entry of this Confirmation Order on (a) all known creditors and interest holders available from the records of the Debtors, and (b) those other parties on whom the Plan, Disclosure Statement, and related documents were served, in the same or similar manner as service of solicitation. Such service constitutes adequate and sufficient notice pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c). This notice, in the Chapter 11 Trustee's discretion, may be combined with the Notice of Effective Date and Notice of the Rejection Damages Bar Date (as defined below and above respectively). On the Effective Date, or as soon thereafter as is reasonably practicable, the Chapter 11 Trustee shall file with the Court a "Notice of Effective Date" (the "Notice of Effective Date") and shall mail or cause to be mailed by first-class mail to holders of Claims a copy of the Notice of Effective Date.

18. **Headings.** The headings contained within this Confirmation Order are used for the convenience of the parties and shall not alter or affect the meaning of the text of this Confirmation Order.

19. **Final Order.** Notwithstanding Bankruptcy Rule 3020(e), this Confirmation Order is a final, appealable order and the period in which an appeal must be filed shall commence upon the entry hereof.

20. **Conflicts with this Order; Controlling Document.** In the event of any conflict between the terms and provisions in the Plan, on the one hand, and the terms and provisions in the Disclosure Statement, any other instrument or document created or executed pursuant to the Plan, or any order (other than this Confirmation Order) referenced in the Plan (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), on the other hand, the Plan shall govern and control; *provided, however,* that in the event of a conflict between this Confirmation Order, on the one hand, and the Plan or any of the other Plan Documents, on the other hand, this Confirmation Order shall govern and control in all respects.

21. The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect and enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

BY THE COURT:

**Date: October 29, 2026**

Honorable Derek J. Baker
United States Bankruptcy Judge



4933-0229-6540 v1-10/28/26